UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREI SMITH<br>1414 17TH ST., NW<br>WASHINGTON, D.C. 20036,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CAFÉ ASIA<br>1720 I ST., NW<br>WASHINGTON, D.C. 20006,<br><br>　　　　Defendant. | Case No. |

## NOTICE OF REMOVAL

　　Defendant 1720 Eye Street DC Hospitality, LLC ("Defendant") (erroneously sued as "Café Asia"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the District of Columbia in which it is now pending, to the United States District Court for the District of Columbia. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), on the basis of diversity jurisdiction, for the reasons stated more fully below. The specific grounds for removal are as follows:

　　Café Asia is the only defendant named in a civil action filed by Plaintiff Andrei Smith ("Plaintiff") in the Superior Court of the District of Columbia ("Superior Court"), entitled *Smith v. Café Asia.*, Civil Action No. 0001488-07 (the "Action"). Café Asia is not a legal entity. Rather, it is a trade name owned by Asian Inc, a Virginia Corporation, and therefore cannot sue or be sued. The business Café Asia is actually owned by Defendant 1720 Eye Street DC Hospitality, LLC.

　　Defendant was first served with, and first received, a copy of the Complaint in this Action on March 13, 2007, when it was mail served with a copy of the Complaint and a Summons from the Superior Court.

This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after Plaintiff served Defendant with the Complaint in the Action.

The Summons, Complaint, the Superior Court's Initial Order, and Answer, constitute all process, pleadings and orders served upon or by Defendant in the Action, and no other pleadings have been filed in the Action to the best of Defendant's knowledge. True and correct copies of the Summons, the Complaint, the Initial Order and the Answer are attached hereto as Exhibit A.

This Action alleges 1) employment-related causes of action against Defendant for sexual orientation discrimination in violation of District of Columbia Human Rights Act, and 2) common law assault and battery.

This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1), and this action is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b), in that:

a.   Plaintiff has alleged that he is a resident of the District of Columbia. (Complaint, Caption.) Defendant is informed and believes that Plaintiff was a citizen of the District of Columbia when he filed the action, and remains a citizen of the District of Columbia at the time of this removal.

b.   At the time of Plaintiff's filing of this action in the District of Columbia Superior Court, Defendant, a limited liability company was, and at the time of removal still is, a citizen of a State other than the District of Columbia. Defendant, a company organized and existing under the laws of the State of Delaware, is a limited liability company whose sole member is Hisan Holding Company ("Hisan"), a corporation organized and existing under the laws of the State of Delaware. Because Hisan's executive and administrative functions are conducted in the State of Virginia, and Hisan has no physical operations of its own, Hisan's principal place of business is Virginia. Consequently, Hisan and Defendant are citizens both of Delaware and Virginia, and therefore are citizens of a state other than the District of Columbia.

    c.    The amount in controversy in this Action, exclusive of interest and costs, exceeds the sum of $75,000. Plaintiff's Prayer for Relief seeks "appropriate compensatory damages for Defendant's violation of Plaintiff's civil rights," "compensatory damages in the amount of $1 million for Defendant's assault and battery of Plaintiff," and "appropriate punitive damages." (Compl., Prayer for Relief.) On the basis of these allegations, it is more likely than not that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).

Because this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1), and Defendant is not a citizen of the District of Columbia, in which the action is presently pending, removal of this action is proper pursuant to 28 U.S.C. § 1441(b).

Promptly after filing this Notice of Removal, Defendant will file a copy of this Notice of Removal with the Clerk of the Superior Court of the District of Columbia. 28 U.S.C. § 1446(d).

Respectfully Submitted,

*/s/ William A. Ihrke*
William Ihrke, D.C. Bar No. 483748
Rutan & Tucker, LLP
611 Anton Blvd., Fourteenth Floor
Costa Mesa, CA 92626
(714) 641-5100 Telephone
(714) 546-9035 Facsimile

Kevin B. Bedell, D.C. Bar No. 451555
Greenberg Traurig LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
(703) 749-1300 Telephone
(703) 714-8339 Facsimile

Counsel for Defendant Café Asia



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ANDREI SMITH
    Vs.                                     C.A. No.     2007 CA 001488 B
CAFE ASIA

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                                                 Chief Judge Rufus G. King, III

Case Assigned to: Judge RONNA L BECK
Date: February 28, 2007
Initial Conference: 9:30 am, Friday, June 01, 2007
Location: Courtroom 518
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ANDREI SMITH
1414 17TH ST., NW
WASHINGTON, D.C. 20036

    Plaintiff,

    v.

CAFÉ ASIA
1720 I ST., NW
WASHINGTON, D.C. 20006

*Serve:*
PATRICIA E. GRAYS
SUPERINTENDENT OF CORPORATIONS
941 N. CAPITOL ST., NE
WASHINGTON, D.C. 20002

    Defendant.

Civil Action No. _____.

