SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| ANDREI SMITH<br>1414 17TH ST., NW<br>WASHINGTON, D.C. 20036,<br><br>      Plaintiff,<br><br>    vs.<br><br>CAFÉ ASIA<br>1720 I ST., NW<br>WASHINGTON, D.C. 20006,<br><br>      Defendant. | Case No. 0001488-07<br><br>Calendar 8<br>Judge Ronna L. Beck |

## ANSWER

Defendant 1720 Eye Street DC Hospitality, LLC ("Defendant") (erroneously sued as "Café Asia"), by and through undersigned counsel, hereby respectfully answers the Complaint filed by Andrei Smith ("Plaintiff"), an individual, in the above-captioned complaint as follows:

### FIRST DEFENSE

In response to the numbered allegations of the Complaint, Defendant states as follows:

1.    Defendant admits that this action was brought against Café Asia by Andrei Smith. The remainder of paragraph 1 consists of Plaintiff's legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations of paragraph 1.

2.    The allegations in paragraph 2 are Plaintiff's legal conclusions to which no answer is required.

3.    The allegations in paragraph 3 are Plaintiff's legal conclusions and factual characterizations to which no answer is required; to the extent a response is required, Defendant admits that Plaintiff was employed at the restaurant named Café Asia, and denies the remainder of the allegations of paragraph 3.

4.    The allegations of paragraph 4 are Plaintiff's legal conclusions and factual characterizations to which no response is required; to the extent a response is required, Defendant denies the allegations of paragraph 4.

5. Defendant admits that Plaintiff began working for Café Asia in September 2005 and that approximately two months later he began working as a waiter. Defendant denies the remainder of the allegations of paragraph 5.

6. Defendant denies the allegations of paragraph 6.

7. Defendant admits that Mr. Bakar is a manager at Café Asia. Defendant denies the remainder of the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant admits that in 2006 Mr. Ramos took a video of Mr. Smith at Café Asia. Defendant denies all other allegations of paragraph 13.

14. Defendant admits that Plaintiff informed Ms. Sawada that he would be taking a vacation. Defendant denies the remainder of the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant admits that Abu Bakar is a manager at Café Asia. Defendant denies the remainder of the allegations of paragraph 17.

18. Defendant admits that Elis Triany is a manager at Café Asia. Defendant denies the remainder of the allegations of paragraph 18.

19. Defendant admits the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant admits that Ms. Sheon is a manager at Café Asia and the sister of the owner of the restaurant and that Alberto Santos is a waiter at Café Asia. Defendant denies the remainder of the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant admits that Mr. Smith resigned his employment with Café Asia. Defendant denies all other allegations of paragraph 26.

27. Defendant is without information or belief sufficient to admit or deny the allegations of paragraph 27 and, therefore, denies the same.

28. Defendant incorporates by reference and realleges its responses to paragraphs 1 through 27 above.

29. Paragraph 29 consists of Plaintiff's legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations of paragraph 29.

30. Paragraph 30 consists of Plaintiff's legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations of paragraph 30.

31. Defendant incorporates by reference and realleges its responses to paragraphs 1 through 30 above.

32. Paragraph 31 consists of Plaintiff's legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations of paragraph 31.

Defendant further answers that all allegations in the Complaint that are not specifically admitted or otherwise answered are hereby denied.

## SECOND DEFENSE

The Complaint and each claim and count thereof fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Defendant acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

### FOURTH DEFENSE

Neither Defendant nor Defendant's agents ever inflicted, threatened to inflict or attempted to inflict any physical harm or offensive contact on the Plaintiff.

### FIFTH DEFENSE

Neither Defendant nor Defendant's agents ever unlawfully and intentionally touched Plaintiff or utilized force on Plaintiff in a harmful, offensive, or insulting way.

### SIXTH DEFENSE

Plaintiff consented to any and all touching that occurred between Plaintiff and Defendant or Defendant's agents.

### SEVENTH DEFENSE

Defendant has not committed any acts in violation of the District of Columbia Human Rights Act.

### EIGHTH DEFENSE

Plaintiff has not suffered any adverse employment action.

### NINTH DEFENSE

Plaintiff has not been subjected to any unwelcome harassment, as Plaintiff welcomed, encouraged and instigated all of the incidents that are alleged in his Complaint.

### TENTH DEFENSE

Plaintiff has not been subjected to any harassment that was severe or pervasive enough to alter the terms, conditions or privileges of his employment.

### ELEVENTH DEFENSE

Plaintiff unreasonably failed to avoid the consequences of any alleged harassment insofar as he unreasonably failed to use the harassment complaint procedures and/or the preventive and corrective measures available to him.

### TWELFTH DEFENSE

Plaintiff has failed to mitigate any damages he has incurred as a result of any claim asserted.

## THIRTEENTH DEFENSE

Defendant reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.

WHEREFORE, Defendant requests that the Complaint be dismissed and that Defendant have its costs herein expended.

Respectfully Submitted,

*/s/ William H. Ihrke*
William Ihrke, D.C. Bar No. 483748
Rutan & Tucker, LLP
611 Anton Blvd., Fourteenth Floor
Costa Mesa, CA 92626
(714) 641-5100 Telephone
(714) 546-9035 Facsimile

Kevin B. Bedell, D.C. Bar No. 451555
Greenberg Traurig LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
(703) 749-1300 Telephone
(703) 714-8339 Facsimile

Counsel for Defendant Café Asia