**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ANDREI SMITH<br><br>    Plaintiff,<br><br>    v.<br><br>CAFÉ ASIA<br><br>    Defendant. | Civil Action No. 07cv621<br>(RWR) |

### REPORT OF LOCAL RULE 16.3 CONFERENCE

Notice is hereby given that the parties have conducted the meeting required by Local Civil Rule 16.3. Pursuant to Fed. R. Civ. P. 16(b) and 26(f) and the rules of this Court, counsel submit this report reflecting their discussions. A proposed Scheduling Order incorporating the Parties' suggestions is attached.

1. <u>Dispositive Motions</u>: The Defendant does not presently envision filing a dispositive motion, but reserves the right to file a motion for summary judgment if warranted. The Plaintiff does not believe that this action can be resolved by dispositive motion following discovery given that this is a very fact-based case and the facts appear to be sharply disputed.

2. <u>Amended Pleadings/Joinder of Parties/Narrowing of Issues</u>: The Parties do not anticipate that it will be necessary to join third parties or amend the pleadings at this time. Nonetheless, any amended pleadings should be filed no later than thirty days after entry of the initial scheduling order. The Parties have not identified any legal or factual issues which may be agreed upon or narrowed at this time.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

3. <u>Assignment To Magistrate Judge</u>:  The Parties do not consent to assignment to a Magistrate Judge for all purposes.

4. <u>Settlement Possibility</u>:  The Plaintiff believes that this case can be settled, that settlement efforts are particularly appropriate in this case, and that delay in settlement discussions will reduce the likelihood of reaching settlement.  The Defendant also believes that settlement is possible, but views Plaintiff's initial demand as too high to initiate productive settlement discussions and will consider further settlement discussions after Plaintiff's deposition.

5. <u>Alternative Dispute Resolution Procedures</u>:  The Parties consent to appear before a Magistrate Judge for mediation, except that the Defendant believes that it is too early for mediation to be productive.

6. <u>Dispositive Motion Schedule</u>:  The Parties agree that any dispositive motions should be filed within 30 days after the close of discovery, that any opposition to that motion should be filed within 30 days of the filing of the motion, and that any reply should be filed within 15 days of the filing of the opposition.

7. <u>Initial Disclosures</u>:  The Parties have not reached agreement to dispense with initial disclosures in this case.

8. <u>Discovery</u>: The Parties contemplate that they will need six months to complete discovery from the entry of the scheduling order.  The Parties anticipate that a protective order will be required prior to the production of documents in this case and the Parties will attempt to prepare a stipulation to that effect for the Court's approval at the appropriate time.  Given the amicable relations between counsel, the Parties do not anticipate signficant discovery disputes.  However, the Defendant seeks access to images on Plaintiff's cell phone which Plaintiff believes are highly

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

intimate and not sufficiently relevant to be disclosed in discovery. The Parties envision framing this dispute for resolution by the Court.

       9.    <u>Experts</u>: The Parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified. The Parties agree that any proponent's Rule 26(a)(2) disclosures shall be served on or before 60 days from the conclusion of discovery and that responsive experts should be identified 30 days thereafter. Depositions of experts may occur at any time at least 60 days prior to trial.

       10.    <u>Class Action Procedures</u>: Not applicable because this is not a class action.

       11.    <u>Bifurcation of Discovery or Trial</u>: The Parties do not now see any need for bifurcation of this case.

       12.    <u>Proposed Date For The Pretrial Conference</u>: The Parties agree that a pretrial conference should be set 30 days after any dispositive motions are resolved, or 60 days after the close of discovery if no dispositive motions are filed.

       13.    <u>Trial Date</u>: The Parties agree that a trial date should be set at the pretrial conference.

       14.    <u>Other matters</u>: None.

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| S. Micah Salb, DC Bar #453197 | William Ihrke, DC Bar #483748 |
| Gwenlynn Whittle D'Souza, DC Bar #453849 | Jeffrey Wertheimer, *pro hac vice* |
| Richard H. Semsker, DC Bar #413886 | Anna Kogan, *pro hac vice* |
| Lippman, Semsker & Salb, LLC | Rutan & Tucker, LLP |
| 7700 Old Georgetown Road, Suite 500 | 611 Anton Boulevard, 14th Floor |
| Bethesda, Maryland 20814 | Costa Mesa, CA 92626 |
| (301) 656-6905 | (714) 338-1879 |
| | |
| Counsel for Plaintiff | Counsel for Defendant |

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906