UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREI SMITH

    Plaintiff,

    v.

CAFÉ ASIA

    Defendant.

Civil Action No. 07cv621 (RWR)

## STIPULATED PROTECTIVE ORDER

WHEREAS, the Parties are engaged in discovery in this matter; and

WHEREAS, the Parties have been requested to produce documents and/or information deemed by the producing party to contain material of a confidential or proprietary nature; and

WHEREAS, the Parties have agreed that production of confidential and propriety documents and information should be made subject to the terms set forth herein;

It is therefore ORDERED that production and use of confidential and proprietary documents and information in this matter, whether produced in the context of interrogatories, requests for the production of documents, depositions, or any other discovery process, shall be governed by the following terms.

1. **Designation of Information as Confidential.**

   a. As used herein, the term "Confidential Information" refers to any document, information, testimony, or any other material which is produced or provided by any person during the course of this action in response to any discovery request (including a subpoena) and which is eligible for designation as Confidential Information pursuant to Section 1(b), below. Confidential Information includes all copies thereof, information contained therein, and any extracts, charts, summaries or notes made therefrom.

   b. Any document, information, testimony, or other material is eligible for designation as Confidential Information if the designating party has a reasonable and good faith belief that such documents or information constitute or contain (i) a trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; or (ii) information

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel (301) 656-6905
Fax (301) 656-6906

which would be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as if such act covered private employers; or (iii) information related to the education, finances, medical history, or criminal history of a specific person or entity; or (iv) documents reflecting the salary, grade, job performance, or proposed or actual change in employment status (e.g., termination) of an individually identifiable employee (such the materials identified in subjections 1(b)(i) through (iv) are referred to collectively as "Confidential Information").

c. In the case of documents or other tangible materials, designation shall be made by stamping the legend "Confidential" on the documents or other tangible materials at the time of production to the receiving party. A separate written notice that some or all of the documents being produced have been designated as "Confidential" shall be provided at the time of production of the documents or other tangible materials or within a reasonable time thereafter.

d. In the case of information provided in response to interrogatories or similar discovery methods, designation shall be made by providing a separate written notice at the time that the responses are served on counsel for the receiving party or within a reasonable time thereafter.

e. In the case of oral testimony, designation shall be made either at the time of testimony or within a reasonable time (not less than ten days) after receipt of the transcript by the designating party.

**2. Disclosure and Use of Confidential Information.**

a. Confidential Information may not be disclosed or used by the receiving party except as provided in this Stipulated Protective Order. By stipulating to the confidentiality of Confidential Information, the Parties do not concede that such documents are discoverable, relevant, or material. Moreover, neither this Order nor production of Confidential Information in discovery in this case shall in any way constitute a waiver of the right of any party to object to the admissibility or use of such Confidential Information at trial or in other proceedings in this case, and the Parties reserve all rights to object.

b. Except upon further order of this Court, or by express written consent of counsel of record for the designating party, Confidential Information furnished in this proceeding shall be used on behalf of the receiving party solely for purposes of litigating the issues raised in this action.

c. Confidential Information shall not be made available to any person other than: (i) the Parties and the lawyers representing the Parties in this matter, including any and all

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

members, associates, employees, and support staff of such lawyers; (ii) any court reporter recording or transcribing testimony in this proceeding; (iii) any outside reproduction firm engaged by the lawyers representing the receiving party in this matter; (iv) any person not employed by a party who is expressly retained by the receiving party or its counsel as an expert or consultant for purposes of reviewing, analyzing, and/or testifying about the Confidential Information; and (v) the Court, as provided in paragraph 2(e).

d.  Confidential Information may be shared by the lawyers for the receiving party with the individuals designated in subparagraphs c(i) through (c)(iv) above. However, any authorized person who is not an employee of a Party's attorney must first sign a Confidentiality Agreement in the form annexed hereto as Exhibit A.

e.  Except upon further order of this Court or by express written consent of counsel of record for the designating party, all pleadings, documents, and deposition transcripts containing or referencing Confidential Information that are filed with this Court shall be filed in a sealed envelope with a cover label bearing (i) the caption of this proceeding, (ii) the legend TO BE FILED UNDER SEAL PURSUANT TO THE ORDER OF THE COURT, and (iii) a statement substantially in the following form:

> This envelope contains information subject to a Protective Order entered in this action. It is not to be opened nor the contents thereof displayed, revealed, or made public except by written order of the Court.

