UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREI SMITH, </br></br> Plaintiff, </br></br> v. </br></br> CAFÉ ASIA, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 07cv621 (RWR/JMF) </br> ) </br> ) </br> ) </br> ) |

**RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO FILE OPPOSITION TO MOTION TO COMPEL**

Defendant Café Asia, by counsel and pursuant to L.Cv.R. 7, hereby responds to plaintiff's Motion for Extension of Time to File Opposition to Motion to Compel. While defendant's counsel ordinarily would accede to reasonable requests for extensions of time, particularly when caused by other matters out of the control of a party or its counsel, the facts and circumstances surrounding plaintiff's current request are such that an extension does not appear to be appropriate.

The deadline which plaintiff seeks to extend was set by agreement of counsel, in open court, just a few weeks ago. On Friday, May 25, 2007, counsel for the parties appeared before the Court for an initial scheduling conference. At that conference, the issue of plaintiff's production of the images stored on his cell phone was discussed. Because counsel for the parties had discussed this production previously, and plaintiff's counsel had indicated that they would not voluntarily produce the pictures on plaintiff's cell phone, counsel and the Court agreed on a procedure for resolving this issue. Specifically, defendant was to file a motion to compel. Counsel and the Court then discussed, and agreed upon, a briefing schedule for that motion. Specifically, defendant was to file its motion by June 11, 2007, which defendant did.

1

The amount of time Plaintiff would need to respond was then discussed. After reviewing her calendar, and spending some time calculating when the opposition would be due, plaintiff's counsel agreed that the standard 11 days provided by LCvR 7(b) would be sufficient for plaintiff's counsel to prepare an opposition. These dates subsequently were set in the Court's Scheduling Order.

While schedules certainly change and matters unexpectedly arise, and while ordinarily the undersigned counsel would not question a representation that other matters required attention and thus an extension is needed, when plaintiff's counsel first contacted defendant's counsel about this extension (by a telephone call from Ms. D'Souza to Mr. Bedell on Friday, June 15th), plaintiff's counsel made no mention of other professional demands on counsel's time. Plaintiff's counsel said only that they needed additional time to gather affidavits to respond to the two affidavits (actually declarations) accompanying defendant's motion to compel.

There thus is reason to believe that the requested extension will serve the purpose of permitting continued harassment of defendant's employees and former employees. Defendant's counsel has been contacted by two individuals who were employed by defendant at the same time that plaintiff was employed by defendant. Both individuals complained to defendant's counsel that they were being harassed by plaintiff and plaintiff's counsel, who were trying to get them to sign affidavits to help plaintiff. The individuals explained that they did not want plaintiff or plaintiff's counsel contacting them and did not want to sign affidavits. They also said they had told plaintiff and plaintiff's counsel this, and that they had asked plaintiff and plaintiff's counsel to stop contacting them.

When defendant's counsel responded to plaintiff's counsel's request for an extension, Mr. Bedell indicated to Ms. D'Souza that while defendant's counsel ordinarily agreed to

2

extensions, defendant's counsel was not inclined to agree to an extension if the effect was to give plaintiff and plaintiff's counsel more time to harass defendant's employees and former employees. Mr. Bedell carefully explained that defendant's counsel was not suggesting in any way that plaintiff or plaintiff's counsel should not or could not contact potential witnesses, but rather that defendant's counsel were not inclined to agree to an extension to allow more time for plaintiff and plaintiff's counsel to make approaches to people who had already informed plaintiff that they did not want to be contacted. Defendant's counsel thus said that they would agree to a one-week extension if plaintiff's counsel would agree, on behalf of themselves and plaintiff, not to have *further* contact with any of defendant's current or former employees *after* any of those individuals told plaintiff or plaintiff's counsel they did not want to be contacted. Plaintiff's counsel declined to agree to stop making unwelcome approaches to defendant's current and former employees.

The foregoing circumstances make an extension of the deadline for plaintiff to respond to defendant's motion to compel inappropriate. Plaintiff's counsel knew for some time that production of the pictures on plaintiff's cell phone was an issue in dispute. Plaintiff's counsel agreed to a deadline. The motion, and plaintiff's deadline for responding thus came as no surprise. If plaintiff's counsel had other professional demands on their time that necessitated a longer period for them to prepare their opposition, then they should have said so at the May 25th scheduling conference or when Ms. D'Souza spoke with Mr. Bedell on June 18th. Moreover, when plaintiff's counsel first requested an extension, they did not mention other demands on their time but rather indicated that they wanted more time to try to get affidavits. The request for an extension thus should be denied.

In addition, if the motion is denied, defendant's motion to compel should be treated as unopposed. Plaintiff should not get an automatic extension by having waited until the last minute to file their request for extension. Plaintiff's counsel told defendant's counsel on Monday, June 18th, in the morning, that they were going to file their motion for an extension. They nonetheless waited until 6:44 p.m. on Thursday – the day before their opposition was due to move for an extension. Any failure to meet the deadline for the opposition or to secure an extension in advance is solely of their own doing.

Finally, if the motion is granted, and the time for plaintiff to file an opposition to the motion to compel is extended, then the time for defendant's reply should be extended by a corresponding period.

Respectfully submitted,

Dated: June 22, 2007

Kevin B. Bedell (D.C. Bar No. 451555)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
Tel: (703) 749-1339
Fax: (703) 714-8339

William Ihrke (D.C. Bar No. 483748)
Jeffrey Wertheimer (*pro hac vice*)
Anna Kogan (*pro hac vice*)
Rutan & Tucker, LLP
611 Anton Blvd., Fourteenth Floor
Costa Mesa, CA 92626
Tel: (714) 641-5100
Fax: (714) 546-9035

*Counsel for Defendant Café Asia*