**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

ANDREI SMITH

       Plaintiff,

       v.

CAFÉ ASIA

       Defendant.

---

Civil Action No. 07cv621
(RWR)

## OPPOSITION TO MOTION TO COMPEL PLAINTIFF TO PRODUCE IMAGES STORED ON PLAINTIFF'S CELL PHONE

      Plaintiff Andrei Smith, by and through his under-signed counsel, hereby opposes the Defendant's <u>Motion to Compel Plaintiff To Produce Images Stored on Plaintiff's Cell Phone</u> for the following reasons:

### I.  RELEVANT FACTS.[1]

      1.    Plaintiff Andrei Smith has brought a claim of sexual harassment and discrimination on the basis of sexual orientation because of the gross misconduct by multiple employees and managers of Defendant Café Asia.  <u>Affidavit of Andrei Smith</u>, ¶ 2, attached as Exhibit A.  This harassment included pinching his nipples and grabbing his genitalia and occurred almost daily.

---

[1] The Defendant has chosen to use its Motion to Compel as a forum to state irrelevant facts and to voice irrelevant arguments.  For example, the Defendant suggests that Mr. Smith could not have been sexually harassed because the owner and many other employees of Café Asia were also gay; obviously, that claim is illogical.  The Defendant also contends that Mr. Smith never returned to work after taking a vacation.  Unsurprisingly, the Defendant's comments are often inaccurate and misleading:  As to that contention, for example, the Defendant ignores the correspondence in which Mr. Smith informed the Defendant that he could not return to work because the Defendant refused to stop the harassing behavior.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

Smith Affidavit, ¶ 3. In addition, Plaintiff's coworkers offered to pay him money for sex. Smith Affidavit, ¶ 4.

2.     Beginning in or about December 2005, Mr. Smith complained several times about the harassment to Ms. Kaoru Sawada, one of the restaurant's floor managers. Ms. Sawada would typically respond by saying only "They just like you," or "You're so popular." Smith Affidavit, ¶ 6. On August 23, 2006, Mr. Smith informed Ms. Sawada that he was taking a vacation and that therefore he would not be available for shifts for the next month. In response, Ms. Sawada shouted out to everyone in the kitchen, "Hey, Andrei's leaving for a month, you better touch him while you can." Smith Affidavit, ¶ 7.

3.     Prior to June 30, 2006, Mr. Smith complained to other managers, including Ms. Yan Yan Joey, about the harassment. Smith Affidavit, ¶ 8. For example, he complained to Ms. Joey about a coworker exposing his penis to Mr. Smith. Smith Affidavit, ¶ 8.

4.     Ms. Joey, like the other managers, failed to remedy the harassment. To the contrary, on June 30, 2006, Ms. Joey sent Mr. Smith an email containing a series of six gay hardcore pornographic images, involving an orgy showing fellatio and other forms of anal intercourse. Smith Affidavit, ¶ 9; Joey Affidavit, ¶ 7.

5.     Defendant's Motion to Compel includes two affidavits by managers, Ms. Sawada and Ms. Joey, claiming that Mr. Smith welcomed sexual images and initiated sexual comments at work. See Defendant's Motion to Compel Plaintiff To Produce Images Stored on Plaintiff's Cell Phone and affidavits attached thereto. These affidavits are misleading and inaccurate.

6.     First, and most importantly, Mr. Smith never willingly showed nude photos of himself in the work place. Smith Affidavit, ¶ 10.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

7.     Mr. Smith did have a friendship with Ms. Sawada.  Ms. Sawada at times spoke with Mr. Smith about her sexual activities with her boyfriend and provided graphic detail about her boyfriend's genitalia.  <u>Smith Affidavit</u>, ¶ 11.

8.     After several conversations with Ms. Sawada about her sexual activities, Mr. Smith discussed with Ms. Sawada his first sexual experience when he was a 14 year old boy.  This experience involved two partners and was Mr. Smith's only discussion with Ms. Sawada about a *menage a trois*.  <u>Smith Affidavit</u>, ¶ 12.

9.     Mr. Smith was permitted, as others at Café Asia, to access the internet at work on the computer at Ms. Sawada's office.  <u>Smith Affidavit</u>, ¶ 13.

