UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREI SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAFÉ ASIA, )<br>)<br>Defendant. )<br> ) | <br><br><br><br><br>Civil Action No. 07cv621 (RWR/JMF) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
PLAINTIFF TO PRODUCE IMAGES STORED ON PLAINTIFF'S CELL PHONE**

**I.   OVERVIEW**

Plaintiff devotes his Opposition to three points, none of which prohibit production of cell phone images that are <u>directly relevant</u> to this case, and which Defendant cannot obtain from any other source.  *First*, Plaintiff argues that Plaintiff's cell phone images are inadmissible under FRE 412.  That rule of evidence goes to <u>admissibility</u> of evidence, not its discoverability.  It is a fundamental principle of black-letter law that the scope of discovery is far broader than the scope of evidence admissible at trial.  Defendant brought this motion to compel under Fed.R.Civ.P. 26, which expressly provides: "**Relevant information need not be admissible at the trial** if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The parties have not even exchanged their Initial Disclosures yet, and Judge Roberts imposed a discovery hold until the parties resolve the particular issue involved in this motion to compel.  Thus, it is far, *far* too early for Plaintiff to worry about the admissibility of this material at trial.  Plaintiff will have plenty of time to bring a *motion in limine* before trial.  But, because this is not the kind of case FRE 412 covers, and because the images in question would fall under the exception in FRE 412(b)(2) anyway, Plaintiff's victory on any such

prospective *motion in limine* is by no means assured. What is certain is that Plaintiff's prospective *motion in limine* cannot prohibit the production of directly relevant information in the discovery process today.

In short, Plaintiff's 412 argument fails for three insurmountable reasons. First, at this early stage of this case, the issue is <u>relevance</u>, not admissibility. The operative test for discoverability is relevance under Fed. R. Civ. P. 26(b)(1), not ultimate admissibility under FRE 412. Second, even if FRE 412 did apply, the images stored on Plaintiff's cell phone do not fall into either category prohibited under FRE 412 (a) (1) or (2). Third, the images at issue fall under the exception of FRE 412 (b)(2), and *would* be admissible in a civil proceeding under that Rule's balancing test, in any event.

Plaintiff's second argument against revealing these directly relevant images is a purely factual dispute, that goes to the interpretation of the evidence, not its discoverability. Plaintiff claims he did not voluntarily show the images on his cell phone to his coworkers at Cafe Asia. Rather, he claims his cell phone was taken from him by force. This claim defies credulity for a number of reasons, but putting the credibility issue aside, this is a <u>factual dispute</u>, which certainly cannot block discovery.

Defendant already provided the Court with two Declarations by Plaintiff's coworkers that state, under oath, that Plaintiff <u>did</u> show the images on his cell phone to his coworkers at work. Defendant can bring many other witnesses to confirm these two Declarants' testimony. One of the key issues in this sexual harassment case is whether the alleged conduct was subjectively unwelcome to *this* particular Plaintiff. As explained in the moving papers, the Plaintiff's *own* behavior is crucial to establish whether the conduct was "unwelcome." Therefore, whether Plaintiff showed the images on his cell phone to his co-workers is <u>directly relevant</u> to the core

issue in this case.  Certainly the Court need not accept Plaintiff's own version of events as conclusive, and pre-emptively block discovery into the very factual issue Plaintiff must establish through the discovery process.

Finally, Plaintiff accuses Defendant of being "homophobic," which is factually absurd and legally irrelevant.  The owner of Cafe Asia is an openly gay male, the staff member who informed Plaintiff of the position is openly gay (and still employed at Cafe Asia), and numerous other employees at Cafe Asia are gay and lesbian.  Not only is the Defendant not "homophobic," but Defendant actively employs and promotes homosexuals.  Plaintiff's (and, for that matter, defendant's) sexual orientation is *entirely besides the point*.  The only question in this suit is whether Plaintiff's own sexually explicit conduct – whether it was homo- or hetero-sexual – made the Defendant's conduct alleged in the Complaint "unwelcome."  If Defendant's alleged conduct was on par, and in response to, Plaintiff's *own* behavior, then it cannot constitute sexual harassment.  Plaintiff's sexual orientation is simply irrelevant to this analysis.

For all the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion to Compel, and order Plaintiff to produce, subject to this Court's Protective Order, all photographic and video images stored on Plaintiff's cell phone.

