UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREI SMITH,

        **Plaintiff,**

        v.

CAFÉ ASIA,

        **Defendant.**

Civil Action 07-621 (RWR/JMF)

**MEMORANDUM OPINION**

This case was referred to me for resolution of discovery disputes. Currently pending before me is <u>Defendant's Motion to Compel Plaintiff to Produce Images Stored on Plaintiff's Cell Phone</u> ("Mot. to Compel"). For the reasons stated herein, defendant's motion will be granted in part and denied in part.

**I. BACKGROUND**

Plaintiff, Andrei Smith, was formerly employed as a host and waiter at Café Asia, a restaurant located in Washington, D.C. The restaurant is owned by defendant 1720 Eye Street DC Hospitality, LLC ("Café Asia"). Plaintiff claims that he was the victim of discrimination based on his sexual orientation, in violation of the District of Columbia Human Rights Act ("DCHRA"), and that he was the subject of assault and battery in the form of unwanted touching.

Specifically, plaintiff alleges that (1) the kitchen staff routinely verbally taunted him based on his sexual orientation; (2) the kitchen staff repeatedly subjected him to humiliating physical harassment; (3) the management tolerated and encouraged this

verbal and physical harassment; and (4) Ms. Joey Yim, one of the managers, sent him an e-mail containing six pornographic images portraying homosexual sex acts (the "Yim e-mail"). Defendant responds that all of the alleged incidents were welcomed, encouraged, and instigated by plaintiff.

This discovery dispute focuses on defendant's request that it be permitted to inspect and make copies of images stored on plaintiff's cell phone. Defendant alleges that these images portray (1) plaintiff's genitalia at various states of arousal; and (2) graphic images of other men purported to be plaintiff's sexual partners. Declaration of Yan Yan Joey ¶ 4 (attached to Mot. to Compel) ("Joey Decl."); Declaration of Kaoru Sawada ¶ 4 (attached to Mot. to Compel) ("Sawada Decl."). Plaintiff concedes that his cell phone contains "intimate, highly personal" and "unclothed images," Affidavit of Andrei Smith ¶¶ 18, 20 (attached to Opp. to Mot. to Compel) ("Smith Aff."), but denies having willingly shared the images with his co-workers.

## II.  ANALYSIS

"For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Defendant argues that the images are relevant to whether plaintiff invited a hostile work environment and whether he was subjectively offended by defendant's alleged conduct. See Regan v. Grill Concepts-D.C., Inc., 338 F. Supp. 2d 131, 134 (D.D.C. 2004) (holding that DCHRA requires plaintiff to establish that "he has been subjected to *unwelcome* harassment" in the workplace) (emphasis added) (citing Lively v. Flexible Packaging Ass'n, 830 A.2d 874, 888 (D.C. 2003)).

Defendant rightly notes that the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure is broad. See, e.g., Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1348-49 (D.C. Cir. 1984) (noting the "broad sweep" of Rule 26(b)(1) in allowing discovery of relevant material). Even if this broad scope were to shine a light of relevancy on the images, however, relevancy alone does not entitle a requesting party to *carte blanche* in discovery. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly."). As with most things in life, Rule 26 is not an all-or-nothing proposition.

One important constraint is the admissibility of the discovery being sought. Defendant asserts that the images, if relevant, are discoverable under Rule 26 even if inadmissible at trial. This holds true, however, only if the images "appear[] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). See also Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd., 242 F.R.D. 1, 6 (D.D.C. 2007) ("discovery of matters not 'reasonably calculated to lead to the discovery of admissible evidence' are not within the scope of discovery.").

To the extent that defendant aims to use the graphic content of the images to establish plaintiff's "*own* standards of behavior," Mot. to Compel at 1 (emphasis in original), the images themselves are the "end game" of the discovery request. As such, the question of discoverability is inseparable from admissibility, and a determination is necessary of whether, under Federal Rules of Evidence 403 and 412(b)(2), the probative value of the images substantially outweighs their prejudice. This determination is best made by the trial judge either pre-trial or *in limine* at trial, and for that reason I will order

that the images be preserved[1] pending a ruling on their admissibility by Judge Robertson.[2] Moreover, because Judge Robertson is entitled to a robust and fully informed debate over the admissibility of the images – a debate that cannot occur where only one party has the benefit of having seen them – I will order plaintiff to permit one attorney, designated by defendant, to inspect the images.[3]

The analysis differs where the discovery is sought by defendant to corroborate the testimony of its witnesses that plaintiff willingly shared the images. Defendant believes that the images, if flaunted by plaintiff, are probative of whether the taunts (however tasteless) were innocuous teasing, and whether the Yim e-mail (however lewd) was playfully welcome. Plaintiff, however, denies having willingly shared the images with his co-workers. Compare Smith Aff. at ¶¶ 10, 19-21, with Joey Decl. at ¶ 4. The specific content of the images may speak to the credibility of defendant's witnesses' testimony as to the nature of the images, and as to the nature of discourse between plaintiff and his co-workers.

