UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREI SMITH,<br><br>       Plaintiff,<br><br>  v.<br><br>CAFÉ ASIA,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07CV621<br>)   (RWR/JMF)<br>)<br>)<br>) |

### **OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Plaintiff filed his original complaint on February 21, 2007 – *over eight months* before he filed his untimely motion for leave to amend that complaint. In all that time, Plaintiff has not conducted meaningful discovery, took only one brief deposition, and has discovered <u>absolutely no new facts</u> justifying amending his complaint. Each and every individual whom Plaintiff is now belatedly trying to name as a defendant was mentioned in Plaintiff's original complaint, and Plaintiff does not allege a single new fact against any of these individuals. The allegations against all these individuals are repeated *verbatim*.

Nor does Plaintiff state any new causes of action against anyone. Plaintiff's proposed new claim (Count III) for sex discrimination exactly duplicates his existing claim (Count I) for sexual orientation discrimination. Both Counts allege a hostile work environment, and both Counts depend on precisely the same evidence. Count II (Assault & Battery) is repeated *verbatim*, except the word "defendant" is now made plural. However, the proposed new individual defendants did not personally commit the alleged assault and battery against Plaintiff, so they cannot be held personally liable for these torts.

Plaintiff's moving papers indicate that his Motion to Amend is based "on very recent rulings by the District of Columbia Court of Appeals as to the scope of the definition of employer" yet <u>Plaintiff fails to cite to any of these recent rulings</u> or explain how they justify the proposed amendment.  Furthermore, Plaintiff cites no authority subjecting individual employees to personal liability for discrimination – whether the alleged discrimination is based on sex or sexual orientation.  Numerous cases have repeatedly held that individuals cannot be held personally liable for discrimination, only the employer can.  Besides Plaintiff's bald assertion that these employees (some of whom are just kitchen workers) are "employers within the meaning of the Act," Plaintiff fails to cite a single case subjecting these employees to personal liability.

Plaintiff's eleventh-hour attempt to name six individual employees – all of whom were mentioned in his original complaint – is a transparent attempt to expand discovery and delay trial.  <u>There is no new evidence and no new law justifying this untimely amendment</u>.  Nor has Plaintiff cited any authority justifying his late filing.  If Plaintiff is permitted to add these six individuals nearly a year into this case, these defendants will have no choice but to bring a Fed. R. Civ. P. 12(b)(6) motion, which will further prolong the proceedings.  Plaintiff's motion is not well taken and should be denied.

**I.      <u>Plaintiff's Motion is Inexcusably Late.</u>**

As Plaintiff admits, all motions to amend the pleadings should have been filed on or before October 29, 2007.  That already was more than eight months after Plaintiff filed his original complaint, yet Plaintiff missed the deadline.  Although Plaintiff claims that he "tried" to e-file his motion on the due date, he provides <u>no</u> explanation for why he could not file it on October 29, but managed to file it electronically once it was late.

The parties have been using the Court's e-filing system since the inception of the case, without incident. Furthermore, D.C. Local Rule 5.4(g) requires a party encountering e-filing technical problems to "<u>immediately send written confirmation</u> of that notification to the Office of the Clerk." D.C. Local Rule 5.4(g)(3). Plaintiff has attached <u>no</u> evidence that he ever complied with this requirement, nor did Plaintiff notify Defendant of his technical problems. The filing deadline was and remained October 29, 2007, and Plaintiff simply missed that deadline.

## II.    Plaintiff Alleges No New Facts Justifying Amending the Complaint

Although Fed. R. Civ. P. 15 provides that leave to amend pleadings "shall be freely given when justice so requires," there must be some reason proffered for the amendment. In this case, Plaintiff has alleged no new facts discovered during the eight months since he filed his original complaint, and provided no reason for waiting more than eight months to try to amend.

