UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREI SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) Civil Action No. 07CV621<br> ) (RWR/JMF)<br>CAFÉ ASIA, ) <br> ) <br> Defendant. ) | |

**OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**

Defendant Cafe Asia, by counsel, hereby opposes Plaintiff's motion to modify the Court's June 7, 2007 Scheduling Order. As more fully set forth below, the motion is untimely and unnecessary.

**I. Plaintiff's Motion is Untimely.**

This Court entered the Scheduling Order on June 7, 2007 – nearly six months ago. In that period of time, Plaintiff's counsel have done very little to prosecute this case. Although the Scheduling Order permitted them to take up to five depositions, in fact they took only one. At the time they filed this Motion they had not yet responded to written discovery, and had not engaged in any meaningful discovery.

This Court entered the Scheduling Order was the result of a lengthy discussion between counsel for both parties and the Court at an initial conference. The Order was based on input and agreement from both counsel, specifically including plaintiff's counsel, as to the amount of discovery the parties estimated they would need to conduct in this case and the time needed to do that. Plaintiff has not discovered (and thus did not reference in its motion) *any* new evidence to justify modifying the Scheduling Order. The only thing that has changed since the Scheduling Order was entered is the passage of time during which Plaintiff did not conduct discovery.

1

Plaintiff's notion that his own lack of diligence over the last six months should somehow require, or even justify, changing the Court's Order is not well taken.

**II.     Plaintiff Has Not Been, and Should Not Be, Granted Leave to File His Proposed Amended Complaint.**

Although Plaintiff argues in support of modifying the Scheduling Order that "there are eight defendants in this case," this statement is false and misleading. Currently, there is one defendant in this case, Cafe Asia. "1720 Eye Street Hospitality" is just Cafe Asia's formal LLC business name, which hardly requires any separate written discovery or deposition. Plaintiff is now trying to *add six individual defendants* after the time to add parties had expired. Plaintiff has alleged no new facts justifying the eleventh-hour attempt to add these individual employees. In addition, it is not clear that these individuals can be held personally liable for the claims alleged in Plaintiff's Complaint at all. In any event, Plaintiff's Motion for Leave to File an Amended Complaint has not yet been granted. Cafe Asia respectfully suggests that Plaintiff is "jumping the gun" by assuming that the Court will grants its belated motion, before Defendant even has the chance to oppose it.

This attempt to add employees of the defendant as additional defendants and delay resolution of this matter by modifying the Scheduling Order serve only one obvious purpose: to increase the nuisance value of this case by increasing the costs to litigate and potentially creating some *in terrorem* effect on defendant's employees. Indeed, the timing of plaintiff's motions suggests nothing else. The last significant event in this case was the settlement conference, at which no settlement was reached. This is not adequate grounds for modifying the Scheduling Order.

In addition, Café Asia will be prejudiced by the delay in resolving this matter. The risk of witnesses becoming unavailable is very real. Many of the potential witnesses in this case are

2

cooks and servers in a restaurant. These are jobs with relatively high turnover. It thus is probable that delaying the trial in this matter will result in some witnesses no longer being employees of Café Asia, and thus no longer being persons who Café Asia can bring to trial. In addition, a number of the potential witnesses have ties to other areas of the country and other countries. If they depart from Café Asia's employment, they may not be able to be found to be summoned as witnesses in this case. Not only might their presence at trial be lost, but their testimony likely would be lost as well. Undue delay thus increases the risk that Café Asia will not be able to fully defend itself because witnesses will have disappeared.

### III.     Mr. Semsker's Death does not Justify Plaintiff's Motion.

Café Asia is sympathetic to the passing of Mr. Semsker, and the effect it must have had on plaintiff's law firm. Indeed, Café Asia has already accommodated Plaintiff's request to enlarge the time for Plaintiff to respond to discovery in light of that unfortunate event. Mr. Semsker's death, however, does not justify the modification of the Scheduling Order sought by plaintiff's motion. Mr. Semsker's October 15 death does nothing to explain why plaintiff failed to conduct any discovery (other than one deposition) during the four months *after* the Court entered its Scheduling Order in June. More particularly, it does not explain why plaintiff did not conduct whatever additional discovery it now wishes to conduct during that four month period.

### IV.     Conclusion

There simply is no reason now to modify the Scheduling Order. Plaintiff had ample time and opportunity to conduct additional discovery in this case beyond what he did. He chose not to take advantage of that time or opportunity. For all the foregoing reasons, plaintiff's motion to modify the Scheduling Order and expand discovery should be denied.

Dated:  November 28, 2007          Respectfully submitted,

Kevin B. Bedell (D.C. Bar No. 451555)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
Tel:  (703) 749-1339
Fax:  (703) 714-8339

William Ihrke (D.C. Bar No. 483748)
Jeffrey Wertheimer (*pro hac vice*)
Anna Kogan (*pro hac vice*)
Rutan & Tucker, LLP
611 Anton Blvd., Fourteenth Floor
Costa Mesa, CA 92626
Tel:  (714) 641-5100
Fax:  (714) 546-9035

*Counsel for Defendant Café Asia*