**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREI SMITH<br><br>      Plaintiff<br><br>      v.<br><br>CAFÉ ASIA, et al.<br><br>      Defendants | Civil Action No. 07CV621<br>(RWR/JMF) |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO AMEND COMPLAINT**

Plaintiff Andrei Smith, by and through his under-signed counsel, hereby replies to Cafe Asia's Opposition to Mr. Smith's Motion to Amend Complaint, as follows:

Preliminary to Replying, we have the sad duty of informing the Court that Richard H. Semsker, counsel for the Plaintiff, passed away on October 15, 2007.

**I.    BACKGROUND.**

Mr. Smith filed his original Complaint in this matter on February 21, 2007, alleging severe and pervasive harassment and discrimination on the basis of sexual orientation. At the Scheduling Conference, this Court suggested to the Parties that they engage in limited discovery in advance of mediation. The resulting Scheduling Order provided that each Party would conduct a single deposition prior to mediation and that any amendment of the Complaint occur by October 29, 2007. The Scheduling Order did not specify that any amendment be made only by leave of the Court.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

After the two depositions were completed, a short mediation session was held on September 27, 2007, with the assistance of Mag. Judge John M. Facciola. Mediation was unsuccessful. Subsequently, the Parties exchanged written discovery requests. Mr. Smith submitted his responses to Café Asia on November 21, 2007, and Café Asia submitted its responses on or about November 28, 2007. Mr. Smith has proposed deposition dates, though Cafe Asia asserts that it will be available only the week before discovery ends.

## II.     **LEGAL STANDARDS**.

Fed. R. Civ. P. 15 provides that leave to amend pleadings, "shall be freely given when justice so requires." The Supreme Court has held that leave to amend a complaint should be granted,

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

Foman v. Davis, 371 U.S. 178, 182 (1962).

On July 26, 2007, the District of Columbia Court of Appeals issued a decision in Purcell v. Thomas. The Court of Appeals held that in a claim under the District of Columbia Human Rights Act (DCHRA), a supervisor can be held individually liability for his or her acts of wrong-doing. *Purcell*, 928 A.2d 699, 714-15 (2007).

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

**III.   ARGUMENT IN REPLY.**

The Defendant's opposition is utterly specious. Café Asia makes great noise over the passage of eight months since the commencement of this cause of action — completely ignoring the fact that the time since filing has been occupied by limited discovery and court-ordered mediation, in accord with this Court's Scheduling Order. The Defendant aims to mislead this Court into believing that Mr. Smith has been dilatory when the facts show that Mr. Smith has been a conscientious and timely participant in this litigation. The Defendant also claims that no new facts have been discovered which warrant this amendment – completely ignoring the fact that this amendment was borne of a recent D.C. Court of Appeals decision, and not of additional facts.[1]

**1.   The One-Day Tardiness of Plaintiff's Filing Should Not Cause Rejection.**

The Defendant argues strenuously that this Court should deny Mr. Smith's request because it was filed late. However, Mr. Smith timely attempted to file his Amended Complaint through the ECF e-mailbox on October 29, 2007. The Defendant seems to insinuate that Mr. Smith's claims that he attempted to file are untrue; the attached email confirms that he did, in fact, attempt such a filing. *See* e-mail from the ECF helpdesk, attached hereto as Exhibit 1.[2]

---

[1] Counsel apologize to the Court and the Defendant for inadvertently omitting the name of the new case. While counsel are a bit surprised that the Defendant did not simply ask for the name of the case or conduct some short research, we can understand that our omission may have caused some confusion.

[2] Mr. Smith filed by email rather than via ECF at the suggestion of the ECF support staff. Counsel asked the ECF support staff how to file an amended complaint because she was unable to find an option for filing an amended complaint on the ECF system. The ECF staff instructed her to file the amended complaint via email. Because the amended complaint was rejected, in an abundance of caution, rather than notifying the ECF helpdesk of the Scheduling Order permitting amendment of the Complaint through October 29, 2007, Mr. Smith subsequently filed a Motion for Leave to Amend Complaint on October 30, 2007.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

It is exceedingly difficult for the Plaintiff to understand what, if any, prejudice the Defendant might suffer by Mr. Smith's purportedly tardy filing. The passage of one business day can hardly be considered harmful. In fact, the Defendant states no prejudice as to Mr. Smith's tardiness; it simply declares that such an "inexcusable" lapse should not be countenanced. Because the Defendant can show no prejudice and because the error which caused the tardiness shows no bad faith or dilatory efforts, the one-day lateness of Mr. Smith's motion should not cause this Court to reject his request.

**B.     This Court Should Also Reject the Defendant's Argument That Permitting Amendment Would Cause it Prejudice.**

Café Asia argues that this Court should not permit amendment of the Complaint because doing so would cause it to suffer prejudice. This argument is entirely without merit. Discovery is set to close at the end of January. Café Asia has proposed no deposition dates for witnesses and has produced no affidavits in discovery. Mr. Smith has requested numerous depositions, though Café Asia has stated that it is unavailable for depositions until the week preceding the clsoe of discovery, but these depositions will largely stay the same whether the new defendants are defendants or merely witnesses and actors.

