UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREI SMITH,                              )
                                           )
          Plaintiff,                       )
                                           )
     v.                                    )        Civil Action No. 07cv621 (RWR)
                                           )
CAFÉ ASIA,                                 )
                                           )
          Defendant.                       )
                                           )

**OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT, SANCTIONS,
AND AN EXTENSION OF TIME FOR DISCOVERY**

**I.      INTRODUCTION**

Defendant Café Asia hereby opposes Plaintiff's "Motion for Contempt, Sanctions And

An Extension of Time For Discovery." Preliminarily, Defendant does not oppose Plaintiff's

request for an additional 30 days in which to conduct depositions – indeed, Mr. Wertheimer,

Defendant's counsel, *suggested* the benefit of such a motion, made clear that he would agree and

participate in making such a motion, and provided Plaintiff with multiple dates (both within and

outside of the discovery cutoff) on which he could fly to D.C. from California to attend

depositions.

On the other hand, as discussed below, Plaintiff counsel's dramatic requests for contempt

and sanctions are thoroughly inappropriate and nothing more than a thinly veiled attempt to

capitalize on their own intransigence and procrastination. After waiting nearly eleven months to

set depositions Plaintiff's counsel contacted Defendant's counsel in order to schedule four

depositions. Shortly after being informed that Defendant's counsel was unavailable for

depositions on January 14, 2008, Plaintiff's counsel then set all four depositions for January 14,

2008 and refused to reschedule. Despite the short notice and the requirement that he fly cross

country to attend the depositions, Mr. Wertheimer responded with three alternative dates all within the limited eleven day window Plaintiff's counsel left herself prior to the discovery cutoff. Plaintiff's counsel ignored the proposed dates and insisted that the depositions go forward on January 14, 2008. When Defendant's counsel was unable to proceed on January 14, 2008, this Motion followed.

The exhibits to Plaintiff's Motion and this Opposition demonstrate that Defendant continuously cooperated with Plaintiff in a good faith attempt to agree on a mutually-convenient deposition schedule. Defendant has never refused to produce any witness for deposition. On the other hand, – rather than work with Defendant to schedule mutually-convenient dates and ultimately go forward with deposing Defendant's witnesses – Plaintiff elected to spend the time and expense associated with preparing and filing this unnecessary motion. For these reasons and the reasons discussed below, Plaintiff's Motion for Contempt and Request For Sanctions should be denied.

## II.    BACKGROUND TO CURRENT DEPOSITION DISPUTE

Plaintiff filed this action on February 21, 2007. Nearly eleven months later, on December 4, 2007, counsel for Plaintiff, Ms. Gwen Whittle D'Souza, called the undersigned, Defendant's counsel Mr. Jeff Wertheimer informing him that she wanted to take depositions of certain individuals. At the time of that call, Ms. Whittle D'Souza indicated that she did not know the names of the proposed deponents. Nevertheless, Mr. Wertheimer told her on the telephone that he was ready and available to defend depositions on January 15, with the caveat that the deponents, once identified, would also have to be available.

However, the very next day, Defendant's counsel received an Order from the United States District Court for the Southern District of California, U.S. Magistrate Judge, Honorable Leo M. Papas compelling his attendance at an Early Neutral Evaluation Conference ("ENEC")

on January 15, 2008, 9:00 a.m., in San Diego, California. (Exh. 1, Order dated and filed

electronically on December 5, 2007). The Order also commanded that "in addition to the

attorneys participating in the litigation" the parties must also "be present at the conference."

(*Id.*) Thus, Mr. Wertheimer notified his client, located in Columbus, Ohio, to make

arrangements to fly out to California for the January 15, 2008 conference. As lead counsel for

Exceptional Innovation, Mr. Wertheimer he had no choice but to also attend the conference.

 The *very same day* that he received the Order, Mr. Wertheimer promptly and in good

faith contacted Plaintiff's counsel. In an email to Plaintiff's counsel, Mr. Wertheimer informed

her that January 15, 2008 was no longer available on his calendar, stating:

> "Gwen,
>
> I now have a court appearance in San Diego on January 15 and I cannot get out of
>
> it. Please suggest dates later in January. I am currently available January 23-25
>
> or January 30 through Feb. 1. Please let me know what works for you. . . . ."
>
> (Exh. 2.)

 By his email, Mr. Wertheimer made very clear that he was free for depositions the week

following the original January 15 date, and proposed three alternative dates *within the discovery*

*cut off*, and three dates immediately following. (Exh. 2.) As a further showing of Mr.

Wertheimer's willingness to work with Plaintiff on scheduling depositions, Mr. Wertheimer also

asked Plaintiff's counsel for the names of the deponents in order to check whether they too were

available on those dates. (Exh. 2.) Mr. Wertheimer's offer to set the depositions for the

following week (and thus within the discovery cutoff) was met with deafening silence.

 Over ten days later, on December 16, 2007, Ms. Whittle D'Souza sent a terse email

stating *in its entirety*:

"As we discussed by telephone on December 5, the we [sic] will depose Kay,

Ramos (with cell phone), and Maria (the cleaning lady) [sic] Currently, we do not

intend to hold a 30(B)(g) deposition." (Exh. 3.)

