**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
ANDREI SMITH,                 )
                              )
        Plaintiff,            )
                              )
        v.                    )    Civil Action No. 07-0621 (RWR)
                              )
CAFÉ ASIA,                    )
                              )
        Defendant.            )
_____)
```

**MEMORANDUM ORDER**

Plaintiff has filed a motion for leave to amend his complaint and to extend the discovery deadline.  Defendant has opposed both motions.  Because the motion and the opposition are based on erroneous understandings of the Scheduling Order entered June 7, 2007, the motions will be denied as premature.

The June 7 Scheduling Order [Dkt. 22] sets deadlines contingent on the date of a decision issued on defendant's motion to compel.  The decision on the motion to compel was issued October 2, 2007.  Thus, according to the Scheduling Order, each side was permitted to take one deposition between October 3 and November 2, and a 60-day period of mediation was to begin on November 3, 2007.  The Scheduling Order further provides that a 120-day discovery period would begin at the close of the 60-day mediation period.  The Order allows the parties to move to add parties or amend the complaint within the first 30 days of the 120-day discovery period.

-2-

The docket in this case reveals that the parties began
mediation efforts prematurely, before the decision on the motion
to compel was issued, rather than 31 days after the decision was
issued, as was contemplated in the Scheduling Order.  The parties
apparently held only one early settlement conference with the
magistrate judge, which one party describes as "short" (Pl.'s
Reply at 2), but did not engage in any mediation during the
prescribed 60-day mediation period after the motion to compel was
decided.

The Scheduling Order prescribes a 60-day mediation period to
follow the decision on the motion to compel and prior to any
litigation other than the single deposition allowed each side.
The 120-day discovery period, which is to begin only after the
decision on the motion to compel and only after the parties have
attempted for 60 days thereafter to mediate their dispute, has
not yet started.  Thus, there is no imminent deadline for moving
to amend the complaint or join parties, and the motions to amend
the complaint and to extend the discovery period and increase the
discovery limits are premature.

### CONCLUSION AND ORDER

The Scheduling Order dated June 7, 2007 ordered the parties
to mediate after the motion to compel was decided before
beginning a 120-day discovery period.  The prescribed mediation

-3-

period has not yet been undertaken and the discovery period has

not yet begun.  Accordingly, it is hereby

    ORDERED that the motions to extend the discovery deadline

and increase the discovery limits [32] and for leave to amend the

complaint [33] be, and hereby are, DENIED.  It is further

    ORDERED that the parties be, and hereby are, DIRECTED to

engage in mediation with Magistrate Judge Facciola immediately.

After mediation is underway, if the parties wish to move to

shorten the mediation period, they may file a motion to that

effect.  All remaining deadlines for discovery shall operate as

prescribed in the June 7, 2007 Scheduling Order.  It is further

    ORDERED that the post-discovery status conference set for

Friday, February 29, 2008 be, and hereby is, RESCHEDULED to

July 25, 2008 at 9:15 a.m.

    SIGNED this 29th day of January, 2008.


                                     /s/
                              RICHARD W. ROBERTS
                              United States District Judge