UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREI SMITH, <br><br> Plaintiff, <br><br> v. <br><br> CAFÉ ASIA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 07CV621 <br> ) (RWR/JMF) <br> ) <br> ) <br> ) <br> ) |

**OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

I.   OVERVIEW

Plaintiff filed his original complaint on February 21, 2007 – *fifteen months ago*. In all that time, Plaintiff took only a few brief depositions, and has discovered absolutely no new facts justifying amending his complaint. Each and every individual whom Plaintiff is now belatedly trying to name as a defendant was mentioned in Plaintiff's original complaint, and Plaintiff does not allege a single new fact against any of these individuals that would justify naming them *personally* fifteen months later.

As for Plaintiff's discrimination claims, Plaintiff cites no authority subjecting individual employees to personal liability for discrimination – whether the alleged discrimination is based on sex or sexual orientation. To the contrary, numerous cases have repeatedly held that individual employees *cannot* be held personally liable for discrimination, only the employer can. Besides Plaintiff's bald assertion that these employees (some of whom are just kitchen workers) are "employers within the meaning of the Act," Plaintiff does not plead any facts substantiating that conclusory claim. The single case on which Plaintiff hangs his legal hat, *Purcell v. Thomas*, 928 A.2d 699 (D.C. App. 2007), is so obviously distinguishable, that it defies reason to compare

the two. In fact, there is no authority for subjecting employees like the putative defendants Plaintiff is trying to add here to individual liability under the D.C. Human Rights Act.

Plaintiff's attempt fifteen months into the case to name six individual employees – all of whom were mentioned in his original complaint – is a transparent attempt to expand discovery and delay trial. There is no new evidence and no new law justifying this amendment. If Plaintiff is permitted to add these six individuals, these new defendants will have no choice but to bring a Fed. R. Civ. P. 12(b)(6) motion, which will further prolong the proceedings. Besides the inevitable motion practice that Plaintiff's substantial amendment will require, each of these new defendants will be entitled to retain separate counsel, and each will need to re-open Plaintiff's deposition. It is obviously unfair for Plaintiff to have the opportunity to depose each of the new defendants "and six additional witnesses," while none of them have a chance to question him.

For all these reasons, Defendant Cafe Asia respectfully requests that this Court reject Plaintiff's unmeritorious motion to amend, and enforce the Court's existing Scheduling Order.

II. ARGUMENT

A. Plaintiff Alleges No New Facts Justifying Amending the Complaint

Although Fed. R. Civ. P. 15 allows amending the pleadings more than twenty days after service "when justice so requires," reason requires at least some colorable basis for doing so. In this case, Plaintiff has waited not 20 days, but *fifteen months* before trying to amend his complaint. Further, in those fifteen months, Plaintiff has not discovered or alleged a single new fact justifying amending his complaint.

Plaintiff alleges that he is adding "seven new parties." However, one of the parties is merely Cafe Asia's formal business name ("1720 Eye Street Hospitality") and the other six are individual Cafe Asia employees who were all identified in Plaintiff's original complaint.

Plaintiff reasserts the exact same allegations against them as asserted in his original complaint, changing only Elis Triany's pronoun from "he" to "she" (*cf*. Original Complaint ¶ 18 and Proposed Amended Complaint ¶ 25). All the rest of the allegations are duplicated *verbatim*.

Indeed, the only new contentions in the entire proposed amended complaint are: (1) assertions, without support, in proposed paragraphs 6 through 11 of the legal conclusion that the proposed individual defendants are "employer[s] within the meaning of the Act;" and (2) Paragraphs 27 and 35, which provide no new factual basis for individual liability against any of the proposed individuals. Thus, without the discovery of any new facts, the sole issue becomes whether Plaintiff can identify any change in the law that justifies adding seven new parties fifteen months into this action.

B.   The Proposed Individual Defendants Cannot be Held Personally Liable for Discrimination, Assault, or Battery

1.   *Purcell v. Thomas* Does Not Support Amending the Complaint

Plaintiff submits only minimal points and authorities in support of his combined motion for leave to amend the complaint and to modify the scheduling order. The only case he cites to support imposing personal liability on the proposed individual employees is *Purcell v. Thomas*, 928 A.2d 699 (D.C. App. 2007). However, the circumstances of that case are so wildly disproportionate to the facts alleged here, that the two cases are not even comparable.

