UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREI SMITH, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>CAFÉ ASIA, )<br>)<br>      Defendant. )<br>) | Civil Action No. 07CV621<br>(RWR/JMF) |

**OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**

**I. INTRODUCTION**

Defendant Cafe Asia respectfully opposes Plaintiff's motion to modify the Court's June 7, 2007 Scheduling Order for the reasons explained below.

**II. ARGUMENT**

**A.  Plaintiff's Motion to Modify the Scheduling Order is Incomprehensible**

Plaintiff filed a short combined "Motion for Leave to File Amended Complaint and Modify Scheduling Order," which does not specify how Plaintiff would like the Scheduling Order modified.  Plaintiff does not submit a Memorandum of Points and Authorities in support of his Motion to Modify Scheduling Order, and has never met and conferred with Defendant to tell us what he wants.  In fact, in Plaintiff's entire joint motion, the Scheduling Order is only mentioned *once* in the very last sentence of the prayer, and simply asks that the Scheduling Order be amended to provide for additional discovery to "new" witnesses, but fails to explain why Plaintiff cannot complete his discovery within the prescribed time-frame.

Further, Plaintiff's Motion asks for permission to depose "seven additional defendants and six additional witnesses" without specifying *who* these 13 new people are.  Plaintiff never

met and conferred with Cafe Asia about these additional witnesses. Given this dearth of information, it is very difficult to address the substance or basis of Plaintiff's motion.

### B.     Plaintiff Failed to Meet and Confer Before Filing His Motion

Local Rule 7(m) requires: "Before filing any non-dispositive motion in a civil action, counsel <u>shall discuss</u> the anticipated motion with opposing counsel . . . in a good faith effort to determine whether there is any opposition to the relief sought and . . . to narrow the areas of disagreement. . . . A party <u>shall</u> include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed."

This Court's June 7, 2007 Scheduling Order provides that "Any motion that does not comply with Local Civil Rule 7(c) or 7(m) may be, *sua sponte*, <u>denied</u>." Paragraph 6. The Court's Scheduling Order further specifies that "Before bringing a discovery dispute . . . the parties ***shall*** <u>confer in good faith</u> in an effort to resolve the discovery dispute, and parties are warned that failure to do so <u>will</u> result in sanctions." Scheduling Order Paragraph 9.

Plaintiff here neither met and conferred with Cafe Asia about the substance of his motion, nor did he include a statement in his pleading confirming that he has fulfilled that obligation. This is *not* a mere technicality, and per this Court's notice of possible *sua sponte* denial and warning of mandatory sanctions, Plaintiff should not cavalierly ignore the meet and confer requirement. Rather, Cafe Asia is genuinely puzzled about what it is Plaintiff wants. While Cafe Asia cannot guarantee that it would have agreed with all of Plaintiff's proposals (especially since it does not know what those proposals are), it is entirely possible that the parties could have narrowed the issues in dispute. As things stand, Cafe Asia does not even know which additional "six witnesses" (in addition to the new parties Plaintiff is trying to add) Plaintiff wants to depose.

For this reason alone, Cafe Asia respectfully submits that the Plaintiff's incomprehensible and procedurally improper Motion to Modify the Scheduling Order should be denied. A motion that directly address "discovery requests and depositions" is clearly a "discovery motion," and as such falls under Paragraphs 6 and 9 of this Court's Scheduling Order. At the very least, Plaintiff should be sanctioned for utterly disregarding this Court's Order.

### C. Plaintiff's Motion is Unnecessary

When Plaintiff originally filed his Motion to Modify the Scheduling Order back on October 29, 2007, Plaintiff's argument was that because another attorney in the law firm representing Plaintiff had passed away, Plaintiff could not complete his discovery by the then-pending January 25, 2008 deadline. Even though the deceased attorney was not involved in Plaintiff's case, Cafe Asia instantly provided discovery extensions to accommodate Plaintiff. However, the parties could not independently agree to informally change the discovery cut-off. *See* Paragraph 5 of the 6/7/07 Scheduling Order, which specifies that the deadline for the close of discovery cannot be altered without Court Order.

In any event, the January 25 deadline has now been moved to July, and the original reason for Plaintiff's Motion to Modify the Scheduling Order is no longer relevant. As this Court made clear in its January 29 Order, discovery in this case is only now beginning, so Plaintiff is not up against an impending discovery cut-off, as he was over the holiday season. Cafe Asia is frankly at a loss about why Plaintiff is moving the Court (without meeting and conferring) to modify a scheduling order when discovery is only now beginning.

Further, in his Proposed Order, the Plaintiff specifically asks the Court to modify the scheduling order so that "discovery closes on July 30, 2008." The Court's January 29 Order does not specify the date discovery closes, but sets a post-discovery status conference for July

25, 2008. If the mediation period began "immediately" on the date of the Court's 1/29/08 Order and lasted for 60 days, then the 120 day discovery period began on March 29 and will end right around the time of the July 25 status conference. Cafe Asia is confused why Plaintiff would move the Court now – 3 months early – to enlarge discovery by five days. Surely, if that is the crux of Plaintiff's Motion to Modify the Scheduling Order, Cafe Asia would have consented, making this opposition unnecessary.[1]

### D. Plaintiff Has No Basis to Extend Discovery

Plaintiff's Motion for Leave to Amend the Complaint to add seven new defendants is addressed separately in Cafe Asia's Opposition to that motion, but since Plaintiff has known for *at least six months* that he would like to add six specific individuals, there is absolutely no reason he could not have used his five alloted depositions to depose those individuals. Instead, except for Cafe Asia's owner, Yu Sheon, Plaintiff has frittered away his depositions on completely tangential witnesses, none of whom Plaintiff intends to name in this case.

