UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREI SMITH, | ) </br>) </br>) |
| Plaintiff, | ) </br>) |
| v. | )    Civil Action No. 07CV621 </br>)    (RWR/JMF) |
| CAFÉ ASIA, | ) </br>) |
| Defendant. | ) </br>) |

**OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

I.    **PLAINTIFF'S MOTION VIOLATES *THREE* COURT ORDERS**

      This is Plaintiff's *third* effort to amend his Complaint.  On May 15, 2008, this Court denied Plaintiff's last motion for leave to amend for failing to meet and confer, in violation of Local Rule 7(m).  The parties entire "meet and confer" is contained in the e-mails attached hereto as Exhibit A.  As the Court will note, while Plaintiff conferred with Cafe Asia's counsel about the scheduling order, no mention was made of moving to amend the complaint – even when defense counsel explicitly asked whether Plaintiff wanted to confer about anything else.  In fact, Plaintiff does not even claim to have tried to meet and confer about this motion.  *See* Plaintiff's (combined) Motion For Leave to File Amended Complaint and Modify Scheduling Order, paragraph 14 – even though Plaintiff recognizes that the Court denied both motions for violating Local Rule 7(m). *See* Plaintiff's Motion ¶ 9.

      Not only has Plaintiff cavalierly ignored this Court's order by filing the exact same motion *without* bothering to confer with Cafe Asia's counsel, but this third bite at the apple is now undeniably late.  This Court's June 7, 2007 Scheduling Order provided that the deadline to join parties or amend the complaint is "30 days from the start of discovery." Dkt. 22, p. 1.  The Court's January 29, 2008 Memorandum Order [Dkt. 41] reiterates this deadline: "The Order allows the parties to move to add parties or amend the complaint within the first 30 days of the

120 discovery period." Dkt. 41, p.1. The Memorandum Order then ordered the parties to begin the 60-day mediation period "immediately," which the parties did. That mediation period expired on March 29, 2008,[1] whereupon the 120 day discovery period began. Pursuant to two Court Orders [Dkts. 22 and 41], Plaintiff only had the first 30 days of that 120 day discovery period to move to amend his complaint. That 30-day window expired on April 28, 2008 – Plaintiff filed his motion to amend the complaint nearly a month late.

To compound these procedural errors, Plaintiff's motion substantively has no merit. On Plaintiff's discrimination claims, Plaintiff cites no authority subjecting individual employees to personal liability for discrimination – whether the alleged discrimination is based on sex or sexual orientation. To the contrary, numerous cases have repeatedly held that individual employees *cannot* be held personally liable for discrimination, only the employer can. Besides Plaintiff's bald assertion that these employees (some of whom are just kitchen workers) are "employers within the meaning of the Act," Plaintiff does not plead any facts substantiating that conclusory claim. The single case on which Plaintiff hangs his legal hat, *Purcell v. Thomas*, 928 A.2d 699 (D.C. App. 2007), is so obviously distinguishable, that it defies reason to compare the two. In fact, there is no authority for subjecting employees like the putative defendants Plaintiff is trying to add here to individual liability under the D.C. Human Rights Act.

Plaintiff filed his original complaint on February 21, 2007 – *sixteen months ago*. In all that time, Plaintiff took only a few brief depositions, and has discovered absolutely no new facts justifying amending his complaint. Each and every individual whom Plaintiff is now belatedly trying to name as a defendant was mentioned in Plaintiff's original complaint, and Plaintiff does not allege a single new fact against any of these individuals that would justify naming them *personally* sixteen months later.

---

[1] Defendant does not know how Plaintiff arrived at April 14, 2008, as the inception of the 120 day discovery period (see Plaintiff's Motion ¶ 8), since the parties *completed* their mediation on February 11, but even accepting that late date as the start of discovery, under two of this Court's Orders [Dkst 22 and 41], Plaintiff would only have until May 14 to move for leave to amend his complaint. Either way, Plaintiff's motion is late.

