UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREI SMITH,<br><br>      Plaintiff,<br><br>v.<br><br>CAFÉ ASIA,<br><br>      Defendant. | Civil Action No. 07CV621<br>(RWR/JMF) |

**OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**

### I.  INTRODUCTION

Defendant Cafe Asia respectfully objects to Plaintiff's motion to modify the Court's June 7, 2007 Scheduling Order for the reasons explained below.

### II.  ARGUMENT

**A.  Plaintiff's Motion to Modify the Scheduling Order is Incomprehensible**

Plaintiff's Proposed Order submitted concurrently with his moving papers seeks to move the end of discovery to July 30.  As indicated during the meet and confer process, Defendant has no objection to that date and is amendable to a July 30 discovery cutoff.  However, in the text of his Motion, plaintiff seeks an extension until September 30 – over two months *after* this Court's Post-Discovery Status Conference.  This is problematic for a number of reasons.  At the outset, the meet and confer process focused on Plaintiff's proposed cutoff date of August 6, 2008, the Proposed Order seeks a July 30 cutoff, and his points and authorities seek a September 30 cutoff. (*See* e-mail correspondence between Ms. D'Souza and Mr. Wertheimer, attached hereto as Exhibit A.)  The confusion between the dates referenced in Plaintiff's papers make it difficult to understand the nature of the relief requested.

Compounding this problem, Plaintiff has not bothered to submit a Memorandum of Points and Authorities in support of his Motion to Modify Scheduling Order, and (despite the

fact that Cafe Asia pointed this out in its prior Opposition), Plaintiff has *still* not specified the "six other witnesses" he wants to depose. Plaintiff simply asks that the Scheduling Order be amended to provide for additional discovery against <u>six new people</u> without specifying *who* these are, *why* they need to be deposed, or *why* Plaintiff cannot complete his discovery within the prescribed time-frame. Further, in direct contravention of this Court's Order, Plaintiff never conferred with Cafe Asia about these additional witnesses. Given the confusion between Plaintiff's three different proposed dates, and the dearth of information about Plaintiff's mystery witnesses, it is very difficult to address the substance or basis of Plaintiff's motion.

        **B.**      <u>**Plaintiff Failed to Meaningfully Meet and Confer Before Filing His Motion**</u>

This Court denied Plaintiff's prior motion for leave to modify the scheduling order because Plaintiff failed to meet and confer with Cafe Asia, in violation of Local Rule 7(m). Despite this clear instruction, plaintiff has again failed to comply with Local Rule 7(m). While Plaintiff's counsel did confer with Cafe Asia's counsel, Plaintiff said "I suggest having until the [sic] August 6, 2008 to take the additional depositions." Ex. A (e-mail from G. D'Souza to J. Wertheimer). Plaintiff never specified "the additional depositions." Nonetheless, Café Asia's counsel responded by suggesting that there might be a procedural problem moving the discovery cut-ff after the July 25, 2008, post-discovery conference, but was "***certainly willing*** to work with you on extending the discovery cut off," and explicitly invited Plaintiff's counsel to contact him "and I will try to work with you." Ex. A (e-mail from J. Werthimer to G. D'Souza). Plaintiff never followed up to finish this discussion, thereby violating the rule. As indicated above, Café Asia does not object to the August 6 date in Plaintiff's proposed Order, so those discussions would have made much of this briefing unnecessary.

Plaintiff's motion, however, requests a <u>different</u> discovery cut-off than he proposed in discussion with defense counsel. That date was never discussed. This is not a meaningful, good faith effort to resolve the matter by discussion and avoid the need to bring it to the Court. Plaintiff has now <u>twice</u> ignored this Court's direct order to meet and confer with Cafe Asia about

the substance of his motion. The very Scheduling Order Plaintiff is trying to get this Court to modify states that "failure to do so <u>will</u> result in sanctions." Scheduling Order Paragraph 9. Although Defendant has not asked for this in its prior opposition to this exact same motion, in light of Plaintiff's repeated refusal to meaningfully meet and confer, Cafe Asia now respectfully requests that pursuant to the Scheduling Order, Plaintiff be sanctioned for this repeated violation.

### C. **Plaintiff's Motion is Unnecessary**

When Plaintiff originally filed his Motion to Modify the Scheduling Order back on October 29, 2007, Plaintiff's argument was that because another attorney in the law firm representing Plaintiff had passed away, Plaintiff could not complete his discovery by the then-pending January 25, 2008 deadline. In response, Cafe Asia instantly provided discovery extensions to accommodate Plaintiff. However, the parties could not independently agree to informally change the discovery cut-off. *See* Paragraph 5 of the June 7, 2007 Scheduling Order, which specifies that the deadline for the close of discovery cannot be altered without Court Order.

