**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

ANDREI SMITH

        Plaintiff,

v.                               Civil Action No.: 07cv621 (RWR)

CAFÉ ASIA

        Defendant.

---

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION
FOR AMEND COMPLAINT AND MODIFY SCHEDULING ORDER**

      COMES NOW the Plaintiff, Andrei Smith, by and through his under-signed counsel, and respectfully replies as follows:

      The Plaintiff has filed a motion seeking to file an amended complaint, to enlarge the discovery period, and to permit additional depositions. The Defendant opposes on two grounds: (1) that Plaintiff's counsel did not meet and confer with them regarding the Plaintiff's request to amend his complaint and his request to enlarge discovery through September 30 rather than August 6; and (2) that Plaintiff's request is unjust.

      Defendant's opposition is disingenuous. First, Plaintiff has satisfied his obligation to meet and confer. Plaintiff's counsel had a full conversation about all of these issues with Defendant's counsel, Kevin Bedell. While Mr. Bedell declined to respond to Plaintiff's counsel's inquiry at the conclusion of that conversation, the Defendant plainly was aware of the relief that Plaintiff sought and Plaintiff's counsel satisfied her obligation to discuss the matter with Defendant's counsel.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

The Defendant seems to contend that after Plaintiff's counsel discussed the matter with Mr. Bedell, she was somehow also obligated to discuss the matters again with Mr. Wertheimer. Plaintiff's counsel are not obligated to chase various defense lawyers in the hope of finding one willing to make a decision. This was especially true since Plaintiff attempted to meet and confer with Mr. Wertheimer and his associate in California three times in the days preceding to discuss outstanding discovery disputes, but left voice-mail messages without response.

Second, Plaintiff's counsel did in fact discuss the motion to modify the scheduling order with Mr. Wertheimer, albeit by email. It is true that the Plaintiff has asked this Court to extend discovery to a date different from that discussed during Plaintiff's meet and confer. However, the Plaintiff has done so at the instruction of the Defendant's attorney. When Plaintiff's counsel proposed a discovery cut-off of August 6, the Defendant's attorney responded:

> I am certainly willing to work with you on extending the discovery cut off, but the local rules do not permit us to move the cut off beyond the July 25, 2008 post-discovery conference. I am willing to stipulate to a cutoff of July 24, but anything after that you will need to seek the appropriate Court order. I am on vacation from August 1 through August 11, so please take those dates into consideration when deciding how to proceed. Once you decide on a course action with respect to the discovery, please let me know and I will try to work with you.

While Mr. Wertheimer now states he would have consented to an August 6 extension, his consent would have been pointless. Extending discovery during a time period he was on vacation would eventually require an additional request for an extension of time. Moreover, any consent to an extension of discovery without simultaneous consent to leave to file an amended complaint or the deposition of additional witnesses would have been purposeless and unproductive for the Plaintiff.

Defendant now cloaks the facts to mislead this Court in several critical ways. First, the Defendant implies (without actually stating) that on May 16, 2008, both of the Defendant's attorneys

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

were unaware of the recent Court Order dated May 15, 2008. This Order effectively instructed Plaintiff's counsel to meet and confer on these very same issues. It was obviously in response to that Order that Plaintiff's counsel had her conversations with the Defendant's attorneys. Thus, the Defendant was well aware of the issues that were before them — including the amendment of the Complaint and the additional depositions that the Plaintiff seeks to take. For the Defendant to complain to this Court that Plaintiff's counsel did not broach those subjects is disingenuous, in addition to simply being false.

Second, the Defendant claims that Plaintiff's counsel did not specifically mention the Motion to Amend in any discussion with Mr. Bedell. In fact, Plaintiff's counsel, whose signature appears below, introduced her telephone call to Mr. Bedell by announcing that she was calling in response to the Court's order regarding her motion for leave to amend.

Finally, the Defendant contends that Mr. Wertheimer's statement about being "willing to work on a discovery cut-off" meant that the Parties could have filed a consent motion to extend discovery without any further modification to the scheduling order, making the instant motion unnecessary. The Defendant ignores the fact that it opposes the Plaintiff's request for leave to take additional depositions, which is the primary reason for Plaintiff's request to modify the scheduling order.

**B.**     **Argument.**

1.     **Plaintiff's Motion Complies with the Meet and Confer Requirements.**

Plaintiff conferred with two attorneys for the Defendant prior to filing the instant motion. By telephone, Plaintiff's counsel specifically asked defense counsel, Mr. Bedell, about the motion

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

for leave to amend the complaint and was informed that co-defense counsel, Jeffrey Wertheimer, was concerned because the relief requested may include an extension of time and the deposition of additional deponents.

Dutifully, Plaintiff's counsel endeavored to discuss this matter with Mr. Wertheimer. Mr. Wertheimer stated that Defendant would only stipulate to a discovery cut-off of July 24 and further that he was unavailable during the proposed extension period. Since the Parties did not reach agreement on either aspect of the relief requested, a motion to the Court was appropriate.

Furthermore, the Plaintiff requested an extended period in the actual motion not to cause undue delay, but to accommodate Mr. Wertheimer's vacation schedule, since Mr. Wertheimer in previous exchanges informed Plaintiff's counsel that he personally wanted to attend all the depositions (and Plaintiff's counsel has a trial at the end of August).

### 2. Defendant Has Not Demonstrated Prejudice.

Rule 15 of the Federal Rules of Civil Procedure specifically provides that leave to amend pleadings, "shall be freely given when justice so requires." Therefore, Defendant must demonstrate injustice in some form for this Court to deny the Plaintiff's motion.

