**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

---

ANDREI SMITH

        Plaintiff,

        v.                    Civil Action No. 07 CV 621 (RWR)

CAFÉ ASIA

        Defendant.

---

### PLAINTIFF'S MOTION TO COMPEL AND/OR FOR SANCTIONS

Plaintiff Andrei Smith, by and through his under-signed counsel, herewith requests, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, that this Court compel the Defendant to respond in full to the Plaintiff's discovery requests and/or to hold Defendant in contempt for their prolonged delay. Plaintiff makes this motion for the reasons set forth in the attached Memorandum of Points and Authorities, attached hereto.

Pursuant to Local Rule 7(m), Counsel for Plaintiff hereby certifies that on January 8, 2008, prior to a mandatory settlement discussion period, Plaintiff discussed the written responses to discovery requests in detail with defense counsel Summer Agriesti. Counsel for Plaintiff also certifies that subsequently on May 20, 2008 and June 18, 2008, the Parties met and conferred by phone about the many of the prior issues as well as newly raised issues, without resolution. Defendant's last communication was by e-mail on June 26, 2008. However, to date, despite some promises by the Defendant to look into the disputed issues further, the Parties have not been able to narrow the scope of issues presented in the attached memorandum in any substantive manner.

WHEREFORE, Plaintiff requests:

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

(1)    That the Motion be granted:

(2)    That Defendant be held in contempt;

(3)    That the Court impose sanctions, at least to the extent that the deposition of Yu Sheon be reopened and to permit the deposition of the investigator for the failure to produce discovery documents in a timely manner, and also to include reasonable attorney's fees for the filing of this motion;

(4)    That this Court admit at trial and summary judgment, any documents belatedly produced, without the requisite of authentication; and

(5)    That discovery be compelled.

Respectfully submitted,

___/s/_____
S.  Micah Salb, Esq.
Gwenlynn Whittle D'Souza, Esq.
LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

Attorneys for Plaintiff

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 2 -

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

---

ANDREI SMITH

       Plaintiff,

       v.                          Civil Action No. 07 CV 621 (RWR)

CAFÉ ASIA

       Defendant.

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL AND/OR FOR SANCTIONS**

    Plaintiff Andrei Smith, by and through his under-signed counsel, herewith requests that this Court compel Defendant to provide a full response and to award sanctions:

**BACKGROUND**

    Plaintiff Andrei Smith alleges in this case, *inter alia*, that he was discriminated against on the basis of his sexual orientation and sex. *See* <u>Amended Complaint</u> ¶¶39-43, 46-50 . He also contends that he was the victim of assault and battery and negligent supervision. *See* <u>Amended Complaint</u> ¶¶ 44-45, 51-53. Defendant Café Asia is the employer of Andrei Smith. The owner of Café Asia is Yu Sheon.

    The Parties resumed discovery in mid-April 2008, after a hiatus imposed by the Court to allow for Court-ordered mediation. Plaintiff seeks a complete response to its discovery requests.

A.    <u>**Documents Not Produced and Depositions as Sanctions.**</u>

    1.    <u>**Documents Relevant to Bias and Perception**</u>.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

In Request No. 29,[1] Plaintiff requested:

Any and all documents relating to the work schedule of Yu Sheon during the time of Andrei Smith's employment.

Defendant responded:

Defendant incorporates all of its General Objections as though fully stated herein. Defendant further object that Yu Sheon is not a party in this case, and his personal work schedules have no relevance to the issues in this case.

After the January meet and confer, Defendant supplemented its response by stating:

In addition, and subject to its original response, defendant supplements its response to this Request as follows: Defendant is not withholding any relevant, responsive documents on the basis of its objections because Mr. Sheon does not have a written work schedule.

Notably, Defendant fails to respond to the entire scope of the request.  Plaintiff is seeking more than Mr. Sheon's work schedule. Through this request, Plaintiff is seeking documents *related* to his work schedule, including calendars and an audit report (similar to the audit report that Defendant provided for the work schedule of a manager, Kaoru Sawada) for the relevant time period.  Defendant has impermissibly limited the scope of the request to only written work schedules. Plaintiff also asked for audit reports from January through December, 2005, as part of its Second Request of Production of Documents, No. 4.[2]  Defendant objected to producing these documents on the grounds of relevance and that the request was not narrowly tailored.

However, this information is extremely relevant because Defendant alleges that because Yu Sheon is gay, he would not discriminate against Mr. Smith.  However, Mr. Sheon has testified at

---

[1] *See* Plaintiff's First Request for Production of Documents, attached hereto as Exhibit 1 and incorporated herein by reference.

[2] *See* Defendant's Response to Second Request for Production of Documents, attached hereto as Exhibit 2 and incorporated herein by reference.

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

deposition that he was absent from the workplace for up to three weeks at a time because of his relationship with his boyfriend in California.

### 2. <u>Documents Related to Investigation Reports</u>.

In Request for Production Number 13, Plaintiff requested:

Any and all documents related to any investigation conducted by you or your agent, servant and/or employee with regard to Mr. Smith and/or his complaints of discrimination, or any other type of complaint including those regarding mistreatment by co-workers or managerial staff.

The Defendant responded:

Defendant incorporates all of its General Objections as though fully stated herein. Defendant further objects that this demand invades the attorney-client privilege and seeks information protected by the attorney work-product doctrine.

Despite the claim of attorney-client privilege, Defendant has not submitted a privilege log. A privilege log was clearly requested in writing on May 20, 2008. This Court has found that Defendant's failure to submit a privilege log may be deemed a waiver of the privilege. <u>AveryDennison Corp. v. Four Pillars</u>, 190 F.R.D 1 (D.D.C. 1999). Accordingly, the documents claimed to be privileged must be produced.

Moreover, during his deposition on April 29, 2008, Yu Sheon testified that non-privileged investigative reports exist. At deposition, the Defendant initially objected to the line of questioning on the grounds of attorney-client privilege. Plaintiff's counsel insisted that if the Defendant intended to raise the Ellerth/Farragher defense, it must waive the privilege. After continuing a few more questions, Plaintiff discovered that non-privileged investigative reports existed and requested to hold the deposition open to question Mr. Sheon about these reports.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 3 -

After the May 20, 2008, this investigative report was finally produced. However, the Parties have been unable to reach agreement about reopening the deposition. As of June 26, 2008, Defendant stated that it had ordered a copy of the deposition transcript to determine whether Mr. Sheon had answered questions about these reports. However, to Plaintiff counsel's recollection the matter was not concluded at deposition because complete responses were not provided. When Plaintiff's counsel asked about the length of the document, defense counsel advised Mr. Sheon not to speculate about even the length of the report and Plaintiff's counsel stated she would keep the deposition open to follow-up on questions related to the investigative report.

Plaintiff seeks to reopen the deposition pursuant to Rule 37 to question Mr. Sheon about the investigative report, which is highly relevant to this case. The information sought from these deponents is relevant to Mr. Sheon's knowledge about the allegations in the Complaint, which were substantiated by some coworkers of Mr. Smith. It is also relevant to whether the scope of a limited investigation is sufficient to raise a Ellerth/Farragher defense. In addition, Plaintiff is willing to consider holding the deposition of the investigator as a sanction.

### 3. <u>Documents Related to Alter Ego Theory.</u>

In his Second Request for Production of Documents, Mr. Smith requested documents related to the alter ego theory because Mr. Sheon testified that the Defendant restaurant was underfunded to such an extent that it did not pay his salary; that both the Virginia and DC locations have common management and trade name but were separate legal entities; and that he was the owner of both entities. However, Defendant has refused to provided the documents on the grounds that the Plaintiff has not yet established alter ego liability. *See* Defendant's Response to Second Request for

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 4 -

Production of Documents, Exh.2. However, that argument is circular because Plaintiff cannot establish alter ego liability without having the documents requested. Mr. Smith is willing to delay conducting discovery on this issue subject to the Defendant's agreement that such discovery can be had if the Plaintiff is successful at trial.

**B.    Interrogatories Without Complete Response.**

Mr. Smith has worked hard to resolve his discovery disputes with the Defendant. On January 8, 2008, the Parties discussed the Defendant's objection to the number of Mr. Smith's interrogatories based on the Defendant's claim that when sub-parts are included, Mr. Smith has exceeded the allowable number of interrogatories. The Parties also discussed the Defendant's failure to provide contact information for witnesses, but the Parties were unable to reach agreement. The Parties also discussed Defendant's non-responsive answers. On May 20, 2008, the Parties discussed the sub-parts issue again and the lack of signature on Defendant's Answers to Interrogatories. On May 27, 2008, Plaintiff provided Defendant caselaw which demonstrated that all of the interrogatory sub-parts must be answered. On June 10, 2008, Plaintiff reminded Defendant that it must supplement its Answers to Interrogatories based on the investigative report it produced late in discovery.

**1.    Lack of Signature on Interrogatory Responses.**

On May 20, 2008, and June 10, 2008, Plaintiff informed Defendant that the Federal Rules of Civil Procedure require a party to sign its answers to interrogatories and requested that the Defendant do so promptly. On June 26, 2008, the Defendant indicated by email that signed Answers

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

to Interrogatories would be forthcoming, but none have been received to date.  *See* Supplemental

Responses to Interrogatories attached hereto as Exhibit 3.


**2.  Lack of Identification of Persons with Knowledge Relevant to Case.**

On January 8, 2008, Mr. Smith asked the Defendant to identify all persons named in it is

Answers to Interrogatories as requested within its Interrogatories.  Specifically, the Interrogatories

define the words "identify," "identity," or "identifying," when used with reference to a person, to

mean:  (a) furnish the name, sex (if known), sexual orientation (if known), present business address

and telephone numbers; (b) indicate whether or not that person is (or was) an employee of Defendant

and, where applicable, the position held by that person; and (c) furnish the home address if not

presently employed by Defendant.  *See* Plaintiff's First Set of Interrogatories attached as Exhibit 4.

Many of interrogatories use the word identify.  For instance, Interrogatory Number 3 requests

an identification of the people who had the communication and referred to the definition of

"identify" as provided in the Definition Section above.  Specifically it reads as follows:

> INTERROGATORY NO. 3:
> List and describe each and every communication which occurred between or among
> anyone (including but not limited to communications between or among any
> employee,managers, and customers of Café Asia or any other person) which is
> related to any allegation in Plaintiffs Complaint or Defendant's Answer. Include in
> your description an identification of the people who had the communication, the date
> and place of each communication, and the substance of the communication. Please
> note the definition of "communication" and "identify" which has been provided in
> the Definition section above. Identify all documents on which Defendant relies in
> support of its response(s) to this interrogatory pursuant to the Request for Production
> of Documents served herewith.

In Response to the Interrogatory, Defendant in part, stated as follows:

> Response to 3.B (actual interrogatory no.8) (identification of people):
> Defendant incorporates its Response to Interrogatories No. l.A, and 3.A, supra.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

Defendant refers Plaintiff to the witnesses identified in Defendant's Initial Disclosures.

In January 2008, the Defendant objected to providing this information on the grounds that all persons who were named are represented by defense counsel and therefore may not be contacted. This is a specious defense for several reasons. First, the Defendant has supplied no substantiation of this, such as retainer agreements, and Mr. Smith finds the Defendant's position to be both unbelievable and suspicious. Indeed, Mr. Smith's suspicions have been vindicated — on May 20, 2008, in response to a subpoena that Mr. Smith served on defense counsel for one of the listed employees, the Defendant's attorney asserted it does *not* represent some of the employees, thereby contradicting its prior statement. Plaintiff need not be forced to rely on some arbitrary decision of defense counsel about whether or not Defendant will receive subpoenas for witnesses.

Second, this was the very same objection the Defendant made during the course of the deposition of Tint (April) O'Connor — one of the Defendant's employees — and this Court overruled that objection during the deposition.

Third, regardless of whether defense counsel represents any of the Defendant's employees, Plaintiff is entitled to the discovery of information relevant to identity of persons whom Defendant concedes have knowledge regarding this case. As Plaintiff argued during the telephonic hearing during the deposition, the request for this information is particularly reasonable since the Parties entered into a Protective Order to protect the privacy of these individuals.

Finally, the request for this information is consistent with the information regularly required of parties in litigation. The Federal Rules of Civil Procedure require that this type of information, particularly name, address, and phone numbers be provided. F.R.C.P 26. The Defendant failed to provide this information not only in its Interrogatory responses, but also in its its Initial Disclosures.

- 7 -

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

As further evidence of reasonableness, the Court may consider the practices of other courts.

The Model Interrogatories of the Superior Court of the District of Columbia read, in part, as follows:

**(b)** Where the name or identity of a person is requested, please state the full name, home address and business address of that person, if known.

The Definition section of the Standard Interrogatories for the District Court of the District of Maryland reads, in part, as follows:

*Identify (with respect to persons):* When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided.

Therefore, because the request for contact information is reasonable, it must be compelled.

### 3.    <u>Disagreement on Interrogatory Count</u>.

The Parties cannot reach agreement about the Interrogatory Count. On May 27, 2008, Plaintiff provided Defense Counsel a citation to this Court's prior ruling's on this matter, including <u>United States v. Diabetes Treatment Centers Inc.</u>, 235 F.R.D. 521 (D.D.C. 2006); <u>Banks v. Office of Senate Sergeant-At-Arms</u>, 222 F.R.D. 7, 10 (D.D.C. 2004) , which hold that a only a discrete sub-part is counted as a specific interrogatory. This Court has rejected as unfair the "draconian approach of counting every subdivision of an interrogatory as a separate question." <u>Banks v. Office of the Senate Sergeant-at-Arms</u>, 222 F.R.D. 7, 11 (D.D.C.2004).

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

### a.    Information about Documents Which Are the Basis of a Fact.

As to any request regarding the identification of documents, this Court has not addressed this issue on point.  In <u>Banks v. Office of Senate Sergeant-At-Arms</u>, this Court found that where an interrogatory seeks information regarding a certain topic and then requests documents relating to that subject area a demand for a documents that pertain to that event is a distinct demand.

In this case, however, Plaintiff does not demand documents, but solely the identification of documents.  Plaintiff's definition section requires identification to be limited to:

> The term "identify" or "describe" when not referring to a person shall mean, without limitation, to set forth the nature or type of the document (e.g., letter, memorandum, computer diskette, etc.), the author, each addressee and/or recipient, the title, the date of the document or conversation, and the subject of the document or conversation.

This request is no different than any other request related to the basis of knowledge of a fact,  such as the identification of person with knowledge by name, address, or telephone number.

For instance, Interrogatory Number 1 reads as follow:

> Describe in full and not in a summary manner the facts and basis upon which Defendant relies for each and every denial which Defendant asserts in its Answer to Plaintiffs Complaint, including, but not limited to, its assertion that the restaurant named Café Asia is legally named as 1720 Eye Street DC Hospitality, LLC; identify who participated in responding to the Complaint; and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

To which, Café Asia responded as follows:

RESPONSE TO INTERROGATORY NO. 1:

Café Asia objects that this interrogatory is burdensome, oppressive, and calls for a lengthy narrative that is more suited to deposition questions than to written discovery. Café Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and in fact contains at least four separate interrogatories. Without waiving any of these objections, Café Asia responds to each subpart as a separate interrogatory.

Response to 1 .A (actual interrogatory no. 1) ("facts & basis of each & every denial"):
Café Asia denies that it, or any of its employees or agents, sexually harassed, assaulted, or battered Plaintiff, and further denies that it or any of its employees or agents discriminated in any way against Plaintiff because of Plaintiffs sexual orientation.

Response to l.B (actual interrogatory no.2) (Café Asia's legal name):
The Defendant's proper legal name is 1720 Eye Street DC Hospitality, LLC, as confirmed by its business filings. Café Asia docs not know what else Plaintiff is asking.

Response to l.C (actual interrogatory no.3) (who participated in responding to Complaint):
Jeffrey Wertheimer and Anna Kogan, both of Rutan & Tucker, LLP, 611 Anton Blvd., Suite 1400, Costa Mesa, California; Yu Sheon, of Café Asia, who may be contacted through his counsel of record, Mr. Wertheimer, at the address above.

Response to 1.D (actual interrogatory no.4) (identify all supporting documents):
Café Asia restated its general objections, as though fully stated herein. Café Asia further objects that it is not required, in addition to producing documents, to describe each and every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules of Civil Procedure. Defendant further objects that this demand duplicates Plaintiffs extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiffs RFP.

In this case, what the Defendant identifies as four distinct sub-parts to Interrogatory Number 1 are in actuality one single inquiry. There is a general inquiry into the particulars of denials in the Answer to Complaint, which includes the denial about the name of Café Asia and the basis of knowledge as to each denial. This interrogatory is reasonable in that it is similar in format to the Standard Interrogatories for Employment Cases in the State of California, attached hereto as Exhibit 5. For example, Standard Interrogatory No. 200.1 reads:

Do you contend that the **EMPLOYMENT** relationship was at "at will"? If so:
(a) state all facts upon which you base this
(b) state the name, **ADDRESS,** and telephone number of each **PERSON** who has knowledge of those facts; and
(c) identify all **DOCUMENTS** that support your

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 10 -

contention.

This interrogatory is completely separate from any request for production of documents.[3] Therefore, the information requested in Interrogatory 1, about identification of documents by the author of the document, title, and date of the document is permissible. For instance, when Plaintiff denies that its proper name is not Café Asia, it refers to a business filing. However, it fails to identify the business filing by author, title or date of the document.

