UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDREI SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07cv621 (RWR/JMF) |
| CAFÉ ASIA, | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL AND/OR FOR SANCTIONS**

Defendant Café Asia, by counsel, hereby opposes "Plaintiff's Motion to Compel And/Or For Sanctions."  Plaintiff filed his motion while defendant was attempting to resolve the issues raised by plaintiff's counsel, issues which ultimately were resolved.  Plaintiff's counsel had been informed that these issues would be resolved as soon as defendant's counsel became available from an unrelated lengthy arbitration, which they were.  There is nothing for the Court to decide, and indeed was no reason for the motion itself.

I.    **Most of the Issues in Plaintiff's Motion are Moot, and the Last Remaining Issue will be Resolved Soon.**

A.    There is No Dispute about Verifying Café Asia's Interrogatory Responses.

Plaintiff moved to compel defendant to provide a verification for its interrogatory responses.  Defendant now has provided verified interrogatory responses.  Immediately upon the conclusion of defense counsel's arbitration, on Monday August 4, defense counsel provide Plaintiff's counsel with Mr. Sheon's signed verification to Café Asia's original & supplementary interrogatory responses.  This is exactly what defendant's counsel said it would do upon completing the arbitration.  *See* Exhibit A, June 25, 2008 e-mail from A. Kogan to G. D'Souza.  This point was never in dispute.  It was unnecessary to file a motion to compel.

B.    There is No Dispute about Re-Opening a Deposition on the Limited Issue
      Requested in the Motion.

Plaintiff complains that it was not able to examine defendant's primary witness, Yu

Sheon on certain investigative reports.  The reports were produced in May, as noted in plaintiff's

motion.  Defendant has agreed to re-open Yu Sheon's deposition on the limited topic of those

reports.  *See* Exhibit B, Aug. 4, 2008, e-mail from A. Kogan to G. D'Souza.  Indeed, defendant's

counsel told plaintiff's counsel this during a telephone call at the end of June, before plaintiff

filed his motion to compel.  Neither the reports themselves (which were produced before plaintiff

filed its motion), nor re-opening Yu Sheon's deposition thus are issues in dispute.  They also are

not issues that required a motion to compel.

C.    Responses to Plaintiff's Second Set of Document Requests are Not Currently in
      Dispute.

In his motion to compel, plaintiff first asserts that defendant failed to produce documents

in response to plaintiff's second set of requests for production, then acknowledges that there

actually is not now any dispute about defendant's response to these requests.  *See* Plaintiff's

Memorandum in Support of Motion to Compel And/Or for Sanctions at 4-5.  Like the previous

two issues, this issue was discussed and resolved before plaintiff's counsel filed the motion to

compel.

During counsels' discussions about plaintiff's second set of requests for production,

defendant's counsel stated that plaintiff was exceeding the scope of permissible discovery by

demanding detailed financial records of entities that have nothing to do with this lawsuit.

Plaintiff was not just requesting information to establish whether or not these other entities were

Café Asia's alter-egos, but probing deeply into those entities' internal finances.  There is no basis

for doing so before plaintiff establishes liability, since those questions go, at most, towards issues

of collection, not the existence of an alter-ego relationship.

Defendant's counsel further stated that if and when plaintiff establishes liability and

obtains a judgment that Café Asia itself refuses to satisfy, then the parties can conduct discovery

on issues of collection.  As of now, that discovery is premature.  As indicated in plaintiff's

memorandum in support, plaintiff's counsel agrees hold this issue in abeyance until after

"Plaintiff is successful at trial" (Mem. in Supp. at 5, top), so there is no dispute about this issue.

Again, the motion on this issue was unnecessary and a waste of the court's time and of the

defendant's time in responding.

> D.    Defendant Has No Other Documents To Produce.

Plaintiff also seeks to compel the production of documents relating to Yu Sheon's work

schedule.  As indicated in defendant's original response to this request, there simply are no

documents responsive to this request.

> E.    Plaintiff's Motion Was Unnecessary

As mentioned above, plaintiff's motion was totally unnecessary with respect to these

issues because defendant's counsel told plaintiff's counsel the information being sought would

be provided, and told plaintiff's counsel that before plaintiff filed his motion to compel.

Defendant's counsel also told plaintiff's counsel that defendant's counsel would take another

look at the last remaining issue when defendant's counsel completed her week-long arbitration

during the last week of July.  *See* Exhibit A, June 25, 2008 e-mail from A. Kogan to G. D'Souza.

