UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREI SMITH, ) | Assigned to Magistrate Judge |
| ) | John M. Facciola |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07CV621 (RWR) |
| ) | |
| CAFÉ ASIA, ) | |
| ) | |
| Defendant. ) | |

## OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE LATE REPLY

Café Asia opposes Plaintiff's unilateral attempt to give himself an extension to file his Reply brief "out of time." This is the second time Plaintiff has granted himself a unilateral extension without even attempting to meet and confer with defendant. Although Defendant has previously accommodated Plaintiff's request based on changes in the law firm representing him, Cafe Asia cannot permit Plaintiff's false representations to the Court to go unanswered. Because Plaintiff's Motion violates Local Rule 7(m), and for the other reasons stated below, Defendant opposes Plaintiff's Motion for Late Filing, and respectfully requests that the Court disregard Plaintiff's late Reply brief.

### Plaintiff's Motion is Misleading to the Court

1. It is false that Plaintiff has tried to confer with any of defendant's attorneys about seeking an extension to file his Reply brief. Anna Kogan has been the primary attorney handling day-to-day matters in this case, and no one has called her. Ms. Kogan has checked with other attorneys staffed on this matter, and none of them have received any requests for an extension from Plaintiff at all. Plaintiff's claim in his first paragraph that he "sought consent" is not true, and it is misleading to the Court. The first time defense counsel learned that Ms. D'Souza no longer represents Plaintiff is when she filed her Motion to Withdraw yesterday, 8/25/08.

2.      Mr. Salb, the person who filed Plaintiff's Reply brief late, did not participate in a single meet and confer discussion with any of Cafe Asia's attorneys about any of the topics covered in Plaintiff's Motion to Compel. Therefore, Mr. Salb has no basis to make any of the factual assertions he makes in his Reply brief. In fact, many of his representations are not accurate, and do not reflect the numerous discussions had with Ms. D'Souza.

3.      Regardless of what Plaintiff may have thought before filing his motion, Café Asia's Opposition made clear that the issues covered in the motion are no longer in dispute. Plaintiff's Motion addressed the topic of re-opening Mr. Sheon's deposition, to which the parties have already agreed. It is disingenuous for Plaintiff to try to squeeze in a request for *additional* depositions (of investigators) into a motion to compel Mr. Sheon's deposition, and then pretend that there are "still issues outstanding." There is no basis to grant Plaintiff's motion to compel on a topic Plaintiff never mentioned in his moving papers, and never met and conferred about.

4.      Café Asia did serve its Supplemental Interrogatory Responses on Ms. D'Souza on August 25, 2008, which was the agreed-upon deadline, before Plaintiff informed defendant that Ms. D'Souza left the law firm. Plaintiff has not switched law firms, so someone else at the same law firm must be handling Ms. D'Souza's matters. It is unfair and misleading for Plaintiff to represent to the Court that Cafe Asia missed its deadline, when that is simply false.

//
//
//
//
//
//
//
//
//
//

For all these reasons, Café Asia respectfully requests that the Court DENY Plaintiff's Motion to File a Late Reply Brief, and disregard the arguments made in that late Reply brief.

Dated: August 26, 2008

Respectfully submitted,

Kevin B. Bedell (D.C. Bar No. 451555)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
Tel: (703) 749-1339
Fax: (703) 714-8339

William Ihrke (D.C. Bar No. 483748)
Jeffrey Wertheimer (*pro hac vice*)
Anna Kogan (*pro hac vice*)
Rutan & Tucker, LLP
611 Anton Blvd., Fourteenth Floor
Costa Mesa, CA 92626
Tel: (714) 641-5100
Fax: (714) 546-9035

*Counsel for Defendant Café Asia*