**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREI SMITH<br><br>      Plaintiff,<br><br>v.<br><br>CAFÉ ASIA | Civil Action No.: 07cv621 (RWR) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION**
**TO MOTION FOR LEAVE TO FILE LATE REPLY**

Plaintiff Andrei Smith, by and through his under-signed counsel, replies to <u>Defendant's Opposition to Plaintiff's Motion for Leave to File Late Reply</u> as follows:

1.    Defendant has filed an Opposition to Plaintiff's Motion for leave to Late-File his reply to his motion to compel. In its Opposition, Defendant's counsel makes numerous allegations that are not only gross misstatements of the facts but are also a blatant attempt to besmirch the reputation of Plaintiff's counsel.

2.    Defendant's Counsel's statement that Plaintiff's counsel failed to attempt to confer with them prior to filing the Motion for Leave to File a Late Reply is patently false. On Thursday, August 21, 2008, at approximately 4:00 PM, Zachary Murry, an attorney at Plaintiff's counsel's law firm, left a voicemail message for Kevin Bedell, Defendant's local counsel, seeking his agreement for the Plaintiff's motion. Mr. Bedell did not respond.

3.    The Defendant suggests that Plaintiff erred by not contacting Anna Kogan, whom the Defendant claims is the appropriate contact person. This is a ridiculous claim, both because the Defendant has never stated that all communications must be to Ms. Kagan and because Plaintiff's

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

counsel did, in fact, properly contact one the attorneys representing the Defendant in this matter. (Indeed, it was Mr. Bedell who signed the Defendant's Opposition to the Plaintiff's motion to compel — plainly, he was the appropriate person to address.) Thus, for Defendant's counsel to suggest that Plaintiff's counsel has been dishonest in its averments to this Court (and, by extension, has violated his ethical strictures) is offensive and specious.

4.   The Defendant also states that because Mr. Salb has not been the attorney regularly engaged in direct discussions with Defendant throughout the litigation of this case, Mr. Salb is unable to accurately represent the status of this litigation to this Court. This statement ignores the fact that Mr. Salb has been a signatory to the pleadings of this case since its initiation, and as such has supervised it. Furthermore, it ignores the fact that Mr. Salb has regularly discussed this matter with Ms. D'Souza, Plaintiff's former lead counsel — both before and after her departure from this Firm. In fact, it was Ms. D'Souza who prepared the first draft of the Reply brief. Thus, the Defendant cannot hide behind a contention that Plaintiff's counsel is unapprised of the status of the case.

5.   Defendant also claims that all matters addressed in the Plaintiff's motion to compel have been resolved. That is false, as described below.

6.   The Defendant states that it provided a supplemental discovery response on August 25 — the date that Plaintiff filed his Reply brief. Plaintiff has no such supplement. The Defendant further states that August 25 was the date agreed to by counsel. That is patently false. Plaintiff's counsel never agreed to that date, and that date comes some six weeks after Plaintiff filed his motion to compel and more a month after discovery closed. For the Defendant to tell this Court that Plaintiff would agree to such a deadline is incredible (even had Plaintiff received such supplement).

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

7. The Defendant also claims that Plaintiff's efforts to conduct additional depositions is outside the scope of discovery. The Defendant argues, "There is no basis to grant Plaintiff's motion to compel on a topic Plaintiff never mentioned in his moving papers and never met and conferred about." Opp., ¶ 3. Once again, the Defendant's assertion to this Court is false. In fact, in his motion to compel the Plaintiff specifically complained about the Defendant's failure to produce the investigative report in a timely fashion during discovery. (The owner of the Defendant restaurant testified about the existence of such a report during his deposition.) Plaintiff wishes to reopen that deposition now that the Plaintiff has received the investigator's report. The Plaintiff also wishes to depose the investigator to gain a better understanding of the scope of the investigation done. The Defendant seems to believe that the Plaintiff never asked for leave to depose the investigator — even though a specific request appears, *inter alia*, in the "Wherefore" clause at page 2 of Plaintiff's motion. Thus, while the Defendant has, finally, agreed to reopen Mr. Sheon's deposition, it has not agreed to the investigator's deposition.

8. Finally, Defendant claims that it Supplemental Interrogatory Responses were served on Ms. D'Souza on August 25, 2008. The Plaintiff has not received any such document.

9. The Defendant also states that its responses to discovery in this case have been timely. This statement is incorrect. Defendant has consistently withheld discoverable information requested by the Plaintiff, posited spurious objections to Plaintiff's requests, and provided incomplete responses on those occasions when it has deigned to comply. Indeed, Defendant's consistent failure to deliver discovery materials in a timely matter is the primary issue confronting this Court. Thus, the Defendant's assertion that it has timely responded to discovery is simply false.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

10. The Defendant's failure to turn over non-privileged discovery material has greatly prejudiced Plaintiff in his attempts to prove his case and was done with the intent to frustrate Plaintiff's ability to locate witnesses that may offer information relevant to proving or disproving Plaintiff's claims.  Defendant's failure to turn over the investigative reports compiled by the Defendant prevented the Plaintiff from deposing key witnesses prior to the close of discovery.  In light of these facts, Defendant's claims that there are no issues still outstanding on this subject is a gross misstatement of the facts of this case.

11. Plaintiff has provided substantial basis to support this Court's issuance of an Order granting the relief requested in <u>Plaintiff's Motion to Compel and/or for Sanctions</u> and <u>Plaintiff's Motion for Leave to File Late Reply</u>.

12. The Defendant was not prejudiced by Plaintiff's late reply insomuch as it was filed a mere two business days after its original due date.  Furthermore, Plaintiff has previously extended the courtesy of submitting an untimely Reply to Defendant out of respect for this Court and with the understanding that zealous representation of client interests may sometimes require additional time than was allotted.

For these reasons, Plaintiff seeks an Order granting Plaintiff's Motion for Leave to File Late and compelling Defendant to produce discoverable information and for sanctions.

    Respectfully Submitted,

    /s/
    S. Micah Salb, Esq.
    LIPPMAN, SEMSKER & SALB, LLC
    7979 Old Georgetown Road
    Suite 1100
    Bethesda, Maryland 20814

    Counsel for Plaintiff

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906