```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
ANDREI SMITH,                 )
                              )
        Plaintiff,            )
                              )
        v.                    )    Civil Action No. 07-0621 (RWR)
                              )
CAFÉ ASIA,                    )
                              )
        Defendant.            )
_____)
```

### MEMORANDUM OPINION AND ORDER

Plaintiff Andrei Smith brings this action against his former employer, defendant Café Asia, for sexual harassment and discrimination based on sexual orientation in violation of the D.C. Human Rights Act ("DCHRA"), and for assault and battery. Smith has moved to amend his complaint by adding several defendants and counts of sex discrimination and negligent supervision, and to extend and enlarge discovery. Because Smith has shown good cause to amend, and defendant has not shown that Smith's amended complaint is futile, but not all of the discovery sought is warranted, Smith's motion will be granted in part and denied in part.

BACKGROUND

Smith filed this action against Café Asia, his previous employer, alleging claims of sexual orientation discrimination in violation of the DCHRA and assault and battery. (Compl. at ¶¶ 28-35.) Smith's allegations were based upon incidents that

occurred during his employment as a host and waiter with Café Asia between September 18, 2005 and the end of 2006.  (Id. at ¶¶ 5-6.)  Smith alleged that he has been subjected to verbal and physical assaults by other employees, that Case Asia's management was made aware of the assaults, and that Café Asia's management did not remedy the situation.  (Id. at ¶¶ 2-27.)

Smith has moved to add six individual defendants, to add the corporate defendant that operates through the trade name Café Asia, and to add two additional counts: one count of sex discrimination in violation of the DCHRA against each defendant, and one count of negligent supervision.  He also seeks to extend the discovery period and to be allowed to take 13 more depositions, including those of the seven added defendants.  Café Asia opposes Smith's motion, arguing among other things[1] that

---

[1] The defendant argues that Smith failed to comply with Local Civil Rule 7(m) which provides, in relevant part:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought, and, if there is opposition, to narrow the areas of disagreement. . . .  A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

The purpose of Rule 7(m) is to promote the resolution of as many litigation disputes as possible without court intervention, or at least to create an opportunity for the parties to narrow the disputed issues that must be brought to the court.  U.S. ex rel. Ellipso v. Mann, 460 F. Supp. 2d 99, 102 (D.D.C. 2006).

-3-

Smith's proposed amendment is futile, and that Smith's motion to file an amended complaint was untimely and that it would unjustifiably delay discovery and trial.

DISCUSSION

A plaintiff is allowed to amend his complaint after an answer has been filed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). Undue delay, undue prejudice to the defendant, or futility of the proposed amendment(s) are factors that may warrant denying leave to amend. Atchinson v. Dist. of Columbia, 73 F.3d 418, 425 (D.C. Cir. 1996). The defendant has the burden of showing why leave to file an amended complaint should not be granted. LaPrade v. Abramson, Civil Action No. 97-10 (RWR), 2006 WL 3469532, at *3 (D.D.C. Nov. 29, 2006). Courts generally consider the relation of the proposed amended

---

According to Café Asia's counsel, the parties' "entire 'meet and confer' [regarding this motion] is contained in the e-mails" attached to Café Asia's opposition. (See Def.'s Opp'n at 1.) However, Smith's counsel asserts that she "had a full conversation" about this motion with one of Café Asia's attorneys, demonstrating that she complied with Rule 7(m) and that the parties had an opportunity to narrow the remaining areas of dispute. (Pl.'s Reply at 1.)

-4-

complaint to the original complaint, favoring proposed complaints that do not "radically alter the scope and nature of the case." Miss. Ass'n of Coops. v. Farmers Home Admin., 139 F.R.D. 542, 544 (D.D.C. 1991); see also Childers v. Mineta, 205 F.R.D. 29, 32-33 (D.D.C. 2001).

I.  FUTILITY

Defendant argues that Smith's proposed amended complaint would be futile because the individual defendants cannot be held liable for discrimination under the DCHRA.[2]  An amendment is futile "if the proposed claim would not survive a motion to dismiss." James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  A claim will not survive a motion to dismiss if it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  A complaint must contain factual allegations that "'possess enough heft to sho[w] that the pleader is entitled to relief.'" Amore v. Accor. N. Am., Inc., 529 F. Supp. 2d 85, 94-95 (D.D.C. 2008) (quoting Twombly, 127 S. Ct. at 1966).  In addition, the court does not have to accept asserted inferences or conclusory allegations that are unsupported by the facts set

---

[2] While defendant also argues that Smith failed to allege that any of the additional defendants committed assault or battery against Smith, the proposed amended complaint clearly alleges that defendant Abu Bakar and "many members of the kitchen staff" committed multiple batteries against Smith (see Am. Compl. at ¶¶ 16, 18), and brings the claim of assault and battery against only the corporate defendants and Bakar.

forth in the complaint.  Kowal v. MCI Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  The decision to grant or deny leave to amend is committed to the sound discretion of the district court. Foman, 371 U.S. at 182; James Madison, 82 F.3d at 1099.