0001488-07

RECEIVED
Civil Clerk's Office
FEB 2 1 2007
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT AND JURY DEMAND

### PRELIMINARY STATEMENT

1.     This action is brought by Andrei Smith, who is male, under the District of Columbia Human Rights Act, D.C. Code § 1-2501 *et seq.* (1981) (the "Act"), for monetary, compensatory, and punitive damages as well as equitable relief against Defendant Café Asia growing out of the sexual harassment of Plaintiff and sexual orientation discrimination against Plaintiff by multiple employees and managers of Café Asia. This is also an action against Defendant Café Asia under the common law seeking damages for assault and battery of Plaintiff, which arises out of a common nucleus of operative facts.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

## JURISDICTION

2. This Court has jurisdiction pursuant to D.C. Code §§ 11-921 and 1-2501 *et seq.* (1981).

## PARTIES

3. Plaintiff, who is male and homosexual, is an employee within the meaning of the Act. Plaintiff was employed by Defendant Café Asia's restaurant in the District of Columbia.

4. Defendant Café Asia is a Virginia corporation licensed to do business in the District of Columbia and is an employer within the meaning of the Act.

## FACTS

**The Sexual Harassment and Physical Assaults Against Plaintiff.**

5. Plaintiff Andrei Smith began working for Café Asia as a host at its D.C. location on September 18, 2005. Approximately two months later he became a waiter.

6. From November 2005 through the end of 2006, Plaintiff Andrei Smith has been subjected to severe and pervasive harassment based on his sexual orientation.

7. Beginning in November 2005, one of Café Asia's kitchen managers, known as Abu, began to address offensive comments to Plaintiff about Plaintiff's sexual orientation.

8. Shortly thereafter, many members of Café Asia's kitchen staff, including but not limited to Nelson, Ever, Luis, Ramos, and Andreas, also began to make offensive comments to Mr. Smith about his sexual orientation. These employees of Defendant yelled out "Gay!" or "Maricon!" almost every time Mr. Smith entered the kitchen. "Maricon" is a Spanish slur for a male homosexual.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

9. In or about December 2005, Defendant's harassment of Mr. Smith became physical. Abu and several other members of Café Asia's kitchen staff would often take an object, such as an eggplant, a cucumber, or a wooden kitchen utensil, and forcefully shove it at Mr. Smith's buttocks. In addition, Abu and many members of the kitchen staff frequently grabbed Mr. Smith's crotch, rear end, or nipples.

10. Defendant's verbal and physical harassment of Plaintiff based on his sexual orientation would often take place multiple times in the same day, frequently occurring almost every time Mr. Smith entered the kitchen.

11. In or about February 2006, and on approximately four or five occasions since that time, several Café Asia employees, including but not limited to Ever, Andreas, Nelson, and Ramos, pounced on Mr. Smith when he was in the cooler, the walk-in refrigerator, or the food packing area, forcefully pinned him down, and grabbed his crotch, buttocks, and nipples as he struggled to fight them off. On one occasion, when Mr. Smith was in the walk-in refrigerator, Café Asia employees turned off the lights in the refrigerator before assaulting him in the dark.

12. In or about May 2006, Mr. Smith was in the kitchen filling an ice bucket when Ramos, one of the members of Café Asia's kitchen staff, approached Mr. Smith, unzipped his pants, and exposed himself to Mr. Smith.

13. Ramos took a video of Mr. Smith being assaulted by Café Asia employees using the camera on his cellular phone. Abu, one of the kitchen managers, also took a photograph with his cell phone of two Café Asia employees groping Mr. Smith, one from behind and one from in front.

14. On August 23, 2006, Mr. Smith informed Ms. Sawada that he was taking a vacation, and that he would therefore not be available for shifts for the next month. In response, Ms. Sawada

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

shouted out to everyone in the kitchen, "Hey, Andrei's leaving for a month, you better touch him while you can."

15. From the start, Mr. Smith consistently made it clear to his coworkers that he objected to their harassment of him. He attempted to swat away his coworker's hands and he repeatedly told his coworkers to cease their harassment. On several occasions, Mr. Smith attempted to ward off attacks by grabbing a stapler or a food order spindle as he saw the Café Asia employees coming toward him. His efforts at stopping the harassment and self-defense were ineffective, as the verbal and physical harassment continued.

**Defendant's Knowledge of the Harassment and Assaults Against Mr. Smith.**

16. The verbal and physical harassment would often take place in full view of many of Mr. Smith's coworkers in the kitchen, many of whom either participated in the harassment or cheered it on.

17. Abu, who is one of Café Asia's kitchen managers, witnessed and was fully aware of the harassment against Mr. Smith from the start. However, Abu did nothing to stop it. In fact, he often participated in the harassment.

18. Defendant's second kitchen manager, Elis, witnessed the incidents of battery and harassment numerous times but took no steps to stop it. Indeed, he laughed along with the other employees.