Alternatively, any filings containing Confidential Information which are made through the Electronic Court Filing system shall be made in the method prescribed by the Court's rules for confidential electronic filing.

f.  In the event that Confidential Information is used in any court proceeding in connection with this litigation, it shall not lose its Confidential status through such use, and such use shall not relieve any party of its obligation under this Order to use such Confidential Information solely for the purpose of preparing for and conducting this litigation. However, prior to any trial of this matter, counsel for the Parties will exercise reasonable efforts to reach agreement on the handling of information and documents covered by this Stipulated Protective Order at trial so as to balance between the rights of the Parties to present any evidence they deem necessary at trial and the notion of public trials, on the one hand, and a party's interest in maintaining privacy and confidentiality, on the other hand. If any such agreement is reached, it shall be presented to the Court for review and approval. If no agreement is reached, the Parties shall present their respective proposals to the Court for its consideration. In any event, the Parties agree and recognize that confidential documents may be presented to the Court and jury during trial.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

g.  The initial failure to designate information in accordance with this Order shall not preclude any party, at a later date, from designating any information as Confidential Information. The designating party may, by written notice to counsel of record for the receiving party or Parties, designate previously produced information as Confidential Information which it had solely through inadvertence failed to so designate. Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "Confidential," shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Order, and, if such information has previously been disclosed to persons not qualified pursuant to this Order, shall take reasonable steps to obtain all such previously disclosed information and to advise such persons to treat the designated materials confidentially as though originally so designated. If the quantity of newly-designated confidential documents is large, the non-designating party may require that the designating party provide the documents with the "confidential" designation affixed.

3.  **<u>Challenge</u>.**

a.  Should the receiving party believe that material or information designated as Confidential Information is not confidential or proprietary, it may seek to have the material or information released from the terms and conditions of this Order.

b.  To obtain release of such material or information, the receiving party first shall make written request of the designating party, through its counsel.

c.  The material or information shall be released unless, within 7 calendar days of receipt of such written request, the designating party responds in writing that it has a good faith objection to the release of such material or information, based on the designating party's reasonable belief that the material or information contains or reflects Confidential Information.

d.  The receiving party may then seek relief from this Court. The party who designated the information as Confidential Information shall bear the burden of demonstrating that the information is entitled to protection from disclosure. Pending the Court's ruling, the party contesting the designation shall continue to treat the information as confidential and shall be subject to the provisions of this Stipulated Protective Order. Notwithstanding a party's failure to seek release of Confidential Information, no party, by entering into this Stipulated Protective Order, concedes that any document, material, or information designated as Confidential Information does in fact contain or reflect confidential information. The Court shall require the designating party to pay the reasonable attorney's fees of the receiving party if designated material is determined not to be confidential.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel (301) 656-6905
Fax (301) 656-6906

4. **Non-applicability.** This Order shall not pertain to any documents or information which are, or during the litigation become (unless such disclosure is caused directly or indirectly by a party or the attorneys or agents for a party): (i) of public record; (ii) filed as a public record with the clerk of any federal or state court in other litigation; (iii) filed with any federal or state agency, copies of which are required by that agency to be freely available in their entirety to the public; or (iv) published not in violation of this Order on a public internet website.