10.     Mr. Smith never showed Ms. Sawada or anyone else online nude photos of himself. <u>Smith Affidavit</u>, ¶ 14.

11.     Though Mr. Smith is a member of dating websites such as <u>www.manhunter.net</u>, contrary to Defendant's claims he has never has placed nude photos on the website.  <u>Smith Affidavit</u>, ¶ 15.

12.     On one occasion Mr. Smith showed Ms. Sawada an unclothed side profile of one person whom he recognized as a customer.  The picture showed no genitalia or sexual contact.  Mr. Smith has never dated that customer or any other customer of Café Asia.  <u>Smith Affidavit</u>, ¶ 16.

13.     Mr. Smith never discussed his sexual activities with Ms. Joey and never showed any nude photos to Ms. Joey.  <u>Smith Affidavit</u>, ¶ 17.

14.     The photos on Mr. Smith's cell phone include intimate, highly personal images. <u>Smith Affidavit</u>, ¶ 18.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

15.     There have been only two occasions when some employees have seen any content on Mr. Smith's telephone, without his permission.  Mr. Smith has never willingly shared any images on his cell phone with coworkers.  <u>Smith Affidavit</u>, ¶ 19.

16.     On one occasion, Mr. Smith permitted a fellow employee to borrow his phone for purposes of making a telephone call.  That employee and several other employees viewed certain unclothed images that were stored on Mr. Smith's telephone, but Mr. Smith neither invited, facilitated, or authorized his co-workers to view those images.  Ms. Joey and Ms. Sawada were not present.  <u>Smith Affidavit</u>, ¶ 20.

17.     On another occasion, a coworker unknowingly took Mr. Smith's cell phone, but did not have possession of Mr. Smith's telephone long enough to view any images.  <u>Smith Affidavit</u>, ¶ 21.  Mr. Smith did not authorize his coworker to take the telephone or to view any content on the telephone.  <u>Smith Affidavit</u>, ¶ 21.

18.     Plaintiff concedes that there is one image which is relevant to this matter.  In early August 2006, two coworkers at Café Asia were physically harassing him.  One was holding him in place while another was humping him from behind.  He responded by trying to hit the coworker behind him with a spatula.  <u>Smith Affidavit</u>, ¶ 22.

19.     There is also one audio file on his telephone which is relevant.  This file is an audio recording of a telephone conversation that Mr. Smith had with a witness in this case.  <u>Smith Affidavit</u>, ¶ 23.

## ARGUMENT

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

The Defendant asks this Court to order Mr. Smith to provide it with copies of the images, sounds, and videos contained on Mr. Smith's cell phone, some of which are of a sexually-graphic nature. The Defendant contends that these images are "crucial to understanding the context of Mr. Smith's" claims. *See* Motion to Compel, p. 1. The Defendant is not entitled to these documents because they are not probative of any disputed fact and because Rule 412 of the Federal Rules of Evidence protects Mr. Smith's privacy rights.[2]

Indeed, the need for such protection is clear from the tone of the language which the Defendant uses in its motion, a sad forecast of the litigation to follow. The Defendant's motion describes Mr. Smith with phrases such as:

❖ "Plaintiff talked openly to all and sundry about his sexual orientation, preferences, and escapades."

❖ "[Smith] graphically recalled to his co-workers the intricacies of his prior night's activities, where he had sex with two men simultaneously.

❖ ". . . graphic conversations about his nightly conquests. . . ."

❖ "sexual exploits"

❖ "Plaintiff also took cell phone pictures of his various sexual conquests, and showed them to his co-workers, occasionally lamenting that the cell phone video was not long enough to record the full act of intercourse."

This immoderate language, sarcasm (e.g., referring sarcastically to Mr. Smith's "delicate sensibilities"), and unwarranted references to Mr. Smith's sexual orientation suggest that the Defendant plans to make much ado over Mr. Smith's sex life in an offensive way, designed to

---

[2] The Defendant's request is also overly broad because it is not limited by date of creation and so encompasses images which were created post-employment. However, this issue is before the Court to address the more interesting question of Mr. Smith's privacy, and the Plaintiff does not expect that the Parties will need the Court's assistance in addressing that aspect of the dispute.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

embarrass Mr. Smith and bias the jury against him.[3]  It is precisely for this reason that Rule 412 bars

the Defendant from obtaining this information.