## II.     FRE 412 DOES NOT APPLY TO THIS MOTION TO COMPEL DISCOVERY

### A.     FRE 412 Governs Admissibility, Not Discoverability

Federal Rule of Evidence 412 states: "The following evidence is not admissible in any civil or criminal proceedings involving alleged sexual misconduct except as provided in subdivisions (b) and (c)."  By its own terms, this is a rule of admissibility, not discoverability.  This motion involves discoverability, which is governed not by FRE 412, but by Fed. R. Civ. P. 26(b)(1).  As stated in the moving papers, Rule 26 expressly provides: "Parties may obtain discovery regarding any matter, not privileged, that is **relevant** to the claim or defense of any

party." Plaintiff never claims that the images on his cell phone are "privileged," and as explained in the moving papers (and NOT denied in Plaintiff's Opposition), these images are directly relevant to establish the defense that the conduct alleged in the Complaint was not unwelcome to *this* particular plaintiff, but in keeping with his *own* behavior at work.

To avoid any possible confusion on this point, Fed. R. Civ. P. 26(b)(1) goes on to state: "For good cause, the court may <u>order</u> discovery of any matter relevant to the subject matter involved in the action. **Relevant information need not be admissible at the trial** if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Thus, it is obvious that Defendant's Motion to Compel Discovery is governed by Discovery Rule 26(b), not by Rule of Evidence 412. Notably, Plaintiff does not even address Rule 26.

This is particularly baffling because the Advisory Committee Notes to FRE 412 (c), to which Plaintiff cites so liberally elsewhere in his Opposition, explicitly state that "the procedure set forth in subdivision (c) [motion under seal] <u>do not apply to discovery of a victim's past sexual conduct in civil cases, which will continued to be goverened by Fed. R. Civ. P. 26.</u>" Plaintiff's selective quotation from this paragraph in the Advisory Committee Notes is itself particularly telling, since Plaintiff quotes the next sentence in this same paragraph, urging courts to enter Protective Orders in such civil cases. The Court here has already entered a Protective Order, so Plaintiff's discussion of Rule 412(c) is utterly inapplicable to this civil case.

Plaintiff also relies heavily on Magistrate Judge Facciola's decision in *Howard v. Historic Tours of America*, 177 F.R.D. 48 (D.D.C. 1997), in which Magistrate Judge Facciola expressly cites to this very paragraph in the Advisory Committee Notes (which states that discovery of past sexual conduct in civil cases continues to be governed by Fed. R. Civ. P. 26).

In short, Plaintiff must know that his whole discussion of treating this as a Rule 412(c) motion under seal is utterly inapplicable to this case.

### 1. Plaintiff Does Not Meaningfully Distinguish Any of Defendant's Cases

In addition to ignoring the FRE 412 Advisory Committee Notes or Magistrate Judge Facciola's citation to them in *Howard* (that clearly state that in civil cases, discoverability of a "victim's" sexual conduct is governed by Fed. R. Civ. P. 26, NOT FRE 412), Plaintiff does not cite a single case decided under Rule 26 at all. Instead, Plaintiff dismisses, without analysis, the Rule 26 cases Defendant cited, on totally spurious grounds. The fact that in *Laxalt*, a party sought sensitive FBI files that warranted Privacy Act protection makes that case far stronger than Plaintiff's, yet the court allowed discovery. Plaintiff did not even address, let alone distinguish, *U.S. v. Microsoft,* or most of the other cases Defendant cited in its motion. Instead of addressing Defendant's cases, Plaintiff relies exclusively on FRE 412 cases, to a civil dispute he knows is governed by Fed. R. Civ. P. 26.

### 2. None of the Cases Plaintiff Cites Prevent Discovery Here

Although Plaintiff cites many FRE 412 cases, *not one* of those cases bar production of material in discovery. The overwhelming majority of the cases Plaintiff cites analyze the admissibility of material *already produced*. Indeed, had the material involved in those cases not been previously produced in discovery, there would have been nothing for the parties to argue about. Thus, Plaintiff's own cases prove that even if material is ultimately deemed inadmissible, that does not bar discovery.