While this would normally be sufficient to permit discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure, plaintiff argues that, under Rule 412 of the Federal Rules of Evidence, defendant must also establish that the probative value of the

---

[1] A party is obliged to preserve potentially relevant evidence once he anticipates litigation. United Medical Supply Co., Inc. v. U.S., 77 Fed. Cl. 257, 258 (2007). If he does not, he runs the risk of being justly accused of spoliation and may find himself the subject of sanctions. Id. at 263. See, e.g., Lebron v. Powell, 217 F.R.D. 72, 78 (D.D.C. 2003).

[2] No urgency surrounds the resolution of this issue because plaintiff has admitted to the existence and general content of the images. Nothing remains to be "discovered" beyond the specific content of the images.

[3] The highly personal nature of the images call for a greater level of protection than that afforded by the protective order entered into by the parties. See Protective Order at 2-3 (permitting the disclosure of confidential information to parties, their lawyers, their lawyer's support staff, court reporters, reproduction firms, experts and consultants, and this court).

images substantially outweigh the harm their production would cause to plaintiff. Rule 412(b)(2) provides, in pertinent part:

> In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and unfair prejudice to any party.

Defendant responds that Rule 412 of the Federal Rules of Evidence applies to questions of admissibility at trial, not discoverability under Rule 26 of the Federal Rules of Civil Procedure. In Howard v. Historic Tours of Amer., 177 F.R.D. 48 (D.D.C. 1997), however, I explained why "the policies underlying Fed. R. Evid. 412 must inform the application" of Rule 26:

> [O]ne of the purposes of Fed. R. Evid. 412 was to reduce the inhibition women felt about pressing complaints concerning sex harassment because of the shame and embarrassment of opening the door to an inquiry into the victim's sexual history. This shame and embarrassment, inhibiting them from invoking the legal remedies made available to them by laws such as [DCHRA], exists equally at the discovery stage as at trial and is not relieved by knowledge that the information is merely sealed from public viewing.

Id. at 50.

Defendant nevertheless argues that its motion falls outside the ambit of Rule 412 because the images are not being sought to prove the "sexual behavior or sexual predisposition" of plaintiff. Instead, defendant argues, the discovery is aimed at establishing that plaintiff "brought sexually charged material to work to share with his coworkers, so as to give them the firm impression that sexually charged material was not offensive to *him*." Defendant's Reply in Support of its Mot. to Compel at 9 (emphasis in original).

Whether the images fall neatly into the definition of sexual behavior or sexual predisposition is ultimately besides the point because I have the discretion under Rule 26 to balance defendant's need for the images[4] against plaintiff's valid privacy concerns. See Laxalt, 809 F.2d at 890 (under Rule 26 it is "appropriate for the court [to] exercise[e] its discretion . . . to undertake some substantive balancing of interests"). See also Burka v. U.S. Dep't of Health and Human Servs., 87 F.3d 508, 517 (D.C. Cir. 1996) (balancing "the requester's need for the information from this particular source, its relevance to the litigation at hand . . . and the harm which disclosure would cause to the party seeking to protect the information"). Cf. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (though Rule 26 "contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.").

I believe that the remedy I have already ordered – that plaintiff preserve the images and permit inspection by one attorney designated by defendant – strikes the proper balance here by permitting defendant access to the sensitive images only so far as necessary to fully inform its discovery and trial preparation.

### III.  CONCLUSION

For the reasons given above, I find that Rule 26 does not support defendant's motion to compel the inspection and production of the images stored on plaintiff's cell phone. First, the admissibility of the images is an issue to be resolved by the trial judge. Second, to the extent the discovery sought is reasonably calculated to lead to the

---

[4]     Defendant cites Laxalt v. McClatchy, 809 F.2d 885 (D.C. Cir. 1987), in support of its assertion that a party seeking discovery is not required to demonstrate its "need" of the discovery sought. The holding in Laxalt, however, is limited to whether such a requirement is imposed by 5 U.S.C. § 552a (the "Privacy Act"). Id. at 888. The court held that Rule 26(c) may preclude discovery of relevant documents even where the Privacy Act does not. Id. at 889.

discovery of admissible evidence, it must nevertheless be balanced against plaintiff's valid privacy concerns. Defendant's motion will therefore be granted in part and denied in part. Plaintiff is ordered to preserve the images and to permit inspection by one attorney designated by defendant.

      An Order accompanies this Memorandum Opinion.


Date:  October 2, 2007                                               /s/

                                                        JOHN M. FACCIOLA
                                                        UNITED STATES MAGISTRATE JUDGE