Plaintiff superficially alleges that he is adding "seven new parties." However, one of the parties is merely Café Asia's formal business name ("1720 Eye Street Hospitality") and the other six are individual Café Asia employees who were all identified in Plaintiff's original complaint. Plaintiff reasserts the exact same allegations regarding those individuals as he asserted in his original complaint, changing only Elis Triany's pronoun from "he" to "she" (*cf*. Original Complaint ¶ 18 and Proposed Amended Complaint ¶ 25). All the rest of the allegations are duplicated *verbatim*. Indeed, the only new assertions in the entire proposed amended complaint are: (1) the legal conclusions in proposed paragraphs 6 through 11 that the proposed individual defendants are "employer[s] within the meaning of the Act;" and (2) Paragraphs 27 (concerning an alleged reprimand of plaintiff by Ms. Joey) and 35 (concerning alleged complaints by other employees), which provide no new factual basis for individual liability against any of the proposed individuals. There simply are no new facts that could justify the proposed amendment.

3

**III.   The Proposed Individual Defendants Cannot be Held Personally Liable for Discrimination, Assault, or Battery.**

In the absence of any new facts, the sole issue becomes whether Plaintiff can identify any change in the law that justifies him belatedly adding seven new parties to this action. Although Plaintiff cryptically alludes in his motion to "very recent rulings by the District of Columbia Court of Appeals," Plaintiff does not cite this alleged new authority for the benefit of Defendant or this Court and does not explain how the change would justify the proposed amendment. Defendant has tried to locate any such decisions that would justify the proposed amendment, but has not found any such rulings. It is Plaintiff's burden, because this is plaintiff's motion, to bring any relevant new authority to the attention of Defendant and this Court. Defendant and the Court should not have to guess at Plaintiff's references. Importantly, without such citations Plaintiff is unable to demonstrate that any new law justifies his motion to amend.

To the best of Defendant's knowledge, the law has long been and still remains that individual employees cannot be held personally liable for discrimination. *See, e.g., Hodges v. Washington Tennis Service Intern, Inc.*, 870 F.Supp. 386, 387 ("neither Title VII, 42 U.S.C. § 1981, nor the District of Columbia Human Rights law creates grounds for a cognizable claim against a co-worker"); *Hunter v. Ark Restaurants Corp.*, 3 F.Supp.2d 9, 17 (D.D.C. 1998) ("liability under the DCHRA does not extend to employees such as defendant"); *Jones v. District of Columbia*, 346 F.Supp.2d 25, 40 - 41 (D.D.C. 2004), rev'd on other grounds 429 F.3d 276 (D.C.Cir. 2005).

Counts I and III of the Proposed Amended Complaint are both claims of discrimination (one for sexual orientation, the other just sex). As a matter of law, none of the six proposed new individual defendants can be held personally liable for these claims. Therefore, permitting Plaintiff to amend his complaint to assert claims against individuals that are not legally viable

4

would serve no purpose. If this proposed amendment were permitted, these claims likely would be subject to a motion to dismiss, which would only further protract the proceedings.

As for Plaintiff's Count II (Assault & Battery), it remains the same in both complaints. The only change is that Plaintiff makes the word "defendant" plural in his proposed amended complaint. However, Plaintiff fails to allege that each and every one of the proposed new individual defendants personally assaulted and/or battered him, nor does he allege any legal or factual basis on which these individual employees could be vicariously liable for the alleged acts of other employees.

Since Plaintiff has failed to cite to any authority justifying the proposed amendments, and since none of the proposed individual defendants would be subject to personal liability for any of the Plaintiff's claims, Plaintiff's motion for leave to amend should be denied.