Amending the Complaint to include the named supervisors as defendants might result in additional depositions, but that is unlikely. It has long been clear (as is seen in the Motion to Modify Scheduling Order) that those additional depositions are required not by their status as defendants but by their status as actors and/or witnesses. Therefore, naming these supervisors as defendants is not likely to meaningfully impact the quantum of discovery done in this case.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

The Defendant asserts that Mr. Smith could have conducted whatever discovery he wanted regarding these newly-named defendants at any time. That is incorrect. As the Scheduling Order clearly reflects, the Parties agreed to conduct only one deposition prior to mediation to provide an opportunity for mediation. Mr. Smith's restraint in engaging in discovery was done pursuant to the Scheduling Order of the Court. Accordingly, after mediation before Judge John M. Facciola occurred on September 27, 2007, the Parties exchanged initial disclosures and discovery. Additionally, Mr. Smith submitted his responses to the Café Asia's discovery requests and proposed deposition dates.

The Defendant complains that adding new defendants at this late date would prejudice it because it has been defending these many months as a sole defendant. This argument is also without substance: Not only has Café Asia provided no explanation as to what impact there is on defendant as a sole defendant versus how it would defend if there were additional defendants, but the Defendant is also ignoring the terms of the Scheduling Order. Mr. Smith has not acted in a dilatory manner; he has acted consistent with the terms of this Court's order; he has also acted in reaction to the recent decision of the D.C. Court of Appeals.

Finally, Café Asia claims also certain witnesses may no longer be employed at Café Asia in the future. However, it could have attempted to preserve testimony in the form of affidavits or by taking depositions. Additionally, it retains access to these witnesses because, as an employer, it maintains records including home addresses and social security numbers for each employee.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

**C.     Mr. Smith's Makes His Motion to Amend Largely Because the D.C. Court of Appeals Has Changed the Law.**

Mr. Smith's motion to amend his Complaint is made with good cause. The amendment would add a new count and would join several people as additional defendants. These additional defendants cause no surprise to the Defendant: Each of the people whom Mr. Smith seeks to name as a Defendant was identified in the initial Complaint as a witness or participant to the harassment and discrimination. They were not previously named as defendants because the law did not so permit.

Mr. Smith now has good cause to file an Amended Complaint. Only after the District of Columbia Court of Appeals issued its decision in *Purcell v. Thomas*, holding that a supervisor may be individually liable under the District of Columbia Human Rights Act, did Mr. Smith have sufficient reason to name these additional defendants.

**IV.     CONCLUSION.**

Mr. Smith's interest in amending his Complaint clearly outweighs any interest of Cafe Asia in some theoretical loss of witnesses. Because there is no undue delay, bad faith, or dilatory motive and there is no undue prejudice to Café Asia, this court should grant Mr. Smith's motion

Respectfully submitted,

/s/
S. Micah Salb
Gwenlynn Whittle D'Souza #453849
LIPPMAN, SEMSKER, & SALB LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, Maryland  20814
(301) 656-6905

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 6 -

                                                        Counsel for Plaintiff

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

## Gwen D'Souza

**From:** Gwenlynn Whittle D'Souza [gdsouza@lsslawyers.com]
**Sent:** Tuesday, December 04, 2007 7:43 PM
**To:** Gwen D'Souza
**Subject:** Re: Amended Complaint in Smith v. Cafe Asia Case No. 07cv621 (RWR)

dcd_cmecf@dcd.uscourts.gov wrote:

> Ms. D'Souza-
> It appears that an answer was filed in this case back on April 2, 2007, and I don't see any other order or motion on the docket that allows for the filing of this amended complaint. Please file electronically (via ECF itself) a Motion to Amend your complaint and attach the amended complaint to the motion as an exhibit. When the motion is granted, I (or another case administrator) will file the amended complaint as a separate entry. If I am mistaken in my assumption that a motion to amend is needed, please point out the docket entry to me that allows for the amendment, and I will be happy to file it for you. Please let me know if you have any questions.
> Thank you.
> Nicole Wilkens
> Clerk's Office

Gwenlynn Whittle D'Souza <gdsouza@lsslawyers.com>
10/29/2007 06:17 PM
Please respond to
gdsouza@lsslawyers.com

To
DC ECF <dcd_cmecf@dcd.uscourts.gov>
cc

Subject
Amended Complaint in Smith v. Cafe Asia Case No. 07cv621 (RWR)

Dear Clerk of the Court,

Please accept for filing the attached Amended Complaint. If you have any questions or comments, please contact me at the phone number below.

Regards,

Gwen D'Souza

12/5/2007