Inexplicably, she refused to respond to Mr. Wertheimer's proposal that the depositions go

forward on the alternate dates of January 23-25.[1]

A few hours later Ms. Whittle D'Souza sent Mr. Wertheimer another email summarily

responding: "Those dates are beyond the current discovery cut-off. Please propose earlier

dates." (Exh. 4.) But, Ms. Whittle D'Souza was incorrect. Per the Court's June 7, 2007

Scheduling Order, three of the proposed dates were in fact within the January 25, 2008 discovery

cut off. (See June 7, 2007 Scheduling Order.) This Court's Scheduling Order clearly permitted

depositions to be taken January 23, 24 or 25, yet Ms. Whittle D'Souza continued to claim

otherwise. (Id.) Although mystifying, to this day Plaintiff's counsel continues to insist that

Mr. Wertheimer never offered alternative dates within the cutoff period. (Plaintiff's Moving

Papers, ¶ 10.)

On December 26, 2007, the day after Christmas, while Mr. Wertheimer was out of the

office on a pre-planned holiday vacation with his family, Plaintiff's counsel set the depositions

of Alberto Santos, Yu Sheon, "Maria the cleaning lady," and "Kay," for January 14, 2008, in

Bethesda, Maryland – despite the fact that Plaintiff's counsel knew (i) that she **never** discussed

the potential depositions of Yu Sheon or Alberto Santos with Mr. Wertheimer; and (ii) that

Mr. Wertheimer was unavailable because he was required to appear before a San Diego District

Court the very next morning. Rather than respond to the numerous alternate dates suggested by

---

[1]    Shortly after receipt of this email Mr. Wertheimer followed up with is client, who
was unable to identify anyone named "Ramos" in its employ.

Mr. Wertheimer, Ms. Whittle D'Souza set four depositions on a date that she *knew* Defendant's counsel was not available.

On January 2, 2008, his first day back to the office, Mr. Wertheimer wrote to Ms. Whittle D'Souza, explaining:

> "I am certainly willing to agree upon deposition dates for the above individuals, but the dates you have noticed will not work. <u>I am currently available the first two weeks of February for these depositions.</u> I anticipate that the deponents will also be available those dates. However, if there is a problem with their availability during that time period I will let you know in the very near future. Pursuant to Judge Roberts' June 7, 2007 scheduling order, <u>we will need to file the appropriate motion in order to extend the deadline the necessary two to three weeks in order to complete the depositions.</u> Please <u>let me know if you need me to</u> prepare a declaration in order to <u>assist</u> your request for an extension."

(Exh. 5; emphasis added.)

Pursuant to Mr. Wertheimer's reference to the Court's June 7, 2007 Scheduling Order, Plaintiff's counsel only needed to file the appropriate unopposed motion which would have included alternative dates that have been agreed to by all parties. (June 7, 2007 Scheduling Order, ¶4.) In addition, Mr. Wertheimer clearly offered to assist Ms. Whittle D'Souza in her request for an extension. (*See* Exh. 5.) In response to Mr. Wertheimer's continuing effort to move forward with depositions, Ms. Whittle D'Souza wrote back once again claiming that "the only dates you proposed were outside of the time specified in the Court's Scheduling Order" (Exh. 6), a claim that was simply wrong. Ms. Whittle D'Souza demanded that Mr. Wertheimer either consent to the pending motion to Modify Scheduling Order, or have another attorney handle the

/ / /

deposition. (*Id.*) Mr. Wertheimer responded:

> "I strongly disagree with your summary of our prior discussions. You have known of my
> availability and the timing problems associated with traveling across the county for some
> time, yet <u>you opted to wait until the very last moment to set these depositions</u>. **Then you**
> **set them on dates that you knew I was unavailable**. Nevertheless, as I indicated in my
> prior communication, <u>I am more than willing to make the requested individuals available</u>
> <u>for depositions at our earliest available opportunity</u>. Since I am lead counsel for this
> litigation my client strongly desires that I be the one attending and defending the
> depositions, so I will not let Mr. Bedell or another attorney from my firm attend in my
> place. I also cannot consent to your client's Motion to Modify the Scheduling Order
> because you are requesting more than the modification of certain dates. <u>I am amendable</u>
> <u>to pushing back the date for completion of the depositions</u>, but I will not agree to you
> being able to take additional depositions. Thus I cannot consent to the granting of the
> Motion.
>
> I will agree to whatever steps you feel are necessary, if any, to push back the
> discovery deadline an additional four weeks. If you are not compelled to take such steps
> then we are at a standoff. <u>I want to work with you to complete the remaining depositions,</u>
> <u>but you will also have to be willing to work with me</u>. If this is not resolved quickly my
> calendar for early February will also become booked and we will have to continue these
> depositions to an even later date."

(Exh. 7; emphasis added.)