Specifically, in *Purcell*, the individual defendant, Mr. Purcell, was the President of the employer, as well as the company's "Chief Operating Officer, controlling shareholder, and Director" – as well as the plaintiff's direct supervisor. *Id*. at 715. Even more importantly, Mr. Purcell *personally* harassed the plaintiff so outrageously that it offends the sensibilities of the most hard-bitten reader. For instance, Mr. Purcell explicitly demanded that the plaintiff (his

direct report) have sex with him because: "My wife is going to undergo surgery this week. And I'm going to be out of commission for six weeks . . .[I] need to have sex with somebody I can trust. I can trust you, Ms. Thomas." *Id*. at 704. Mr. Purcell also repeatedly called Ms. Thomas his "bitch" (*id*.), and complained that he "wasn't even getting the sex." *Id*. at 705. He would ask Ms. Thomas whether she "was wearing underwear," and informed her that he felt like "doing something freaky." *Id*. at 704. He also felt fit to share that he misses "the scent of a black woman" in bed. *Id*. at 703. On one occasion, "Mr. Purcell closed the door to Ms. Thomas's office, 'walked over toward her[,] unbuckled his belt [and] pulled his pants out . . . .'" *Id*. (internal quotations omitted). When Ms. Thomas became upset, he said, "When was the last time you had a good f\*\*k anyway?" *Id*. at 704.

These are just some of Mr. Purcell's greatest hits. The Court goes on for *seven pages* describing the antics of the company's President and majority owner. On this outrageous record, the court concluded that "because Mr. Purcell was a <u>high level official</u> of [the company] who exercised <u>extensive supervisory, management and administrative authority</u> over the corporation, he was individually liable to Ms. Thomas under the DCHRA." *Id*. at 715. Plaintiff's attempt to compare the facts of *Purcell* to this case defies credulity.

Except for Yu Sheon, Café Asia's owner, <u>none</u> of the other individual employees whom Plaintiff is trying to name were "high level officials" who "exercised extensive supervisory, management and administrative authority." In fact, besides Plaintiff's asserted legal conclusion that these individuals are "employers within the meaning of the Act," Plaintiff does not cite a shred of evidence or authority supporting that claim. Mae Sheon's culpability apparently hinges on the fact that she is the owner's sister. Abu Bakar and Elis Triany are kitchen workers. While Ms. Joey and Ms. Sawada are floor managers, Plaintiff does not allege that either were *his* direct

supervisor. Certainly, none of these putative defendants were "high level officials." The only "high level official" Plaintiff is trying to name is the owner, Yu Sheon, who in sharp contrast to Mr. Purcell, personally never did anything at all to Plaintiff. Plaintiff's sole theory of liability against Yu Sheon is *respondeat superior*.

Absolutely nothing in *Purcell v. Thomas* supports imposing personal liability on individual employees like the putative defendants here. Neither the alleged conduct nor the professional status of these proposed defendants bear any resemblance to the conduct and position of Mr. Purcell in *Thomas*. Again, in addition to Mr. Purcell's outrageous conduct, Mr. Purcell was the company's President, COO, Director, and majority owner. He was the *de facto* "employer." Further, he *personally* created the pervasive hostile work environment Ms. Thomas was forced to suffer. Mr. Purcell was not held personally liable for "failure to take corrective action" (which is Plaintiff's theory of liability against *all* of the proposed individuals other than Mr. Bakar), but because Mr. Purcell personally harassed Ms. Thomas. Only under those combined circumstances of Mr. Purcell's personal behavior and high executive position did the court hold him liable under the DCHRA. Nothing remotely similar is even alleged here.

The law has long been and still remains that individual employees cannot be held personally liable for discrimination. *See, e.g., Reno v. Baird*, 18 Cal. 4th 640 (1998) (cited over 400 times by courts across the nation). *Purcell* has not changed that fact. Café Asia does not dispute that if a person who is the company's President, COO, Director, and majority owner *personally* harasses his direct report, he can be held liable as an "employer" under the Act. However, those are not the circumstances that are alleged here. On the facts alleged here, as a matter of law, none of the six proposed new individual defendants can be held personally liable for Plaintiff's discrimination claims (Counts I & III). Therefore, permitting Plaintiff to amend

his complaint to assert claims that are not legally viable against individuals would serve no purpose other than harassment and delay. If this proposed amendment were permitted, the newly named individuals likely would each bring a Fed. R. Civ. P. 12(b)(6) motion to dismiss, which would only further protract the proceedings.

      2.   <u>None of the Proposed Defendants Are Personally Liable for Assault & Battery</u>

Turning to Plaintiff's remaining claim for assault and battery (Count II), it remains the same in both complaints. The only change is that Plaintiff makes the word "defendant" plural in his proposed amended complaint. However, Plaintiff fails to allege that *any* of the proposed new individual defendants personally assaulted or battered him, nor does he allege why these individual employees would be vicariously liable for the alleged acts of other employees.

Since Plaintiff has failed to cite any authority justifying the proposed amendments, and since none of the proposed individual defendants would be subject to personal liability for any of Plaintiff's claims, Defendant respectfully requests this Court to deny Plaintiff's motion for leave to amend.