Last week Defendant's counsel flew to Washington D.C. for a series of four depositions. Aside from the deposition of Yu Sheon, the remaining three depositions each took an hour or less and appeared to be completely useless. Plaintiff is now appealing to the Court for additional discovery, while at the same time taking 45 minute depositions of individuals who appear to be completely irrelevant to the issues raised in his Complaint.

---

[1] The only other specific date mentioned in connection with Plaintiff's Motion to Modify the Scheduling Order is May 15, 2007 [sic], which Plaintiff proposes as the last day for him to propound discovery to his proposed new defendants. Again, Cafe Asia is confused by this basis to modify the scheduling order, because the crux of that issue is *whether* Plaintiff will get leave to add these new defendants (which is addressed in another motion), not *when* he can serve them with discovery *if* they are added. If any of the proposed new defendants are added, Plaintiff can propound discovery to them whenever he wants within the 120 day discovery period. Plaintiff does not need a special court order to serve discovery.

Plaintiff has not conducted any meaningful discovery since he originally filed his Motion to Modify the Scheduling Order last October. Had Plaintiff used up his five depositions on the individuals he proposes to add, he might have (a) presented a substantive basis for naming them, or ascertained that some should not be named as parties; and (b) only be left with *one* additional deposition to request. Had Plaintiff conducted his discovery diligently, it is quite likely that Cafe Asia may have agreed to one additional "short" deposition. Instead, having conducted <u>no</u> discovery substantiating his claimed need to add *any* of these individuals as parties at all, Plaintiff is moving the Court – without meeting and conferring – to let him depose <u>13 new witnesses</u>. Since Plaintiff filed this case in February 2007 – fifteen months ago – it is simply not reasonable to wait this long to begin discovery on 13 new witnesses.

### E.      Granting Plaintiff's Motion Will Inevitably Prejudice Defendants

Although Plaintiff makes a cursory, conclusory remark that "granting this motion will not prejudice the Defendant," that statement cannot possibly be true. How can adding "seven additional defendants and six additional witnesses" *fifteen months* into the case <u>not</u> prejudice Defendant? Certainly, all the motion practice, discovery, and other complications that Plaintiff's Amended Complaint will inevitably invite will prolong this case <u>considerably</u>. In the restaurant business where waiters, cooks, and dishwashers, frequently come and go, it will be exponentially more difficult to make sure that Defendant remains in contact with all of the key witnesses in this matter. Not only their presence, but even their testimony, is likely to be lost over time, thereby undermining Cafe Asia's ability to defend itself at trial.

For the last year, Cafe Asia has been defending this case based on the facts alleged in the operative complaint. Cafe Asia has taken depositions and propounded written discovery based

on the existing parties, not seven new ones. Cafe Asia's discovery plan clearly could not have contemplated a slew of new parties and witnesses added fifteen months into the case.

As addressed more fully in Cafe Asia's Opposition to Plaintiff's Motion for Leave to File an Amended Complaint, most of the proposed new parties would not survive a motion to dismiss, because they are not individually liable for the acts alleged in Plaintiff's complaint. Realistically, naming a slew of employees personally cannot but have an *in terrorem* effect on the rest of Defendant's employees. Further, each of these prospective new defendants would be permitted to test Plaintiff's Amended Complaint at the pleading stage, and those motions take time. If any of the new defendants survive those motions, they should have the opportunity to engage in substantive discovery to probe into Plaintiff's claims.² That, too, takes time. It is also entirely possible that some of the new parties will want their own counsel. That is their right.

Indisputably, the party *most* damaged by these inevitable delays is the Defendant, not the Plaintiff who is his own key witness. It is indisputable that adding *seven* new parties, further prolonging discovery, and declaring open season on depositions, will delay the resolution of this case. That certain, significant, and inevitable delay will <u>clearly prejudice the Defendant(s)</u>.

---

² At the very least, Defendant requests that if Plaintiff's additional discovery is granted, it be permitted to re-open Plaintiff's deposition. It is unclear which, if any of the potentially newly named Defendants will require separate counsel, however, they should all be permitted to depose Plaintiff for the purpose of defending themselves in this matter.

### III. Conclusion

For all the foregoing reasons, Defendant Cafe Asia respectfully requests that this Court deny Plaintiff's Motion to Modify the Scheduling Order this Court already entered in this case.

Respectfully submitted,

Dated: May 6, 2008

Kevin B. Bedell (D.C. Bar No. 451555)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
Tel: (703) 749-1339
Fax: (703) 714-8339

William Ihrke (D.C. Bar No. 483748)
Jeffrey Wertheimer (*pro hac vice*)
Anna Kogan (*pro hac vice*)
Rutan & Tucker, LLP
611 Anton Blvd., Fourteenth Floor
Costa Mesa, CA 92626
Tel: (714) 641-5100
Fax: (714) 546-9035

*Counsel for Defendant Café Asia*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREI SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAFÉ ASIA, )<br>)<br>Defendant. )<br>) | Civil Action No. 07cv621 (RWR/JMF) |

## **ORDER**

This cause came before the Court upon plaintiff's motion for leave to modify the scheduling Order. The Court having considered that motion, the opposition of defendant thereto, the pleadings and other papers in this matter, and otherwise being advised in the premises, it is hereby

ORDERED that said motion be, and the same hereby is, DENIED.

_____
Judge, United States District Court

*357393620-39,574*