Plaintiff's attempt sixteen months into the case to name six individual employees – all of whom were mentioned in his original complaint – is a transparent attempt to expand discovery, delay trial, and create an *in terrorem* effect on Defendant so as to drive up settlement.  <u>There is no new evidence and no new law justifying this amendment</u>.  If Plaintiff is permitted to add these six individuals, these new defendants will have no choice but to bring a Fed. R. Civ. P. 12(b)(6) motion, which will further prolong the proceedings.  Besides the inevitable motion practice that Plaintiff's substantial amendment will require, each of these new defendants will be entitled to retain separate counsel, and each will need to re-open Plaintiff's deposition.  It is obviously unfair for Plaintiff to have the opportunity to depose each of the new defendants "and six additional witnesses," while none of them have a chance to question him.

In short, this is Plaintiff's *third* bite at the apple, and Defendant Cafe Asia respectfully submits that it should not be forced to oppose Plaintiff's unmeritorious motion *ad infinitum*.  Plaintiff's latest motion to amend <u>violates three Court orders</u> – the Court's June 7, 2007 Scheduling Order [Dkt. 22]; the Court's January 29, 2008 Memorandum Order [Dkt 41]; the this Court's May 15, 2008 denial of Plaintiff's motions for violating Local Rule 7(m).  Respondent respectfully requests that this Court finally deny Plaintiff's late, meritless motion <u>with prejudice</u>.

For all these reasons, Defendant Cafe Asia respectfully requests that this Court reject Plaintiff's unmeritorious motion to amend, and enforce the Court's existing Scheduling Order.

## II. ARGUMENT

### A. Plaintiff Alleges No New Facts Justifying Amending the Complaint.

Although Fed. R. Civ. P. 15 allows amending the pleadings "when justice so requires," reason requires at least some colorable basis for doing so.  In this case, Plaintiff has waited *fifteen months* before trying to amend his complaint.  Further, in those fifteen months, Plaintiff has not discovered or alleged a single new fact justifying amending his complaint.

Plaintiff alleges that he is adding "seven new parties."  However, one of the parties is merely Cafe Asia's formal business name ("1720 Eye Street Hospitality") and the other six are

individual Cafe Asia employees who were all identified in Plaintiff's original complaint. Plaintiff reasserts the exact same allegations against them as asserted in his original complaint, changing only Elis Triany's pronoun from "he" to "she" (*cf*. Original Complaint ¶ 18 and Proposed Amended Complaint ¶ 25). All the rest of the allegations are duplicated *verbatim*.

Indeed, the only new allegations in the entire proposed amended complaint are: (1) allegations in proposed paragraphs 6 through 11 alleging, without support, that the proposed individual defendants are "employer[s] within the meaning of the Act;" and (2) Paragraphs 27 and 35, which provide no new factual basis for individual liability against any of the proposed individuals. Thus, without the discovery of any new facts, the sole issue becomes whether Plaintiff can identify any change in the law that justifies adding seven new parties fifteen months into this action.

### B. The Proposed Individual Defendants Cannot be Held Personally Liable for Discrimination, Assault, or Battery.

#### 1. *Purcell v. Thomas* Does Not Support Amending the Complaint.

Plaintiff does not submit any points and authorities in support of his combined motion for leave to amend the complaint and to modify the scheduling order. The only case he cites to support imposing personal liability on the proposed individual employees is *Purcell v. Thomas*, 928 A.2d 699 (D.C. App. 2007). However, the circumstances of that case are so wildly disproportionate to the facts alleged here, that the two cases are not even comparable.

Specifically, in *Purcell*, the individual defendant, Mr. Purcell, was the President of the employer, as well as the company's "Chief Operating Officer, controlling shareholder, and Director" – as well as the plaintiff's direct supervisor. *Id*. at 715. Even more importantly, Mr. Purcell *personally* harassed the plaintiff so outrageously that it offends the sensibilities of the most hard-bitten reader. For instance, Mr. Purcell explicitly demanded that the plaintiff (his direct report) have sex with him because: "My wife is going to undergo surgery this week. And I'm going to be out of commission for six weeks . . .[I] need to have sex with somebody I can

trust. I can trust you, Ms. Thomas." *Id*. at 704. Mr. Purcell also repeatedly called Ms. Thomas his "bitch" (*id*.), and complained that he "wasn't even getting the sex." *Id*. at 705. He would ask Ms. Thomas whether she "was wearing underwear," and informed her that he felt like "doing something freaky." *Id*. at 704. He also felt fit to share that he misses "the scent of a black woman" in bed. *Id*. at 703. On one occasion, "Mr. Purcell closed the door to Ms. Thomas's office, 'walked over toward her[,] unbuckled his belt [and] pulled his pants out . . . .'" *Id*. (internal quotations omitted). When Ms. Thomas became upset, he said, "When was the last time you had a good f**k anyway?" *Id*. at 704.