In any event, the January 25 deadline has now been moved to July, and the original reason for Plaintiff's Motion to Modify the Scheduling Order is no longer relevant. Plaintiff is not up against an impending discovery cut-off, as he was over the holiday season. Cafe Asia already agreed to extend discovery right up to the July 25 Post-Discovery Status Conference, and if all Plaintiff wanted (as indicated in the e-mail in Ex. A) was another two weeks (to August 6), surely the parties could have submitted a consent order (subject to this Court's approval), which would have made this opposition unnecessary.[1]

---

[1] Another baffling issue in Plaintiff's motion is that he proposes May 15, 200<u>7</u> [sic] as the last day for him to propound discovery to his proposed new defendants. Cafe Asia is confused by this basis to modify the scheduling order, because the crux of that issue is *whether* Plaintiff will get leave to add these new defendants (which is addressed in another motion), not *when* he can serve them with discovery *if* they are added. As for the "six additional witnesses," Plaintiff can propound discovery to them whenever he wants within the 120 day discovery period. Plaintiff does not need a special court order to serve discovery.

### D. <u>Plaintiff Has No Basis to Extend Discovery</u>

Plaintiff's Motion for Leave to Amend the Complaint to add seven new defendants is addressed separately in Cafe Asia's Opposition to that motion, but since Plaintiff has known for *at least six months* that he would like to add six specific individuals, there is absolutely no reason he could not have used his five alloted depositions to depose those individuals. Instead, except for Cafe Asia's owner, Yu Sheon, Plaintiff has frittered away his depositions on completely tangential witnesses, <u>none</u> of whom Plaintiff intends to name in this case.

In April, Defendant's counsel flew to Washington D.C. for a series of four depositions. Aside from the deposition of Yu Sheon, the remaining three depositions each took approximately an hour or less and the testimony given appeared to be completely irrelevant. Plaintiff is now appealing to the Court for additional discovery, while at the same time taking 45 minute depositions of individuals who appear to be completely irrelevant to the issues raised in his Complaint. There appears to be a profound disconnect between Plaintiff's actions and his desires. He continues to depose irrelevant individuals, while at the same time repeatedly filing motions seeking to depose witnesses he claims are relevant – all the while refusing to justify his expensive and time consuming behavior.

Plaintiff has not conducted any meaningful discovery since he originally filed his Motion to Modify the Scheduling Order last October. Had Plaintiff used up his five depositions on the apparently critical individuals he proposes to add, he might have (a) presented a substantive basis for naming them; (b) ascertained that some should not be named as parties; or (c) only be left with *one* additional deposition to request. Had Plaintiff conducted his discovery diligently, it is quite likely that Cafe Asia may have agreed to one additional "short" deposition. Instead, having conducted <u>no</u> discovery substantiating his claimed need to add *any* of these individuals as parties at all, Plaintiff is moving the Court – without meeting and conferring – to let him depose <u>six new witnesses for a total of 11 depositions</u>. Plaintiff has made no attempt to justify the misuse of the first five depositions, much less identify and justify the need for an additional six. It is simply

not reasonable to permit Plaintiff to continue on this expensive and time consuming path without him even attempting to justify his behavior.

### E. Granting Plaintiff's Motion Will Inevitably Prejudice Defendants

Although Plaintiff makes a cursory, conclusory remark that "granting this motion will not prejudice the Defendant," that statement cannot possibly be true. How can adding "seven additional defendants and six additional witnesses" *sixteen months* into the case not prejudice Defendant? Certainly, all the motion practice, discovery, and other complications that Plaintiff's Amended Complaint will inevitably invite will prolong this case considerably. In the restaurant business, where waiters, cooks, and dishwashers, frequently come and go, it will be exponentially more difficult to make sure that Defendant remains in contact with all of the key witnesses in this matter. Not only their presence, but even their testimony, is likely to be lost over time, thereby undermining Cafe Asia's ability to defend itself at trial.

As addressed more fully in Cafe Asia's Opposition to Plaintiff's Motion for Leave to File an Amended Complaint, most of the proposed new parties would not survive a motion to dismiss, because they are not individually liable for the acts alleged in Plaintiff's complaint. Realistically, naming a slew of employees personally cannot but have an *in terrorem* effect on the rest of Defendant's employees. Further, each of these prospective new defendants would be permitted to test Plaintiff's Amended Complaint at the pleading stage, and those motions take time. If any of the new defendants survive those motions, they should have the opportunity to engage in substantive discovery to probe into Plaintiff's claims.[2] That, too, takes time. It is also entirely possible that some of the new parties will want their own counsel. That is their right.

Indisputably, the party *most* damaged by these inevitable delays is the Defendant, not the Plaintiff who is his own key witness. It is indisputable that adding *seven* new parties, further

---

[2] At the very least, Defendant requests that if Plaintiff's additional discovery is granted, it be permitted to re-open Plaintiff's deposition. It is unclear which, if any of the potentially newly named Defendants will require separate counsel, however, they should all be permitted to depose Plaintiff for the purpose of defending themselves in this matter.

prolonging discovery, and declaring open season on depositions, will delay the resolution of this case. That certain, significant, and inevitable delay will <u>clearly prejudice the Defendant(s)</u>.