Although Defendant argues that granting leave to file an amended complaint would cause delay, delay without prejudice does not suffice as a ground for denying leave. To determine if the threat of prejudice to the opposing party is sufficiently great to warrant denying leave to amend, courts consider, " 'the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted.' " <u>Childers v. Mineta</u>, 205 F.R.D.

- 4 -

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

29, 32 (D.D.C. 2001) (*quoting* 6 Wright, Miller, and Kane, Federal Practice & Procedure, § 1487 at 621, 623 (3d ed. 2001)).

Here, if the Motion for Leave to Amend were denied, Plaintiff could not bring suit against the additional defendants because of the statute of limitations. Initially, Plaintiff did not include the allegations as to disparate treatment as to the handling of complaints on the basis of sex when he first filed his Complaint because the evidence was not discovered until later. Plaintiff did not include the additional defendants who were supervisors because the law was not clear on the point. The Defendant is not prejudiced because none of the counts would dramatically alter the nature and scope of the case. Although the Defendant contends that it may lose trial witnesses because of the delay (though it offers no facts to support that claim), it can still take the depositions of its employees *de bene esse* to preserve testimony for use at trial in discovery.

Thus, the Defendant has proven no prejudice to support its opposition to Mr. Smith's request to amend his complaint.

**3.    Plaintiff's Motion to Amend is Not Filed in Bad Faith or With Dilatory Motive.**

Defendant characterizes Plaintiff's amendment adding the additional parties who aided and abetted in the discrimination and harassment of him as an action *in terrorem*. They aim to convince this Court that the sole reason for amendment is to terrorize their plainly innocent supervisors and that in fact Mr. Smith's claim is baseless, such that amendment would be futile.

The Defendant is wrong. The evidence supports Mr. Smith's claim (as discussed below) — and their own documentation proves it. <u>More than 18 months into this case, and long after they were obligated to do so, the Defendant has provided the Plaintiff with an investigative report which</u>

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 5 -

*substantiates* the fact that Mr. Smith complained of harassment and that he asked that the Defendant's employees not touch him. The Defendant withheld this document without any justification but for obvious reason — it is highly damaging to their defense.

This Court must reject the Defendant's argument that amendment should be denied based on futility. The addition of new defendants and the claims for discrimination on the basis of sex and negligent supervision are supported by the evidence.[1] The Defendant can argue to this Court in summary judgment — and then to the jury — that there is no support for Mr. Smith's claim, but the Defendant's own investigator and report contradicts their words.

**4.       Plaintiff's Motion to Amend is Well-Grounded in Law and the Facts.**

First and foremost, the District of Columbia Human Relations Act allows for personal liability against persons who aid and abet discriminatory or harassing conduct. Secondly, the D.C. Court of Appeals in the recent case of <u>Purcell v. Thomas</u>, 928 A.2d 699, 714-15 (2007) clarified the scope of the liability under the Human Relations Act (hereinafter "DCHRA"). The Court found liability on two possible grounds: (1) Mr. Purcell was liable as "any person acting in the interest of such employer, directly or indirectly," i.e. a high level official who exercised extensive supervisory, management, and administrative authority, and (2) liability as a person who aided and abetted the doing of any of the acts prohibited.  *Purcell*, 928 A.2d at 714-715.

---

[1] It appears Defendant has not read the Amended Complaint. Many of the arguments raised in its Opposition to the Motion for Leave to Amend were addressed in the revised Amended Complaint.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

In its Opposition, Defendant does not address liability based on aiding and abetting. All of the named defendants can be held liable as persons who assisted in the harassment, which continued for months unabated.

Moreover, Defendant cites no case interpreting the DCHRA for its proposition that individual employees, who are alleged to be supervisors, cannot be held personally liable. The *Purcell* case specifically held that the definition of employer under DCHRA is broader than Title VII. *Purcell*, 928 A.2d at 715. Instead of reviewing the Court of Appeal's interpretation of DCHRA, the Defendant cites irrelevant interpretations of Title VII. Opp. To Motion to Amend at 6.

The Defendant argues that the allegations of the Complaint do not satisfy the definition of "employer" under the DCHRA. The Defendant clearly mischaracterizes the allegations of Mr. Smith's Complaint. Plaintiff pled sufficient facts relating to how the proposed Defendants "act[ed] in the interest of such employer, directly or indirectly". Mr. Smith alleges that the kitchen manager, Mr. Bakar, personally created the hostile work environment by ridiculing his sexual orientation, making sexual gestures with vegetables in front of 20 or so kitchen employees, and videotaping the harassing actions of Mr. Smith's coworkers. Mr. Smith alleges that other managers and the owner aided and abetted in the creation of this environment by not disciplining Mr. Bakar or any of the other employees.

Moreover, the Defendant admitted in its Answer to the Complaint that the additional proposed defendants were managers. Furthermore, Defendant's own employees have testified that they collectively reported to all of the managers and that several of the defendants had the administrative ability to hire, fire, and discipline. All the facts taken together indicate that the

named defendants were "acting in the interest of such employer, directly or indirectly" when each managed or supervised the employees, including the Plaintiff.

For these reasons, Plaintiff seeks that Motion for Leave to Amend be granted and for such other relief as the nature of the case may require, including revision of the proposed amended complaint.

June 18, 2008                                    Respectfully submitted,

                                                _____/s/_____
                                                S. Micah Salb, Esq., #453197
                                                msalb@lsslawyers.com
                                                Gwenlynn Whittle D'Souza, Esq., #453849
                                                Lippman, Semsker & Salb, LLC
                                                7979 Old Georgetown Road
                                                Suite 1100
                                                Bethesda, Maryland 20814
                                                (301) 656-6905
                                                (301) 656-6906 (fax)

                                                Counsel for Plaintiff

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906