Moreover, Defendant has responded by electing to produce a document in response to an interrogatory, pursuant Federal Rule of Civil Procedure 33(d), without providing specific information about the location of the record. However, in actuality, it has produced no such document. Additionally, it has not provided specifics about the location of the record.

  b. <u>Related Parts</u>.

Plaintiff contends many interrogatories have related parts, which are not separate or discrete. Defendant disagrees:

For instance, in Interrogatory Number 5 requested the particulars about job duties. The interrogatory reads as follows:

> List and describe with particularity and in detail, all of Plaintiff's job duties and responsibilities for Defendant and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith. If you contend that the Mr. Smith's job duties included the preparation of food, please identify any training Mr. Smith received. Identify all documents on which Defendant relies in support of its

---

[3]Specifically, in Document Request Number 2, Plaintiff requested production of the document referenced in any interrogatory response. *See* Plaintiff's First Request for Production of Documents, Exh. 1, and Defendant's Supplemental Response to First Request for Productions of Documents attached hereto as Exhibit 6. This Court may also compel the business filing referenced because of a failure to provide it as part of response to Document Request Number 2.

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 11 -

response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

Defendant supplemented is responses, in relevant part, as follows:

Café Asia incorporates by reference all of its general objections, and specifically objects that this interrogatory calls for a narrative response that is more suited to deposition questions than to written discovery. Café Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and in fact contains at least four separate interrogatories. Café Asia responds to each subpart as a separate interrogatory.

In addition, and subject to its original responses. Defendant supplements its response to this Interrogatory as follows:

Supplemental Response to 5.A (actual interrogatory no. 12) (Plaintiff's job duties): Plaintiffs job duties included: taking orders; serving food; answering the phone; taking reservations; seating people; processing payments (as a cashier); taking and occasionally assembling and packaging carry-out orders; assembling one sampler platter (called Nasi Uduk) which required no cooking.

Supplemental Response to 5.B (actual interrogatory no. 13) (identify all documents): Café Asia restates its general objections, and specifically objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary. and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

Supplemental Response to 5.C (actual interrogatory no. 14) (training for food preparation):
All waiters at Café Asia, including Plaintiff, were required to assemble one particular dish, a sampler platter called Nasi Uduk. All waiters, including Mr. Smith, received two weeks of kitchen training, during which time they were shown how to assemble this one simple dish.

Supplemental Response to 5.D (actual interrogatory no. 15) (identify all documents): Café Asia objects that this interrogatory is duplicative of many other interrogatories and document demands, including this very interrogatory. Café Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiffs extensive Request for Production of Documents. Without

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiffs RFP.

The Parties could not agree that the particulars about job duties would include training for food preparation.  The Parties could not agree that the particulars about identifying all documents would include identifying all documents.

Similarly, in Interrogatory Number 6, Plaintiff requested the particulars about job performance.  The request includes a description of the procedures used to evaluate performance, an identification of facts on which a person was evaluated, an identification of any person who evaluated performance, the role such person played, and any resulting acting taken, including, discipline, or pay change.

In Interrogatory Number 7, Plaintiff requested the particulars about complaints, grievances, or charges.  The Defendant makes the baseless claim that "complaints, grievances, or charges" are not of a "common theme" or "logically related" and therefore comprise more than one interrogatory.  Defendant's calculation of sub-parts, particularly as to this interrogatory, is Draconian.

### 3. <u>Non-Responsive Answers</u>.

Defendant has failed to provide responsive answers.  For instance, Interrogatory Number 2 reads as follows:

> Describe in full, and not in a summary manner, the facts and basis upon which Defendant relies for any asserted affirmative defenses; and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

In response, Café Asia stated, in relevant part:

> Response to 2.A factual interrogatory no.5) (facts & basis supporting any asserted affirmative defenses):

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 13 -

Defendant hereby incorporates by reference its Response to Interrogatory No. 1.A, supra. Café Asia asserts its general objections, and further objects that discovery is just beginning, and it does not have all the information responsive to this interrogatory in its possession at this moment. Further evidence substantiating those affirmative defenses will be disclosed in due course.

Although the Parties met and conferred about this deficient response in January 2008, no further response about affirmative defenses has been provided to date. Defendant has not produced an evidence in support of any affirmative defense.

Similarly, in Interrogatory Number 8, Plaintiff requested the particulars of event related to Plaintiff's employment, including the taking of videos by Mr. Ramos or Mr. Bakar. While Defendant subsequently produced an investigation report which details information about the taking of videos by Mr. Ramos, Defendant has not provided a supplement to this Answer to Interrogatory. Defendant must be compelled to supplement this Interrogatory.

In Interrogatory Number 9, Plaintiff requested the particulars of all investigation and/or inquiries conducted regarding the Plaintiff's complaints. While Defendant subsequently produced an investigative report which details a complaint made by the Plaintiff to Elis Triany, Defendant has not provided a supplement to this Answer to Interrogatory. Defendant must be compelled to supplement this Interrogatory with regards to information about complaints made by the Plaintiff.

## EFFORTS TO RESOLVE THIS DISPUTE

Plaintiff has attempted to resolve this matter in good faith with the Defendant. On December 21, 2007, Plaintiff's counsel advised Defendant of its deficient responses. Plaintiff specifically stated:

As to the document production, your responses consist mainly of vague agreements to provide limited documents at a later date. 1, 2, 3, 9, 10, 11, 14, 16, 17, 26, 27, since the submission of your response nearly three weeks ago, although production was clearly agreed. As to the requests for documents 4, 5, and 6 a confidential order

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

is in effect and governs over any employee's interest in privacy. As to request no. 18, we specifically are seeking any and all videotapes of Mr. Smith and any and all videotapes of any employee touching another employee, which are relevant to Mr. Smith's allegations of Abu Bakar's videotaping of employees touching other employees. As to request no. 29, you have not submitted any response.

As to your Answer to Interrogatories, you did not provide any contact information for any of the persons listed. Please note that we specifically requested home addresses and telephone numbers, which are subject to the Protective Order in place.

We note your repeated objection that the Interrogatories are compound or in excess of the Federal Rules of Civil Procedure. However, that objection is not valid. The Federal Rules do provide that an interrogatory may contain sub-parts that are related. Both interrogatory number 7 and 12 address complaints of discrimination and/or retaliation by other employees. This request is within the permissible number of interrogatories allowed, even by Defendant's count. The interrogatory is not complex, but rather specific in identifying agencies to which reports may have been made. The interrogatory is not unduly burdensome or oppressive, even if Defendant were to have a longstanding history of employees who filed complaints since the information requested is related to the treatment of Plaintiff compared to others who may or may not be of the same sex or sexual orientation. It is clearly relevant to any pattern or practice of discrimination.

Because of the holidays, Plaintiff consented to Defense counsel's request for a meet and confer teleconference on January 8, 2008. Defendant agreed to produce documents in response to document requests 1, 2, 3, 9, 10, 11, 14, 16, 17, 26, and 27. Defendant, however, refused to produce documents in responses to requests numbers 4, 5, 6, 18, and 29, although Plaintiff explained the relevancy of the requests.

As to the answers to interrogatories, Defendant agreed to provide the contact information for only non-employees, but not for any of the employees, claiming they were all clients and could be contacted through counsel. Plaintiff, however, continued to request all the contact information.

Although the Parties agreed that the Defendant need not respond to more interrogatories than the Rules allow, the Parties did not reached agreement as to which, if any, of Plaintiff's interrogatories contained discrete sub-parts such that they would be separately counted. Defendant,

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

after review of caselaw, decided Interrogatory Number 3, was not five separate interrogatories. By January 29, 2008, Judge Roberts suspended discovery and requested that the Parties complete 60 days of mediation.

On April 29, 2008, Plaintiff held the deposition of Yu Sheon, during which it was determined that Defendant withheld an investigative report, which was responsive to Document Request No. 13.  On April 29, 2008, counsel for Defendant requested the report verbally and by e-mail.

Although Plaintiff's counsel requested a meet and confer numerous times in the days that followed, when Defense counsel finally responded, she requested a teleconference on May 20, 2008.  On May 20, 2008, Defense counsel contended, in bad faith, that although the conference date was set at her request, since the California Rules required discovery disputes be filed within 30 days that Plaintiff was too late to bring this dispute to this Court's attention.  On May 20, 2008, Plaintiff's counsel requested a privilege log be produced and for Defendant to confirm that its response about additional sub-parts.  During the teleconference, Defense counsel stated it was unable to respond to the request for confirmation. On May 20, 2008, Defense counsel indicated that it would provide a copy of the documents related to the investigation report.  On June 18, 2008, the Parties met and conferred again.  A summary of the conversation is included in the Letter of Gwenlynn Whittle D'Souza to Anna Kogan dated June 20, 2008, which is attached as Exhibit 7.  On June 26, 2008, Defense Counsel by e-mail again said that it could not respond to the June 20, 2008 letter in full, but would review the matter further.  However, no further response was received to date.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 16 -

**D.**     **CONCLUSION**.

For these reasons, Plaintiff requests that the Motion to Compel And/Or for Sanctions be granted and that the information requested be compelled and for sanctions as appropriate.

Respectfully submitted,


_____/s/_____
S. Micah Salb, Esq.
Gwenlynn Whittle D'Souza, Esq.
LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland  20814

Counsel for Plaintiff

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

---

ANDREI SMITH

            **PLAINTIFF**

            v.

CAFÉ ASIA

            **DEFENDANT.**

Civil Action No.: 0001488-07

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Andrei Smith, by and through his under-signed counsel, herewith propounds, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the following requests for production of documents, to be answered separately, in writing, and under oath. Plaintiff further requests that Defendant produce for inspection and copying all of the documents identified and described herein that are in Defendant's possession, custody, or control, including documents in the possession of its Counsel, its agents, or any of its employees.

A.    **Definitions**.

In order to facilitate Defendant's responses, the following terms are defined:

(1)    As used herein, the term "documents" shall mean or refer to all written, typed, printed, recorded, or graphic matter of any kind, however produced or reproduced, including originals, copies, and preliminary or final drafts thereof.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

(2)    The term "documents" refers to items whether or not claimed to be privileged against discovery on any grounds.

(3)    The term "documents" includes, but is not limited to, writings, contracts, emails, certificates, agreements, letters, correspondence, telegraphs, mailgrams, telexes, telecopies, messages, bulletins, notices, notes, memoranda, reports, studies, analyses, charts, graphs, statements, transcripts of testimony, affidavits, interviews, notebooks, resumes, diaries, logs, meeting notes, staff meeting notes, minutes or any other minutes, calendars, appointment books, desk pads, forms, pamphlets, books, records, manuals, work papers, worksheets, receipts, photographs, microfilm, microfiche, films, videotapes, visual records, tape or voice records, computer printouts or diskette- or hard-drive- or magnetic-tape-based recordings, drawings, and all other writings or documentary materials, whether on paper or magnetic media.

(4)    The term "documents" shall also mean exact copies or reproductions of all of the foregoing items upon which notations in writing, print, or otherwise have been made which do not appear in the originals, and such copies shall be deemed separate Documents within this definition.

(5)    The term "communication" shall mean, without limitation, any oral, written, or electronic transmission of information, demand, or question, including, but not limited to, conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, writings, letters, messages, notes, or memorandum.

(6)    The term "identify" or "describe" shall mean, without limitation, to set forth the nature or type of the document (e.g., letter, memorandum, computer diskette, etc.), the author, each addressee and/or recipient, the title, the date of the document or conversation, and the

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

subject of the document or conversation, or, if referring to a person, state the person's full name, full present address, and telephone number.

(7)     The term "employee" shall mean broadly any agent of Defendant who is compensated for his or her services to or for Defendant, either directly or through one or more intermediaries, brokers, or services, notwithstanding such person's technical status as an employee, independent contractor, or any other status.

(8)     The term "Plaintiff" shall mean Andrei Smith.

(9)     **The term "Defendant" shall mean Café Asia, 1720 Eye Street DC Hospitality, LLC , and/or its agent(s).**

(10)    **The term "you" shall mean Café Asia, 1720 Eye Street DC Hospitality, LLC, and/or its agent(s).**

B.      **Instructions.**

(1)     To the extent that you consider any of the following requests objectionable, respond to each part thereof as is not objectionable in your view, and separately identify that part of the document request that you find objectionable and state the grounds for each such objection.

(2)     If you assert that any document responsive to any of the following requests are protected by any privilege, please individually identify each document or category of documents by date, subject, author(s), recipient(s), and number of pages, and state the basis for your assertion of privilege and the names of all persons to whom copies of any part of the documents were furnished or shown, together with the identity of their employer(s) and their job titles.

- 3 -

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

(3)     If the documents requested herein are known by the Defendant to exist, but are not in the possession of Defendant, Defendant should so indicate and list and describe such individual or organization which possesses such documents.  Similarly, if any document(s) are lost, mutilated, or destroyed, so state and list and describe such document(s).

(4)     These document requests are to be continuing in character pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.  At such time as you receive information that makes a prior answer incomplete, inaccurate, or misleading, a supplementary answer is required.

(5)     Where exact information cannot be furnished, estimated information is to be supplied to the extent possible.  Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made and the reason(s) exact information cannot be furnished.

(6)     <u>The document request shall be for the calendar years 1997 through the present, unless otherwise specified</u>.

(7)     In construing these document requests:

(a)     References to the singular shall include the plural (and vice-versa) and references to one gender shall include the masculine, feminine, and neuter.

(b)     The terms "and" and "or," and the terms "any" and "all," shall be interchangeable as necessary to call for the broadest possible response.

©     The use of any verb tense shall be considered to include within its meaning all other tenses of the verb so used.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 4 -

**Plaintiff reminds Defendant to review the instructions**
**and Definitions preceding these Document Requests**

**Documents To Be Produced**

1.      Any and all documents upon which Defendant relied in Answering Plaintiff's Complaint.

2.      Any and all documents upon which Defendant relies in responding to Plaintiff's First Set of Interrogatories, filed herewith, unless such documents are provided pursuant to some other request contained in this Plaintiff's First Request for Production of Documents.  <u>All documents provided pursuant to this request must be segregated by or labeled with the interrogatory to which each such document is related</u>.

3.      Any and all documents which refer or relate to Andrei Smith's employment history or experience with Defendant, including but not limited to personnel records and/or files, performance reviews, job descriptions, application records, change of status forms, complaint forms and/or reports by Plaintiff, documents related to his hiring, and documents related to the termination of his employment.

4.      Any and all documents which refer or relate to Abu Bakar's employment history or experience with Defendant, including but not limited to personnel records, performance reviews, job descriptions, application records, change of status forms, documents related to his

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 5 -

hiring, documents related to his position as kitchen manager, any complaints against him, and documents related to the termination of his employment.

5.      Any and all documents which refer or relate to Elis Triany's employment history or experience with Defendant, including but not limited to personnel records, performance reviews, job descriptions, application records, change of status forms, documents related to her hiring, documents related to her position as kitchen manager, any complaint against her, and documents related to the termination of her employment.

6.      Any and all documents which refer or relate to all of Andrei Smith's supervisors' employment histories or experience with Defendant, including but not limited to personnel records, performance reviews, job descriptions, application records, and change of status forms, documents related to his/her hiring, and documents related to the termination of his/her employment.

7.      Each and every work schedule created during the time of Mr. Smith's employment with Café Asia.

8.      All electronic files created by any software used to create employee work schedules during the time of Mr. Smith's employment with Café Asia, including electronic files delivered to locations other than the work place of Mr. Smith.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

9.     Any and all documents which refer or relate to any complaint about Plaintiff.


10.     Any and all documents which refer or relate to any purported deficiency in

Plaintiff's job performance or conduct or attitude.


11.     All versions of the Employee Handbook in effect at any time during Mr. Smith's

tenure with Café Asia.


12.     Any and all documents related to any complaint, internal grievance, or charge,

whether formal or informal, alleging discrimination, disparate treatment, or harassment on the

basis of race, religion, color, national origin, or gender, or retaliation for filing any such

complaint, internal grievance, or charge, filed against Café Asia located in the District of

Columbia, or filed against any other locations of Café Asia from 1997 until the present.

Documents provided pursuant to this Request should include, but are not limited to, those filed

with or received from:

a.     Defendant's Office of Personnel, office of Equal Employment
Opportunity, or any other office within Defendant's organization;

b.     any state or federal human rights organization, such as the District of
Columbia Office of Human Rights;

c.     the Equal Employment Opportunity Commission;

d.     any union representing such employees;

e.     any court of the District of Columbia; or

f.     any federal court.

Lippman, Semsker & Saib, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

13.    Any and all documents related to any investigation conducted by you or your

agent, servant and/or employee with regard to Mr. Smith and/or his complaints of discrimination,

or any other type of complaint including those regarding mistreatment by co-workers or

managerial staff.

14.    Any and all correspondence including email correspondence, between or among

Defendant and/or Defendant's agent, servant and/or employees and any other person which refers

or relates to Mr. Smith.

15.    Any and all correspondence including email correspondence, between or among

Defendant and/or Defendant's agent(s) and/or and any other person which refers or relates to any

of Mr. Smith's supervisor's or co-workers from November 2005 until September 2006.

16.    Any and all video tapes, audio tapes or other security recordings that involve Mr.

Smith, including, but not limited to the tape of Mr. Ramos identified in Defendant's Answer to

Complaint.