In addition to that written correspondence, defendant's counsel had two follow-up

conversations with plaintiff's counsel, neither of which is reflected in Plaintiff's motion.  It is

disingenuous for plaintiff not to have attached defendant's response indicating that this

information would be provided, and not to inform the court that the reason for defendant's

counsel's abbreviated response was that Ms. Kogan was gearing up for a week-long arbitration at

the end of July.  Rather than giving an accurate picture of the status of counsel's discussions, the

partial and self-serving description in plaintiff's memorandum gives a very distorted impression of that process.  No motion was necessary on these points.

## II.    Plaintiff's First Set of Interrogatories.

The only remaining issue relates to plaintiff's first set of interrogatories.  Despite plaintiff's protestations to the contrary, plaintiff has attempted to wedge far more than 25 interrogatories into the allowable limit.

### A.    Plaintiff Has Asked Far More Than 25 Discrete Interrogatories.

Almost every interrogatory in Plaintiff's First Set is a full paragraph long, and contains at least four separate questions, sometimes more.  Plaintiff's Interrogatory No. 11 is a case in point. That interrogatory asks defendant to:

> Identify each and every one of the employees at Café Asia in the last ten years and for each individual named, include for each such person their job title(s) at any time during their employment, including the current time; their current mailing address; their current telephone number(s); their sex; their sexual orientation; and whether they are known to you to have any knowledge related to this matter; and identify all documents on which Defendant relies in support of its response(s) to this Interrogatory pursuant to the Request for Production of Documents served herewith.  Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

Plaintiff wants to pan this off as one interrogatory.  The numerous sub-parts in this interrogatory, however, are not related or mutually interdependent.  Identifying all Café Asia employees over the last 10 years is an issue separate and distinct from each employee's sexual orientation, which in turn is an issue distinct from whether any of these employees have any knowledge of the issues in this case.  In their discussion to attempt to resolve this issue, plaintiff refused to narrow any of his interrogatories, explain why a former employee who worked at Café

Asia ten years ago would know anything at all about his case, or explain why such an employee's sexual orientation was at all relevant.

In addition to containing multiple independent questions, this interrogatory is overbroad, extremely burdensome, and invades the privacy rights of numerous third parties' over the last decade, and is not designed to lead to the discovery of admissible evidence because this is a single-plaintiff case. Mr. Smith does not represent a class, so he has no basis to probe into the "sexual orientation" of every past and present Café Asia employee over the last ten years.

Like Number 11 quoted above, many of the interrogatories in plaintiff's first set are not mere sub-parts, but several discrete interrogatories lumped into one. Although Café Asia believes that it has answered more than the number of interrogatories permitted under the rules, in an effort to avoid having to involve the Court in resolving this dispute, defendant's counsel has repeatedly asked plaintiff to identify which of his numerous interrogatories he really wants answered. *See* Exhibit A, June 25, 2008 e-mail from A. Kogan to G. D'Souza. Plaintiff, however, has refused to engage in this good faith process. Defense counsel remains open to reviewing the substance of the disputed interrogatories, and invites plaintiff to undertake this effort without disturbing the court.

Despite plaintiff's unwillingness to identify the information that it actually wants within the prescribed limit for the number of interrogatories, defendant has undertaken to supplement its interrogatory responses. Defendant intends to provide responses to the remaining interrogatories by August 25th. Because of deadlines in other matters defendant's counsel is handling, deadlines which were no secret to plaintiff's counsel, these could not be provided sooner.

B.    Plaintiff's Demand That In Addition To Producing Unprivileged Responsive Documents, Defendant "Identify" Each And Every Document And Categorize Which Interrogatory Each Document Is Responsive To, Is Unnecessary, Burdensome, And Exceeds Defendant's Obligations Under The Rules.

Café Asia has already produced all unprivileged responsive documents. Plaintiff's demand that in addition to actually producing them, Café Asia has to "identify" each one and indicate to which interrogator(ies) each document relates is burdensome, unnecessary, and exceeds the scope of defendant's discovery obligations. Moreover, it would require defendant to guess at which documents plaintiff's counsel might deem to "relate" to an interrogatory. The point of discovery is to reveal the relevant information – not to engage in unnecessary categorization of whether certain documents "relate" to certain interrogatories. Not surprisingly, plaintiff has failed to cite a single case requiring a party to undertake such an onerous burden. Indeed, plaintiff has not bestirred himself to undertake such an effort in response to defendant's requests for production, much less its interrogatories.