The DCHRA provides, in relevant part:

> (a) General. -- It shall be an unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based upon the actual or perceived . . . sex [or] sexual orientation . . . of any individual:
>
> (1) By an employer. -- To . . . discriminate against any individual, with respect to his compensation, terms, conditions, or privileges of employment . . .[.]

D.C. Code § 2-1402.11.  The DCHRA defines "employer" as "any person who, for compensation, employs an individual . . . [and] any person acting in the interest of such employer, directly or indirectly . . . ."  D.C. Code § 2-1401.02.

Liability under the DCHRA may be imposed against individuals in certain circumstances when they meet the definition of "employer."  Purcell v. Thomas, 928 A.2d 699 (D.C. 2007) held that the "text and purpose of the DCHRA" and case precedent do not "preclude a claim against individual and supervisory employees involved in committing the allegedly discriminatory conduct[.]"  Id. at 715 (citing Wallace v. Skadden Arps, Slate, Meagher & Flom, 715 A.2d 873 (D.C. 1998); Mitchell v. Nat'l R.R. Passenger Corp., 407 F. Supp. 2d 213, 241 (D.D.C. 2005); and Macintosh v. Bldg. Owners & Mgrs.' Ass'n, 355 F. Supp. 2d 223

-6-

(D.D.C. 2005)).  Although defendant argues that none of the additional defendants Smith seeks to add can be classified as employers, the amended complaint alleges that the additional individual defendants were managers who perpetrated, who witnessed and failed to stop, or to whom Smith complained without success about, the discriminatory acts.  Smith argues moreover that the facts alleged regarding these supervisory management employees reflect that they acted in the interest of their employer and that they could be individually liable under the DCHRA definition of employer.  (Pl.'s Reply at 6-8.)  Whether the disputed facts will or will not show that the individual employees fit that definition is not to be resolved at this stage, and the defendant has not shown that the amendment to the complaint would be futile.

II.  PREJUDICE TO DEFENDANT

Defendant also argues that allowing Smith to amend the complaint would result in prejudice to the defendant by extending discovery and prolonging the case.  A motion to amend may be denied where a defendant would have to conduct additional discovery and a plaintiff has filed an untimely motion to amend without demonstrating a good reason for the delay.  Hollinger-Haye v. Harrison Western/Franki-Denys, 130 F.R.D. 1, 2 (D.D.C. 1990).  To determine if the threat of prejudice to the opposing party is great enough to warrant denying leave to amend,

courts consider "'the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted.'" Childers, 205 F.R.D. at 32 (internal citations omitted).

Here, Smith asserts that he failed to include the additional claims in his original complaint because the law regarding personal liability under the DCHRA was unclear before the opinion was issued in Purcell,[3] and the evidence involving the allegations regarding "disparate treatment as to the handling of complaints on the basis of sex" was not discovered until after the original complaint was filed. (Pl.'s Reply at 5-6.)  Smith also would bear significant hardship if his motion to file an amended complaint were denied because the statute of limitations would preclude Smith from bringing the claims of sex discrimination in a subsequent action. See D.C. Code § 2-1403.04(a) (one year limitation period for claims of discrimination under the DCHRA).  Smith's motion appears to be made in good faith, and the hardship that Smith would bear if amendment is denied outweighs the burden that defendant would suffer if amendment is granted.  However, Smith's request to take

---

[3] The original complaint was filed on February 21, 2007, while Purcell was decided on July 26, 2007.

13 additional depositions is unsubstantiated.  Smith fails to identify who the six additional non-defendant witnesses are, why he needs to depose them, and why he did not do so before.  Nor has he justified his failure to depose the bulk of the new individual defendants before now, most of whom were known to him and named in the original complaint, or the new corporate defendant whose identity was revealed as soon as the defendant removed this case from the Superior Court.  See Notice of Removal at 1.  He does not rebut defendant's assertion that instead, he used most of his allotted depositions to depose tangential staff who did not even witness the acts complained of.  (See Def.'s Opp'n at 7-8.)  The discovery deadline will be extended, and Smith may propound written discovery to the new defendants, but he will be allowed to take only two additional depositions.

CONCLUSION AND ORDER

Because the defendant has not shown why leave to amend should not be granted, Smith will be allowed to amend his complaint and conduct limited additional discovery.  Accordingly, it is hereby

ORDERED that plaintiff's motion [48] for leave to file an amended complaint and to modify the scheduling order be, and hereby is, GRANTED in part and DENIED in part.  Leave is granted to amend.  The Clerk shall file the Amended Complaint [#48-2] nunc pro tunc to February 21, 2007.  It is further

-9-

ORDERED that the deadline for all discovery closing is extended to April 22, 2009.  The number of additional depositions to which plaintiff shall be limited is two.  The post-discovery status conference shall be held on April 24, 2009 at 9:45 a.m.

SIGNED this 20th day of February, 2009.

                                                      _____/s/_____  
                                                      RICHARD W. ROBERTS  
                                                      United States District Judge