19. On June 30, 2006, Ms. Joey Yim, another manager at Café Asia, sent Mr. Smith an email containing a series of six gay hardcore pornographic images, involving group sex scenes. Ms.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 4 -

Yim sent this email only to Mr. Smith and two other servers named Ariya and Jet, both of whom are homosexual, and did not direct the email to any of Café Asia's heterosexual employees.

20. The physical assaults against Mr. Smith, including those that took place in the food packing area, were witnessed by numerous other members of the kitchen staff, including the restaurant's kitchen managers, Abu and Elis. None of the employees, including the managers, intervened on Mr. Smith's behalf.

### Mr. Smith's Complaints.

21. Mr. Smith complained to Abu about the verbal and physical harassment on multiple occasions. On one occasion in the summer of 2006, when Abu tried to forcibly grab Mr. Smith's crotch, Mr. Smith told Abu to stop, adding that he could sue Abu for his misconduct. In response, Abu said to Mr. Smith, "You're only going to sue if I don't touch you anymore."

22. Mr. Smith's complaints to Abu did not cause Abu to cease the harassment. To the contrary, the more Mr. Smith complained to Abu, the more Abu harassed him.

23. Beginning in or about December 2005, Mr. Smith complained several times about the harassment to Kaoru Sawada, one of the restaurant's floor managers. Mr. Sawada would typically respond by saying only "They just like you," or "You're so popular."

24. In or about January 2006, Mr. Smith also complained to May Sheon, another manager at Café Asia and the sister of the owner of the restaurant. Mr. Smith told Ms. Sheon about the verbal and physical harassment he was suffering. Alberto Santos, another waiter at Café Asia who was standing nearby, confirmed to Ms. Sheon that Mr. Smith's complaints about harassment in the kitchen were accurate. Ms. Sheon nevertheless refused to take corrective action, telling Mr. Smith,

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 5 -

"They just like you." Since that time, Mr. Smith has complained to Ms. Sheon on several other occasions, but Ms. Sheon has never taken any form of corrective action.

25. Mr. Smith complained to the kitchen manager Elis about the incident in which his coworkers assaulted Mr. Smith in the freezer with the lights turned off. Elis responded with laughter and asked Mr. Smith if he enjoyed it.

26. Notwithstanding his multiple complaints about the severe and pervasive harasssment, Defendant failed to take steps to stop the harassment. Therefore, Mr. Smith had no choice but to resign his employment.

27. Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain, sleeplessness, anxiety, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendant's conduct.

## COUNT ONE
## SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

28. Plaintiff incorporates Paragraphs 1 through 27 of this Complaint as if fully alleged herein.

29. Defendant's discriminatory and disparate treatment of Plaintiff on account of his sexual orientation constitutes a violation of the District of Columbia Human Rights Act.

30. Defendant engaged in the above-described conduct against Plaintiff with malice and callous indifference to Plaintiff's rights under the District of Columbia Human Rights Act.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

## COUNT TWO
## ASSAULT & BATTERY

31.     Plaintiff repeats and reiterates each and every allegation of paragraphs 1 through 30 of this Complaint as if specifically alleged herein.

32.     Defendant Café Asia has committed civil assault and civil battery because its actions as alleged herein constitute an unwanted touching and because it engaged in conduct which created in Plaintiff a reasonable fear of an unwanted touching.

WHEREFORE, as to both Counts, Plaintiff prays that this Court:

a.   Declare Defendant's conduct to be in violation of Plaintiff'S civil rights;

b.   Enjoin Defendant from engaging in such conduct;

c.   Reinstate Plaintiff to the position he previously held;

d.   Award Plaintiff front and back pay and benefits;

e.   Award Plaintiff appropriate compensatory damages for Defendant's violation of Plaintiff's civil rights under the DC Human Rights Act;

f.   Award Plaintiff compensatory damages in the amount of $1 million for Defendant's assault and battery of Plaintiff;

g.   Award Plaintiff appropriate punitive damages;

h.   Award Plaintiff his costs and attorneys' fees; and

i.   Award Plaintiff such other and further relief as may be deemed just and proper.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his under-signed counsel, herewith demands a trial by jury on all issues.

Respectfully submitted,

_S. Micah Salb_ signature

S. Micah Salb, #453197
msalb@lsslawyers.com
Richard H. Semsker, #413886
rsemsker@lsslawyers.com
Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road
Suite 500
Bethesda, Maryland 20814
(301) 656-6905
(301) 656-6906 (fax)

Attorneys for Plaintiff

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 8 -

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Andrei Smith

*Plaintiff*

vs.

Cafe Asia

*Defendant*

Civil Action No.

0001488-07

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

S. Micah Salb, Esq.
Name of Plaintiff's Attorney

7700 Old Georgetown Road, Suite 500
Address
Bethesda, MD 20814

(301) 656-6905
Telephone

By _____
Deputy Clerk

Date 2-21-07

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 95    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.