5. **Maintenance and Disposition of Confidential Information.**

   a. The receiving party shall maintain the Confidential Information in a secure and safe area, and shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information.

   b. At the conclusion of this proceeding and any and all appeals relating thereto, the receiving party either shall return to the designating party all Confidential Information and all copies thereof in its possession, at the designating party's expense, or, if directed to do so by the designating party, shall destroy all Confidential Information, and all copies thereof, in its possession (except that counsel for the Parties may retain their respective attorney work-product privileged documents made during or as a result of their inspection of any documents subject to this Stipulated Protective Order, which non-discoverable documents shall be used solely for the purpose of this litigation). If the receiving party is instructed to destroy the Confidential Information, it shall promptly certify to the designating party under penalty of perjury that it has done so.

   c. If requested by a party, at the conclusion of this proceeding and any and all appeals relating thereto, or upon such earlier order as the Court may enter pursuant to a duly noticed motion and hearing, the Clerk of the Court shall return to each party all Confidential Information that has been filed with the Court by that party.

6. **Modification.** Either party for good cause shown may apply to the Court for modification of this Order. In addition, this Order may be amended without leave of Court by agreement of the Parties in the form of a Stipulation filed with the Court. Nothing in this Order shall prevent a party, in appropriate circumstances, from seeking greater protection for especially sensitive material.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

      7.      **Enforcement of Order.**  In the event that anyone violates or threatens to violate any term of this Order, the aggrieved party may make immediate application to this Court for injunctive relief against that person.

      8.      **Duration of Order.**  The confidentiality obligations imposed by this Order shall remain in effect unless otherwise expressly ordered by the Court.

Entered this ___4th___ day of ___June___, 2007, nunc pro tunc to May 23, 2007.

_____
Hon. Richard W. Roberts

WE ASK FOR THIS:
Dated:  May ___, 2007

_____/s/_____
S. Micah Salb, DC Bar #453197
Gwenlynn Whittle D'Souza, DC Bar #453849
Richard H. Semsker, DC Bar #413886
Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, Maryland 20814
(301) 656-6905

Counsel for Plaintiff

_____/s/_____
William Ihrke, DC Bar #483748
Jeffrey Wertheimer, *pro hac vice*
Anna Kogan, *pro hac vice*
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 338-1879

Counsel for Defendant

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel (301) 656-6905
Fax (301) 656-6906

- 6 -

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREI SMITH<br><br>    Plaintiff,<br><br>    v.<br><br>CAFÉ ASIA<br><br>    Defendant. | Civil Action No. 07cv621 (RWR) |

**DECLARATION OF RECIPIENT OF CONFIDENTIAL INFORMATION
UNDER STIPULATED PROTECTIVE ORDER**

I, _____, declare as follows:

1.  My address is: _____.

2.  My present employer is: _____.

3.  My present occupation or job description is: _____.

4.  I hereby acknowledge my receipt of information designated as "Confidential" under the Stipulated Protective Order in the above lawsuit. I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Stipulated Protective Order.

5.  I further state that I have been given a copy of and have read the Stipulated Protective Order, that I am familiar with the terms of the Stipulated Protective Order, that I agree to comply with and to be bound by each of the terms thereof, and that I agree to hold in confidence any information disclosed to me pursuant to the terms of the Stipulated Protective Order. I specifically agree that I shall not disclose such information to any person who has not also executed a Declaration in this form.

6.  I understand that my failure to comply with the terms of the Stipulated Protective Order could result in the imposition of sanctions against me and/or the party by whom I am employed or on whose behalf I have been retained in this lawsuit.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

      7.     To assure my compliance with the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the United States District Court for the District of Columbia for the limited purpose of any proceedings relating to the performance under, compliance with or violation of the Stipulated Protective Order.

      8.     I understand that I am to retain all of the materials that I receive which have been designated as "Confidential" in a container, cabinet, drawer, room, or other safe place in a manner consistent with this Stipulated Protective Order; that I am to make no copies or other reproductions of any such materials except for my use pursuant to the terms of this Stipulated Protective Order; that all such materials (including copies or reproductions) are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and that any materials, memoranda, work notes, or other documents derived from documents designated as "Confidential" or containing any information contained therein are to be delivered to the party who provided the designated materials. Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the Stipulated Protective Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _____, 2007.

_____.
(Signed)

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906