A.    **Rule 412 of the Federal Rules of Evidence Makes Evidence of a Victim's Sexual Behavior <u>Presumptively</u> Non-Discoverable Unless Café Asia Shows the Relevance of the Evidence.**

Mr. Smith recognizes that ordinarily discovery is broadly permitted under Rule 26 of the

Federal Rules of Civil Procedure.  However, the material which the Defendant demands falls within

an important exception to that rule.  The Defendant seeks information which relates to Mr. Smith's

sexual behavior and sexual predisposition.  Rule 412 of the Federal Rules of Evidence (hereinafter

"Rule 412") imposes strict barriers to the disclosure and use of this information.[4]

Rule 412 was created "to safeguard the alleged victim against the invasion of privacy,

potential embarrassment and sexual stereotyping that is associated with public disclosure."

Advisory Committee Notes to 1994 Amendments to Rule 412, *reprinted at* Federal Civil Judicial

Procedure and Rules, at p. 346 (West 1996) (hereinafter "Advisory Committee Notes").  Therefore,

under the Rule, evidence offered to prove a victim's sexual behavior or sexual predisposition <u>is</u>

---

[3] Indeed, the homophobic tinge to the Defendant's pleading is unmistakable.  *See*, *e.g.*, <u>Motion to Compel</u>, p. 8 (asserting that Mr. Smith "shares gay porn in the workplace, and brags at work about his all-male ménage a trois, was terribly offended by one sexually explicit e-mail").  The homophobic element here is the Defendant's irrelevant reference to the fact that Mr. Smith's alleged ménage a trois was "all-male" or that the pornography that Mr. Smith shared with "gay."  Those facts are not relevant to the Defendant's claim that Mr. Smith was not offended by the pornography sent to him, particularly in view of the fact that there is no dispute that Mr. Smith is gay.

[4] Because this dispute is governed by Rule 412, this Court should treat Café Asia's motion as a motion under Rule 412 and should place the pleadings under seal.  Even if this matter were not subject to Rule 412, given the sensitive and embarrassing nature of the allegations which the Defendant makes, the pleadings should be filed under seal pursuant to this Court's privacy protective order.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

<u>generally inadmissible</u> in any civil proceeding involving alleged sexual misconduct.[5] Rule 412 reverses the usual approach to admissibility of evidence; instead of being presumptively discoverable, <u>evidence covered by this Rule is presumptively inadmissible</u>.

A court can permit disclosure of protected information only if the information "is otherwise admissible under these rules <u>and</u> its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Rule 412(b)(2) (emphasis added). And evidence of a victim's reputation — such as a reputation for enjoying pornography, which the Defendant seeks to prove in this case — is admissible only if it has been placed in controversy by the victim. <u>Id.</u>; <u>B.K.B. v. Maui Police Dep't</u>, 276 F.3d 1091, 1104 (9th Cir. 2002); <u>Rodriguez-Hernandez v. Miranda-Velez</u>, 132 F.3d 848, 856 (1st Cir. 1998). The burden is on Café Asia to prove both that the information is relevant and that the relevance outweighs the harm to Mr. Smith. <u>Burger v. Litton Industries, Inc.</u>, 1995 WL 476712 (S.D.N.Y. 1995).

Though the Rule describes the admissibility of evidence at trial, Rule 412 applies to discovery as well. As the Advisory Committee Notes state:

> Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery.

Advisory Committee Notes at 346; <u>Howard v. Historic Tours of America</u>, 177 F.R.D. 48, 50-51 (D.D.C. 1997); <u>Barta v. City and County of Honolulu</u>, 169 F.R.D. 132 135 (D.Hi. 1996).

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[5] Though Rule 412 was enacted to protect victims of rape, it is also applicable to claims of discrimination and harassment. Advisory Committee Notes ("Rule 412 applies in any civil case in which a person claims to be the victim of sexual misconduct, such as actions for sexual battery or sexual harassment"); <u>Wolak v. Spucci</u>, 217 F.3d 157, 160(2nd Cir. 2000).

Café Asia clearly failed to consider Rule 412, because not only does it fail to mention the Rule, but it makes extensive argument regarding the Court of Appeals' decision in <u>Laxalt v. McClatchy</u>. The Court held in *Laxalt* that a party seeking discovery of evidence protected by the Privacy Act has no burden to show a need for the evidence. *Laxalt*, 809 F.2d 885, 886 (D.C. Cir. 1987). *Laxalt* is inapposite not only because ours is not a Privacy Act case but more importantly because this case is governed by Rule 412, under which the party seeking discovery must, by statute, make precisely that showing.[6]

Thus, Café Asia has the burden to show that the evidence contained on Mr. Smith's telephone is relevant to the disputed issues in this case, that this evidence cannot be obtained except through discovery, and that its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party.