Specifically, the following cases: *BKB v. Maui Police Dept*, 276 F.3d 1091 (9th Cir. 2002); *Rodriguez-Hernandez v. Miranda-Velez*, 132 F.3d 848 (1st Cir. 1998); and *Socks-Brunot v. Hirschvogel*, 184 F.R.D. 113 (S.D. Ohio 1999), all deal with admissibility of evidence, not discoverability, so they do not control the issue before the Court now.

*Barta v. City & County of Honolulu*, 169 F.R.D. 132 (D.Hi. 1996) <u>allowed</u> discovery into sexual conduct in the workplace, subject to a Protective Order (like the ones the parties already have in place here). *Burns v. McGregor Elec. Industries, Inc*., 989 F. 2d 959 (8th Cir. 1993) specifically addressed plaintiff's conduct <u>outside</u> the workplace, so like Plaintiff's other cases, it sheds no light on the specific issue here.

In *Mitchell v. Hutchings*, 116 F.R.D. 481 (D. Utah 1987), the court expressly held: "An objective review of the [disputed] conduct would . . . require the jury to view it in the context of the working environment. Since the standard is objective, <u>all evidence of sexual behavior in the workplace environment</u>, whether known to the defendants or not, <u>is relevant</u>."

*Burger v. Litton Industries, Inc*., 1995 U.S. Dist. LEXIS 11373 (S.D.N.Y. 1995) involved a non-party witness. Finally, *Katz v. Dole*, 709 F.2d (mistakenly cited as F.3d in Opp.) 251 (4th Cir. 1983) does not deal with either FRE 412 or Fed. R. Civ. P. 26.

In short, <u>none</u> of the cases Plaintiff cited bear on the specific issue before the Court now. As Magistrate Judge Facciola noted in *Howard*, "decisions in this area, as with all evidentiary rulings, are *sui generis*; thus, the cited cases provide little guidance for determining the resolution of *this* dispute." *Howard v. Historic Tours*, 177 F.R.D. at 48 (emphasis supplied).

### 3. **This Court's Decision in *Howard* Does Not Prevent Discovery Here**

*Howard* involved a sexual harassment complaint by several female employees against four male supervisors at defendant company, Historic Tours of America. The conduct plaintiffs alleged was, in Magistrate Judge Facciola's own words, "course, brutish and assaultive to the point of a violation of the criminal law." *Id*. at 52. The specific discovery dispute was not whether any of the plaintiffs invited this "brutish" harassment by their own behavior to the defendants, but whether any of the plaintiffs had "a personal relationship ***with any one*** in defendants' employ." *Howard* at 50 (describing defendant's interrogatory no. 7). Obviously,

that interrogatory was far more attenuated from the core of the parties' dispute than Plaintiff's pornographic cell phone images here, which he showed to the very person who forwarded him the e-mail he now claims he found offensive.

Nonetheless, Magistrate Judge Facciola did not dismiss even this far-fetched interrogatory without analysis. Rather, Judge Facciola focused on the "<u>striking disproportion</u> between any consensual behavior by the victims and the sexual harassment of which they complain." *Id*. at 52. Here, there is NO such "gross disproportion." The pornographic images on his cell phone that Plaintiff voluntarily showed numerous co-workers at Cafe Asia are <u>strikingly similar</u> to the e-mail image he now claims offended him. Therefore, under Judge Facciola's "proportionality" analysis, discovery *should* be permitted in this case.

Further, in *Howard*, Judge Facciola noted that it is "illogical and at variance with human experience" that a woman who has a sexual relationship with one co-worker automatically "welcomes the sexual advances of another employee, no matter how gross, crude and boorish." Id. at 53. In contrast, in this case it is entirely logical and in keeping with human experience that a person who shares a great deal of gay porn with his co-workers at work – including explicit pictures of himself with his various lovers – would not be offended by a similar image. At the very least, as described below, this is a factual issue that should go to the jury. *See Howard* at 51-52, twice noting that the factual question of whether conduct under the D.C. Human Rights Act is "unwelcome" is for the jury.

Finally, a key point about Judge Facciola's decision in Howard is that he did <u>not</u> hold the answer (if any) to the disputed Interrogatory No. 7 to be inadmissible. Rather, he held that because defendants can obtain this information from other sources (such as defendant's other employees), Judge Facciola declined to compel plaintiffs to supplement their answer to this

7

interrogatory. However, Judge Facciola expressly stated, defendants "can, if they see fit, secure [the information] (if it exists) from others and the trial judge can rule on its admissibility." *Howard* at 53. Thus, no matter how one reads *Howard*, it does not prohibit discovery here.