**IV.    Plaintiff Alleges No New Claims Which Would Require Amending His Complaint.**

As Plaintiff alleges no new facts or law, it would be surprising if he suddenly came up with new claims based on the facts he has known since 2006. Plaintiff's Proposed Amended Complaint confirms this expectation. Although Plaintiff goes through the motions of adding a third count, in fact, his proposed Count III (sex discrimination) exactly duplicates his existing Count I (sexual orientation discrimination). Indeed, the language of Count III confirms that it is just a cut and paste of Count I. In paragraph 39, in Count I, Plaintiff alleges that the harassment of him "on account of his sexual orientation constitutes …" In paragraph 45, in Count III, Plaintiff alleges that the harassment of him "on account of his sexual [sic] constitutes …" Plaintiff obviously cut and paste from one to the other, then simply deleted "orientation" without bothering even to make the sentence grammatically correct.

Significantly, however, Plaintiff alleges no new facts justifying an independent sex discrimination claim, in addition to and separate from his existing sexual orientation

discrimination claim. Furthermore, both of these claims are basic hostile work environment claims, in alleged violation of the same provisions of the DC Human Rights Act. Plaintiff's mechanical cut-and-paste exercise does not justify amending his complaint more than eight months into this case.

Plaintiff's Count II (Assault & Battery) remains the same in both complaints.

**V.    Plaintiff's Proposed Amended Complaint Would Delay Resolution of this Case and Prejudice Defendant(s).**

Although Plaintiff asserts that his amended complaint will not delay the proceedings, this claim is demonstrably false. Plaintiff already has filed a Motion to Modify the Scheduling Order. As Defendant demonstrates in its separate Opposition to that motion, Plaintiff could have conducted whatever discovery it wanted against the newly named individuals in the last six months, but has failed to do so. Instead, Plaintiff took *only one* of the five permitted depositions, and is trying to retroactively justify his own lack of diligence by attempting to expand his complaint, adding seven new parties nearly a year into this case.

Aside from being untimely and legally baseless, this eleventh-hour amendment would prejudice the existing defendant and all the proposed new defendants, because for the last year Café Asia has been defending this case as the only defendant. It is not fair to add seven new parties into this case as it approaches the close of discovery. Plaintiff could have added these defendants much earlier if he thought they were proper defendants, probably as early as the filing of his original complaint. The new defendants will be prejudiced by not having been able to participate in discovery thus far.

Café Asia also will be prejudiced by the unnecessary delay in resolving this matter. Not only will the prolong the time that Café Asia is burdened with this case, but the risk of witnesses becoming unavailable is very real. Many of the potential witnesses in this case are cooks and

6

servers in a restaurant. These are jobs with relatively high turnover. It thus is probable that delaying the trial in this matter will result in some witnesses no longer being employees of Café Asia, and thus no longer being persons who Café Asia can bring to trial. In addition, a number of the potential witnesses have ties to other areas of the country and other countries. If they depart from Café Asia's employment, they may not be able to be found to be summoned as witnesses in this case. Not only might their presence at trial be lost, but their testimony likely would be lost as well.

## VI.   Conclusion.

The real reasons for plaintiff's proposed amendment appear to be that Plaintiff or his counsel only recently became engaged in prosecuting this case, and because Plaintiff wishes to increase the nuisance settlement value of this case by increasing the costs to litigate and potentially creating some *in terrorem* effect on defendant's employees. These do not bring Plaintiff's request to amend within those that "justice so requires," and thus do not justify granting leave to amend. Plaintiff has identified no new facts or law that justify any amendment. For all the foregoing reasons, Defendant Cafe Asia requests that this Court deny Plaintiff's late and legally baseless motion to amend.

Dated:  November 28, 2007

Respectfully submitted,

Kevin B. Bedell (D.C. Bar No. 451555)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
Tel:  (703) 749-1339
Fax:  (703) 714-8339

William Ihrke (D.C. Bar No. 483748)
Jeffrey Wertheimer (*pro hac vice*)
Anna Kogan (*pro hac vice*)
Rutan & Tucker, LLP
611 Anton Blvd., Fourteenth Floor
Costa Mesa, CA 92626
Tel:  (714) 641-5100
Fax:  (714) 546-9035

*Counsel for Defendant Café Asia*