That same day, counsel for Plaintiff, Mr. Salb wrote to Mr. Wertheimer, claiming that Plaintiff was "happy to cooperate with you to schedule depositions" – a (mis)representation noticeably undermined by the fact that Mr. Salb (i) offered no deposition dates whatsoever, and (ii) told the Defendant to go "file a motion" with the Court. (Plaintiff Exh. 6.)  In response, Mr. Wertheimer, wrote suggesting even more dates, and urged Mr. Salb to work with him on resolving the deposition issues without burdening this Court with an unnecessary motion:

> "While we agree that you have every right to take these depositions, as you know due to scheduling conflicts I will be unable to attend January 14 depositions in Washington D.C. As previously indicated, I remain willing to conduct them during the first two weeks of February.  In addition, since we have a February 29 Post-Discovery Conference with Judge Roberts, it might be easiest to schedule the depositions for February 27 or 28. Whatever course you opt to pursue, I believe the Court would rather us solve this dilemma amongst ourselves by agreeing on additional dates and taking the depositions, instead of bringing this dispute to the Court.  I will leave that decision to your office."

(Exh. 8, emphasis added).

Unfortunately, as the present motion indicates, Plaintiff elected to encumber Defendant and the Court with this unnecessary motion.  Had Plaintiff's counsel put the time and effort they spent in preparing the current motion towards working with Defendant's counsel to work with the Court and schedule a mutually available deposition date, all parties could have avoided the time and expense of involving the court in this very basic, and easily remedied, scheduling dispute.

## III.  ARGUMENT

Plaintiff's "Memorandum In Support of Plaintiff's Motion For Contempt And/Or Sanctions" fails to cite a single case sanctioning counsel in a situation, where as here, Counsel

was unable to appear at a deposition that Plaintiff specifically and in bad-faith noticed for a date that opposing counsel was unavailable. In addition to Plaintiff's inability to provide legal authority for its Motion, the authorities cited below by Defendant make clear that an adjudication of contempt and grant of sanctions are unwarranted here.

A.    THE WEIGHT OF AUTHORITY MAKES CLEAR THAT THERE IS NO BASIS FOR AN ADJUDICATION OF CONTEMPT

Notably, Plaintiff fails to cite to any authority for the proposition that contempt sanctions are appropriate in the current situation. A "party commits contempt when it violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order." *Pigford v. Veneman*, 307 F. Supp. 2d 51, 55-56 (D.D.C. 2004) (citations omitted)(emphasis added). Basically, an adjudication of contempt requires two separate criteria be met. First, the court must have fashioned an Order that is clear and reasonably specific. *Armstrong v. Executive Office of the President, Office of Administration*, 1 F.3d 1274, 1289 (D.C. Cir. 1993). Second, the defendant must have violated that Order. *Food Lion v. United Food and Commercial Workers Internat'l Union*, 103 F.3d 1007, 1016-17 (D.C. Cir. 1997); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983). Generally, to properly hold a party or its attorneys in civil contempt, the court must find facts meeting these two-elements by clear and convincing evidence. *NLRB v. Blevins Popcorn Co.*, 659 F.2d 1173, 1183-84 (D.C. Cir. 1981).

In discovery matters, contempt for failure to obey a court order generally arises under Rule 37(b)(2) of the Federal Rules of Civil Procedure, which permits a court to "sanction a party who fails to obey an order to provide or permit discovery, including a discovery order under Rule 26, governing discovery generally." *Atkins v. Fischer*, 232 F.R.D. 116, 126 (D.D.C. 2005). However, even pursuant to Rule 37(b), "in order to sanction a party pursuant to Rule 37(b)(2),

the Court *must identify a specific discovery order that was actually violated.*"  *Id.* at 127

(emphasis added).

Here, although Plaintiff seeks to have this Court adjudicate a finding of Contempt against

Defendant's counsel, Plaintiff does not and cannot allege that Defendant violated any Order.

Defendant's counsel has not violated any discovery or other Court Order.  Specifically,

Defendant has not violated the June 7, 2007 Scheduling Order, has not refused to engage in

discovery, or refused to make its witnesses available for deposition on a date that counsel is

available.  There is no evidence (much less clear and convincing evidence) that Defendant

disobeyed any order of this Court.  Accordingly, Defendant respectfully requests that this court

deny Plaintiff's extraordinary and unwarranted request for contempt sanctions.

B.     <u>IN CONTRAST TO THE BAD-FAITH TACTICS OF PLAINTIFF'S COUNSEL, DEFENDANT'S COUNSEL ACTED AT ALL TIMES WITH GOOD FAITH AND IN A COOPERATIVE, AND PROFESSIONAL MANNER</u>

As recently observed by this Court:  "Given that plaintiff never bothered to confer with

his opponent prior to noticing a deposition, is it really that surprising that defendants were, on

several occasions, unable to attend?"  *Caldwell v. Ctr. for Corr. Health*, 228 F.R.D. 40, 43

(D.D.C. Cir. 2005) (also noting that: "It is true that defendants' failed to attend noticed

depositions.  However, it is also true that plaintiff repeatedly noticed depositions without first

conferring with defendants.").  *Caldwell* involved a case where Plaintiff filed a motion to compel

Defendants to attend depositions, and concurrently requested sanctions.  Like the Plaintiff in this

case, the *Caldwell* Plaintiff unilaterally filed deposition notices for dates that Defendant was

unavailable.  *Id.* at 42.  Thus, "plaintiff's counsel made his opponent's response nearly inevitable

by peremptorily setting dates for depositions without checking with his opponent first."  *Id.* at

43. The *Caldwell* Defendants, ***unlike Cafe Asia***, also engaged in discovery abuses by "never

proposing alternative dates and on occasion simply ignoring plaintiff's counsel's requests." *Id.*
On that basis, the court in *Caldwell* sanctioned both parties.