      C.   <u>Plaintiff Alleges No New Claims Which Would Require Amending the Complaint</u>

Since Plaintiff alleges no new facts or law, it would be surprising if he suddenly came up with new claims based on the facts he has known since 2006. Plaintiff's Proposed Amended Complaint confirms this expectation. Although Plaintiff goes through the motions of adding a third count, in fact, his proposed Count III (sex discrimination) exactly duplicates his existing Count I (sexual orientation discrimination). Plaintiff's Count II (Assault & Battery) remains the same in both complaints.

Significantly, Plaintiff alleges no new facts justifying an independent sex discrimination claim, in addition to and separate from his existing sexual orientation discrimination claim. Both

of these claims are basic hostile work environment claims, in alleged violation of the same provisions of the DC Human Rights Act. Plaintiff's mechanical cut-and-paste exercise does not justify amending his complaint fifteen months into this case.

        D. <u>Plaintiff's Proposed Amended Complaint Would Extend Discovery and Delay Trial</u>

Although Plaintiff claims that his amended complaint will not delay the proceedings, this claim is demonstrably false. Plaintiff has already filed a concurrent Motion to Modify the Scheduling Order, specifically to enable Plaintiff to conduct additional discovery against the newly named individual defendants. As Defendant demonstrates in its separate Opposition to that motion, Plaintiff could have used his five allotted depositions to depose five of the six individuals he would like to name, but he has failed to do so. Instead, Plaintiff took *only one* of the six prospective defendants' depositions, and frittered away the rest of his allotment on completely tangential janitorial staff and servers who were not even present when the alleged discrimination occurred. As a result, Plaintiff has <u>absolutely no facts</u> – new or old – to support his proposed amendment other than his conclusory and factually devoid assertion that these individuals are all "employers." That one-word allegation should not suffice to subject six low-level employees to the costs and rigors of personally defending a lawsuit.

Further, if Plaintiff is permitted to add in these six new individuals, each likely will bring a motion to dismiss, and each may retain his or her own separate counsel. Further, each will have the right to re-open Plaintiff's deposition and conduct written discovery, because it is self-evidently unfair to declare open season for Plaintiff to conduct additional discovery without giving these individual employees the opportunity to defend themselves. In light of these inevitable consequences of adding in seven new parties fifteen months into the case, Plaintiff's claim that amending the complaint will not delay the proceedings is palpably false.

-8-

### E. Adding Seven New Parties Will Prejudice Defendant(s)

Certainly, all the motion practice, discovery, and other complications that Plaintiff's Amended Complaint will inevitably invite will prolong this case considerably. In the restaurant business where waiters, cooks, and dishwashers, frequently come and go, it will be exponentially more difficult to make sure that Defendant remains in contact with all of the key witnesses in this matter. Not only their presence, but even their testimony, is likely to be lost over time, thereby undermining Cafe Asia's ability to defend itself at trial.

Aside from being legally and factually baseless, Plaintiff's proposed amendment would prejudice the existing defendant and all the proposed new defendants, because for the last fifteen months Cafe Asia has been defending this case as the only defendant. It is not fair to add seven new parties into this case a few months before discovery closes. Had Plaintiff discovered some profound new facts or law, perhaps an amendment at this late date might be appropriate. But granting leave to amend based on no new facts, evidence, or law, just because Plaintiff wants to cast the widest possible net, is unfair and profoundly prejudicial to Defendant. Justice does not require so one-sided a result.

III.   CONCLUSION

For all the foregoing reasons, Defendant Cafe Asia respectfully requests that this Court <u>deny</u> Plaintiff's legally and factually baseless motion to amend.

Respectfully submitted,

Dated:  May 6, 2008

Kevin B. Bedell (D.C. Bar No. 451555)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
Tel:  (703) 749-1339
Fax:  (703) 714-8339

William Ihrke (D.C. Bar No. 483748)
Jeffrey Wertheimer (*pro hac vice*)
Anna Kogan (*pro hac vice*)
Rutan & Tucker, LLP
611 Anton Blvd., Fourteenth Floor
Costa Mesa, CA 92626
Tel:  (714) 641-5100
Fax:  (714) 546-9035

*Counsel for Defendant Café Asia*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREI SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAFÉ ASIA,<br><br>　　　　Defendant. | Civil Action No. 07cv621 (RWR/JMF) |

## **ORDER**

This cause came before the Court upon plaintiff's motion for leave to file an amended complaint. The Court having considered that motion, the opposition of defendant thereto, the pleadings and other papers in this matter, and otherwise being advised in the premises, it is hereby

ORDERED that said motion be, and the same hereby is, DENIED.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Judge, United States District Court

*357393597-39,574*