These are just some of Mr. Purcell's more memorable improprieties. The Court goes on for *seven pages* describing the antics of the company's President and majority owner. On this outrageous record, the court concluded that "because Mr. Purcell was a <u>high level official</u> of [the company] who exercised <u>extensive supervisory, management and administrative authority</u> over the corporation, he was individually liable to Ms. Thomas under the DCHRA." *Id*. at 715. Plaintiff's attempt to compare the facts of *Purcell* to this case defies credulity.

Except for Yu Sheon, Café Asia's owner, <u>none</u> of the other individual employees whom Plaintiff is trying to name were "high level officials" who "exercised extensive supervisory, management and administrative authority." In fact, besides Plaintiff's conclusory allegation that these individuals are "employers within the meaning of the Act," Plaintiff does not cite a shred of evidence or authority supporting that claim. Mae Sheon's culpability apparently hinges on the fact that she is the owner's sister. Abu Bakar and Elis Triany are kitchen workers. While Ms. Joey and Ms. Sawada are floor managers, Plaintiff does not allege that either were *his* direct supervisor. Certainly, none of these putative defendants were "high level officials." The only "high level official" Plaintiff is trying to name is the owner, Yu Sheon, who in sharp contrast to Mr. Purcell, is not alleged to have ever personally done anything at all to Plaintiff. Plaintiff's sole theory of liability against Yu Sheon is *respondeat superior*.

Absolutely nothing in *Purcell v. Thomas* supports imposing personal liability on individual employees like the putative defendants here.  Neither the alleged conduct nor the professional status of these proposed defendants bear any resemblance to the conduct and position of Mr. Purcell in *Thomas*.  Again, in addition to Mr. Purcell's outrageous conduct, Mr. Purcell was the company's President, COO, Director, and majority owner.  He <u>was</u> the *de facto* "employer."  Further, he *personally* created the pervasive hostile work environment Ms. Thomas was forced to suffer.  Mr. Purcell was <u>not</u> held personally liable for "failure to take corrective action" (which is Plaintiff's theory of liability against *all* of the proposed individuals other than Mr. Bakar), but because Mr. Purcell <u>personally</u> harassed Ms. Thomas.  Only under those combined circumstances of Mr. Purcell's <u>personal</u> behavior and <u>high</u> executive position did the court hold him liable under the DCHRA.  Nothing remotely similar is even alleged here.

The law has long been and still remains that individual employees cannot be held personally liable for discrimination.  *See, e.g., Reno v. Baird*, 18 Cal. 4th 640 (1998) (cited over 400 times by courts across the nation).  *Purcell* has not changed that fact.  Café Asia does not dispute that if a person who is the company's President, COO, Director, and majority owner *personally* harasses his direct report, he can be held liable as an "employer" under the Act.  However, those are not the circumstances that are alleged here.  On the facts alleged here, as a matter of law, none of the six proposed new individual defendants can be held personally liable on Plaintiff's discrimination claims (Counts I & III).  Therefore, permitting Plaintiff to amend his complaint to assert claims that are not legally viable against individuals would serve no purpose other than harassment and delay.  If this proposed amendment were permitted, the newly named individuals would each bring a Fed. R. Civ. P. 12(b)(6) motion to dismiss, which would only further protract the proceedings.

2.  <u>None of the Proposed Defendants Are Personally Liable for Assault & Battery.</u>

Turning to Plaintiff's claim for assault and battery (Count II), it remains the same in both complaints.  The only change is that Plaintiff makes the word "defendant" plural in his proposed

amended complaint. However, Plaintiff fails to allege that *any* of the proposed new individual defendants personally assaulted and/or battered him, nor does he allege why these individual employees would be vicariously liable for the alleged acts of other employees.

Since Plaintiff has failed to cite any authority justifying the proposed amendments, and since none of the proposed individual defendants would be subject to personal liability for any of Plaintiff's claims, Defendant respectfully requests this Court to <u>deny</u> Plaintiff's motion to amend.