### III. CONCLUSION

For all the foregoing reasons, Defendant Cafe Asia respectfully requests that this Court <u>deny</u> Plaintiff's Motion to Modify the Scheduling Order this Court already entered in this case.

Dated: June 5, 2008

Respectfully submitted,

Kevin B. Bedell (D.C. Bar No. 451555)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
Tel: (703) 749-1339
Fax: (703) 714-8339

William Ihrke (D.C. Bar No. 483748)
Jeffrey Wertheimer (*pro hac vice*)
Anna Kogan (*pro hac vice*)
Rutan & Tucker, LLP
611 Anton Blvd., Fourteenth Floor
Costa Mesa, CA 92626
Tel: (714) 641-5100
Fax: (714) 546-9035

*Counsel for Defendant Café Asia*

**Bedell, Kevin B. (OfCnl-TCO-LT)**

| | |
|---|---|
| **From:** | Wertheimer, Jeff [jwertheimer@rutan.com] |
| **Sent:** | Friday, May 16, 2008 5:51 PM |
| **To:** | gdsouza@lsslawyers.com |
| **Cc:** | Kogan, Anna; Bedell, Kevin B. (OfCnl-TCO-LT) |
| **Subject:** | RE: Ellerth/Farragher Defense |

Gwen,

    I am certainly willing to work with you on extending the discovery cut off, but the local rules do not permit us to move the cut off beyond the July 25, 2008 post-discovery conference. I am willing to stipulate to a cutoff date of July 24, but anything after that you will need to seek the appropriate Court order. I am on vacation from August 1 through August 11, so please take those dates into consideration when deciding how to proceed. Once you decide on a course of action with respect to the discovery, please let me know and I will try to work with you.

    If there are any other issues that require us to meet and confer, please let me know.

    Have a good weekend.

                                  Jeff

Jeffrey Wertheimer
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
714-662-4612 Direct
714-546-9035 Fax
jwertheimer@rutan.com
www.rutan.com <http://www.rutan.com>

Any tax advice contained in the body of this e-mail (and any attachments thereto) was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

P Please consider the environment - Do you really need to print this email?

-----Original Message-----
From: Gwen D'Souza [mailto:gdsouza@lsslawyers.com]
Sent: Friday, May 16, 2008 2:32 PM
To: Wertheimer, Jeff
Cc: Kogan, Anna
Subject: Re: Ellerth/Farragher Defense


Dear Jeff,

Discovery currently closes on 6/6/2008. I suggest having until the August 6, 2008 to take the additional depositions. Please note that I am out-of-town for two weeks in mid July and will be unavailable for depositions then.

Regards,

Gwen D'Souza

Wertheimer, Jeff wrote:
> Gwen,
>        I just spoke with Kevin who indicated that you wanted to meet and confer about certain issues.  Please feel free to give Anna or me a call to discuss.  One issue I am unclear on is how long do you want to extend the discovery cutoff, if at all?  Thanks.   Jeff
>
> Jeffrey Wertheimer
> Rutan & Tucker, LLP
> 611 Anton Boulevard, 14th Floor
> Costa Mesa, CA 92626
> 714-662-4612 Direct
> 714-546-9035 Fax
> jwertheimer@rutan.com
> www.rutan.com <http://www.rutan.com>
>
> Any tax advice contained in the body of this e-mail (and any attachments thereto) was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.
>
> Privileged And Confidential Communication.
> This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.
>
> P Please consider the environment - Do you really need to print this email?
>
>
>
> -----Original Message-----
> From: Gwenlynn Whittle D'Souza [mailto:gdsouza@lsslawyers.com]
> Sent: Tuesday, April 29, 2008 5:14 PM
> To: Wertheimer, Jeff
> Subject: Ellerth/Farragher Defense
>
>
> Dear Jeff:
>
> Today at deposition, Mr. Sheon noted that he received a multi-page
> report of investigation.  Please note that we requested this document
> in our document request number 13, which reads as follows:
>
>      13.   Any and all documents related to any investigation conducted
> by you or your agent, servant and/or employee with regard to Mr. Smith
> and/or his complaints of discrimination, or any other type of
> complaint including those regarding mistreatment by co-workers or managerial staff.
>
> Please send this document to us promptly.
>
> Regards,

>
> Gwen
>
>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREI SMITH, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>CAFÉ ASIA, )<br>)<br>    Defendant. )<br>) | Civil Action No. 07cv621 (RWR/JMF) |

**<u>ORDER</u>**

This cause came before the Court upon plaintiff's motion for leave to modify the scheduling Order. The Court having considered that motion, the opposition of defendant thereto, the pleadings and other papers in this matter, and otherwise being advised in the premises, it is hereby

ORDERED that said motion be, and the same hereby is, DENIED.

_____
Judge, United States District Court

*357393620-39,574*