17.    Any and all video tapes, audio tapes or other security recordings that involve any

sexual conduct at Café Asia.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 8 -

18.    Any and all video tapes recordings from Abu Bakar's cell phone from January 2007 through September 2007.

19.    All documents which indicate the ownership of Café Asia located in the District of Columbia.

20.    Any and all documents which Defendant intends to or may introduce as an exhibit at trial.

21.    Any and all documents which refer or relate to the statement(s) of person(s) with knowledge of the matters raised in Plaintiff's Complaint, including expert witnesses, whether or not Defendant expects to call such person(s) at trial.

22.    Any and all documents related to any expert witness who Defendant has consulted with in connection with this litigation.  In this respect, Plaintiff requests that Defendant provide all documents required by Rule 26(b)(4) of the Federal Rules of Civil Procedure.

23.    Any and all documents related to any statement and/or documents in any form obtained by or in the possession or control of Defendant, its agents, or any other employee of the Defendant regarding any of the allegations set forth in Plaintiff's Complaint and/or your Answer thereto, regardless of whether such statement or document was obtained prior to, at the time of, or subsequent to the relevant event or happening alleged in the Complaint.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 9 -

24.    Any and all documents procured by subpoena.

25.    Any and all documents which set forth the organizational structure of Café Asia.

26.    Any and all documents which set forth the formal process for an employee to report a grievance or complaint he/she may feel warrants further investigation.

27.    Any and all documents related to any anti-discrimination or anti-harassment training offered to employees and/or managers at the Café Asia location in Washington, DC.

28.    Any and all requests by Andrei Smith for Café Asia to preserve evidence, including recordings, related to his harassment complaint.

29.    Any and all documents relating to the work schedule of Yu Sheon during the time of Andrei Smith's employment.

It is requested that the aforesaid Documents be produced at the offices of LIPPMAN, SEMSKER & SALB, LLC, 7700 Old Georgetown Road, Suite 500, Bethesda, Maryland, 20814, within such time as is permitted by the Federal Rules of Civil Procedure.

Respectfully submitted,

- 10 -

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

S. Micah Salb, Esq.
Gwenlynn Whittle D'Souza, Esq.
LIPPMAN, SEMSKER & SALB, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, Maryland, 20814
(301) 656-6905
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered by email and pre-paid first class U.S. Mail this 26th day of October, 2007, to:

William Ihrke, Esq.
Jeffrey Wertheimer, Esq.
Anna Kogan, Esq.
Rutan & Tucker, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626

Gwenlynn Whittle D'Souza, Esq.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 11 -

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

ANDREI SMITH

          PLAINTIFF

          v.                       Civil Action No.: 0001488-07

CAFÉ ASIA

          DEFENDANT.

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Andrei Smith, by and through his under-signed counsel, herewith propounds, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the following requests for production of documents, to be answered separately, in writing, and under oath. Plaintiff further requests that Defendant produce for inspection and copying all of the documents identified and described herein that are in Defendant's possession, custody, or control, including documents in the possession of its Counsel, its agents, or any of its employees.

### A.    <u>Definitions</u>.

In order to facilitate Defendant's responses, the following terms are defined:

(1)    As used herein, the term "documents" shall mean or refer to all written, typed, printed, recorded, or graphic matter of any kind, however produced or reproduced, including originals, copies, and preliminary or final drafts thereof.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

(2)    The term "documents" refers to items whether or not claimed to be privileged against discovery on any grounds.

(3)    The term "documents" includes, but is not limited to, writings, contracts, emails, certificates, agreements, letters, correspondence, telegraphs, mailgrams, telexes, telecopies, messages, bulletins, notices, notes, memoranda, reports, studies, analyses, charts, graphs, statements, transcripts of testimony, affidavits, interviews, notebooks, resumes, diaries, logs, meeting notes, staff meeting notes, minutes or any other minutes, calendars, appointment books, desk pads, forms, pamphlets, books, records, manuals, work papers, worksheets, receipts, photographs, microfilm, microfiche, films, videotapes, visual records, tape or voice records, computer printouts or diskette- or hard-drive- or magnetic-tape-based recordings, drawings, and all other writings or documentary materials, whether on paper or magnetic media.

(4)    The term "documents" shall also mean exact copies or reproductions of all of the foregoing items upon which notations in writing, print, or otherwise have been made which do not appear in the originals, and such copies shall be deemed separate Documents within this definition.

(5)    The term "communication" shall mean, without limitation, any oral, written, or electronic transmission of information, demand, or question, including, but not limited to, conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, writings, letters, messages, notes, or memorandum.

(6)    The term "identify" or "describe" shall mean, without limitation, to set forth the nature or type of the document (e.g., letter, memorandum, computer diskette, etc.), the author, each addressee and/or recipient, the title, the date of the document or conversation, and the

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

subject of the document or conversation, or, if referring to a person, state the person's full name, full present address, and telephone number.

(7)    The term "employee" shall mean broadly any agent of Defendant who is compensated for his or her services to or for Defendant, either directly or through one or more intermediaries, brokers, or services, notwithstanding such person's technical status as an employee, independent contractor, or any other status.

(8)    The term "Plaintiff" shall mean Andrei Smith.

(9)    **The term "Defendant" shall mean Café Asia,  1720 Eye Street DC Hospitality, LLC , and/or its agent(s).**

(10)    **The term "you" shall mean  Café Asia,  1720 Eye Street DC Hospitality, LLC, and/or its agent(s).**


B.    **Instructions.**

(1)    To the extent that you consider any of the following requests objectionable, respond to each part thereof as is not objectionable in your view, and separately identify that part of the document request that you find objectionable and state the grounds for each such objection.

(2)    If you assert that any document responsive to any of the following requests are protected by any privilege, please individually identify each document or category of documents by date, subject, author(s), recipient(s), and number of pages, and state the basis for your assertion of privilege and the names of all persons to whom copies of any part of the documents were furnished or shown, together with the identity of their employer(s) and their job titles.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 3 -

(3)     If the documents requested herein are known by the Defendant to exist, but are not in the possession of Defendant, Defendant should so indicate and list and describe such individual or organization which possesses such documents.  Similarly, if any document(s) are lost, mutilated, or destroyed, so state and list and describe such document(s).

(4)     These document requests are to be continuing in character pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.  At such time as you receive information that makes a prior answer incomplete, inaccurate, or misleading, a supplementary answer is required.

(5)     Where exact information cannot be furnished, estimated information is to be supplied to the extent possible.  Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made and the reason(s) exact information cannot be furnished.

(6)     <u>The document request shall be for the calendar years 1997 through the present, unless otherwise specified</u>.

(7)     In construing these document requests:

(a)     References to the singular shall include the plural (and vice-versa) and references to one gender shall include the masculine, feminine, and neuter.

(b)     The terms "and" and "or," and the terms "any" and "all," shall be interchangeable as necessary to call for the broadest possible response.

©     The use of any verb tense shall be considered to include within its meaning all other tenses of the verb so used.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 4 -

**Plaintiff reminds Defendant to review the instructions
and Definitions preceding these Document Requests**

## Documents To Be Produced

1.      Any and all documents upon which Defendant relied in Answering Plaintiff's

Complaint.

2.      Any and all documents upon which Defendant relies in responding to Plaintiff's

First Set of Interrogatories, filed herewith, unless such documents are provided pursuant to some

other request contained in this Plaintiff's First Request for Production of Documents.  <u>All</u>

<u>documents provided pursuant to this request must be segregated by or labeled with the</u>

<u>interrogatory to which each such document is related</u>.

3.      Any and all documents which refer or relate to Andrei Smith's employment

history or experience with Defendant, including but not limited to personnel records and/or files,

performance reviews, job descriptions, application records, change of status forms, complaint

forms and/or reports by Plaintiff, documents related to his hiring, and documents related to the

termination of his employment.

4.      Any and all documents which refer or relate to Abu Bakar's employment history

or experience with Defendant, including but not limited to personnel records, performance

reviews, job descriptions, application records, change of status forms, documents related to his

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 5 -

hiring, documents related to his position as kitchen manager, any complaints against him, and documents related to the termination of his employment.

5.    Any and all documents which refer or relate to Elis Triany's employment history or experience with Defendant, including but not limited to personnel records, performance reviews, job descriptions, application records, change of status forms, documents related to her hiring, documents related to her position as kitchen manager, any complaint against her, and documents related to the termination of her employment.

6.    Any and all documents which refer or relate to all of Andrei Smith's supervisors' employment histories or experience with Defendant, including but not limited to personnel records, performance reviews, job descriptions, application records, and change of status forms, documents related to his/her hiring, and documents related to the termination of his/her employment.

7.    Each and every work schedule created during the time of Mr. Smith's employment with Café Asia.

8.    All electronic files created by any software used to create employee work schedules during the time of Mr. Smith's employment with Café Asia, including electronic files delivered to locations other than the work place of Mr. Smith.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 6 -

9.    Any and all documents which refer or relate to any complaint about Plaintiff.

10.    Any and all documents which refer or relate to any purported deficiency in Plaintiff's job performance or conduct or attitude.

11.    All versions of the Employee Handbook in effect at any time during Mr. Smith's tenure with Café Asia.

12.    Any and all documents related to any complaint, internal grievance, or charge, whether formal or informal, alleging discrimination, disparate treatment, or harassment on the basis of race, religion, color, national origin, or gender, or retaliation for filing any such complaint, internal grievance, or charge, filed against Café Asia located in the District of Columbia, or filed against any other locations of Café Asia from 1997 until the present. Documents provided pursuant to this Request should include, but are not limited to, those filed with or received from:

> a.    Defendant's Office of Personnel, office of Equal Employment Opportunity, or any other office within Defendant's organization;
>
> b.    any state or federal human rights organization, such as the District of Columbia Office of Human Rights;
>
> c.    the Equal Employment Opportunity Commission;
>
> d.    any union representing such employees;
>
> e.    any court of the District of Columbia; or
>
> f.    any federal court.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 7 -

13.    Any and all documents related to any investigation conducted by you or your agent, servant and/or employee with regard to Mr. Smith and/or his complaints of discrimination, or any other type of complaint including those regarding mistreatment by co-workers or managerial staff.

14.    Any and all correspondence including email correspondence, between or among Defendant and/or Defendant's agent, servant and/or employees and any other person which refers or relates to Mr. Smith.

15.    Any and all correspondence including email correspondence, between or among Defendant and/or Defendant's agent(s) and/or and any other person which refers or relates to any of Mr. Smith's supervisor's or co-workers from November 2005 until September 2006.

16.    Any and all video tapes, audio tapes or other security recordings that involve Mr. Smith, including, but not limited to the tape of Mr. Ramos identified in Defendant's Answer to Complaint.

17.    Any and all video tapes, audio tapes or other security recordings that involve any sexual conduct at Café Asia.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 8 -

18.     Any and all video tapes recordings from Abu Bakar's cell phone from January 2007 through September 2007.

19.     All documents which indicate the ownership of Café Asia located in the District of Columbia.

20.     Any and all documents which Defendant intends to or may introduce as an exhibit at trial.

21.     Any and all documents which refer or relate to the statement(s) of person(s) with knowledge of the matters raised in Plaintiff's Complaint, including expert witnesses, whether or not Defendant expects to call such person(s) at trial.

22.     Any and all documents related to any expert witness who Defendant has consulted with in connection with this litigation.  In this respect, Plaintiff requests that Defendant provide all documents required by Rule 26(b)(4) of the Federal Rules of Civil Procedure.

23.     Any and all documents related to any statement and/or documents in any form obtained by or in the possession or control of Defendant, its agents, or any other employee of the Defendant regarding any of the allegations set forth in Plaintiff's Complaint and/or your Answer thereto, regardless of whether such statement or document was obtained prior to, at the time of, or subsequent to the relevant event or happening alleged in the Complaint.

- 9 -

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

24.     Any and all documents procured by subpoena.

25.     Any and all documents which set forth the organizational structure of Café Asia.

26.     Any and all documents which set forth the formal process for an employee to report a grievance or complaint he/she may feel warrants further investigation.

27.     Any and all documents related to any anti-discrimination or anti-harassment training offered to employees and/or managers at the Café Asia location in Washington, DC.

28.     Any and all requests by Andrei Smith for Café Asia to preserve evidence, including recordings, related to his harassment complaint.

29.     Any and all documents relating to the work schedule of Yu Sheon during the time of Andrei Smith's employment.

It is requested that the aforesaid Documents be produced at the offices of LIPPMAN, SEMSKER & SALB, LLC, 7700 Old Georgetown Road, Suite 500, Bethesda, Maryland, 20814, within such time as is permitted by the Federal Rules of Civil Procedure.

Respectfully submitted,

- 10 -

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

_____
S. Micah Salb, Esq.
Gwenlynn Whittle D'Souza, Esq.
LIPPMAN, SEMSKER & SALB, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, Maryland, 20814
(301) 656-6905
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered by email and pre-paid first class U.S. Mail this 26th day of October, 2007, to:

William Ihrke, Esq.
Jeffrey Wertheimer, Esq.
Anna Kogan, Esq.
Rutan & Tucker, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626

_____
Gwenlynn Whittle D'Souza, Esq.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREI SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07cv621 (RWR/JMF) |
| ) | |
| CAFÉ ASIA, ) | |
| ) | |
| Defendant. ) | |

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

Defendant Cafe Asia hereby provides the following supplemental responses to Plaintiff Andrei Smith's ("Plaintiff") First Set of Interrogatories. In addition, subject to, and without waiver of, its original responses and objections, Defendant supplements its responses as follows:

## INTERROGATORIES AND SUPPLEMENTAL RESPONSES THERETO

## INTERROGATORY NO. 3:

List and describe each and every communication which occurred between or among anyone (including but not limited to communications between or among any employee, managers, and customers of Café Asia or any other person) which is related to any allegation in Plaintiff's Complaint or Defendant's Answer. Include in your description an identification of the people who had the communication, the date and place of each communication, and the substance of the communication. Please note the definition of "communication" and "identify" which has been provided in the Definition section above. Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

**RESPONSE TO INTERROGATORY NO. 3**:

Cafe Asia objects that this interrogatory is extremely burdensome, oppressive, and calls for a lengthy narrative response. This line of questioning is far more suited to a deposition than to written discovery at the inception of a case. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and in fact contains at least five separate interrogatories. Cafe Asia responds to each subpart as a separate interrogatory.

Response to 3.A (actual interrogatory no.7) (list & describe each and every communication):

Please see Response to Interrogatory No. 1.A, *supra*. Defendant is not aware of each and every communication that occurred between or among anyone that relates to this action. Defendant cannot even attempt to create such a listing. This interrogatory is very overbroad, and cannot be coherently answered.

Response to 3.B (actual interrogatory no.8) (identification of people):

Defendant incorporates its Response to Interrogatories No. 1.A, and 3.A, *supra*. Defendant refers Plaintiff to the witnesses identified in Defendant's Initial Disclosures.

Response to 3.C (actual interrogatory no.9) (date and place of each communication)

Defendant incorporates its Response to Interrogatory No. 1.A and 3.A, *supra*. This interrogatory is burdensome and oppressive. Defendant does not know when (or if) all the people identified on the witness list spoke to each other.

Response to 3.D (actual interrogatory no.10) (substance of each communication)

Defendant incorporates its Response to Interrogatory No. 1.A, 3.A, and 3.C *supra*. Cafe Asia restates its general objections, and specifically objects that this interrogatory is burdensome and oppressive. Defendant does not know the substance of each and every communication between all the people who ever discussed topics relevant to Plaintiff's lawsuit.

Response to 3.E (actual interrogatory no. 11) (identify all documents):

Cafe Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:

In addition, and subject to its original responses, Defendant supplements its response to these interrogatories as follows:

Supplemental Response to 3.A (actual interrogatory no. 7) (list & describe each and every communication):

Please see Response to Interrogatory No. 1.A, *supra*. Defendant is not aware of each and every communication that occurred between or among anyone that relates to this action. Defendant cannot even attempt to create such a listing. This interrogatory is very overbroad, and cannot be coherently answered.

Former Response No. 3.B (identification of people):

Defendant incorporates its Response to Interrogatories No. 1.A, and 3.A, *supra*. Defendant refers Plaintiff to the witnesses identified in Defendant's Initial Disclosures.

Former Response No. 3.C (date and place of each communication)

Defendant incorporates its Response to Interrogatory No. 1.A and 3.A, *supra*. This interrogatory is burdensome and oppressive. Defendant does not know when (or if) all the people identified on the witness list spoke to each other.

Former Response No. 3.D (substance of each communication)

Defendant incorporates its Response to Interrogatory No. 1.A, 3.A, and 3.C *supra*. Cafe Asia restates its general objections, and specifically objects that this interrogatory is burdensome and oppressive. Defendant does not know the substance of each and every communication

between all the people who ever discussed topics relevant to Plaintiff's lawsuit.

Supplemental Response to 3.E (actual interrogatory no. 8) (identify all documents):

Cafe Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

**INTERROGATORY NO. 4:**

Identify any person who claims to have viewed any audio or visual images presented by Andrei Smith and the describe the nature of those images; state whether each person identified had any sexual contact with Andrei Smith, including grabbing his crotch, buttocks, and nipples. Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

**RESPONSE TO INTERROGATORY NO. 4:**

Cafe Asia objects that this interrogatory is burdensome, oppressive, and overbroad. Cafe Asia further objects that this interrogatory calls for a lengthy narrative response, that is most suited to deposition questions than to written discovery. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and in fact contains at least three separate interrogatories. Cafe Asia responds to each subpart as a separate interrogatory.