## III.    Conclusion

The majority of issues raised in plaintiff's motion are moot, and plaintiff was told they would be moot before he filed this motion. This motion was totally unnecessary, and simply took time away from providing the responses and otherwise preparing this case. Because there is nothing substantive in dispute, defendant's motion is, or soon will be, entirely moot. It should be denied as such.

Moreover, because, among other reasons, the motion was unnecessary, there is absolutely no basis for the unsupported request in plaintiff's motion that defendant "be held in contempt." Plaintiff makes no attempt to justify this request for relief, nor could he because defendant has not violated any orders or otherwise done anything that would place it in contempt.

6

Accordingly, defendant respectfully requests that the Court deny plaintiff's motion to compel.

Respectfully submitted,

Dated:  August 11, 2008

Kevin B. Bedell (Bar No. 451555)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
Tel:  (703) 749-1339
Fax:  (703) 714-8339

*Counsel for Defendant Café Asia*

## Kogan, Anna

| | |
|---|---|
| **From:** | Kogan, Anna |
| **Sent:** | Wednesday, June 25, 2008 4:40 PM |
| **To:** | gdsouza@lsslawyers.com |
| **Cc:** | Wertheimer, Jeff; Penn, Frances |
| **Subject:** | Cafe Asia |

Hi Gwen. As I mentioned during our phone conference last week, I have been tied up through today on a summary judgment motion. While this brief note is not intended to address every topic raised in your letter (or in the 8 preceding letters you reference), I wanted to respond to a few of your comments right away:

1.  As I mentioned, I have no problem getting our client to sign the interrogatory responses. I also told you over the phone last week that because of my filing deadline, I will not be able to obtain that signature for you today. Since this issue is totally non-substantive, there is no pressing deadline, but if you'd like to move to compel on that, that is your choice. I do intend to get you that signature as soon as I get in touch with Mr. Sheon.
2.  During our phone conference, I invited you to point out those specific interrogatories to which you want responses. We are trying to work with you to avoid unnecessary motions, but we can't do that unless you are willing to be reasonable.
3.  We do not have a copy of Mr. Sheon's deposition transcript. We are requesting one, so I can review his exact testimony before addressing your request to re-open his deposition. As I've stated during our telephonic meet and confer, I do not think that the DRM reports require re-opening Mr. Sheon's deposition, because my understanding was that you already questioned him about them, but before taking any final position on that issue, I need to review the actual transcript, which I will do promptly upon receipt.

Good evening,


Anna Kogan
**Rutan & Tucker, LLP**
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 338-1888 Direct
714-546-9035 Fax
akogan@rutan.com
www.rutan.com

Any tax advice contained in the body of this e-mail (and any attachments thereto) was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

**Privileged And Confidential Communication.**
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

 Please consider the environment before printing this e-mail.

1

**From:** Kogan, Anna
**Sent:** Monday, August 04, 2008 11:24 AM
**To:** gdsouza@lsslawyers.com
**Cc:** Penn, Frances
**Subject:** Sheon's Verification

Dear Gwen, attached please find Mr. Sheon's verification to Café Asia's original and supplemental interrogatory responses.

As Mr. Bedell has already discussed with you, we are ready to re-open Mr. Sheon's deposition on the limited topic of the DRM Reports.  Mr. Wertheimer will be back from vacation next week, and we can work out dates. In the meantime, if you would like to give me your dates of availability to complete this deposition, that will get the ball rolling.

Anna Kogan
**Rutan & Tucker, LLP**
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 338-1888 Direct
714-546-9035 Fax
akogan@rutan.com
www.rutan.com

Any tax advice contained in the body of this e-mail (and any attachments thereto) was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

**Privileged And Confidential Communication.**
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

 Please consider the environment before printing this e-mail.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREI SMITH, )<br><br>Plaintiff, )<br><br>v. )<br><br>CAFÉ ASIA, )<br><br>Defendant. ) | Civil Action No. 07cv621 (RWR/JMF) |

**<u>ORDER</u>**

This cause came before the Court upon "Plaintiff's Motion to Compel And/Or For

Sanctions." The Court having considered that motion, the opposition of defendant thereto, the

pleadings and other papers in this matter, and otherwise being advised in the premises, it is

hereby

ORDERED that said motion be, and the same hereby is, DENIED.

_____
Judge, United States District Court

*357,567,660-8-11-08*