**B.    The Information That Defendant Seeks Is Not Probative of Any Disputed Matter and Therefore Discovery must Be Denied.**

Café Asia seeks to compel images which, according to Ms. Sawada, are photos of Mr. Smith's genitalia and of other men in states of arousal.[7] According to Ms. Joey, these are nude photos of Mr. Smith and men with whom he had sex.

Café Asia seeks these images because it believes that they reflect on whether Mr. Smith welcomed Café Asia employees's conduct (ignoring that this conduct can only be considered gross

---

[6] The Defendant also relies on <u>Burka v. U.S. Dept. of Health and Human Services</u>, 87 F.3d 508 (D.C. Cir. 1996), which addresses Rule 26 in the context of a claim related to confidentiality of business interests in a FOIA dispute. That case is plainly irrelevant.

[7] Of course, the Plaintiff is prepared to provide electronic (and/or printed copies of such of the images which can be printed) to the Court for in camera review of the Court believes it necessary.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

misconduct).  Café Asia contends that because Mr. Smith allegedly engaged in the same behavior

as that to which he was subjected, the conduct could not have been unwelcome to him.  "Given the

amount of attention he lavished on his own sex life, Plaintiff clearly considered such material

arousing and amusing."  Motion to Compel, p. 4.  Defendant argues:

> In order to understand whether the e-mail was truly offensive, it must be analyzed
> in the context of all of Plaintiff's prior behavior, including the cell phone images.
> If Plaintiff led the life of a choirboy and avoided all references to his sexual and/or
> homosexual conduct, the e-mail may truly have been unwelcomed and harassing.
> If, however, Plaintiff was as open and graphic about his sexuality as alleged, the
> e-mail was probably both welcomed and appreciated.  Either way, there is no doubt
> that the images on Plaintiff's cell phone are directly relevant to determination of
> whether the e-mail in question was truly "unwelcomed sexual harassment."

Motion to Compel, pp. 8-9.  However, as one court put it, "[a]lthough defendant's argument has a

persuasive ring, this court does not agree."  Mackelprang v. Fidelity Nat. Title Agency of Nevada,

Inc., Slip Copy, 2007 WL 119149 (D.Nev. 2007).

    The Defendant's argument is neatly cut short by Rule 412.  As Magistrate Judge Facciola

explained in Howard, evidence subject to Rule 412 is presumptively inadmissible even when offered

to disprove "unwelcomeness" in a sexual harassment case.  Howard, 177 F.R.D. at 50; see also

Socks-Brunot v. Hirshvogel, 184 F.R.D. 113, 119 (S.D. Ohio 1999); Burns v. McGregor Elec.

Indus., Inc., 989 F.2d 959, 963 (8th Cir. 1993) (holding that "[t]he plaintiff's choice to pose for a

nude magazine outside work hours is not material to the issue of whether plaintiff found her

employer's work-related conduct offensive").

    Café Asia argues here that because Mr. Smith's manager, Ms. Joey, knew that Mr. Smith had

nude photos of himself and other men on his telephone, he would welcome the pornographic

photograph of an orgy that she emailed to him.  However, even if Mr. Smith had showed nude

photos of himself and other men to Ms. Joey — which Plaintiff firmly denies — it simply does not

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 9 -

follow that he would welcome e-mail images of an orgy <u>after he had complained to Ms. Joey about one coworker exposing himself to him</u>.  The fact that a plaintiff may welcome sexual discussions or images from certain individuals has absolutely no bearing on the emotional trauma he or she may feel from sexual harassment that is unwelcome.  <u>Mitchell v. Hutchings</u>, 116 F.R.D. 481, 485 (D. Utah 1987); <u>Katz v. Dole</u>, 709 F.3d 251, 254 n.3 (4th Cir. 1983).

The Defendant is arguing nothing more than that because Mr. Smith has a sexual life, he welcomes anything of a sexual nature being forced on him.  The Defendant apparently believes that Mr. Smith might welcome someone forcefully pushing a vegetable at his backside because Mr. Smith has pictures of naked men on his cell phone.  Foreclosing this sort of argument is precisely the purpose behind the passage of the Privacy Protection for Rape Victims Act of 1978, of which Rule 412 was a part.  Rule 412 plainly disallows discovery based on such arguments.