### B. The Images are NOT Offered to Prove Plaintiff's Sexual Behavior or Predisposition

Even if this case did fall under FRE 412's ambit,[1] the material which Defendant wishes to discover is not being "offered to prove" that Plaintiff "engaged in other sexual behavior" or his "sexual predisposition." Thus, this material does not fall under either category in FRE (a)(1) or (2).[2] The issue here is NOT Plaintiff's behavior on his personal time (as in *Burns v. McGregor Elec. Indus. Inc.*, 989 F. 2d 959, 963 (8th Cir. 1993) (analyzing plaintiff's behavior "outside work hours")), but whether Plaintiff brought his sexual behavior in to work. Again, even at this early stage with all discovery on hold, Defendant has already provided the Court with two Declarations from Plaintiff's former managers attesting to the fact that Plaintiff did bring his sexual behavior into the workplace, and conducted himself in a very sexually open manner that led his coworkers to believe that sexually charged jokes and e-mails were not offensive to him. The point is that plaintiff simply cannot complain about being sent pictures that are the same as ones he himself showed co-workers. Thus, Plaintiff's cases that refer to people's personal conduct outside of work have no relevance to this case.

As for FRE 412 (a)(2), Plaintiff's sexual predisposition is totally irrelevant to this case. Defendant is emphatically NOT seeking discovery into the images stored on Plaintiff's cell

---

[1] As Plaintiff correctly notes, FRE 412 is part of the Rape Shield Law. Plaintiff here does not allege that he was raped. In fact, he only alleges Sexual Orientation Discrimination and Assault (although NOT sexual battery). Since Plaintiff's complaint does not even state a claim for sexual harassment it is entirely possible that FRE 412 does not apply to this case at all.

[2] Of course, this point is in addition to the argument above that right now, the images are not being "offered to prove" anything at all, since the issue at this stage is discoverability, not admissibility.

phone "to prove" that Plaintiff is gay. That is an open secret, and Plaintiff already put that fact into evidence by including it in his Complaint. Thus, either Plaintiff's "sexual predisposition" is not "at issue," or if it is, it is Plaintiff who put it at issue.

In short, the images on Plaintiff's cell phone do not fall under either category of protected evidence under FRE 412(a)(1) or (2). Defendant is, first, not "offering" these images into evidence at this early stage of the case at all. Second, the import of these images is neither Plaintiff's sexual predisposition or private sexual behavior, but whether Plaintiff brought sexually charged material to work to share with his coworkers, so as to give them the firm impression that sexually charged material was not offensive to *him*.

      C.      **The Images on Plaintiff's Cell Phone *Would* be Admissible under FRE 412(b)(2)**

Finally, even if the Court reaches beyond the narrow issue of discoverability under Fed. R. Civ. P. 26 (which is the only issue involved on this motion to compel) to the issue of ultimate admissibility under FRE 412, the images on Plaintiff's cell phone would in fact be admissible. FRE 412(b)(2) states that "In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if . . . its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party."

Here, the images on Plaintiff's cell phone which he showed to numerous of his former co-workers at Cafe Asia are directly relevant to the core issues in this case, and their probative value far outweighs any possible prejudice to the Plaintiff. First, there is no "prejudice" to Plaintiff by revealing images he already showed to numerous people at work. Again, at this early stage Defendant is *only* seeking discovery of those images Plaintiff may have showed to others at work. Thus, Plaintiff's second footnote about "date of creation" is plainly a red herring

9

designed to distract the Court's attention from the substance of the dispute. Obviously, Defendant is not seeking pictures Plaintiff's may have taken after he quit Cafe Asia.

Further, there is no "prejudice" to Plaintiff from placing his allegations in the context of his own behavior at work. In fact, this analysis is mandatory to assess Plaintiff's first cause of action. As discussed below, the trier of fact may believe Plaintiff's version of events, or it may believe Defendant's army of witnesses, but Plaintiff cannot interpose his own unsubstantiated affidavit to <u>block discovery</u> into any other version of events. The point of the broad scope of discovery is to uncover <u>all</u> the relevant facts, not just those beneficial to Plaintiff.