As has been well established, Mr. Wertheimer consistently responded to Plaintiff's
communications on deposition issues in a timely and appropriate manner.  In virtually <u>every</u>
<u>communication</u> with Plaintiff, Mr. Wertheimer sought to propose alternative dates on which
Plaintiff could depose witnesses – proposals that were often ignored by Plaintiff.  Indeed, Mr.
Wertheimer initially proposed January 15, 2008, but when that became unavailable, he proposed
January 23-25, three dates the very next week, and the week after, January 30-February 1.
Plaintiff failed to respond to Mr. Wertheimer's proposal for almost two weeks, then responded
by (incorrectly) claiming that all of those dates were outside the discovery cutoff, but at the same
time, failed to provide any alternative dates.  Next, Mr. Wertheimer proposed the first two weeks
in February.  Plaintiffs refused.  Even in Mr. Wertheimer's very last correspondence, he
proposed February 27 and 28, since he would be flying out from California to D.C. for the post-
discovery conference.  Once again, Plaintiff failed to provide any alternative dates.  In addition
to providing multiple deposition dates, Mr. Wertheimer suggested that Plaintiff apply for a
motion extending the time to take depositions, indicated that he would willing join and assist in
the making of such motion, and suggested that they agree to some dates.

But, like the plaintiff in *Caldwell*, Plaintiff's counsel refused to cooperate with Defendant
to schedule discovery.  Even more egregious then the bad faith discovery tactics that the
*Caldwell* Plaintiff engaged in (tactics which moved this court to assess sanctions against the
*Caldwell* <u>Plaintiff</u>), Plaintiff then turned around and unilaterally set depositions for a date on
which Plaintiff <u>knew Mr. Wertheimer was not available</u>.  There is no doubt that Plaintiff knew

that Mr. Wertheimer was not available because Mr. Wertheimer had specifically informed Plaintiff's counsel in writing of his unavailability. (See Exh. 2.)

Accordingly, this Opposition and the many attached exhibits demonstrates, counsel for Defendant's counsel acted at all times in a professional and appropriate manner. On that basis, Defendant and defense counsel should not be sanctioned for Plaintiff's own bad-faith tactics. As this court has noted, "sanctions awarded must be proportional to the underlying offense." *Caldwell*, 228 F.R.D. at 43; *see also Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 130-131 (D.D.C. 2005) (refusing to award sanctions where the parties' course of conduct indicated that Defendants attempted to work with Plaintiff's counsel before it failed to attend a noticed deposition). Here, it is unclear how Defendant could have been more cooperative in the discovery process. Under these circumstances, an award of expenses under Fed. R. Civ. P 37(d) is unjust.

As a result, if sanctions are to be assessed Defendant respectfully request that they be assessed against Plaintiff's counsel, who's intransigence and posturing necessitated the drafting of these opposition papers and the consumption of this Court's time.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IV.    **CONCLUSION**

This is a prime example of a motion that never needed to be filed, opposed or heard by the Court.  For all of the reasons stated above, Defendant respectfully requests that the court (i) extend the discovery cut off by 30 days so that Plaintiff may take the four noticed depositions, (ii) deny Plaintiff's requests for contempt and sanctions, and (3) impose sanctions against Plaintiff's counsel for their bad faith litigation tactics in waiting eleven months prior to setting depositions and then setting them on the very date they knew Defendant's counsel was unavailable.

Respectfully submitted,

Dated:  January 28, 2008

Kevin B. Bedell (D.C. Bar No. 451555)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
Tel:  (703) 749-1339
Fax:  (703) 714-8339

William Ihrke (D.C. Bar No. 483748)
Jeffrey Wertheimer (*pro hac vice*)
Anna Kogan (*pro hac vice*)
Rutan & Tucker, LLP
611 Anton Blvd., Fourteenth Floor
Costa Mesa, CA 92626
Tel:  (714) 641-5100
Fax:  (714) 546-9035

*Counsel for Defendant Café Asia*

# EXHIBIT "1"

**MINUTES OF THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

EXCEPTIONAL INNOVATIONS _____ v. KONTRON _____ No. 07-2041-LAB(LSP)

HON. LEO S. PAPAS        CT. DEPUTY J. JARABEK        Rptr. _____
                              Attorneys

 Plaintiffs                                                    Defendants

_____        _____

_____        _____

The date and time of the Early Neutral Evaluation Conference on
December 19, 2007 at 9:00 AM is vacated and reset for January 15, 2008
at 2:00 PM.

All parties or their representatives who have full authority to enter into
a binding settlement, in addition to the attorneys participating in the
litigation, shall be present at the conference.

Pursuant to Local Civil Rule 16.3, all party representatives and claims
adjusters for insured defendants with full and unlimited authority to
negotiate and enter into a binding settlement, as well as the principal
attorney(s) responsible for the litigation, must be present and legally
and factually prepared to discuss and resolve the case at the mandatory
settlement conference.   Retained outside corporate counsel shall not
appear on behalf of a corporation as the party who has the authority to
negotiate and enter into a settlement.