    C. <u>Plaintiff Alleges No New Claims Which Would Require Amending the Complaint.</u>

Since Plaintiff alleges no new facts or law, it would be surprising if he suddenly came up with new claims based on the facts he has known since 2006. Plaintiff's Proposed Amended Complaint confirms this expectation. Although Plaintiff goes through the motions of adding a third count, in fact, his proposed Count III (sex discrimination) exactly duplicates his existing Count I (sexual orientation discrimination). Plaintiff's Count II (Assault & Battery) remains the same in both complaints.

Significantly, Plaintiff alleges no new facts justifying an independent sex discrimination claim, in addition to and separate from his existing sexual orientation discrimination claim. Both of these claims are basic hostile work environment claims, in alleged violation of the same provisions of the DC Human Rights Act. Plaintiff's mechanical cut-and-paste exercise does not justify amending his complaint fifteen months into this case.

    D. <u>Plaintiff's Proposed Amended Complaint Would Extend Discovery and Delay Trial</u>

Although Plaintiff claims that his amended complaint will not delay the proceedings, that claim is demonstrably false. Plaintiff has already filed a Motion to Modify the Scheduling Order, specifically to enable Plaintiff to conduct additional discovery against the newly named individual defendants. As Defendant demonstrates in its separate Opposition to that motion, Plaintiff could have used his five allotted depositions to depose five of the six individuals he would like to name, but he has failed to do so. Instead, Plaintiff took *only one* of the six prospective defendants' depositions, and frittered away the rest of his allotment on completely

tangential janitorial staff and servers who were not even present when the alleged discrimination occurred. As a result, Plaintiff has <u>absolutely no facts</u> – new or old – to support his proposed amendment other than his conclusory and factually devoid allegation that these individuals are all "employers." With respect, that one-word allegation should not suffice to subject six low-level employees to the costs and rigors of personally defending a lawsuit.

Further, if Plaintiff is permitted to add in these six new individuals, each would be expected to bring a motion to dismiss, and each may retain his or her own separate counsel. Further, each will have the right to re-open Plaintiff's deposition and conduct written discovery, because it is self-evidently unfair to declare open season for Plaintiff to conduct additional discovery without giving these individual employees the opportunity to defend themselves. In light of these inevitable consequences of adding in seven new parties fifteen months into the case, Plaintiff's claim that amending the complaint will not delay the proceedings is palpably false.

E. <u>Adding Seven New Parties Will Prejudice Defendant(s).</u>

Certainly, all the motion practice, discovery, and other complications that Plaintiff's Amended Complaint will inevitably invite will prolong this case <u>considerably</u>. In the restaurant business where waiters, cooks, and dishwashers, frequently come and go, it will be exponentially more difficult to make sure that Defendant remains in contact with all of the key witnesses in this matter. Not only their presence, but even their testimony, is likely to be lost over time, thereby undermining Cafe Asia's ability to defend itself at trial.

Aside from being legally and factually baseless, Plaintiff's proposed amendment would prejudice the existing defendant and all the proposed new defendants, because for the last fifteen months Cafe Asia has been defending this case as the only defendant. It is not fair to add seven new parties into this case a few months before discovery closes. Had Plaintiff discovered some profound new facts or law, perhaps an amendment at this late date might be appropriate. But granting leave to amend based on no new facts, evidence, or law, just because Plaintiff wants to

cast the widest possible net, is unfair and profoundly prejudicial to Defendant.  Justice does <u>not</u> require so one-sided a result.

### III.  CONCLUSION

Plaintiff's third motion for leave to amend his complaint violates <u>three</u> Court Orders.  In violation of the Court's May 15 Minute Order, Plaintiff re-filed his motion without bothering to meet and confer with defense counsel about the motion to amend at all.  Furthermore, Plaintiff's motion exceeds the time this Court allowed to file such motions in both the Court's June 7, 2007 and January 29, 2008 Orders.  Finally, for the reasons explained in detail above, Plaintiff's motion has no substantive merit, and will inevitably delay the proceedings considerably and prejudice the Defendant(s).  For all the foregoing reasons, Defendant Cafe Asia respectfully requests that this Court <u>deny</u> Plaintiff's legally and factually baseless motion to amend.