Response to 4.A (actual interrogatory no. 12) (identify persons who viewed images):

Defendant cannot possible identify every person that viewed the pornographic images on Plaintiff's cell phone. Please see Defendant's Initial Disclosures for a partial listing of such individuals. In addition to those individuals, Defendant identifies Patrick Youngmisuk and Samantha Tangchaiburana, both of whom may be contacted through Cafe Asia's counsel of record.

Response to 4.B (actual interrogatory no. 13) (sexual contact with Andrei):

Defendant objects that this interrogatory invades numerous third parties' rights to privacy, and seeks to impose burdens on Cafe Asia that far exceed the requirements of the Rules. Cafe Asia is not required to interrogate each and every one of its employees (and guests) about their sexual contact with Plaintiff. Plaintiff is in a far better position than Defendant to know who he has had sexual contact with. This interrogatory is overbroad and improper.

Response to 4.C (actual interrogatory no. 14) (identify all documents ):

Cafe Asia restates its general objections as though fully set forth herein. Cafe Asia further objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

In addition, and subject to its original responses, Defendant supplements its response to this Interrogatory as follows:

Supplemental Response to 4.A (actual interrogatory no. 9) (identify persons who viewed images):

Defendant cannot possible identify every person that viewed the pornographic images on Plaintiff's cell phone. Please see Defendant's Initial Disclosures for a partial listing of such individuals. In addition to those individuals, Defendant identifies Patrick Youngmisuk (240) 350-8700 and Samantha Tangchaiburana (301) 758-9683.

Supplemental Response to 4.B (actual interrogatory no. 10) (sexual contact with Andrei):

Defendant objects that this interrogatory invades numerous third parties' rights to

privacy, and seeks to impose burdens on Cafe Asia that far exceed the requirements of the Rules. Cafe Asia is not required to interrogate each and every one of its employees (and guests) about their sexual contact with Plaintiff. Plaintiff is in a far better position than Defendant to know who he has had sexual contact with. This interrogatory is overbroad and improper.

     <u>Supplemental Response to 4.C (actual interrogatory no. 11) (identify all documents ):</u> Cafe Asia restates its general objections as though fully set forth herein. Cafe Asia further objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

**INTERROGATORY NO. 5**:

     List and describe with particularity and in detail, all of Plaintiff's job duties and responsibilities for Defendant and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith. If you contend that the Mr. Smith's job duties included the preparation of food, please identify any training Mr. Smith received. Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

**RESPONSE TO INTERROGATORY NO. 5**:

     Cafe Asia incorporates by reference all of its general objections, and specifically objects that this interrogatory calls for a narrative response that is more suited to deposition questions than to written discovery. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and in fact contains at least four separate interrogatories. Cafe Asia responds to each subpart as a separate interrogatory.

Response to 5.A (actual interrogatory no. 15) (Plaintiff's job duties):

Plaintiff's job duties included: taking orders; serving food; answering the phone; taking reservations; seating people; processing payments (as a cashier); taking and occasionally assembling and packaging carry-out orders; assembling one sampler platter (called Nasi Uduk) which required no cooking.

Response to 5.B (actual interrogatory no. 16) (identify all documents):

Cafe Asia restates its general objections, and specifically objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

Response to 5.C (actual interrogatory no. 17) (training for food preparation):

All waiters at Cafe Asia, including Plaintiff, were required to assemble one particular dish, a sampler platter called Nasi Uduk. All waiters, including Mr. Smith, received two weeks of kitchen training, during which time they were shown how to assemble this one simple dish.

Response to 5.D (actual interrogatory no. 18) (identify all documents ):

Cafe Asia objects that this interrogatory is duplicative of many other interrogatories and document demands, including this very interrogatory. Cafe Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

In addition, and subject to its original responses, Defendant supplements its response to

this Interrogatory as follows:

<u>Supplemental Response to 5.A (actual interrogatory no. 12) (Plaintiff's job duties):</u>

Plaintiff's job duties included: taking orders; serving food; answering the phone; taking reservations; seating people; processing payments (as a cashier); taking and occasionally assembling and packaging carry-out orders; assembling one sampler platter (called Nasi Uduk) which required no cooking.

<u>Supplemental Response to 5.B (actual interrogatory no. 13) (identify all documents):</u>

Cafe Asia restates its general objections, and specifically objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

<u>Supplemental Response to 5.C (actual interrogatory no. 14) (training for food preparation):</u>

All waiters at Cafe Asia, including Plaintiff, were required to assemble one particular dish, a sampler platter called Nasi Uduk. All waiters, including Mr. Smith, received two weeks of kitchen training, during which time they were shown how to assemble this one simple dish.

<u>Supplemental Response to 5.D (actual interrogatory no. 15) (identify all documents ):</u>

Cafe Asia objects that this interrogatory is duplicative of many other interrogatories and document demands, including this very interrogatory. Cafe Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

**INTERROGATORY NO. 6:**

Describe Mr. Smith's job performance (both positive and negative) during his tenure with Café Asia, including in your response a description of the specific procedures used to evaluate Mr. Smith's performance; an identification of all factors on which Mr. Smith was evaluated; an identification of the individual(s) who evaluated Mr. Smith's performance; and the role each such individual played, any disciplinary action taken, and any pay increase or decease. Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

**RESPONSE TO INTERROGATORY NO. 6:**

Cafe Asia objects that this interrogatory is burdensome, oppressive, and overbroad. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and contains at least <u>eight</u> separate interrogatories. Cafe Asia responds to each subpart as a separate interrogatory. This exceeds Plaintiff's quota of interrogatories under the Rules.

<u>Response to 6.A (actual interrogatory no. 19) (Plaintiff's job performance):</u>

Cafe Asia asserts all of its formal objections, as though fully stated herein. Since Plaintiff was never formally evaluated, this interrogatory is best suited to deposition questioning. However, without waiving any of these objections, Defendant rates Plaintiff's job performance as mediocre.

<u>Response to 6.B (actual interrogatory no. 20) (procedures to evaluate job performance):</u>

Cafe Asia re-asserts all of its prior objections, as though fully stated herein. Plaintiff was never formally evaluated.

<u>Response to 6.C (actual interrogatory no. 21) (identification of all factors on which Plaintiff was evaluated):</u>

See Responses to Interrogatories 6.A and 6.B, above. Plaintiff was never formally evaluated.

<u>Response to 6.D (actual interrogatory no. 22) (identification of the individual(s) who</u>

evaluated Mr. Smith's performance):

As stated above, Plaintiff was never formally evaluated.

Response to 6.E (actual interrogatory no. 23) (the role each such individual played):

Not applicable.

Response to 6.F (actual interrogatory no. 24) (any disciplinary action taken):

Cafe Asia has no formal written record of discipline against Plaintiff.

Response to 6.G (actual interrogatory no. 25) (any pay increase or decease)

Cafe Asia objects that Plaintiff has equal access to his own paychecks. This interrogatory is unnecessary and duplicative of Plaintiff's extensive document demands. Any pay increases would be reflected in writing, and any such documents will be produced.

Response to 6.H (actual interrogatory no. 26) (identify all documents):

Cafe Asia objects that this is the eighth subpart of this interrogatory, and as such exceeds the number of interrogatories permitted under the Federal Rules. Cafe Asia further objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:

In addition, and subject to its original responses, Defendant supplements its response to this Interrogatory as follows:

Cafe Asia objects that this interrogatory is burdensome, oppressive, and overbroad. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and contains at least five separate interrogatories. Cafe Asia responds to each factually unrelated subpart as a separate interrogatory.

Supplemental Response to 6.A (actual interrogatory no. 16) (Plaintiff's job performance):

Cafe Asia asserts all of its formal objections, as though fully stated herein. However, without waiving any of these objections, Defendant rates Plaintiff's job performance as mediocre.

Supplemental Response to 6.B (actual interrogatory no. 17) (procedures to evaluate job performance):

Cafe Asia re-asserts all of its prior objections, as though fully stated herein. Plaintiff was never formally evaluated, so there are no procedures to evaluate Plaintiff's job performance.

Former Response 6.C (identification of all factors on which Plaintiff was evaluated):

See Responses to Interrogatories 6.A and 6.B, above. Plaintiff was never formally evaluated.

Supplemental Response to 6.D (actual interrogatory no. 18) (identification of the individual(s) who evaluated Mr. Smith's performance):

As stated above, Plaintiff was never formally evaluated.

Former Response 6.E (the role each such individual played):

Not applicable.

Supplemental Response to 6.F (actual interrogatory no. 19) (any disciplinary action taken):

Cafe Asia has no formal written record of discipline against Plaintiff.

Supplemental Response to 6.G (actual interrogatory no. 20) (any pay increase or decease)

Cafe Asia objects that Plaintiff has equal access to his own paychecks. This interrogatory is unnecessary and duplicative of Plaintiff's extensive document demands. Any pay increases would be reflected in writing, and any such documents will be produced.

Supplemental Response to 6.H (actual interrogatory no. 21) (identify all documents):

Cafe Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this

demand duplicates Plaintiff's extensive Request for Production of Documents. Plaintiff is

respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

**INTERROGATORY NO. 7:**

    List and describe fully any and all complaints, grievances, or charges, whether formal or

informal, related to discrimination, disparate treatment, or harassment on the basis of gender,

sex, race, color, national origin, sexual orientation, disability, or religion or retaliation for filing

any such complaint, internal grievance, or charge, filed or discussed at any time against Café

Asia as a result of some employee of or occurrence at the location at which Mr. Smith worked, or

any employee or former employee of such, identify the person who is the subject of the

complaint, grievance, or charge, and describe the disposition thereof. Information provided

pursuant to this Interrogatory should include, but are not limited to, information related to those

complaints, grievances, or charges filed or discussed with or received from:

    i. Defendant's internal Office of Personnel, office of Equal Employment Opportunity, or

any other office within Defendant;

    ii. any of Defendant's employees;

    iii. any state or federal human rights organization, such as the Montgomery County

Office of Human Rights;

    iv. the Equal Employment Opportunity Commission;

    v. any union representing such employees;

    vi. any State court; or

    vii. any federal court.

    Identify all documents on which Defendant relies in support of its response(s) to this

Interrogatory pursuant to the Request for Production of Documents served herewith.

**RESPONSE TO INTERROGATORY NO. 7:**

    Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted

under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate

interrogatories above. Cafe Asia incorporates its objections stated above, and further objects that this interrogatory itself is complex and overbroad. Defendant further objects that this interrogatory is burdensome and oppressive, and seeks information that is not admissible.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:

In addition, and subject to its original responses, Defendant supplements its response to this Interrogatory as follows:

Cafe Asia objects that this interrogatory is burdensome, oppressive, and overbroad. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and contains at least <u>four</u> separate interrogatories. Cafe Asia responds to each factually related subpart as a separate interrogatory.

### Supplemental Response to 7.A (actual interrogatory no. 22) (All Complaints):

Cafe Asia further objects to this Interrogatory on relevance and privacy grounds, including the privacy rights of third party employees, not parties to this action. Subject to and without waiving these objections, Cafe Asia responds as follows: Two female employees, April O'Conner and Elis Triany complained orally to Cafe Asia about harassment. Because Cafe Asia was given the opportunity to investigate (which it promptly did), Cafe Asia was able to take corrective remedial action. Thus, both complaints were resolved to the satisfaction of each complaining party.

### Supplemental Response to 7.B (actual interrogatory no. 23) (All Grievances):

Cafe Asia further objects to this Interrogatory as vague, ambiguous and irrelevant because Cafe Asia is not unionized, and there is no collective bargaining agreement providing for any grievance procedures. Subject to and without waiving these objections, Cafe Asia responds as follows: There have been no grievances filed.

### Supplemental Response to 7.C (actual interrogatory no. 24) (All Charges):

Cafe Asia further objects to this Interrogatory as vague, ambiguous. Subject to and without waiving these objections, Cafe Asia interprets this Interrogatory as calling for any

Charges filed with the EEOC or any governmental agency, and responds as follows: There have been no Charges filed.

Supplemental Response to 7.D (actual interrogatory no. 25) (All documents):

Not applicable. See response to Actual Interrogatory No. 21-24.

**INTERROGATORY NO. 8:**

Describe in specific detail any knowledge that you, any of the agents, servants and/or employees of Café Asia or any other individual may have regarding the events which occurred during the period of time from November 2005 until September 2006, at Café Asia located in Washington, D.C., which in any way involve, affect, relate to the Plaintiff, the Plaintiff's employment with Defendant, including, but not limited to any events captured by video taken by Mr. Ramos or Mr. Bakar; and identify all documents on which Defendant relies in support of its response(s) to this Interrogatory pursuant to the Request for Production of Documents served herewith.

**RESPONSE TO INTERROGATORY NO. 8:**

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia incorporates its general objections stated above, and further objects that this interrogatory itself is complex. Furthermore, this interrogatory calls for a lengthy narrative response that is more suited to deposition questioning than to written discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

In addition, and subject to its original responses, Defendant supplements its response to this Interrogatory as follows:

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia further objects that this interrogatory is overbroad, vague and ambiguous. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is

compound, and contains at least <u>two</u> separate interrogatories. Cafe Asia responds to each factually related subpart as a separate interrogatory.

Supplemental Response to 8.A (actual interrogatory no. 26) (Events that occurred from November 2005 until September 2006 regarding or relating to Plaintiff And Plaintiff's Employment)

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia further objects to this Interrogatory as overbroad, vague, ambiguous. Cafe Asia objects on the basis of the attorney client privilege and work-product doctrine. Cafe Asia further objects that this Interrogatory impinges on the privacy rights of third persons, not parties to the current action. Cafe Asia further objects to the extent that this Interrogatory unreasonably requires Cafe Asia to prepare a compilation or summary of documents already produced to Plaintiff, or produced by Plaintiff to Cafe Asia. Subject to and without waiving these objections, Cafe Asia reasonably interprets this Interrogatory and responds as follows:

During the period that Plaintiff actively worked at Cafe Asia, Plaintiff never complained about harassment of any kind. Rather, the first time that Cafe Asia heard of any complaint was through Plaintiff's former counsel, during a period in which Plaintiff was on a personal leave of absence from work. Further, Cafe Asia denies that it, or any of its employees or agents, sexually harassed, assaulted, or battered Plaintiff, and further denies that it or any of its employees or agents discriminated in any way against Plaintiff because of Plaintiff's sexual orientation.

For additional detailed information about Plaintiff and Cafe Asia's investigation into Plaintiff's first complaint through former counsel, please see CAF-SMI 000001-10, produced in response to Plaintiff's First Set of Requests For Production, and PDP 000010-14, produced by Plaintiff in response to Cafe Asia's document requests.

Supplemental Response to 8.B (actual interrogatory no. 27) (all documents):

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. Cafe Asia objects on the basis of the attorney client privilege and work-product doctrine. Cafe Asia further objects that this Interrogatory impinges on the privacy rights of third persons, not parties to the current action. Without waiving these objections, Plaintiff is respectfully referred to CAF-SMI 000001-10, produced in response to Plaintiff's First Set of Requests For Production, and PDP 000010-14, produced by Plaintiff in response to Cafe Asia's document requests.

**INTERROGATORY NO. 9:**

List and describe any and all investigations and/or inquiries conducted by you or any agent, servant and/or employee of Café Asia with regard to Plaintiff, the incidents referred to in Plaintiff's complaint in this matter, Plaintiff's complaint(s) related to his employment; or Plaintiff's complaint(s) related to his supervisor and/or co-workers; and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

**RESPONSE TO INTERROGATORY NO. 9:**

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia incorporates its objections stated above, and further objects that this interrogatory itself is complex and overbroad. Cafe Asia further objects that this interrogatory invades the attorney-client privilege and the attorney work-product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

In addition, and subject to its original responses, Defendant supplements its response to this Interrogatory as follows:

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted

under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia further objects that this interrogatory is overbroad, vague and ambiguous. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and contains at least <u>three</u> separate interrogatories. Cafe Asia responds to each factually related subpart as a separate interrogatory.

     <u>Supplemental Response to 9.A (actual interrogatory no. 28) (Investigations of Plaintiff)</u>

     Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia further objects to this Interrogatory as overbroad, vague, and ambiguous. Cafe Asia objects on the basis of the attorney client privilege and work-product doctrine. Cafe Asia further objects that this Interrogatory impinges on the privacy rights of third persons, not parties to the current action. Cafe Asia further objects to the extent that this Interrogatory requires Cafe Asia to prepare a compilation or summary of documents already produced to Plaintiff. Subject to and without waiving these objections, Cafe Asia responds as follows:

     Plaintiff's first complaint to Cafe Asia was though his former counsel, and after he stopped physically working at Cafe Asia. Following Plaintiff's complaint to Cafe Asia through his former counsel, counsel for Cafe Asia conducted an investigation, which focused upon events that occurred during Plaintiff's term of employment with Cafe Asia and Plaintiff's complaint through counsel. For detailed information concerning Plaintiff or Cafe Asia's investigation, please see CAF-SMI 000001-10, produced in response to Plaintiff's First Set of Requests For Production, and PDP 000010-14, produced by Plaintiff in response to Cafe Asia's document requests.