The Defendant has found only two cases on which to rely.  Neither of those two cases helps them.  In the first case, the court held that the plaintiff's frequent use of the words "bitch" and "fuck" were indications that the plaintiff did not find her supervisor's language to be offensive.  <u>Hocevar v. Purdue Rederick Co.</u>, 223 F.3d 721, 736-37 (8th Cir. 2000).  That case is completely inapposite because while an employee's use of profanity while at work certainly may reveal whether one finds a supervisor's use of profanity offensive, the fact that Mr. Smith possesses naked pictures does not mean that he welcomed being sent pornographic images by his work-place supervisor.  A reasonable fact-finder could never conclude — indeed, Rule 412 would bar the conclusion — that because Mr. Smith had naked images, he welcomed it when members of the kitchen staff yelled out, "Gay!" or "Maricon!" almost every time he entered the kitchen.  Nor can Mr. Smith's possession of naked pictures ever be deemed to mean that he welcomed it when kitchen staff forcefully shoved eggplants,

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

cucumbers, or wooden kitchen utensils at his buttocks. *Hocevar* simply does not help us to determine whether Mr. Smith welcomed it when employees grabbed his crotch, rear end, or nipples.

Nor does the second case on which Café Asia relies help its argument. In fact, the Defendant apparently misread the case, because it runs against them. In <u>Beach v. Yellow Freight System</u>, 312 F.3d 391, 396 (8th Cir. 2002), the court held that the fact that the plaintiff used sexually explicit language at the workplace did *not* mean that graffiti referring to him could not have been found to be subjectively offensive and unwelcome to him.

Thus, it is clear that the images on Mr. Smith's telephone are probative of nothing. His ownership of revealing pictures of various people, even of himself, does not prove that Defendant's misconduct was welcome. Therefore, the Defendant has not met its Rule 412 burden to show that the evidence sought to be discovered would be relevant under the facts and theories of this case. *See Howard*, 177 F.R.D. at 50.

The Defendant is likely to argue that Rule 412 does not apply to this case because it does not care about Mr. Smith's "sexual behavior" or "sexual disposition" — the phrases used in the Rule — but only about whether Café Asia's employee's harassment of him was welcome. This sort of fine distinction will fail, just as *Howard* explained, because the of the very broad scope of the Rule. Anything which the Defendant might aim to prove through this evidence is disallowed by Rule 412.

The ambit of Rule 412 is very broad. The Advisory Committee Notes state that "the word 'behavior' should be construed to include activities of the mind, such as fantasies or dreams." Advisory Committee Notes at 345. All evidence offered to prove a sexual predisposition is covered, including "evidence such as that relating to the alleged victim's mode of life-style. . . ." *Id.* ; *see also* <u>Sheffield v. Hilltop Sand & Gravel Co.</u>, 895 F.Supp. 105, 108 (E.D.Va.1995) (holding that

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 11 -

"[e]vidence relating to the plaintiff's [allegedly vulgar] speech is certainly evidence offered to prove an alleged victim's 'sexual predisposition' " and is therefore covered by Rule 412).

Thus, the Defendant cannot argue its way outside of the scope of Rule 412 by claiming that it does not care about Mr. Smith's "sexual behavior" or "sexual disposition," because those terms have been defined to include the sort of information which Café Asia <u>is</u> attempting to prove.  So when Café Asia attempts to prove Mr. Smith's state of mind when his manager showed him pornography or when his coworkers physically molested him by pointing to his enjoyment of pornography, then Café Asia is running afoul of Rule 412.

### C.  Because the Probative Value of the Information Does Not "Substantially Outweigh" the Harm to Mr. Smith, it Is Not Discoverable.

Even if Café Asia can establish that the information it seeks is somehow probative, it is still not discoverable because the Defendant cannot prove that the probative force of the images of Mr. Smith and his sexual behavior substantially outweighs the harm to him of disclosure:

> Fed. R. Evid. 412(b)(2) . . . requires that the probative force of the evidence of a victim's sexual behavior substantially outweigh the harm to her of forcing her to disclose that behavior.  <u>Such proof has probative force only if the proposition that their knowledge that she engaged in such behavior made it more reasonable for them to conclude that she would welcome their sexual advances becomes easier to accept than it would be without that proof.</u>  Fed.R.Evid. 401 (definition of relevant evidence as having tendency to make existence of a pertinent fact more probable than it would be without the evidence).