Finally, FRE 412(b)(2) states that even "reputation" evidence is admissible "if it has been <u>placed in controversy by the alleged victim</u>." Plaintiff's actions as well as his Affidavit do exactly that. Aside from constantly bringing pornographic material into the workplace, logging on to pornographic websites, and discussing his most intimate sexual history with his co-workers, in his Affadavit Plaintiff now claims that "I never willingly showed nude photos of myself in the work place." Smith Affidavit ¶ 10. He also claims "I never showed Ms. Sawada or anyone else online nude photos of myself" (*id*. ¶ 14), and "I never discussed my sexual activities with Ms. Joey and never showed any nude photos to Ms. Joey" (*id.* ¶ 17). These statements directly contravene these two Declarants' sworn statements to the contrary, and again place Plaintiff's sexual conduct at work at issue in this case. Accordingly, because Plaintiff placed the disputed material "in controversy" himself, the images on Plaintiff's cell phone <u>would</u> be admissible under FRE 412(b)(2).

### D. Defendant Satisfied the Balancing Test under FRE 412

Even Plaintiff admits that the images on Plaintiff's cell phone are discoverable if: (1) they are relevant to the disputed issues in this case; (2) this evidence cannot be obtained except through discovery; and (3) the probative value substantially outweighs the danger of harm to any

10

victim and of "unfair prejudice to any party." Opp. at 8. The third point actually goes to admissibility under FRE 412, NOT discoverability, and it was discussed in the section above.

As for the first two points, there can be no honest dispute that *if* Plaintiff showed his co-workers pornographic images on his cell-phone and otherwise shared pornography at work, that would clearly be "relevant" to whether he found such images offensive. Likewise, because despite Plaintiff's broad dissemination of these images, they are not yet in the public domain, Defendant has no other way to obtain this material other than through discovery, or to show that they were on plaintiff's phone. Thus, even according to Plaintiff's own test, the images on Plaintiff's cell phone are discoverable.

### III. PLAINTIFF CANNOT USURP THE FACT-FINDER'S ROLE BY REQUIRING THE COURT TO ACCEPT HIS VERSION OF DISPUTED FACTS

Interestingly, Plaintiff's first substantive statement in his Affidavit is "I was sexually harassed and discriminated against by multiple employees and managers of Defendant Cafe Asia." Smith Affidavit ¶ 2. While it might be nice for Plaintiff to simply attest to the ultimate legal conclusions in this case, that is not how the process works. Plaintiff can certainly present his version of facts, but so can the Defendant. Plaintiff cannot, however, tell the Court "this is what happened, and under my version of events, this information is not important." The point of discovery is to allow both sides to discover all relevant evidence, and then if there are disputes about the facts or their interpretation, those disputes go to the jury. Especially at this early stage of the case, the Court is not required simply to accept Plaintiff's story hook, line, and sinker.

There can be no real doubt that the images on Plaintiff's cell phone that he shared with co-workers are "relevant" to this dispute for the purpose of discovery. But even under the more stringent standard of admissibility, it is important to note that "probative" does not mean

"conclusive beyond a shadow of a doubt," but merely that the material *tends* to make the existence of a pertinent fact "more probable" than it would otherwise be.  FRE 401.

Magistrate Judge Facciola's decision in *Howard* makes it abundantly clear that the factual question of whether conduct was "welcome" must go to the jury.  177 F.R.D. at 52-53.  While Plaintiff may later argue to the jury that his voluntary and frequent sharing of pornographic pictures at work could not possibly have led any of his co-workers to believe that such material did not offend him, under FRE 401's very liberal definition, at the very least, this material is "probative" of that core issue.  Surely, Defendant is entitled to argue that the fact that Plaintiff frequently shared these images at work makes it "more probable than not" that his co-workers could have reasonably concluded that such images did not offend Plaintiff.  While Plaintiff may argue a different interpretation of the facts, Plaintiff cannot deprive Defendant of its opportunity to discover core relevant facts.

While this is a fairly obvious point, the last half of Plaintiff's Opposition is devoted to arguing about the facts, as opposed to addressing their discoverability.  This is like the plaintiff in a divorce case saying that the defendant should not have access to the plaintiff's financial records because the plaintiff "already told" the defendant that plaintiff is broke.  Obviously, the defendant does not have to accept that plaintiff's version of events as true, and can conduct its own investigation into the plaintiff's finances.  Likewise, Defendant Cafe Asia here does not have to accept Plaintiff's story that he kept his personal life private – especially when it flies in the face of what *dozens* of Cafe Asia's staff saw and heard on a daily basis.