"Full authority to settle" means that the individuals at the settlement
conference must be authorized to fully explore settlement options and to
agree at that time to any settlement terms acceptable to the parties.
Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir.
1989).  The person needs to have "unfettered discretion and authority" to
change the settlement position of a party. Pitman v. Brinker Intl., Inc.,
216 F.R.D. 481, 485-486 (D. Ariz. 2003).   The purpose of requiring a
person with unlimited settlement authority to attend the conference
includes that the person's view of the case may be altered during the face
to face conference. Id. at 486. A limited or a sum certain of authority
is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir.
2001).

DATED:   December 5, 2007


                                        Hon. Leo S. Papas
                                        U.S. Magistrate Judge


EXHIBIT __1__, PAGE __13__

# EXHIBIT "2"

**Subject:** RE: Smith Rule 27 Disclosures
**From:** "Wertheimer, Jeff" <jwertheimer@rutan.com>
**Date:** Wed, 5 Dec 2007 16:05:06 -0800
**To:** "Gwenlynn Whittle D'Souza" <gdsouza@lsslawyers.com>

Gwen,

     I now have a court appearance in San Diego on January 15 and I cannot get out
of it. Please suggest dates later in January. I am currently available January
23-25 or January 30 through Feb. 1. Please let me know what works for you.
     I also need the names of the deponents and the topic of the 30(b)(6) so that
I can assure their availability. Thank you.    Jeff

Jeffrey Wertheimer
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
714-662-4612 Direct
714-546-9035 Fax
jwertheimer@rutan.com
www.rutan.com <http://www.rutan.com>

Any tax advice contained in the body of this e-mail was not intended or written to be
used, and cannot be used, by the recipient for the purpose of avoiding penalties that
may be imposed under the Internal Revenue Code or applicable state or local tax law
provisions.

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by
the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain
confidential and/or legally privileged information, and (c) are for the sole use of
the intended recipient named above. If you have received this electronic message in
error, please notify the sender and delete the electronic message. Any disclosure,
copying, distribution, or use of the contents of the information received in error is
strictly prohibited.

EXHIBIT  2 , PAGE  14

# EXHIBIT "3"

## Wertheimer, Jeff

| | |
|---|---|
| **From:** | Gwenlynn Whittle D'Souza [gdsouza@lsslawyers.com] |
| **Sent:** | Sunday, December 16, 2007 11:54 AM |
| **To:** | Wertheimer, Jeff |
| **Subject:** | Re: Smith Rule 27 Disclosures |

As we discussed by telephone on December 5, the we will depose Kay, Ramos (with cell phone), and Maria (the cleaning lady)  Currently, we do not intend to hold a 30(B)(6) deposition.

**Gwen Whittle D'Souza**
Senior Associate

gdsouza@lsslawyers.com

**Privacy Notice:** This e-mail may contain confidential information that may also be legally privileged and that is intended only for the use of the addressee(s) named above. If you are not the intended recipient or an authorized agent of the recipient, please be advised that any dissemination or copying of this e-mail, or taking of any action in reliance on the information contained herein, is strictly prohibited. If you have received this e-mail in error, please notify me immediately by clicking here, and then delete the e-mail from your system. Thank you!

**Tax Advice Notice:** We inform you, in accord with IRS Rules governing written tax advice from attorneys, that any U.S. tax advice contained in this email communication (including any attachments) is not intended or written to be used for the purposes of (1) avoiding penalties under federal tax laws, specifically including the Internal Revenue Code, or (2) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

EXHIBIT 3, PAGE 15

This electronic transmission, and any documents attached hereto, (a) are protec

-----Original Message-----
From: Gwenlynn Whittle D'Souza [mailto:gdsouza@lsslawyers.com]
Sent: Tuesday, November 13, 2007 1:17 PM
To: Kogan, Anna
Cc: Young, Summer; Wertheimer, Jeff; Perciavalle, Michelle
Subject: Re: Smith Rule 27 Disclosures


Some parts of this message were removed because they violated your mail server'

email-signature_01.gif was removed from the message because it violates your ma
email-signature_02.gif was removed from the message because it violates your ma
spacer.gif was removed from the message because it violates your mail server's
email-signature_04.gif was removed from the message because it violates your ma
email-signature_05.gif was removed from the message because it violates your ma
email-signature_06.gif was removed from the message because it violates your ma
email-signature_08.gif was removed from the message because it violates your ma

EXHIBIT _3_, PAGE_16

# EXHIBIT "4"

**Subject:** Re: Smith Rule 27 Disclosures
**From:** Gwenlynn Whittle D'Souza <gdsouza@lsslawyers.com>
**Date:** Sun, 16 Dec 2007 14:39:48 -0500
**To:** "Wertheimer, Jeff" <jwertheimer@rutan.com>

Jeff,

Those dates are beyond the current discovery cut-off. Are there any more recent dates available.