Dated:  June 5, 2008

Respectfully submitted,

Kevin B. Bedell (D.C. Bar No. 451555)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
Tel:  (703) 749-1339
Fax:  (703) 714-8339

William Ihrke (D.C. Bar No. 483748)
Jeffrey Wertheimer (*pro hac vice*)
Anna Kogan (*pro hac vice*)
Rutan & Tucker, LLP
611 Anton Blvd., Fourteenth Floor
Costa Mesa, CA 92626
Tel:  (714) 641-5100
Fax:  (714) 546-9035

*Counsel for Defendant Café Asia*

# Bedell, Kevin B. (OfCnl-TCO-LT)

| | |
|---|---|
| **From:** | Wertheimer, Jeff [jwertheimer@rutan.com] |
| **Sent:** | Friday, May 16, 2008 5:51 PM |
| **To:** | gdsouza@lsslawyers.com |
| **Cc:** | Kogan, Anna; Bedell, Kevin B. (OfCnl-TCO-LT) |
| **Subject:** | RE: Ellerth/Farragher Defense |


Gwen,
    I am certainly willing to work with you on extending the discovery cut off, but the local rules do not permit us to move the cut off beyond the July 25, 2008 post-discovery conference.  I am willing to stipulate to a cutoff date of July 24, but anything after that you will need to seek the appropriate Court order.  I am on vacation from August 1 through August 11, so please take those dates into consideration when deciding how to proceed.  Once you decide on a course of action with respect to the discovery, please let me know and I will try to work with you.
    If there are any other issues that require us to meet and confer, please let me know.
    Have a good weekend.
                                              Jeff

Jeffrey Wertheimer
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
714-662-4612 Direct
714-546-9035 Fax
jwertheimer@rutan.com
www.rutan.com <http://www.rutan.com>

Any tax advice contained in the body of this e-mail (and any attachments thereto) was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

P Please consider the environment - Do you really need to print this email?

-----Original Message-----
From: Gwen D'Souza [mailto:gdsouza@lsslawyers.com]
Sent: Friday, May 16, 2008 2:32 PM
To: Wertheimer, Jeff
Cc: Kogan, Anna
Subject: Re: Ellerth/Farragher Defense


Dear Jeff,

Discovery currently closes on 6/6/2008.  I suggest having until the August 6, 2008 to take the additional depositions.  Please note that I am out-of-town for two weeks in mid July and will be unavailable for depositions then.

Regards,

Gwen D'Souza

Wertheimer, Jeff wrote:
> Gwen,
>         I just spoke with Kevin who indicated that you wanted to meet and confer about certain issues.  Please feel free to give Anna or me a call to discuss.  One issue I am unclear on is how long do you want to extend the discovery cutoff, if at all?  Thanks.   Jeff
>
> Jeffrey Wertheimer
> Rutan & Tucker, LLP
> 611 Anton Boulevard, 14th Floor
> Costa Mesa, CA 92626
> 714-662-4612 Direct
> 714-546-9035 Fax
> jwertheimer@rutan.com
> www.rutan.com <http://www.rutan.com>
>
> Any tax advice contained in the body of this e-mail (and any attachments thereto) was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.
>
> Privileged And Confidential Communication.
> This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.
>
> P Please consider the environment - Do you really need to print this email?
>
>
>
> -----Original Message-----
> From: Gwenlynn Whittle D'Souza [mailto:gdsouza@lsslawyers.com]
> Sent: Tuesday, April 29, 2008 5:14 PM
> To: Wertheimer, Jeff
> Subject: Ellerth/Farragher Defense
>
>
> Dear Jeff:
>
> Today at deposition, Mr. Sheon noted that he received a multi-page
> report of investigation.  Please note that we requested this document
> in our document request number 13, which reads as follows:
>
>     13.   Any and all documents related to any investigation conducted
> by you or your agent, servant and/or employee with regard to Mr. Smith
> and/or his complaints of discrimination, or any other type of
> complaint including those regarding mistreatment by co-workers or managerial staff.
>
> Please send this document to us promptly.
>
> Regards,

>
> Gwen
>
>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREI SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAFÉ ASIA, )<br>)<br>Defendant. )<br>) | Civil Action No. 07cv621 (RWR/JMF) |

### **ORDER**

This cause came before the Court upon plaintiff's motion for leave to file an amended complaint. The Court having considered that motion, the opposition of defendant thereto, the pleadings and other papers in this matter, and otherwise being advised in the premises, it is hereby

ORDERED that said motion be, and the same hereby is, DENIED.

_____
Judge, United States District Court

*357393597-39,574*