     <u>Supplemental Response to 9.B (actual interrogatory no. 29) (Plaintiff's Complaints)</u>

     Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate

interrogatories above. Cafe Asia further objects to this Interrogatory as overbroad, vague, and ambiguous. Cafe Asia objects on the basis of the attorney client privilege and work-product doctrine. Cafe Asia further objects that this Interrogatory impinges on the privacy rights of third persons, not parties to the current action. Cafe Asia further objects to the extent that this Interrogatory requires Cafe Asia to prepare a compilation or summary of documents already produced to Plaintiff. Subject to and without waiving these objections, Cafe Asia responds as follows:

Plaintiff did not complaint about any purported harassment during the time that he physically worked at Cafe Asia. Rather, Plaintiff first complained to Cafe Asia through his former counsel. Following Plaintiff's complaint to Cafe Asia through his former counsel, counsel for Cafe Asia conducted an investigation, which focused upon events that occurred during Plaintiff's term of employment with Cafe Asia and Plaintiff's complaint through counsel. For detailed information concerning Plaintiff or Cafe Asia's investigation, please see CAF-SMI 000001-10, produced in response to Plaintiff's First Set of Requests For Production, and PDP 000010-14, produced by Plaintiff in response to Cafe Asia's document requests.

Supplemental Response to 9.C (actual interrogatory no. 30) (All documents)

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. Cafe Asia objects on the basis of the attorney client privilege and work-product doctrine. Cafe Asia further objects that this Interrogatory impinges on the privacy rights of third persons, not parties to the current action. Without waiving these objections, Plaintiff is respectfully referred to CAF-SMI 000001-10, produced in response to Plaintiff's First Set of Requests For Production, and PDP 000010-14, produced by Plaintiff in response to Cafe Asia's document requests.

Dated:  January 15, 2008

Respectfully submitted,

Kevin B. Bedell (D.C. Bar No. 451555)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
Tel:  (703) 749-1339
Fax:  (703) 714-8339

_____

William Ihrke (D.C. Bar No. 483748)
Jeffrey Wertheimer (*pro hac vice*)
Anna Kogan (*pro hac vice*)
Rutan & Tucker, LLP
611 Anton Blvd., Fourteenth Floor
Costa Mesa, CA 92626
Tel:  (714) 641-5100
Fax:  (714) 546-9035

*Counsel for Defendant Café Asia*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the

**SUPPLEMENTAL RESPONSES TO INTERROGATORIES** was sent

by First Class mail, postage prepaid, on January 15, 2008 to:

>Gwenlynn Whittle D'Souza, Esq.
>Lippman, Semsker & Salb, LLC
>7979 Old Georgetown Road, Suite 1100
>Bethesda, MD  20814
>Phone:  (301) 656-6905
>Fax:  (301) 656-6906
>
>Counsel for Plaintiff
>ANDREI SMITH

Michelle Perciavalle

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| ANDREI SMITH | |
| PLAINTIFF | |
| v. | Civil Action No.: 0001488-07 |
| CAFÉ ASIA | |
| DEFENDANT. | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff Andrei Smith, by and through his under-signed counsel, herewith requests, pursuant to the Federal Rules of Civil Procedure, that Defendant Café Asia, answer the following Interrogatories separately, in writing, and under oath within such time as is permitted or otherwise Ordered by the Federal Rules of Civil Procedure.

These Interrogatories are of a continuing nature so as to require Defendant to supplement its answers promptly should additional or different information become available.

### A.    **Definitions.**

In order to facilitate Defendant's responses, the following terms are defined:

(1)    The word "person" or "persons" shall mean all natural individuals, corporations, joint ventures, bonds, business trusts, partnership groups, associations, organizations, sole proprietorships and all present and past employees of Defendant.

(2)     The words "identify," "identity," or "identifying," when used with reference to a person, shall mean to:  (a) furnish the name, sex (if known), sexual orientation (if known), present business address and telephone numbers; (b) indicate whether or not that person is (or was) an employee of Defendant and, where applicable, the position held by that person; and © furnish the home address if not presently employed by Defendant.

(3)     The term "communication" shall mean, without limitation, any oral, written, or electronic transmission of information, demand, or question, including, but not limited to, conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, writings, letters, messages, notes, or memorandum.

(4)     The term "describe" means, beyond its typical dictionary definition, to provide all relevant information in detail and not in summary form.

(6)     The term "identify" or "describe" when not referring to a person shall mean, without limitation, to set forth the nature or type of the document (e.g., letter, memorandum, computer diskette, etc.), the author, each addressee and/or recipient, the title, the date of the document or conversation, and the subject of the document or conversation.

(7)     The term "employee" shall mean broadly any agent of either Defendant who is compensated for his or her services to or for either Defendant, either directly or through one or more intermediaries, brokers, or services, notwithstanding such person's technical status as an employee, independent contractor, or any other status.

(8)     The term "Plaintiff" shall mean Andrei Smith.

(9)     **The term "Defendant" or Café Asia shall include Café Asia, 1720 Eye Street DC Hospitality, LLC and/or the agent(s) of each.**

(10)    The term "you" shall mean Café Asia, 1720 Eye Street DC Hospitality, LLC, and/or its agent(s).

**B.    Instructions.**

(1)    To the extent that you consider any of the following requests objectionable, respond to each part thereof as is not objectionable in your view, and separately identify that part of these interrogatories that you find objectionable and state the grounds for each such objection.

(2)    These interrogatories are to be continuing in nature pursuant to the Maryland Rules of Civil Procedure.  At such time as you receive information that makes a prior answer incomplete, inaccurate, or misleading, a supplementary answer is requested.

(3)    Where exact information cannot be furnished, estimated information is to be supplied to the extent possible.  Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made and the reason(s) exact information cannot be furnished.

(4)    These interrogatories shall be for the calendar years 2000 to present, unless otherwise specified.

(5)    In construing these interrogatories:

(a)    References to the singular shall include the plural (and vice-versa), and references to one gender shall include the masculine, feminine, and neuter.

(b)    The terms "and" and "or," and the terms "any" and "all," shall be interchangeable as necessary to call for the broadest possible response.

©    The use of any verb tense shall be considered to include within its meaning all other tenses of the verb so used.

**Plaintiff reminds Defendant to review the instructions
and Definitions preceding these Interrogatories**

## Interrogatories

1.      Describe in full and not in a summary manner the facts and basis upon which
Defendant relies for each and every denial which Defendant asserts in its Answer to Plaintiff's
Complaint, including, but not limited to, its assertion that the restaurant named Café Asia is legally
named as 1720 Eye Street DC Hospitality, LLC; identify who participated in responding to the
Complaint; and identify all documents on which Defendant relies in support of its response(s) to this
interrogatory pursuant to the Request for Production of Documents served herewith.


2.      Describe in full, and not in a summary manner, the facts and basis upon which
Defendant relies for any asserted affirmative defenses; and identify all documents on which
Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for
Production of Documents served herewith.


3.      List and describe each and every communication which occurred between or among
anyone (including but not limited to communications between or among any employee, managers,
and customers of Café Asia or any other person) which is related to any allegation in Plaintiff's
Complaint or Defendant's Answer.  Include in your description an identification of the people who
had the communication, the date and place of each communication, and the substance of the
communication.  Please note the definition of "communication" and "identify" which has been
provided in the Definition section above.   Identify all documents on which Defendant relies in

- 4 -

support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

4.     Identify any person any who claims to have viewed any audio or visual images presented by Andrei Smith and the describe the nature of those images; state whether each person identified had any sexual contact with Andrei Smith, including grabbing his crotch, buttocks, and nipples.  Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

5.     List and describe with particularity and in detail, all of Plaintiff's job duties and responsibilities for  Defendant and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.  If you contend that the Mr. Smith's job duties included the preparation of food, please identify any training Mr. Smith received.   Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

6.     Describe Mr. Smith's job performance (both positive and negative) during his tenure with Café Asia, including in your response a description of the specific procedures used to evaluate Mr. Smith's performance; an identification of all factors on which Mr. Smith was evaluated; an identification of the individual(s) who evaluated Mr. Smith's performance; and the role each such individual played, any disciplinary action taken, and any pay increase or decease.  Identify all

documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

7.     List and describe fully any and all complaints, grievances, or charges, whether formal or informal, related to discrimination, disparate treatment, or harassment on the basis of gender, sex, race, color, national origin, sexual orientation, disability, or religion or retaliation for filing any such complaint, internal grievance, or charge, filed or discussed at any time against Café Asia as a result of some employee of or occurrence at the location at which Mr. Smith worked, or any employee or former employee of such, identify the person who is the subject of the complaint, grievance, or charge, and describe the disposition thereof.  Information provided pursuant to this Interrogatory should include, but are not limited to, information related to those complaints, grievances, or charges filed or discussed with or received from:

    i.     Defendant's internal Office of Personnel, office of Equal Employment Opportunity, or any other office within Defendant;

    ii.    any of Defendant's employees;

    iii.   any state or federal human rights organization, such as the Montgomery County Office of Human Rights;

    iv.    the Equal Employment Opportunity Commission;

    v.     any union representing such employees;

    vi.    any State court; or

    vii.   any federal court.

Identify all documents on which Defendant relies in support of its response(s) to this Interrogatory pursuant to the Request for Production of Documents served herewith.

8.     Describe in specific detail any knowledge that you, any of the agents, servants and/or employees of Café Asia or any other individual may have regarding the events which occurred during the period of time from  November 2005 until September 2006, at Café Asia located in Washington, D.C., which in any way involve, affect, relate to the Plaintiff, the Plaintiff's employment with  Defendant, including, but not limited to any events captured by video taken by Mr. Ramos or Mr. Bakar; and identify all documents on which Defendant relies in support of its response(s) to this Interrogatory pursuant to the Request for Production of Documents served herewith.

9.     List and describe any and all investigations and/or inquiries conducted by you or any agent, servant and/or employee of Café Asia with regard to Plaintiff, the incidents referred to in Plaintiff's complaint in this matter, Plaintiff's complaint(s) related to his employment; or Plaintiff's complaint(s) related to his supervisor and/or co-workers; and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

10.     List and describe any and all corrective actions taken by you with regard to Plaintiff's complaint of discrimination; and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.  If you contend that no corrective action was necessary for any reason, including, but not limited to the Plaintiff initiating or inviting sexual treatment by his coworkers, please identify your

basis for this statement and identify any persons who claim the treatment was welcomed. Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

11.    Identify each and every one of the employees of Café Asia in the last ten years and for each individual named, include for each such person their job title(s) at any time during their employment, including the current time; their current mailing address; their current telephone number(s); their sex; their sexual orientation; and whether they are known to you to have any knowledge related to this matter; and identify all documents on which Defendant relies in support of its response(s) to this Interrogatory pursuant to the Request for Production of Documents served herewith.   Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

12.    Identify all person(s), by job title and/or by name, who are authorized to make any and all decisions regarding the terms and conditions of employment for employees working at Café Asia from November 2005 through September 2006 and for each named individual, identify his/her scope of authority and include specifically the person(s) authorized to make decisions regarding employee schedules, hiring, and firing; and identify all documents on which Defendant relies in support of its response(s) to this Interrogatory pursuant to the Request for Production of Documents served herewith.

13.     Identify all persons with knowledge of or information related to the matters raised in Plaintiff's Complaint or Defendant's Answer, whether or not Defendant expects to call such person at trial, and for each individual, describe the substance of his or her knowledge; and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

14.     Identify, providing the present location, all documents, data compilations, and tangible things in the possession, custody, or control of the Defendant that refer or are in any way related to the allegations in the Complaint, Answer, or Defendant's Affirmative Defenses which have not already been disclosed, and as to each such document, identify how it was procured by Defendant, or, if prepared by Defendant, who created such document; and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

15.     State in detail, the policy of Café Asia for the investigation and reporting of any claims by any employee of Café Asia for sexual or physical harassment, verbal abuse, assault and battery, unprofessional behavior and/or any other act which is inappropriate or unacceptable in the scope of employment with Café Asia. Identify the procedure which is taken by management in any of the above mentioned circumstances including, but not limited to, to whom the initial report is given and each and every step taken thereafter, following the initial knowledge of said complaint with reference to each individual who may be involved in this procedure. Identify all documents on

which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

16.    State in detail, all training and/or education, if any, is required for all management staff and/or owners of Café Asia in the District of Columbia and all other locations with regard to any issues under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.  and the District of Columbia Human Rights Act, D.C. Code Ann. Sections 2-1401.01 et seq.  For each and every individual who has held a managerial position in the Café Asia location in the District of Columbia from November 2005 until September 2006, state what training each has received, when and where that training occurred and by whom that training was provided and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith

.

17.    For each and every employee who has held a non-managerial position in the Café Asia location in the District of Columbia from November 2005 until September 2006, state what training each has received, when and where that training occurred and by whom that training was provided and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

It is requested that Defendant's Answers to the aforesaid interrogatories be provided to Plaintiff at the offices of LIPPMAN, SEMSKER & SALB, LLC, 7700 Old Georgetown Road, Suite 500, Bethesda, Maryland, 20814, within such time as is permitted by the Rules of Civil Procedure.

Respectfully submitted,

_____
S. Micah Salb
Gwen W. D'Souza
LIPPMAN, SEMSKER & SALB,  LLC
7700 Old Georgetown Road, Suite 500
Bethesda, Maryland, 20814
(301) 656-6905
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered by email and pre-paid first class U.S. Mail this 26th day of October, 2007, to:

William Ihrke, Esq.
Jeffrey Wertheimer, Esq.
Anna Kogan, Esq.
Rutan & Tucker, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626

_____
Gwenlynn Whittle D'Souza, Esq.

DISC-002

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*

TELEPHONE NO.:                    FAX NO. *(Optional)*

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

SHORT TITLE:

| FORM INTERROGATORIES – EMPLOYMENT LAW | CASE NUMBER: |
|---|---|
| Asking Party: | |
| Answering Party: | |
| Set No.: | |

## Sec. 1. Instructions to All Parties

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in employment cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

## Sec. 2. Instructions to the Asking Party

(a) These form interrogatories are designed for optional use by parties in employment cases. (Separate sets of interrogatories, *Form Interrogatories—General* (form DISC-001) and *Form Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004) may also be used where applicable in employment cases.)

(b) Insert the names of the **EMPLOYEE** and **EMPLOYER** to whom these interrogatories apply in the definitions in sections 4(d) and (e) below.

(c) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(d) The interrogatories in section 211.0, Loss of Income Interrogatories to Employer, should not be used until the employer has had a reasonable opportunity to conduct an investigation or discovery of the employee's injuries and damages.

(e) Additional interrogatories may be attached.

## Sec. 3. Instructions to the Answering Party

(a) You must answer or provide another appropriate response to each interrogatory that has been checked below.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____    _____
(DATE)                    (SIGNATURE)

## Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

Page 1 of 8

Form Approved for Optional Use
Judicial Council of California
DISC-002 [Rev. January 1, 2007]

**FORM INTERROGATORIES–EMPLOYMENT LAW**

Code of Civil Procedure,
§§ 2030.010–2030.410, 2033.710
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

DISC-002

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **EMPLOYMENT** means a relationship in which an **EMPLOYEE** provides services requested by or on behalf of an **EMPLOYER**, other than an independent contractor relationship.

(d) **EMPLOYEE** means a **PERSON** who provides services in an **EMPLOYMENT** relationship and who is a party to this lawsuit. For purposes of these interrogatories, **EMPLOYEE** refers to *(insert name):*

*(If no name is inserted, EMPLOYEE means all such PERSONS.)*

(e) **EMPLOYER** means a **PERSON** who employs an **EMPLOYEE** to provide services in an **EMPLOYMENT** relationship and who is a party to this lawsuit. For purposes of these interrogatories, **EMPLOYER** refers to *(insert name):*

*(If no name is inserted, EMPLOYER means all such PERSONS.)*

(f) **ADVERSE EMPLOYMENT ACTION** means any **TERMINATION**, suspension, demotion, reprimand, loss of pay, failure or refusal to hire, failure or refusal to promote, or other action or failure to act that adversely affects the **EMPLOYEE'S** rights or interests and which is alleged in the **PLEADINGS**.

(g) **TERMINATION** means the actual or constructive termination of employment and includes a discharge, firing, layoff, resignation, or completion of the term of the employment agreement.

(h) **PUBLISH** means to communicate orally or in writing to anyone other than the plaintiff. This includes communications by one of the defendant's employees to others. *(Kelly v. General Telephone Co. (1982) 136 Cal.App.3d 278, 284.)*

(i) **PLEADINGS** means the original or most recent amended version of any complaint, answer, cross-complaint, or answer to cross-complaint.

(j) **BENEFIT** means any benefit from an **EMPLOYER**, including an "employee welfare benefit plan" or employee pension benefit plan" within the meaning of Title 29 United States Code section 1002(1) or (2) or ERISA.

(k) **HEALTH CARE PROVIDER** includes any PERSON referred to in Code of Civil Procedure section 667.7(e)(3).

(l) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(m) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**
The following interrogatories for employment law cases have been approved by the Judicial Council under Code of Civil Procedure section 2033.710.