*Howard*, 177 F.R.D. at 50-51 (emphasis added).

The images at issue in this case are indisputably highly personal photos of the most intimate sort. *See*, *e.g.*, <u>Defendant's Motion to Compel</u>, p. 2, (asserting, "Plaintiff took many pictures of his own genitalia in various stages of arousal, stored them on his cell phone, and frequently showed his

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

co-workers these pictures at work"). Presuming, *arguendo*, that there is some probative value to these images, that value cannot be deemed to outweigh the harm that Mr. Smith would suffer by the disclosure of the highly intimate images contained on his telephone. *Wolak*, 217 F.3d at 161.

This Court must use a balancing test that is more stringent than that used under Rule 403. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1104 (9th Cir. 2002). But under almost any balancing test, it would be foolish to argue that there is any probative value that could outweigh the harm and humiliation that Mr. Smith would suffer if he were forced to share images of his own genitalia in a legal proceeding with the opposing counsel and opposing party. Indeed, courts consistently hold "that the probative value of evidence of a victim's sexual sophistication or private sexual behavior with regard to the welcomeness of harassing behavior in the workplace does not substantially outweigh the prejudice to her." *B.K.B.*, 276 F.3d at 1105; *Howard*, 177 F.R.D. at 52.

**D.    This Court Need Not Order Disclosure of These Images Even if the Court Believes That Mr. Smith May Have Displayed Them at the Workplace.**

Finally, the Defendant cannot escape the restrictions of Rule 412 by asserting that it cares only about Mr. Smith's at-work conduct. The images contained on the phone are all of his out-of-work conduct. Though the Defendant claims that Mr. Smith shared those pictures with co-workers, the pictures remain images of his private life outside of work.[8] Therefore, even if this Court credits the Defendant's claims that Mr. Smith displayed certain images at the workplace, it is entirely unnecessary for this Court to require Mr. Smith to display those images.

As one court put it:

---

[8] Mr. Smith acknowledges that the sole image that is of workplace activity — the video recording of Mr. Smith being physically harassed by his co-workers — is relevant and admissible.

- 13 -

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

> First, defendants claim that these questions are necessary for impeachment because defendants "have evidence that [Laura] frequently and consistently discussed her sex life and affairs" with other Litton employees. Defendants claim this would "put in context" her deposition testimony that other people at Litton "were talking about sex all the time." The Court agrees that Laura's *discussions* about sex with others at Litton would be relevant (in a discovery sense) for that purpose. However, as defendants' counsel admitted, "I have already asked her . . . if she told anybody about what she did and she has denied it." While discovery as to her sexual conduct might lead to the discovery of information about her discussions with co-workers, the Court cannot find that this attenuated claim of need "substantially outweighs" the invasion of Laura's privacy.

*Burger*, 1995 WL 476712 *2 (emphasis in original; citations to *Burger* record omitted).

Mr. Smith does not believe that any of his workplace discussions is probative of whether he welcomed being called "Maricon!" or physically assaulted with spoons and foodstuffs. However, it remains for another day to determine whether testimony regarding Mr. Smith's workplace discussions will be admitted at trial. It is sufficient to note that whatever testimony might be offered regarding what Mr. Smith allegedly discussed in the workplace does not mean that intimate photographs of himself and others should be displayed during the litigation of this case.

## CONCLUSION

Rule 412 mandates the presumption that evidence of sexual disposition is inadmissible and therefore undiscoverable. Café Asia has failed to meet its burden of proving that these highly intimate images are probative of any disputed matter. Moreover, it has failed to prove that any probative value *substantially* outweighs the harm to Mr. Smith of disclosure. Therefore, pursuant to Rule 412, the Defendant's motion must be denied.

Respectfully submitted,

- 14 -

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

LIPPMAN, SEMSKER & SALB, LLC

_____/s/_____

S. Micah Salb, Esq.
Richard H. Semsker, Esq.
Gwenlynn Whittle D'Souza, Esq.
7700 Old Georgetown Road
Suite 500
Bethesda, Maryland  20814
(301) 656-6905/Fax: (301) 656-6906

Counsel for Plaintiff

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANDREI SMITH

       Plaintiff,

       v.

CAFÉ ASIA

       Defendant.