Likewise, Plaintiff's argument that the fact that he enjoyed pornography does not necessarily mean that he consented to "eggplants stuck in his backside," intentionally distorts and misconstrues Defendant's argument.  Plaintiff complains about one specific e-mail, which

12

contained pictures plaintiff now complains were objectionable to him. The flurry of images Plaintiff personally shared with his co-workers at work are directly relevant to whether he found this one e-mail "offensive." Plaintiff has a separate count for "assault," which presumably covers his eggplant issue. Defendant does not have to establish that the information it seeks would defeat every single cause of action and utterly destroy the entire complaint just to conduct discovery. The images on Plaintiff's cell phone are directly relevant to Plaintiff's first cause of action, Defendant has no other means of getting them, and they do not "unfairly prejudice" Plaintiff. That is all Defendant must show to obtain the requested discovery.

Again, Plaintiff will be free to present his own version of events to the jury, and he will have the opportunity to urge his own interpretation onto contested events. However, he cannot preclude discovery into core facts because they inconvenience him. Discovering the truth is not unfairly prejudicial. If Plaintiff felt that the images on his cell phone are so intimate, he should not have shared them with so many of his coworkers at Cafe Asia. Having placed his own behavior at issue, he cannot pretend to be a shrinking violet to prevent Defendant from showing contrary –and directly relevant – facts.

### IV. PLAINTIFF'S ALLEGATIONS THAT DEFENDANT IS "HOMOPHOBIC" ARE BASELESS

As indicated above, the Owner of Cafe Asia is openly gay, as are many members of the staff. Defendant knew Plaintiff was gay when he was hired (in fact, he was referred by another gay waiter who still works at Cafe Asia), and this did not matter to anyone. Plaintiff's allegations that Defendant is "homophobic" are absurd, and nothing but a transparent attempt to malign Defendant and to try to curry the Court's sympathy. The e-mail about which Plaintiff complains in this lawsuit happened to show an all-male sex scene. The only relevance of the "all-male" factor is that this is precisely the same kind of pornography Plaintiff himself shared at

work.[3]  Because it was exactly the same kind of thing that Plaintiff disseminated himself, his co-workers at Cafe Asia concluded – quite reasonably – that he would not find it offensive.  Indeed, that is what Plaintiff confirmed to his manager after he saw the e-mail in question.

In short, Plaintiff's sexual orientation is *entirely besides the point*.  The only question is whether Plaintiff's own sexually explicit conduct made the conduct alleged in the Complaint "unwelcome."  If Defendant's alleged conduct was on par, and responsive to, Plaintiff's *own* behavior, then it cannot constitute sexual harassment as a matter of law.  Plaintiff's sexual orientation is simply irrelevant to this analysis.

## V.  CONCLUSION

For all the foregoing reasons, Defendant Cafe Asia respectfully requests this Court to GRANT its Motion to Compel, and order Plaintiff to produce those images stored on his cell phone which he previously shared with his former co-workers at Cafe Asia.

---

[3] For instance, if Plaintiff habitually shared heterosexual pornography, and he was sent an explicit homosexual picture, he might conceivably complain that his co-workers had no reason to think he would enjoy the particular image sent.  However, since in this case, the image sent was exactly like the many images Plaintiff shared, this confirms the veracity of Defendant's belief that it would not have been, and was not in fact, offensive to this particular Plaintiff.

                                                Respectfully submitted,

Dated: July 5, 2007                    Kevin B. Bedell (D.C. Bar No. 451555)
                                                Greenberg Traurig, LLP
                                                1750 Tysons Boulevard, Suite 1200
                                                McLean, VA 22102
                                                Tel: (703) 749-1339
                                                Fax: (703) 714-8339

                                                William Ihrke (D.C. Bar No. 483748)
                                                Jeffrey Wertheimer (*pro hac vice*)
                                                Anna Kogan (*pro hac vice*)
                                                Rutan & Tucker, LLP
                                                611 Anton Blvd., Fourteenth Floor
                                                Costa Mesa, CA 92626
                                                Tel: (714) 641-5100
                                                Fax: (714) 546-9035

                                                *Counsel for Defendant Café Asia*