Regards,

Gwen D'Souza

 **Lippman, Semsker, & Salb, LLC**
founded in 1972

| **Gwen Whittle D'Souza** | 7979 Old Georgetown Road, Suite 1100 |
| **Senior Associate** | Bethesda, Maryland 20814 |
| | 301.656.6905 |
| | 301.656.6906 (fax) |
| **Employment Law** | |
| **Wills, Trusts & Estates** | Email: gdsouza@lsslawyers.com |
| **Family Law** | |
| **Civil Litigation** | www.LSSLAWYERS.com |

**Privacy Notice:** This e-mail may contain confidential information that may also be legally privileged and that is intended only for the use of the addressee(s) named above. If you are not the intended recipient or an authorized agent of the recipient, please be advised that any dissemination or copying of this e-mail, or taking of any action in reliance on the information contained herein, is strictly prohibited. If you have received this e-mail in error, please notify me immediately by clicking here, and then delete the e-mail from your system. Thank you!

**Tax Advice Notice:** We inform you, in accord with IRS Rules governing written tax advice from attorneys, that any U.S. tax advice contained in this email communication (including any attachments) is not intended or written to be used for the purposes of (1) avoiding penalties under federal tax laws, specifically including the Internal Revenue Code, or (2) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

EXHIBIT __4__, PAGE __17__

# EXHIBIT "5"





# RUTAN
ATTORNEYS AT LAW

Jeffrey Wertheimer
Direct Dial: (714) 662-4612
E-mail: jwertheimer@rutan.com

January 2, 2008

**VIA FACSIMILE AND U.S. MAIL**

Gwenlynn Whittle D'Souza, Esq.
Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road
Suite 510
Bethesda, Maryland  20814

Re:    Smith v. Cafe Asia

Dear Ms. Whittle D'Souza:

I am writing in response to the Notice of Deposition ("Notice") you served on this office on December 26, 2007, noticing four depositions for January 14, 2008. As you are aware, there are several problems with the Notice. If you recall, on December 5, 2007, I emailed you indicating that due to scheduling conflicts I was unavailable for depositions during the week of January 15, 2008. While I had initially given you those dates as potential deposition dates, having heard nothing from your office, those dates eventually became booked and I notified you of this three weeks before you served the Notice. In addition, when we spoke on December 4, 2007, you indicated you wanted to take the depositions of Kay, Maria, Ramos, and a 30(b)(6) of undetermined subject matter. On December 16, 2007, you emailed me to confirm that you would only be taking the depositions of Kay, Maria, and Ramos. Your recent Notice indicates you now want to take the depositions of Alberto Santos and Yu Sheon. Finally, you have the depositions of Maria and Kay noticed for the identical time. For all of these reasons, the depositions cannot go forward as noticed.

I am certainly willing to agree to deposition dates for the above-noted individuals, but as I previously indicated, the dates you noticed will not work. I am currently available the first two weeks of February for these depositions. While I have yet to confirm with the deponents, I anticipate that they will also be available those dates. Pursuant to Judge Roberts' June 7, 2007 scheduling order, we may need to file a Motion in order to extend the deadline the necessary two to three weeks in order to complete the depositions. Please let me know if you need me to prepare a declaration in order to assist your request for an extension. If you believe no motion is necessary and that we can agree to the February dates without seeking approval, then I will be glad to work with you to arrange the appropriate dates.

Please be aware that the deposition of Mr. Santos will require a court certified Cantonese speaking interpreter, Maria will require a court certified Spanish speaking interpreter, and Kay

Rutan & Tucker, LLP  |  611 Anton Blvd, Suite 1400, Costa Mesa, CA 92626
PO Box 1950, Costa Mesa, CA 92628-1950  |  714-641-5100  |  Fax 714-546-9035
Orange County  |  Palo Alto  |  www.rutan.com

2237/025499-0001

EXHIBIT  5   PAGE 18

**RUTAN**
ATTORNEYS AT LAW

Gwenlynn Whittle D'Souza, Esq.
January 2, 2008
Page 2

will require a court certified Thai speaking interpreter.  Mr. Sheon will not need an interpreter for his deposition.

     If you have any questions concerning any of the above, please do not hesitate to contact me.

Very truly yours,

Jeffrey Wertheimer
RUTAN & TUCKER, LLP

cc:    William Ihrke, Esq.
       Summer Young-Agriesti, Esq.
       Kevin Bedell, Esq.

EXHIBIT __5__, PAGE __19__



## ** Transmit Confirmation Report **

P.1
RUTAN TUCKER LLP          Fax:714-546-9035          Jan  2 2008 05:13pm

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| ##150502#913016566906# | Normal | 02,05:12pm | 0'45" | 3 | # O K | |

## RUTAN & TUCKER, LLP

**Attorneys at Law**
611 Anton Boulevard, 14th Floor
Costa Mesa California 92626-1931
Mailing Address: Post Office Box 1950, Costa Mesa, California 92628-1950
Telephone: 714.641.5100          Facsimile 714.546.9035

---

## FACSIMILE TRANSMISSION

DATE:     **JANUARY 2, 2008**

TO:                                        Hard Copy to Follow via Mail:  **YES**

| NAME | FAX NO. | PHONE NO. |
|---|---|---|
| Gwenlynn Whittle D'Souza, Esq. | (301) 656-6906 | (301) 656-6905 |

FROM:     **Jeffrey Wertheimer - 2237**

RE:       **Smith v. Cafe Asia**

| CLIENT/MATTER NO.: 025499-0001 | NUMBER OF PAGES, INCLUDING COVER: 3 |
|---|---|

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO
WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT OR AGENT RESPONSIBLE TO DELIVER THE MESSAGE TO THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE
AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

If there are problems receiving this Fax Transmittal please call 714.641.5100, Ext. 1235.