CONTENTS

200.0   Contract Formation
201.0   Adverse Employment Action
202.0   Discrimination Interrogatories to Employee
203.0   Harassment Interrogatories to Employee
204.0   Disability Discrimination
205.0   Discharge in Violation of Public Policy
206.0   Defamation
207.0   Internal Complaints
208.0   Governmental Complaints
209.0   Other Employment Claims by Employee or Against Employer
210.0   Loss of income Interrogatories to Employee
211.0   Loss of income Interrogatories to Employer
212.0   Physical, Mental, or Emotional Injuries—Interrogatories to Employee
213.0   Other Damages Interrogatories to Employee
214.0   Insurance
215.0   Investigation
216.0   Denials and Special or Affirmative Defenses
217.0   Response to Request for Admissions

**200.0   Contract Formation**

200.1  Do you contend that the **EMPLOYMENT** relationship was at "at will"? If so:
(a)  state all facts upon which you base this contention;
(b)  state the name, **ADDRESS,** and telephone number of each **PERSON** who has knowledge of those facts; and
(c)  identify all **DOCUMENTS** that support your contention.

200.2  Do you contend that the **EMPLOYMENT** relationship was not "at will"? If so:
(a)  state all facts upon which you base this contention;
(b)  state the name, **ADDRESS,** and telephone number of each **PERSON** who has knowledge of those facts; and
(c)  identify all **DOCUMENTS** that support your contention.

200.3  Do you contend that the **EMPLOYMENT** relationship was governed by any agreement—written, oral, or implied? If so:
(a)  state all facts upon which you base this contention;
(b)  state the name, **ADDRESS,** and telephone number of each **PERSON** who has knowledge of those facts; and
(c)  identify all **DOCUMENTS** that support your contention.

DISC-002

200.4  Was any part of the parties' **EMPLOYMENT** relationship governed in whole or in part by any written rules, guidelines, policies, or procedures established by the **EMPLOYER**? If so, for each **DOCUMENT** containing the written rules, guidelines, policies, or procedures:

(a)  state the date and title of the **DOCUMENT** and a general description of its contents;

(b)  state the manner in which the **DOCUMENT** was communicated to employees; and

(c)  state the manner, if any, in which employees acknowledged either receipt of the **DOCUMENT** or knowledge of its contents.

200.5  Was any part of the parties' **EMPLOYMENT** relationship covered by one or more collective bargaining agreements or memorandums of understanding between the **EMPLOYER** (or an association of employers) and any labor union or employee association? If so, for each collective bargaining agreement or memorandum of understanding, state:

(a)  the names and **ADDRESSES** of the parties to the collective bargaining agreement or memorandum of understanding;

(b)  the beginning and ending dates, if applicable, of the collective bargaining agreement or memorandum of understanding; and

(c)  which parts of the collective bargaining agreement or memorandum of understanding, if any, govern (1) any dispute or claim referred to in the **PLEADINGS** and (2) the rules or procedures for resolving any dispute or claim referred to in the **PLEADINGS**.

200.6  Do you contend that the **EMPLOYEE** and the **EMPLOYER** were in a business relationship other than an **EMPLOYMENT** relationship? If so, for each relationship:

(a)  state the names of the parties to the relationship;

(b)  identify the relationship; and

(c)  state all facts upon which you base your contention that the parties were in a relationship other than an **EMPLOYMENT** relationship.

**201.0  Adverse Employment Action**

201.1  Was the **EMPLOYEE** involved in a **TERMINATION**? If so:

(a)  state all reasons for the **EMPLOYEE'S TERMINATION**;

(b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who participated in the **TERMINATION** decision;

(c)  state the name, **ADDRESS**, and telephone number of each **PERSON** who provided any information relied upon in the **TERMINATION** decision; and

(d)  identify all **DOCUMENTS** relied upon in the **TERMINATION** decision.

201.2  Are there any facts that would support the **EMPLOYEE'S TERMINATION** that were first discovered after the **TERMINATION**? If so:

(a)  state the specific facts;

(b)  state when and how **EMPLOYER** first learned of each specific fact;

(c)  state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the specific facts; and

(d)  identify all **DOCUMENTS** that evidence these specific facts.

201.3  Were there any other **ADVERSE EMPLOYMENT ACTIONS**, including *(the asking party should list the ADVERSE EMPLOYMENT ACTIONS)*:

If so, for each action, provide the following:

(a)  all reasons for each **ADVERSE EMPLOYMENT ACTION**;

(b)  the name, **ADDRESS**, and telephone number of each **PERSON** who participated in making each **ADVERSE EMPLOYMENT ACTION** decision;

(c)  the name, **ADDRESS**, and telephone number of each **PERSON** who provided any information relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision; and

(d)  the identity of all **DOCUMENTS** relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision.

201.4  Was the **TERMINATION** or any other **ADVERSE EMPLOYMENT ACTIONS** referred to in Interrogatories 201.1 through 201.3 based in whole or in part on the **EMPLOYEE'S** job performance? If so, for each action:

(a)  identify the **ADVERSE EMPLOYMENT ACTION**;

(b)  identify the **EMPLOYEE'S** specific job performance that played a role in that **ADVERSE EMPLOYMENT ACTION**;

(c)  identify any rules, guidelines, policies, or procedures that were used to evaluate the **EMPLOYEE'S** specific job performance;

(d)  state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who had responsibility for evaluating the specific job performance of the **EMPLOYEE**;

(e)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the **EMPLOYEE'S** specific job performance that played a role in that **ADVERSE EMPLOYMENT ACTION**; and

(f)  describe all warnings given with respect to the **EMPLOYEE'S** specific job performance.

DISC-002

201.5  Was any **PERSON** hired to replace the **EMPLOYEE** after the **EMPLOYEE'S TERMINATION** or demotion? If so, state the **PERSON'S** name, job title, qualifications, **ADDRESS** and telephone number, and the date the **PERSON** was hired.

201.6  Has any **PERSON** performed any of the **EMPLOYEE'S** former job duties after the **EMPLOYEE'S TERMINATION** or demotion? If so:

(a)  state the **PERSON'S** name, job title, **ADDRESS**, and telephone number;

(b)  identify the duties; and

(c)  state the date on which the **PERSON** started to perform the duties.

201.7  If the **ADVERSE EMPLOYMENT ACTION** involved the failure or refusal to select the **EMPLOYEE** (for example, for hire, promotion, transfer, or training), was any other **PERSON** selected instead? If so, for each **ADVERSE EMPLOYMENT ACTION**, state the name, **ADDRESS**, and telephone number of each **PERSON** selected; the date the **PERSON** was selected; and the reason the **PERSON** was selected instead of the **EMPLOYEE**.

**202.0    Discrimtination—Interrogatories to Employee**

202.1  Do you contend that any **ADVERSE EMPLOYMENT ACTIONS** against you were discriminatory? If so:

(a)  identify each **ADVERSE EMPLOYMENT ACTION** that involved unlawful discrimination;

(b)  identify each characteristic (for example, gender, race, age, etc.) on which you base your claim or claims of discrimination;

(c)  state all facts upon which you base each claim of discrimination;

(d)  state the name, **ADDRESS**, and telephone number of each **PERSON** with knowledge of those facts; and

(e)  identify all **DOCUMENTS** evidencing those facts.

202.2  State all facts upon which you base your contention that you were qualified to perform any job which you contend was denied to you on account of unlawful discrimination.

**203.0    Harassment—Interrogatories to Employee**

203.1  Do you contend that you were unlawfully harassed in your employment? If so:

(a)  state the name, **ADDRESS**, telephone number, and employment position of each **PERSON** whom you contend harassed you;

(b)  for each **PERSON** whom you contend harassed you, describe the harassment;

(c)  identify each characteristic (for example, gender, race, age, etc.) on which you base your claim of harassment;

(d)  state all facts upon which you base your contention that you were unlawfully harassed;

(e)  state the name, **ADDRESS**, and telephone number of each **PERSON** with knowledge of those facts; and

(f)  identify all **DOCUMENTS** evidencing those facts.

**204.0    Disability Discrimination**

204.1  Name and describe each disability alleged in the **PLEADINGS**.

204.2  Does the **EMPLOYEE** allege any injury or illness that arose out of or in the course of **EMPLOYMENT**? If so, state:

(a)  the nature of such injury or illness;

(b)  how such injury or illness occurred;

(c)  the date on which such injury or illness occurred;

(d)  whether **EMPLOYEE** has filed a workers' compensation claim. If so, state the date and outcome of the claim; and

(e)  whether **EMPLOYEE** has filed or applied for disability benefits of any type. If so, state the date, identify the nature of the benefits applied for, and the outcome of any such application.

204.3  Were there any communications between the **EMPLOYEE** (or the **EMPLOYEE'S HEALTH CARE PROVIDER**) and the **EMPLOYER** about the type or extent of any disability of **EMPLOYEE**? If so:

(a)  state the name, **ADDRESS**, and telephone number of each person who made or received the communications;

(b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who witnessed the communications;

(c)  describe the date and substance of the communications; and

(d)  identify each **DOCUMENT** that refers to the communications.

204.4  Did the **EMPLOYER** have any information about the type, existence, or extent of any disability of **EMPLOYEE** other than from communications with the **EMPLOYEE** or the **EMPLOYEE'S HEALTH CARE PROVIDER**? If so, state the sources and substance of that information and the name, **ADDRESS**, and telephone number of each **PERSON** who provided or received the information.

204.5  Did the **EMPLOYEE** need any accommodation to perform any function of the **EMPLOYEE'S** job position or need a transfer to another position as an accommodation? If so, describe the accommodations needed.

DISC-002

**204.6** Were there any communications between the **EMPLOYEE** (or the **EMPLOYEE'S HEALTH CARE PROVIDER**) and the **EMPLOYER** about any possible accommodation of **EMPLOYEE**? If so, for each communication:

(a) state the name, **ADDRESS**, and telephone number of each **PERSON** who made or received the communication;

(b) state the name, **ADDRESS**, and telephone number of each **PERSON** who witnessed the communication;

(c) describe the date and substance of the communication; and

(d) identify each **DOCUMENT** that refers to the communication.

**204.7** What did the **EMPLOYER** consider doing to accommodate the **EMPLOYEE**? For each accommodation considered:

(a) describe the accommodation considered;

(b) state whether the accommodation was offered to the **EMPLOYEE**;

(c) state the **EMPLOYEE'S** response; or

(d) if the accommodation was not offered, state all the reasons why this decision was made;

(e) state the name, **ADDRESS**, and telephone number of each **PERSON** who on behalf of **EMPLOYER** made any decision about what accommodations, if any, to make for the **EMPLOYEE**; and

(f) state the name, **ADDRESS**, and telephone number of each **PERSON** who on behalf of the **EMPLOYER** made or received any communications about what accommodations, if any, to make for the **EMPLOYEE**.

**205.0  Discharge in Violation of Public Policy**

**205.1** Do you contend that the **EMPLOYER** took any **ADVERSE EMPLOYMENT ACTION** against you in violation of public policy? If so:

(a) identify the constitutional provision, statute, regulation, or other source of the public policy that you contend was violated; and

(b) state all facts upon which you base your contention that the **EMPLOYER** violated public policy.

**206.0  Defamation**

**206.1** Did the **EMPLOYER'S** agents or employees **PUBLISH** any of the allegedly defamatory statements identified in the **PLEADINGS**? If so, for each statement:

(a) identify the PUBLISHED statement;

(b) state the name, ADDRESS, telephone number, and job title of each person who PUBLISHED the statement;

(c) state the name, **ADDRESS**, and telephone number of each person to whom the statement was **PUBLISHED**;

(d) state whether, at the time the statement was **PUBLISHED**, the **PERSON** who **PUBLISHED** the statement believed it to be true; and

(e) state all facts upon which the **PERSON** who published the statement based the belief that it was true.

**206.2** State the name and **ADDRESS** of each agent or employee of the **EMPLOYER** who responded to any inquiries regarding the **EMPLOYEE** after the **EMPLOYEE'S TERMINATION**.

**206.3** State the name and **ADDRESS** of the recipient and the substance of each post-**TERMINATION** statement **PUBLISHED** about **EMPLOYEE** by any agent or employee of **EMPLOYER**.

**207.0  Internal Complaints**

**207.1** Were there any internal written policies or regulations of the **EMPLOYER** that apply to the making of a complaint of the type that is the subject matter of this lawsuit? If so:

(a) state the title and date of each **DOCUMENT** containing the policies or regulations and a general description of the **DOCUMENT'S** contents;

(b) state the manner in which the **DOCUMENT** was communicated to **EMPLOYEES**;

(c) state the manner, if any, in which **EMPLOYEES** acknowledged receipt of the **DOCUMENT** or knowledge of its contents, or both;

(d) state, if you contend that the **EMPLOYEE** failed to use any available internal complaint procedures, all facts that support that contention; and

(e) state, if you contend that the **EMPLOYEE'S** failure to use internal complaint procedures was excused, all facts why the **EMPLOYEE'S** use of the procedures was excused.

**207.2** Did the **EMPLOYEE** complain to the **EMPLOYER** about any of the unlawful conduct alleged in the **PLEADINGS**? If so, for each complaint:

(a) state the date of the complaint;

(b) state the nature of the complaint;

(c) state the name and **ADDRESS** of each **PERSON** to whom the complaint was made;

(d) state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who investigated the complaint;

(e) state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who participated in making decisions about how to conduct the investigation;

DISC-002

(f)    state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who was interviewed or who provided an oral or written statement as part of the investigation of the complaint;

(g)    state the nature and date of any action taken in response to the complaint;

(h)    state whether the **EMPLOYEE** who made the complaint was made aware of the actions taken by the **EMPLOYER** in response to the complaint, and, if so, state how and when;

(i)    identify all **DOCUMENTS** relating to the complaint, the investigation, and any action taken in response to the complaint; and

(j)    state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the **EMPLOYEE'S** complaint or the **EMPLOYER'S** response to the complaint.

**208.0  Governmental Complaints**

☐  208.1  Did the **EMPLOYEE** file a claim, complaint, or charge with any governmental agency that involved any of the material allegations made in the **PLEADINGS**? If so, for each claim, complaint, or charge:

(a)    state the date on which it was filed;

(b)    state the name and **ADDRESS** of the agency with which it was filed;

(c)    state the number assigned to the claim, complaint, or charge by the agency;

(d)    state the nature of each claim, complaint, or charge made;

(e)    state the date on which the **EMPLOYER** was notified of the claim, complaint, or charge;

(f)    state the name, **ADDRESS**, and telephone number of all **PERSONS** within the governmental agency with whom the **EMPLOYER** has had any contact or communication regarding the claim, complaint, or charge;

(g)    state whether a right to sue notice was issued and, if so, when; and

(h)    state whether any findings or conclusions regarding the complaint or charge have been made, and, if so, the date and description of the agency's findings or conclusions.

☐  208.2  Did the **EMPLOYER** respond to any claim, complaint, or charge identified in Interrogatory 208.1? If so, for each claim, complaint, or charge:

(a)    state the nature and date of any investigation done or any other action taken by the **EMPLOYER** in response to the claim, complaint, or charge:

(b)    state the name, **ADDRESS**, telephone number, and job title of each person who investigated the claim, complaint, or charge;

(c)    state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who participated in making decisions about how to conduct the investigation; and

(d)    state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who was interviewed or who provided an oral or written statement as part of the investigation.

**209.0  Other Employment Claims by Employee or Against Employer**

☐  209.1  Except for this action, in the past 10 years has the **EMPLOYEE** filed a civil action against any employer regarding the **EMPLOYEE'S** employment? If so, for each civil action:

(a)    state the name, **ADDRESS**, and telephone number of each employer against whom the action was filed;

(b)    state the court, names of the parties, and case number of the civil action;

(c)    state the name, **ADDRESS**, and telephone number of any attorney representing the **EMPLOYEE**; and

(d)    state whether the action has been resolved or is pending.

☐  209.2  Except for this action, in the past 10 years has any employee filed a civil action against the **EMPLOYER** regarding his or her employment? If so, for each civil action:

(a)    state the name, **ADDRESS**, and telephone number of each employee who filed the action;

(b)    state the court, names of the parties, and case number of the civil action;

(c)    state the name, **ADDRESS**, and telephone number of any attorney representing the **EMPLOYER**; and

(d)    state whether the action has been resolved or is pending.

**210.0  Loss of Income—Interrogatories to Employee**

☐  210.1  Do you attribute any loss of income, benefits, or earning capacity to any **ADVERSE EMPLOYMENT ACTION**? *(If your answer is "no," do not answer Interrogatories 210.2 through 210.6.)*

☐  210.2  State the total amount of income, benefits, or earning capacity you have lost to date and how the amount was calculated.

☐  210.3  Will you lose income, benefits, or earning capacity in the future as a result of any **ADVERSE EMPLOYMENT ACTION**? If so, state the total amount of income, benefits, or earning capacity you expect to lose, and how the amount was calculated.

☐  210.4  Have you attempted to minimize the amount of your lost income? If so, describe how; if not, explain why not.

DISC-002

210.5  Have you purchased any benefits to replace any benefits to which you would have been entitled if the **ADVERSE EMPLOYMENT ACTION** had not occurred? If so, state the cost for each benefit purchased.

210.6  Have you obtained other employment since any **ADVERSE EMPLOYMENT ACTION**? If so, for each new employment:
   (a)  state when the new employment commenced;
   (b)  state the hourly rate or monthly salary for the new employment; and
   (c)  state the benefits available from the new employment.