Civil Action No. 07cv621
(RWR)

## <u>AFFIDAVIT OF ANDREI SMITH</u>

COMES NOW, Andrei Smith, and respectfully represents unto this Honorable Court as follows:

1.     I am over the age of 18 and of sound mind and am competent to testify to the matters stated herein.  I have personal knowledge of all facts set forth herein.

2.     I was sexually harassed and discriminated against by multiple employees and managers of Defendant Café Asia.

3.     Almost daily, some managers and employees pinched my nipples or grabbed my genitalia.

4.     My coworkers offered to pay me money for sex.

5.     I was often called gay or "Maricon!", which is the Spanish term for homosexual.

6.     Beginning in or about December 2005, I complained several times about the harassment to Ms. Kaoru Sawada, one of the restaurant's floor managers.  Ms. Sawada would typically respond by saying only "They just like you," or "You're so popular."

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

7.      On August 23, 2006, I told Ms. Sawada that I would be taking a vacation and would not be available for shifts for the next month.  Immediately, Ms. Sawada shouted out to everyone in the kitchen, "Hey, Andrei's leaving for a month, you better touch him while you can."

8.      Prior to June 30, 2006, I complained to other managers, including Ms. Yan Yan Joey, about the harassment.  On one occasion, I complained to Ms. Joey about a coworker exposing his penis to me.

9.      On June 30, 2006, Ms. Joey sent me an email containing a series of six gay hardcore pornographic images, involving an orgy showing fellatio and other forms of anal intercourse.

10.     I never willingly showed nude photos of myself in the work place.

11.     I did have a friendship with Ms. Sawada.  She at times spoke with me about her sexual activities with her boyfriend and provided graphic detail about her boyfriend's genitalia.

12.     After several conversations with Ms. Sawada about her sexual activities , I discussed with Ms. Sawada my first sexual experience when I was a 14 year old boy.  This experience involved two partners and was my only discussion with Ms. Sawada about a *menage a trois*.

13.     I was permitted, as others at Café Asia, to access the internet at work on the computer in Ms. Sawada's office.

14.     I never showed Ms. Sawada or anyone else online nude photos of myself.

15.     Although I am a member of dating websites such as  www.manhunter.net, I have never  placed nude photos on the website.

16.     On one occasion I showed Ms. Sawada an unclothed side profile of one person whom I recognized as a customer.  The picture showed no genitalia or sexual contact.  I have never dated that customer or any other customer of Café Asia.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

17.     I never discussed my sexual activities with Ms. Joey and never showed any nude photos to Ms. Joey.

18.     The photos on my cell phone include intimate, highly personal images.

19.     There have been two occasions when employees have seen personal content from my cell phone, without my permission.

20.     Once I permitted a coworker to borrow my phone to make a telephone call. That employee and several other employees viewed certain unclothed images that were stored on my telephone, but I never permitted them to view those images. Ms. Joey and Ms. Sawada were not present when this occurred.

21.     On another occasion, another coworker took my cell phone without my knowledge, but I do not think he had it long enough to view any images.

22.     I have one image from early August 2006 when two coworkers at Café Asia were physically harassing me One person held me in place while another was humping me from behind. I tried to hit the coworker behind me with a spatula.

23.     I have an audio recording of a telephone conversation with a witness in this case.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 3 -

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the ____22____ day of June, 2007 at 7700 Old Georgetown Road, Bethesda, Maryland.

Andrei Smith

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREI SMITH | |
| Plaintiff, | |
| v. | Civil Action No. 07cv621 (RWR) |
| CAFÉ ASIA | |
| Defendant. | |

## <u>ORDER</u>

Upon consideration of Defendant's <u>Motion to Compel Plaintiff to Produce Images Stored on Plaintiff's Cell Phone</u>, and Plaintiff's <u>Opposition</u> thereto, it is this _____ day of _____, 2007, hereby:

ORDERED that Defendant's Motion to Compel be, and hereby is, DENIED.

ORDERED that all pleading and exhibits to the Motion to Compel, the Opposition, and any reply be treated as proceedings under Rule 412 and placed under seal.

_____
JUDGE

Copies to:

S. Micah Salb  #453197
Gwenlynn Whittle D'Souza  #453849
Richard H. Semsker  #413886
Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, Maryland 20814
(301) 656-6905

Counsel for Plaintiff

William Ihrke #483748
Jeffrey Wertheimer, *pro hac vice*
Anna Kogan, *pro hac vice*
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 338-1879

Counsel for Defendant