EXHIBIT __5__, PAGE __20__

237/025499-0001
. a00/00/00

 

## ** Transmit Confirmation Report **

P.1                                                          Jan  2 2008 05:18pm
RUTAN TUCKER LLP        Fax:714-546-9035

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| ##165823#917037148339# | Normal | 02,05:17pm | 0'54" | 3 | * O K | |

# RUTAN & TUCKER, LLP

**Attorneys at Law**
611 Anton Boulevard, 14th Floor
Costa Mesa California 92626-1931
Mailing Address: Post Office Box 1950, Costa Mesa, California 92628-1950
Telephone: 714.641.5100          Facsimile 714.546.9035

---

## FACSIMILE TRANSMISSION

DATE:        JANUARY 2, 2008

TO:                                    Hard Copy to Follow via Mail:   NO

| NAME | FAX No. | PHONE No. |
|---|---|---|
| Kevin B. Bedell | (703) 714-8339 | (703) 749-1339 |

FROM:      Jeffrey Wertheimer - 2237

RE:        Smith v. Cafe Asia

| CLIENT/MATTER No.: 025499-0001 | NUMBER OF PAGES, INCLUDING COVER: 3 |
|---|---|

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AGENT RESPONSIBLE TO DELIVER THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

If there are problems receiving this Fax Transmittal please call 714.641.5100, Ext. 1235.

237/025499-0001
. a00/00/00          EXHIBIT  5  , PAGE 21

# EXHIBIT "6"

-----Original Message-----
From: Gwenlynn Whittle D'Souza [mailto:gdsouza@lsslawyers.com]
Sent: Friday, January 04, 2008 2:07 PM
To: Young, Summer; Wertheimer, Jeff; Kevin B. Bedell (E-mail); Penn,
Frances
Cc: Micah Salb
Subject: Cafe Asia Deposition

EXHIBIT _6_, PAGE 22

Dear Counsel:

We are informed that counsel for Cafe Asia is no longer available to
attend depositions during the month of January. As you know, we sent an
e-mail on December 4 asking for your availability on eight proposed
dates. We were told that counsel would be available on January 15,
2007, but were informed within 24 hours that counsel was not available
on that date. Although we repeatedly asked for verification of your
availability on different dates, the only dates proposed were outside of
the time specified in the Court's Scheduling Order.

As you must know, we have a Motion to Modify Scheduling Order pending.
We suggest one of two alternatives: 1) that you address this matter
with the Court by consenting to the pending Motion to Modify Scheduling
Order or 2) that one of the many attorneys in the two firms handling
this matter attend the deposition as noted.

Please note that we are unavailable during the time period proposed in
February because we expect to be in two trials during the first two
weeks of February.

Regards,

Gwen D'Souza

EXHIBIT __6__, PAGE _23_

# EXHIBIT "7"

**Wertheimer, Jeff**

| | |
|---|---|
| **From:** | Wertheimer, Jeff |
| **Sent:** | Monday, January 07, 2008 1:18 PM |
| **To:** | 'gdsouza@lsslawyers.com'; Young, Summer; Kevin B. Bedell (E-mail); Penn, Frances |
| **Cc:** | Micah Salb |
| **Subject:** | RE: Cafe Asia Deposition |

Dear Gwen,

    I strongly disagree with your summary of our prior discussions.  You have known of my availability and the timing problems associated with traveling across the county for some time, yet you opted to wait until the very last moment to set these depositions.  Then you set them on dates that you knew I was unavailable.  Nevertheless, as I indicated in my prior communication, I am more than willing to make the requested individuals available for depositions at our earliest available opportunity.  Since I am lead counsel for this litigation my client strongly desires that I be the one attending and defending the depositions, so I will not let Mr. Bedell or another attorney from my firm attend in my place.  I also cannot consent to your client's Motion to Modify the Scheduling Order because you are requesting more than the modification of certain dates.  I am amendable to pushing back the date for completion of the depositions, but I will not agree to you being able to take additional depositions.  Thus I cannot consent to the granting of the Motion.

    I will agree to whatever steps you feel are necessary, if any, to push back the discovery deadline an additional four weeks.  If you are not compelled to take such steps then we are at a standoff.  I want to work with you to complete the remaining depositions, but you will also have to be willing to work with me.  If this is not resolved quickly my calendar for early February will also become booked and we will have to continue these depositions to an even later date.

    Please let me know how you want to proceed.
    Jeff

Jeffrey Wertheimer
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
714-662-4612 Direct
714-546-9035 Fax
jwertheimer@rutan.com
www.rutan.com <http://www.rutan.com>

Any tax advice contained in the body of this e-mail was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

EXHIBIT _7_, PAGE_24_

# EXHIBIT "8"

# RUTAN
### ATTORNEYS AT LAW



**Jeffrey Wertheimer**
Direct Dial: (714) 662-4612
E-mail: jwertheimer@rutan.com

January 9, 2008

**VIA FACSIMILE AND U.S. MAIL**

Micah Salb, Esq.
Gwenlynn Whittle D'Souza, Esq.
Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road
Suite 510
Bethesda, Maryland  20814

Re:    Smith v. Cafe Asia

Dear Mr. Salb and Ms. Whittle D'Souza:

I am writing in response to the prior emails I received from your office concerning the depositions set for January 14, 2008. At the outset, I want to make it unmistakably clear that for the reasons previously discussed, neither the deponents nor their counsel will be attending any of the depositions as scheduled.