**211.0    Loss of Income—Interrogatories to Employer**
*[See instruction 2(d).]*

211.1  Identify each type of **BENEFIT** to which the **EMPLOYEE** would have been entitled, from the date of the **ADVERSE EMPLOYMENT ACTION** to the present, if the **ADVERSE EMPLOYMENT ACTION** had not happened and the **EMPLOYEE** had remained in the same job position. For each type of benefit, state the amount the **EMPLOYER** would have paid to provide the benefit for the **EMPLOYEE** during this time period and the value of the **BENEFIT** to the **EMPLOYEE**.

211.2  Do you contend that the **EMPLOYEE** has not made reasonable efforts to minimize the amount of the **EMPLOYEE'S** lost income? If so:
   (a)  describe what more **EMPLOYEE** should have done;
   (b)  state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts that support your contention; and
   (c)  identify all **DOCUMENTS** that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

211.3  Do you contend that any of the lost income claimed by the **EMPLOYEE**, as disclosed in discovery thus far in this case, is unreasonable or was not caused by the **ADVERSE EMPLOYMENT ACTION**? If so:
   (a)  state the amount of claimed lost income that you dispute;
   (b)  state all facts upon which you base your contention;
   (c)  state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
   (d)  identify all **DOCUMENTS** that support your contention and state the name, **ADDRESS**, and telephone number of the PERSON who has each **DOCUMENT**.

**212.0  Physical, Mental, or Emotional Injuries—Interrogatories to Employee**

212.1  Do you attribute any physical, mental, or emotional injuries to the **ADVERSE EMPLOYMENT ACTION**? *(If your answer is "no," do not answer Interrogatories 212.2 through 212.7.)*

212.2  Identify each physical, mental, or emotional injury that you attribute to the **ADVERSE EMPLOYMENT ACTION** and the area of your body affected.

212.3  Do you still have any complaints of physical, mental, or emotional injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each complaint state:
   (a)  a description of the injury;
   (b)  whether the complaint is subsiding, remaining the same, or becoming worse; and
   (c)  the frequency and duration.

212.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure section 2034) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each **HEALTH CARE PROVIDER** state:
   (a)  the name, **ADDRESS**, and telephone number;
   (b)  the type of consultation, examination, or treatment provided;
   (c)  the dates you received consultation, examination, or treatment; and
   (d)  the charges to date.

212.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each medication state:
   (a)  the name of the medication;
   (b)  the name, **ADDRESS** and telephone number of the **PERSON** who prescribed or furnished it;
   (c)  the date prescribed or furnished;
   (d)  the dates you began and stopped taking it; and
   (e)  the cost to date.

212.6  Are there any other medical services not previously listed in response to interrogatory 212.4 (for example, ambulance, nursing, prosthetics) that you received for injuries attributed to the **ADVERSE EMPLOYMENT ACTION**? If so, for each service state:
   (a)  the nature;
   (b)  the date;
   (c)  the cost; and
   (d)  the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER**.

212.7  Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each injury state:

  (a)   the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;

  (b)   the complaints for which the treatment was advised; and

  (c)   the nature, duration, and estimated cost of the treatment.

## 213.0  Other Damages—Interrogatories to Employee

213.1  Are there any other damages that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each item of damage state:

  (a)   the nature;

  (b)   the date it occurred;

  (c)   the amount; and

  (d)   the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the nature or amount of the damage.

213.2  Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in Interrogatory 213.1 ? If so, identify the **DOCUMENTS** and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

## 214.0  Insurance

214.1  At the time of the **ADVERSE EMPLOYMENT ACTION**, was there in effect any policy of insurance through which you were or might be insured in any manner for the damages, claims, or actions that have arisen out of the **ADVERSE EMPLOYMENT ACTION**? If so, for each policy state:

  (a)   the kind of coverage;

  (b)   the name and **ADDRESS** of the insurance company;

  (c)   the name, **ADDRESS**, and telephone number of each named insured;

  (d)   the policy number;

  (e)   the limits of coverage for each type of coverage contained in the policy;

  (f)   whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

  (g)   the name, **ADDRESS**, and telephone number of the custodian of the policy.

214.2  Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **ADVERSE EMPLOYMENT ACTION**? If so, specify the statute.

## 215.0  Investigation                                    DISC-002

215.1  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **ADVERSE EMPLOYMENT ACTION**? If so, for each individual state:

  (a)   the name, **ADDRESS**, and telephone number of the individual interviewed;

  (b)   the date of the interview; and

  (c)   the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

215.2  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **ADVERSE EMPLOYMENT ACTION**? If so, for each statement state:

  (a)   the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;

  (b)   the name, **ADDRESS**, and telephone number of the individual who obtained the statement;

  (c)   the date the statement was obtained; and

  (d)   the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

## 216.0  Denials and Special or Affirmative Defenses

216.1  Identify each denial of a material allegation and each special or affirmative defense in your **PLEADINGS** and for each:

  (a)   state all facts upon which you base the denial or special or affirmative defense;

  (b)   state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

  (c)   identify all **DOCUMENTS** and all other tangible things, that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

## 217.0  Response to Request for Admissions

217.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

  (a)   state the number of the request;

  (b)   state all facts upon which you base your response;

  (c)   state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

  (d)   identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDREI SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07cv621 (RWR/JMF) |
| | ) | |
| CAFÉ ASIA, | ) | |
| | ) | |
| Defendant. | ) | |

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

Defendant Cafe Asia hereby provides the following supplemental responses to Plaintiff Andrei Smith's ("Plaintiff") First Set of Interrogatories. In addition, subject to, and without waiver of, its original responses and objections, Defendant supplements its responses as follows:

## INTERROGATORIES AND SUPPLEMENTAL RESPONSES THERETO

### INTERROGATORY NO. 3:

List and describe each and every communication which occurred between or among anyone (including but not limited to communications between or among any employee, managers, and customers of Café Asia or any other person) which is related to any allegation in Plaintiff's Complaint or Defendant's Answer. Include in your description an identification of the people who had the communication, the date and place of each communication, and the substance of the communication. Please note the definition of "communication" and "identify" which has been provided in the Definition section above. Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

-1-

**RESPONSE TO INTERROGATORY NO. 3**:

Cafe Asia objects that this interrogatory is extremely burdensome, oppressive, and calls for a lengthy narrative response. This line of questioning is far more suited to a deposition than to written discovery at the inception of a case. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and in fact contains at least five separate interrogatories. Cafe Asia responds to each subpart as a separate interrogatory.

Response to 3.A (actual interrogatory no.7) (list & describe each and every communication):

Please see Response to Interrogatory No. 1.A, *supra*. Defendant is not aware of each and every communication that occurred between or among anyone that relates to this action. Defendant cannot even attempt to create such a listing. This interrogatory is very overbroad, and cannot be coherently answered.

Response to 3.B (actual interrogatory no.8) (identification of people):

Defendant incorporates its Response to Interrogatories No. 1.A, and 3.A, *supra*. Defendant refers Plaintiff to the witnesses identified in Defendant's Initial Disclosures.

Response to 3.C (actual interrogatory no.9) (date and place of each communication)

Defendant incorporates its Response to Interrogatory No. 1.A and 3.A, *supra*. This interrogatory is burdensome and oppressive. Defendant does not know when (or if) all the people identified on the witness list spoke to each other.

Response to 3.D (actual interrogatory no.10) (substance of each communication)

Defendant incorporates its Response to Interrogatory No. 1.A, 3.A, and 3.C *supra*. Cafe Asia restates its general objections, and specifically objects that this interrogatory is burdensome and oppressive. Defendant does not know the substance of each and every communication between all the people who ever discussed topics relevant to Plaintiff's lawsuit.

Response to 3.E (actual interrogatory no. 11) (identify all documents):

Cafe Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:

In addition, and subject to its original responses, Defendant supplements its response to these interrogatories as follows:

Supplemental Response to 3.A (actual interrogatory no. 7) (list & describe each and every communication):

Please see Response to Interrogatory No. 1.A, *supra*. Defendant is not aware of each and every communication that occurred between or among anyone that relates to this action. Defendant cannot even attempt to create such a listing. This interrogatory is very overbroad, and cannot be coherently answered.

Former Response No. 3.B (identification of people):

Defendant incorporates its Response to Interrogatories No. 1.A, and 3.A, *supra*. Defendant refers Plaintiff to the witnesses identified in Defendant's Initial Disclosures.

Former Response No. 3.C (date and place of each communication)

Defendant incorporates its Response to Interrogatory No. 1.A and 3.A, *supra*. This interrogatory is burdensome and oppressive. Defendant does not know when (or if) all the people identified on the witness list spoke to each other.

Former Response No. 3.D (substance of each communication)

Defendant incorporates its Response to Interrogatory No. 1.A, 3.A, and 3.C *supra*. Cafe Asia restates its general objections, and specifically objects that this interrogatory is burdensome and oppressive. Defendant does not know the substance of each and every communication

between all the people who ever discussed topics relevant to Plaintiff's lawsuit.

Supplemental Response to 3.E (actual interrogatory no. 8) (identify all documents): Cafe Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

**INTERROGATORY NO. 4:**

Identify any person who claims to have viewed any audio or visual images presented by Andrei Smith and the describe the nature of those images; state whether each person identified had any sexual contact with Andrei Smith, including grabbing his crotch, buttocks, and nipples. Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

**RESPONSE TO INTERROGATORY NO. 4:**

Cafe Asia objects that this interrogatory is burdensome, oppressive, and overbroad. Cafe Asia further objects that this interrogatory calls for a lengthy narrative response, that is most suited to deposition questions than to written discovery. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and in fact contains at least three separate interrogatories. Cafe Asia responds to each subpart as a separate interrogatory.

Response to 4.A (actual interrogatory no. 12) (identify persons who viewed images): Defendant cannot possible identify every person that viewed the pornographic images on Plaintiff's cell phone. Please see Defendant's Initial Disclosures for a partial listing of such individuals. In addition to those individuals, Defendant identifies Patrick Youngmisuk and Samantha Tangchaiburana, both of whom may be contacted through Cafe Asia's counsel of record.

Response to 4.B (actual interrogatory no. 13) (sexual contact with Andrei):

Defendant objects that this interrogatory invades numerous third parties' rights to privacy, and seeks to impose burdens on Cafe Asia that far exceed the requirements of the Rules. Cafe Asia is not required to interrogate each and every one of its employees (and guests) about their sexual contact with Plaintiff. Plaintiff is in a far better position than Defendant to know who he has had sexual contact with. This interrogatory is overbroad and improper.

Response to 4.C (actual interrogatory no. 14) (identify all documents ):

Cafe Asia restates its general objections as though fully set forth herein. Cafe Asia further objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

In addition, and subject to its original responses, Defendant supplements its response to this Interrogatory as follows:

Supplemental Response to 4.A (actual interrogatory no. 9) (identify persons who viewed images):

Defendant cannot possible identify every person that viewed the pornographic images on Plaintiff's cell phone. Please see Defendant's Initial Disclosures for a partial listing of such individuals. In addition to those individuals, Defendant identifies Patrick Youngmisuk (240) 350-8700 and Samantha Tangchaiburana (301) 758-9683.

Supplemental Response to 4.B (actual interrogatory no. 10) (sexual contact with Andrei):

Defendant objects that this interrogatory invades numerous third parties' rights to

privacy, and seeks to impose burdens on Cafe Asia that far exceed the requirements of the Rules. Cafe Asia is not required to interrogate each and every one of its employees (and guests) about their sexual contact with Plaintiff. Plaintiff is in a far better position than Defendant to know who he has had sexual contact with. This interrogatory is overbroad and improper.

Supplemental Response to 4.C (actual interrogatory no. 11) (identify all documents ):
Cafe Asia restates its general objections as though fully set forth herein. Cafe Asia further objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

**INTERROGATORY NO. 5**:

List and describe with particularity and in detail, all of Plaintiff's job duties and responsibilities for Defendant and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith. If you contend that the Mr. Smith's job duties included the preparation of food, please identify any training Mr. Smith received. Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

**RESPONSE TO INTERROGATORY NO. 5**:

Cafe Asia incorporates by reference all of its general objections, and specifically objects that this interrogatory calls for a narrative response that is more suited to deposition questions than to written discovery. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and in fact contains at least four separate interrogatories. Cafe Asia responds to each subpart as a separate interrogatory.

2166/025499-0001                                      -6-

<u>Response to 5.A (actual interrogatory no. 15) (Plaintiff's job duties):</u>

Plaintiff's job duties included: taking orders; serving food; answering the phone; taking reservations; seating people; processing payments (as a cashier); taking and occasionally assembling and packaging carry-out orders; assembling one sampler platter (called Nasi Uduk) which required no cooking.

<u>Response to 5.B (actual interrogatory no. 16) (identify all documents):</u>

Cafe Asia restates its general objections, and specifically objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

<u>Response to 5.C (actual interrogatory no. 17) (training for food preparation):</u>

All waiters at Cafe Asia, including Plaintiff, were required to assemble one particular dish, a sampler platter called Nasi Uduk. All waiters, including Mr. Smith, received two weeks of kitchen training, during which time they were shown how to assemble this one simple dish.

<u>Response to 5.D (actual interrogatory no. 18) (identify all documents ):</u>

Cafe Asia objects that this interrogatory is duplicative of many other interrogatories and document demands, including this very interrogatory. Cafe Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

In addition, and subject to its original responses, Defendant supplements its response to

this Interrogatory as follows:

<u>Supplemental Response to 5.A (actual interrogatory no. 12) (Plaintiff's job duties):</u>

Plaintiff's job duties included: taking orders; serving food; answering the phone; taking reservations; seating people; processing payments (as a cashier); taking and occasionally assembling and packaging carry-out orders; assembling one sampler platter (called Nasi Uduk) which required no cooking.

<u>Supplemental Response to 5.B (actual interrogatory no. 13) (identify all documents):</u>

Cafe Asia restates its general objections, and specifically objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

<u>Supplemental Response to 5.C (actual interrogatory no. 14) (training for food preparation):</u>

All waiters at Cafe Asia, including Plaintiff, were required to assemble one particular dish, a sampler platter called Nasi Uduk. All waiters, including Mr. Smith, received two weeks of kitchen training, during which time they were shown how to assemble this one simple dish.

<u>Supplemental Response to 5.D (actual interrogatory no. 15) (identify all documents ):</u>

Cafe Asia objects that this interrogatory is duplicative of many other interrogatories and document demands, including this very interrogatory. Cafe Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Without waiving these objections, Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

**INTERROGATORY NO. 6**:

Describe Mr. Smith's job performance (both positive and negative) during his tenure with Café Asia, including in your response a description of the specific procedures used to evaluate Mr. Smith's performance; an identification of all factors on which Mr. Smith was evaluated; an identification of the individual(s) who evaluated Mr. Smith's performance; and the role each such individual played, any disciplinary action taken, and any pay increase or decease. Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

**RESPONSE TO INTERROGATORY NO. 6**:

Cafe Asia objects that this interrogatory is burdensome, oppressive, and overbroad. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and contains at least <u>eight</u> separate interrogatories. Cafe Asia responds to each subpart as a separate interrogatory. This exceeds Plaintiff's quota of interrogatories under the Rules.

<u>Response to 6.A (actual interrogatory no. 19) (Plaintiff's job performance)</u>:

Cafe Asia asserts all of its formal objections, as though fully stated herein. Since Plaintiff was never formally evaluated, this interrogatory is best suited to deposition questioning. However, without waiving any of these objections, Defendant rates Plaintiff's job performance as mediocre.

<u>Response to 6.B (actual interrogatory no. 20) (procedures to evaluate job performance)</u>:

Cafe Asia re-asserts all of its prior objections, as though fully stated herein. Plaintiff was never formally evaluated.

<u>Response to 6.C (actual interrogatory no. 21) (identification of all factors on which Plaintiff was evaluated)</u>:

See Responses to Interrogatories 6.A and 6.B, above. Plaintiff was never formally evaluated.

<u>Response to 6.D (actual interrogatory no. 22) (identification of the individual(s) who</u>

evaluated Mr. Smith's performance):

> As stated above, Plaintiff was never formally evaluated.

> Response to 6.E (actual interrogatory no. 23) (the role each such individual played):

> Not applicable.

> Response to 6.F (actual interrogatory no. 24) (any disciplinary action taken):

> Cafe Asia has no formal written record of discipline against Plaintiff.

> Response to 6.G (actual interrogatory no. 25) (any pay increase or decease)

Cafe Asia objects that Plaintiff has equal access to his own paychecks. This interrogatory is unnecessary and duplicative of Plaintiff's extensive document demands. Any pay increases would be reflected in writing, and any such documents will be produced.

> Response to 6.H (actual interrogatory no. 26) (identify all documents):

Cafe Asia objects that this is the eighth subpart of this interrogatory, and as such exceeds the number of interrogatories permitted under the Federal Rules. Cafe Asia further objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this demand duplicates Plaintiff's extensive Request for Production of Documents. Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:

> In addition, and subject to its original responses, Defendant supplements its response to this Interrogatory as follows:

> Cafe Asia objects that this interrogatory is burdensome, oppressive, and overbroad. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and contains at least <u>five</u> separate interrogatories. Cafe Asia responds to each factually unrelated subpart as a separate interrogatory.

> Supplemental Response to 6.A (actual interrogatory no. 16) (Plaintiff's job performance):

Cafe Asia asserts all of its formal objections, as though fully stated herein. However, without waiving any of these objections, Defendant rates Plaintiff's job performance as mediocre.