While we agree that you have every right to take these depositions, as you know, due to scheduling conflicts, I will be unable to attend the January 14 depositions in Washington D.C. As previously indicated, I remain willing to conduct them during the first two weeks of February. In addition, since we have a February 29 Post-Discovery Conference with Judge Roberts, it might be easiest to schedule the depositions for February 27 or 28. Whatever course you opt to pursue, I believe the Court would rather us solve this dilemma amongst ourselves by agreeing on additional dates and taking the depositions, instead of bringing this dispute to the Court. I will leave that decision to your office.

If you have any questions concerning any of the above, do not hesitate to contact me.

Very truly yours,

Jeffrey Wertheimer
RUTAN & TUCKER, LLP

cc:    William Ihrke, Esq.
       Summer Young-Agriesti, Esq.
       Kevin Bedell, Esq.

EXHIBIT __8__, PAGE __25__

Rutan & Tucker, LLP | 611 Anton Blvd, Suite 1400, Costa Mesa, CA 92626
PO Box 1950, Costa Mesa, CA 92628-1950 | 714-641-5100 | Fax 714-546-9035
Orange County | Palo Alto | www.rutan.com

2237/025499-0001



## \*\* Transmit Confirmation Report \*\*

P.1
RUTAN TUCKER LLP        Fax:714-546-9035                    Jan  9 2008 11:52am

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| ##544298#913016566906# | Normal | 09,11:52am | 0'40" | 2 | # O K | |

## RUTAN & TUCKER, LLP
### Attorneys at Law
611 Anton Boulevard, 14th Floor
Costa Mesa California 92626-1931
Mailing Address: Post Office Box 1950, Costa Mesa, California 92628-1950
Telephone: 714.641.5100            Facsimile 714.546.9035

## FACSIMILE TRANSMISSION

DATE:        JANUARY 9, 2008

TO:                                            Hard Copy to Follow via Mail:  YES

| NAME | FAX NO. | PHONE NO. |
|---|---|---|
| S. Micah Salb, Esq.<br>Gwenlynn Whittle D'Souza, Esq. | (301) 656-6906 | (301) 656-6905 |

FROM:        Jeffrey Wertheimer - 2237

RE:          Smith v. Cafe Asia

| CLIENT/MATTER NO.: 025499-0001 | NUMBER OF PAGES, INCLUDING COVER: 2 |
|---|---|

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AGENT RESPONSIBLE TO DELIVER THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.  THANK YOU.

If there are problems receiving this Fax Transmittal please call 714.641.5100, Ext. 1235.

237/025499-0001
. a00/00/00

EXHIBIT  8 , PAGE 26




## ✳✳ Transmit Confirmation Report ✳✳

P.1
RUTAN TUCKER LLP      Fax:714-546-9035

Jan  9 2008 11:55am

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| ##540875#917037148339# | Normal | 09,11:54am | 0'40" | 2 | ✳ O K | |

### RUTAN & TUCKER, LLP
**Attorneys at Law**
611 Anton Boulevard, 14th Floor
Costa Mesa California 92626-1931
Mailing Address: Post Office Box 1950, Costa Mesa, California 92628-1950
Telephone: 714.641.5100        Facsimile 714.546.9035

---

## FACSIMILE TRANSMISSION

DATE:        JANUARY 9, 2008

TO:                                        Hard Copy to Follow via Mail:    **NO**

| NAME | FAX NO. | PHONE NO. |
|---|---|---|
| Kevin B. Bedell | (703) 714-8339 | (703) 749-1339 |

FROM:      Jeffrey Wertheimer - 2237

RE:        Smith v. Cafe Asia

| CLIENT/MATTER NO.: 025499-0001 | NUMBER OF PAGES, INCLUDING COVER: 2 |
|---|---|

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO
WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT OR AGENT RESPONSIBLE TO DELIVER THE MESSAGE TO THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE
AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

If there are problems receiving this Fax Transmittal please call 714.641.5100, Ext. 1235.

237/025499-0001
a00/00/00

EXHIBIT  8 , PAGE 27

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the OPPOSITION TO PLAINTIFF's MOTION FOR CONTEMPT, SANCTIONS AND AN EXTENSION OF TIME FOR DISCOVERY was sent by First Class mail, postage prepaid, on January 28, 2008 to:

> Gwenlynn Whittle D'Souza, Esq.
> Lippman, Semsker & Salb, LLC
> 7979 Old Georgetown Road, Suite 1100
> Bethesda, MD  20814
> Phone:  (301) 656-6905
> Fax:  (301) 656-6906
>
> Counsel for Plaintiff
> ANDREI SMITH

_Michelle Perciavalle_
Michelle Perciavalle