Supplemental Response to 6.B (actual interrogatory no. 17) (procedures to evaluate job performance):

Cafe Asia re-asserts all of its prior objections, as though fully stated herein. Plaintiff was never formally evaluated, so there are no procedures to evaluate Plaintiff's job performance.

Former Response 6.C (identification of all factors on which Plaintiff was evaluated):

See Responses to Interrogatories 6.A and 6.B, above. Plaintiff was never formally evaluated.

Supplemental Response to 6.D (actual interrogatory no. 18) (identification of the individual(s) who evaluated Mr. Smith's performance):

As stated above, Plaintiff was never formally evaluated.

Former Response 6.E (the role each such individual played):

Not applicable.

Supplemental Response to 6.F (actual interrogatory no. 19) (any disciplinary action taken):

Cafe Asia has no formal written record of discipline against Plaintiff.

Supplemental Response to 6.G (actual interrogatory no. 20) (any pay increase or decease)

Cafe Asia objects that Plaintiff has equal access to his own paychecks. This interrogatory is unnecessary and duplicative of Plaintiff's extensive document demands. Any pay increases would be reflected in writing, and any such documents will be produced.

Supplemental Response to 6.H (actual interrogatory no. 21) (identify all documents):

Cafe Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. This demand is burdensome and unnecessary, and exceeds the requirements of the Rules. Defendant further objects that this

demand duplicates Plaintiff's extensive Request for Production of Documents.  Plaintiff is respectfully referred to the documents that will be produced in response to Plaintiff's RFP.

**INTERROGATORY NO. 7:**

List and describe fully any and all complaints, grievances, or charges, whether formal or informal, related to discrimination, disparate treatment, or harassment on the basis of gender, sex, race, color, national origin, sexual orientation, disability, or religion or retaliation for filing any such complaint, internal grievance, or charge, filed or discussed at any time against Café Asia as a result of some employee of or occurrence at the location at which Mr. Smith worked, or any employee or former employee of such, identify the person who is the subject of the complaint, grievance, or charge, and describe the disposition thereof. Information provided pursuant to this Interrogatory should include, but are not limited to, information related to those complaints, grievances, or charges filed or discussed with or received from:

i. Defendant's internal Office of Personnel, office of Equal Employment Opportunity, or any other office within Defendant;

ii. any of Defendant's employees;

iii. any state or federal human rights organization, such as the Montgomery County Office of Human Rights;

iv. the Equal Employment Opportunity Commission;

v. any union representing such employees;

vi. any State court; or

vii. any federal court.

Identify all documents on which Defendant relies in support of its response(s) to this Interrogatory pursuant to the Request for Production of Documents served herewith.

**RESPONSE TO INTERROGATORY NO. 7:**

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure.  Defendant has already answered 25 separate

interrogatories above. Cafe Asia incorporates its objections stated above, and further objects that this interrogatory itself is complex and overbroad. Defendant further objects that this interrogatory is burdensome and oppressive, and seeks information that is not admissible.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

In addition, and subject to its original responses, Defendant supplements its response to this Interrogatory as follows:

Cafe Asia objects that this interrogatory is burdensome, oppressive, and overbroad. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and contains at least <u>four</u> separate interrogatories. Cafe Asia responds to each factually related subpart as a separate interrogatory.

Supplemental Response to 7.A (actual interrogatory no. 22) (All Complaints):

Cafe Asia further objects to this Interrogatory on relevance and privacy grounds, including the privacy rights of third party employees, not parties to this action. Subject to and without waiving these objections, Cafe Asia responds as follows: Two female employees, April O'Conner and Elis Triany complained orally to Cafe Asia about harassment. Because Cafe Asia was given the opportunity to investigate (which it promptly did), Cafe Asia was able to take corrective remedial action. Thus, both complaints were resolved to the satisfaction of each complaining party.

Supplemental Response to 7.B (actual interrogatory no. 23) (All Grievances):

Cafe Asia further objects to this Interrogatory as vague, ambiguous and irrelevant because Cafe Asia is not unionized, and there is no collective bargaining agreement providing for any grievance procedures. Subject to and without waiving these objections, Cafe Asia responds as follows: There have been no grievances filed.

Supplemental Response to 7.C (actual interrogatory no. 24) (All Charges):

Cafe Asia further objects to this Interrogatory as vague, ambiguous. Subject to and without waiving these objections, Cafe Asia interprets this Interrogatory as calling for any

Charges filed with the EEOC or any governmental agency, and responds as follows: There have been no Charges filed.

Supplemental Response to 7.D (actual interrogatory no. 25) (All documents):

Not applicable. See response to Actual Interrogatory No. 21-24.

**INTERROGATORY NO. 8:**

Describe in specific detail any knowledge that you, any of the agents, servants and/or employees of Café Asia or any other individual may have regarding the events which occurred during the period of time from November 2005 until September 2006, at Café Asia located in Washington, D.C., which in any way involve, affect, relate to the Plaintiff, the Plaintiff's employment with Defendant, including, but not limited to any events captured by video taken by Mr. Ramos or Mr. Bakar; and identify all documents on which Defendant relies in support of its response(s) to this Interrogatory pursuant to the Request for Production of Documents served herewith.

**RESPONSE TO INTERROGATORY NO. 8:**

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia incorporates its general objections stated above, and further objects that this interrogatory itself is complex. Furthermore, this interrogatory calls for a lengthy narrative response that is more suited to deposition questioning than to written discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

In addition, and subject to its original responses, Defendant supplements its response to this Interrogatory as follows:

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia further objects that this interrogatory is overbroad, vague and ambiguous. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is

compound, and contains at least <u>two</u> separate interrogatories. Cafe Asia responds to each factually related subpart as a separate interrogatory.

 <u>Supplemental Response to 8.A (actual interrogatory no. 26) (Events that occurred from November 2005 until September 2006 regarding or relating to Plaintiff And Plaintiff's Employment)</u>

 Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia further objects to this Interrogatory as overbroad, vague, ambiguous. Cafe Asia objects on the basis of the attorney client privilege and work-product doctrine. Cafe Asia further objects that this Interrogatory impinges on the privacy rights of third persons, not parties to the current action. Cafe Asia further objects to the extent that this Interrogatory unreasonably requires Cafe Asia to prepare a compilation or summary of documents already produced to Plaintiff, or produced by Plaintiff to Cafe Asia. Subject to and without waiving these objections, Cafe Asia reasonably interprets this Interrogatory and responds as follows:

 During the period that Plaintiff actively worked at Cafe Asia, Plaintiff never complained about harassment of any kind. Rather, the first time that Cafe Asia heard of any complaint was through Plaintiff's former counsel, during a period in which Plaintiff was on a personal leave of absence from work. Further, Cafe Asia denies that it, or any of its employees or agents, sexually harassed, assaulted, or battered Plaintiff, and further denies that it or any of its employees or agents discriminated in any way against Plaintiff because of Plaintiff's sexual orientation.

 For additional detailed information about Plaintiff and Cafe Asia's investigation into Plaintiff's first complaint through former counsel, please see CAF-SMI 000001-10, produced in response to Plaintiff's First Set of Requests For Production, and PDP 000010-14, produced by Plaintiff in response to Cafe Asia's document requests.

 <u>Supplemental Response to 8.B (actual interrogatory no. 27) (all documents):</u>

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. Cafe Asia objects on the basis of the attorney client privilege and work-product doctrine. Cafe Asia further objects that this Interrogatory impinges on the privacy rights of third persons, not parties to the current action. Without waiving these objections, Plaintiff is respectfully referred to CAF-SMI 000001-10, produced in response to Plaintiff's First Set of Requests For Production, and PDP 000010-14, produced by Plaintiff in response to Cafe Asia's document requests.

**INTERROGATORY NO. 9:**

List and describe any and all investigations and/or inquiries conducted by you or any agent, servant and/or employee of Café Asia with regard to Plaintiff, the incidents referred to in Plaintiff's complaint in this matter, Plaintiff's complaint(s) related to his employment; or Plaintiff's complaint(s) related to his supervisor and/or co-workers; and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

**RESPONSE TO INTERROGATORY NO. 9:**

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia incorporates its objections stated above, and further objects that this interrogatory itself is complex and overbroad. Cafe Asia further objects that this interrogatory invades the attorney-client privilege and the attorney work-product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

In addition, and subject to its original responses, Defendant supplements its response to this Interrogatory as follows:

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted

under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia further objects that this interrogatory is overbroad, vague and ambiguous. Cafe Asia further objects that contrary to the Federal Rules, this interrogatory is compound, and contains at least <u>three</u> separate interrogatories. Cafe Asia responds to each factually related subpart as a separate interrogatory.

<u>Supplemental Response to 9.A (actual interrogatory no. 28) (Investigations of Plaintiff)</u>

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia further objects to this Interrogatory as overbroad, vague, and ambiguous. Cafe Asia objects on the basis of the attorney client privilege and work-product doctrine. Cafe Asia further objects that this Interrogatory impinges on the privacy rights of third persons, not parties to the current action. Cafe Asia further objects to the extent that this Interrogatory requires Cafe Asia to prepare a compilation or summary of documents already produced to Plaintiff. Subject to and without waiving these objections, Cafe Asia responds as follows:

Plaintiff's first complaint to Cafe Asia was though his former counsel, and after he stopped physically working at Cafe Asia. Following Plaintiff's complaint to Cafe Asia through his former counsel, counsel for Cafe Asia conducted an investigation, which focused upon events that occurred during Plaintiff's term of employment with Cafe Asia and Plaintiff's complaint through counsel. For detailed information concerning Plaintiff or Cafe Asia's investigation, please see CAF-SMI 000001-10, produced in response to Plaintiff's First Set of Requests For Production, and PDP 000010-14, produced by Plaintiff in response to Cafe Asia's document requests.

<u>Supplemental Response to 9.B (actual interrogatory no. 29) (Plaintiff's Complaints)</u>

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate

interrogatories above. Cafe Asia further objects to this Interrogatory as overbroad, vague, and ambiguous. Cafe Asia objects on the basis of the attorney client privilege and work-product doctrine. Cafe Asia further objects that this Interrogatory impinges on the privacy rights of third persons, not parties to the current action. Cafe Asia further objects to the extent that this Interrogatory requires Cafe Asia to prepare a compilation or summary of documents already produced to Plaintiff. Subject to and without waiving these objections, Cafe Asia responds as follows:

Plaintiff did not complaint about any purported harassment during the time that he physically worked at Cafe Asia. Rather, Plaintiff first complained to Cafe Asia through his former counsel. Following Plaintiff's complaint to Cafe Asia through his former counsel, counsel for Cafe Asia conducted an investigation, which focused upon events that occurred during Plaintiff's term of employment with Cafe Asia and Plaintiff's complaint through counsel. For detailed information concerning Plaintiff or Cafe Asia's investigation, please see CAF-SMI 000001-10, produced in response to Plaintiff's First Set of Requests For Production, and PDP 000010-14, produced by Plaintiff in response to Cafe Asia's document requests.

Supplemental Response to 9.C (actual interrogatory no. 30) (All documents)

Cafe Asia objects that Plaintiff has propounded far more interrogatories than permitted under the Federal Rules of Civil Procedure. Defendant has already answered 25 separate interrogatories above. Cafe Asia objects that it is not required, in addition to producing documents, to describe every document it produces in response to discovery. Cafe Asia objects on the basis of the attorney client privilege and work-product doctrine. Cafe Asia further objects that this Interrogatory impinges on the privacy rights of third persons, not parties to the current action. Without waiving these objections, Plaintiff is respectfully referred to CAF-SMI 000001-10, produced in response to Plaintiff's First Set of Requests For Production, and PDP 000010-14, produced by Plaintiff in response to Cafe Asia's document requests.

Dated: January 15, 2008

Respectfully submitted,

Kevin B. Bedell (D.C. Bar No. 451555)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
Tel: (703) 749-1339
Fax: (703) 714-8339

_____

William Ihrke (D.C. Bar No. 483748)
Jeffrey Wertheimer (*pro hac vice*)
Anna Kogan (*pro hac vice*)
Rutan & Tucker, LLP
611 Anton Blvd., Fourteenth Floor
Costa Mesa, CA 92626
Tel: (714) 641-5100
Fax: (714) 546-9035

*Counsel for Defendant Café Asia*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the

**SUPPLEMENTAL RESPONSES TO INTERROGATORIES** was sent

by First Class mail, postage prepaid, on January 15, 2008 to:

>Gwenlynn Whittle D'Souza, Esq.
>Lippman, Semsker & Salb, LLC
>7979 Old Georgetown Road, Suite 1100
>Bethesda, MD  20814
>Phone:  (301) 656-6905
>Fax:  (301) 656-6906
>
>Counsel for Plaintiff
>ANDREI SMITH

Michelle Perciavalle

 **LIPPMAN, SEMSKER & SALB,** LLC

Founded Solaman G. Lippman 1972 – 2002

June 20, 2008

Anna Kogan, Esq.
Jeffrey Wertheimer, Esq.
Rutan & Tucker, LLP
611 Anton Boulevard
Fourteenth Floor
Costa Mesa, California  92626-1931
*VIA FACSIMILE TO (714) 546-9035; ORIGINAL TO FOLLOW VIA U.S. MAIL.*

         RE:     Smith v. Café Asia.

Dear Ms. Kogan and Mr. Wertheimer:

I write to confirm, per our telephone conference on June 18, 2008, the following representations regarding the subjects outlined in my December 21, 2007, e-mail, your firm's January 8, 2008, letter, my April 29, 2008, e-mail, my May 4, 2008, e-mail, my May 20, 2008, e-mail, your firm's May 23, 2008 letter, my May 27, 2008 letter, and my June 10, 2008 e-mail.

- Plaintiff requests that Defendant sign the Answers to Interrogatories pursuant to Federal Rule of Civil Procedure 33(b)(5) by June 25, 2008. On June 10, 2008, Plaintiff erroneously cited to Federal Rule of Civil Procedure 33(b)(2) of an earlier version of the rule.
    - I add on May 19, 2008, Plaintiff first requested signed Answers to Interrogatories.

- The Parties agree that no further meet and confer is necessary on Defendant's objection regarding whether the sub-parts are discrete. Plaintiff's counsel points out that California Model Interrogatories contain many sub-parts. Defendant maintains that the interrogatories at issue here are too numerous and that its response to the six interrogatories as Plaintiff has numbered them, which Defendant recalculates as 30 separate interrogatories, is sufficient.
    - I add on May 27, 2008, I provided the following citations for your review of the logically related test utilized by the District Court of the District of Columbia to determine whether a subpart is discrete. *See* United States v. Diabetes Treatment Centers Inc., 2006 WL 1515914 *6 (D.D.C. 2006); Banks v. Office of Senate Sergeant-At-Arms, 222

7700 Old Georgetown Road
Suite 500
Bethesda, MD 20814

Tel: 301.656.6905
Fax: 301.656.6906

www.lsslawyers.com

 **LIPPMAN, SEMSKER & SALB,** LLC

Jeffrey Wertheimer, Esq.
Jun 20, 2008
Page 2

F.R.D. 7, 10 (D.D.C. 2004) ; <u>Willingham v. Ashcroft,</u> 226 F.R.D. 57, 59 (D.D.C. 2005).

- The Parties agree that Defendant's tangential objection of identifying all persons named in the interrogatories, particularly the interrogatories which have not responded to as yet, would not be the subject of further meet and confer as it is intertwined with the sub-parts issue.
    - I add that we have not received the name, address, and phone number of the persons named in Defendant's Initial Disclosures, pursuant to Rule 26(a)(1). I note that Defendant has not objected to providing this information in the Initial Disclosures, and accordingly any objection is waived under the Rule. Please provide the information by Wednesday, June 20, 2008.

- Defendant declined to reopen the deposition of Yu Sheon to discuss the investigator's report, which was produced late in discovery without any justification given. Plaintiff's counsel maintained that the report is related to bias.
    - I add that at the time of the deposition Plaintiff requested to hold the deposition open, when Defendant raised the Ellerth/Farragher defense and indicated it may produce the investigative report. The report is also related to the issue of pretext and defendant's defense of welcomeness, both of which Mr. Sheon can testify about. The deposition for Yu Sheon is also sought because the report did not contain information about interviews of managers. To the extent that Defendant intends to raise the Ellerth/Farragher defense, the information related to the defense, including any interviews of the managers, must be produced. Because it appears, we have not reached agreement on this critical issue, I intend to file a Motion to Compel on this matter shortly.

- The Parties briefly reviewed the Amended Response to Production of Documents.

 **LIPPMAN, SEMSKER & SALB, LLC**

Jeffrey Wertheimer, Esq.
Jun 20, 2008
Page 3

- Plaintiff represents it will not supplement its Request for Admissions based on Judge Facciola's Order analyzing the standard of relevance in sexual harassment cases and the vagueness of certain phrases. Plaintiff will not supplement it response to Interrogatory Number 8 for the same reason.

- Plaintiff represents that it does not have further contact information for the named persons. Therefore, Plaintiff will not supplement Answer to Interrogatory 4.
  - I add that we do not have further contact information beyond what was produced in Plaintiff's Initial Disclosures.

Please note the following, which I detailed in May 20, 2008 and June 10, 2008 e-mails. We still have not received a privilege log. Please provide one immediately.

Very truly yours,

LIPPMAN, SEMSKER & SALB, LLC

by Gwenlynn Whittle D'Souza, Esq.