UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDREI SMITH, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
|       v. | ) | Civil Action No. 07-621 (RWR/JMF) |
| | ) | |
| CAFÉ ASIA, | ) | |
| | ) | |
|       Defendant. | ) | |

**MEMORANDUM OPINION**

Before me are Plaintiff's Motion to Compel and/or for Sanctions [#52], Defendant's Opposition to Plaintiff's Motion to Compel and/or for Sanction ("Def. Opp.") [#54], and Plaintiff's Reply to Opposition to Motion to Compel and/or for Sanctions ("Reply") [#61]. This case has been referred to me for the purpose of handling discovery.

**I.  Background.**

The facts of this case are briefly set out in Smith v. Café Asia, 246 F.R.D. 19, 20 (D.D.C. 2007). The Court initially ordered that discovery would commence at the conclusion of mediation and would close 120 days thereafter. Scheduling Order [#22]. The Court agreed to extend certain deadlines in light of the parties' Consent Notice of Altered Deadlines [#34]. Order (11/13/2007). Accordingly, the deadline for plaintiff's response to defendant's pending written discovery was extended to November 21, 2007. Id. Additionally, the deadline for defendant's response to plaintiff's pending written discovery requests was moved to November 28, 2007. Id. Discovery has closed. Plaintiff currently seeks a complete response to its discovery requests.

## II.     Analysis.

### a.     Plaintiff's First Request for Production of Documents Request No. 29.

In Plaintiff's First Request for Production of Documents Request No. 29, Plaintiff sought "[a]ny and all documents relating to the work schedule of Yu Sheon during the time of Andrei Smith's employment." Plaintiff's First Request for Production of Documents ("F. Req. Prod. Doc.") at 10.  Defendant initially responded that "Defendant incorporates all of its General Objections as though fully stated herein.  Defendant further objects that Yu Sheon is not a party in this case, and his personal work schedules have no relevance to the issues in this case." Plaintiff's Memorandum in Support of Motion to Compel and/or for Sanctions ("Pl. Mem.") [#52] at 2.  Defendant supplemented this response by stating "[i]n addition, and subject to its original response, defendant supplements its response to this Request as follows:  Defendant is not withholding any relevant, responsive documents on the basis of its objections because Mr. Sheon does not have a written work schedule."  Id.  Plaintiff argues that he is not only seeking Mr. Sheon's written work schedule, but any documents *related* to his work schedule.  Id. Plaintiff, therefore, requests that the Court order the defendant to provide a complete response to this document request.  Id. at 1.  However, Defendant again claims that "there simply are no documents responsive to this request." Def. Opp. at 3.  Because the Court finds no reason to disbelieve counsel's representation, the Court denies plaintiff's request.

### b.     Lack of signature on interrogatory responses.

Plaintiff requested on May 20, 2008 and June 10, 2008 that defendant sign its interrogatory responses. Pl. Mem. at 5.  Because defendant's counsel provided plaintiff with signed interrogatory responses on August 4, 2008, this issue is now moot.  Def. Opp. at 1.

### c.   Plaintiff's document request relating to alter ego theory.

In Plaintiff's Second Request for Production of Documents, plaintiff requested documents related to alter ego theory. Pl. Mem. at 4. Plaintiff currently states that he is willing to delay discovery on this issue subject to defendant's agreement that this discovery can be conducted if plaintiff is successful at trial. Id. at 5. Because plaintiff is willing to hold the issue in abeyance, defendant states that "there is no dispute about this issue." Def. Opp. at 3. As the parties have agreed to delay this discovery, the issue is now moot.

### d.   The Privilege Log.

In Plaintiff's First Request for Production of Documents Request No. 13, plaintiff requested "[a]ny and all documents related to any investigation conducted by you or your agent, servant and/or employee with regard to Mr. Smith and/or his complaints of discrimination, or any other type of complaint including those regarding mistreatment by co-workers or managerial staff." F. Req. Prod. Doc. at 8. Plaintiff claims that defendant responded to Request No. 13 by stating that it "incorporates all of its General Objections as though fully stated herein. Defendant further objects that this demand invades the attorney-client privilege and seeks information protected by the attorney work-product doctrine." Pl. Mem. at 3. Plaintiff states that he requested a privilege log from defendant on May 20, 2008. Id. Plaintiff now requests that defendant produce a privilege log. Reply at 2. Plaintiff also asks the Court to find that defendant has waived privilege and order defendant to produce the privileged documents. Pl. Mem. at 3.

Additionally, Plaintiff alleges that during the deposition of Yu Sheon on April 29, 2008, plaintiff discovered that non-privileged investigative reports, responsive to Request No. 13, existed but had not been produced by defendant. Id. Accordingly, Plaintiff requested to hold the

deposition open so that plaintiff could later question Sheon about the non-privileged reports. Id. Plaintiff has now received copies of a report that was prepared by an investigator, who was employed by defendant in response to plaintiff's complaints of discrimination. Id. Plaintiff alleges that because defendant produced the investigative report so late in discovery, that he was unable to depose the investigator. Reply at 2. Plaintiff requests that the Court (1) allow him to reopen the deposition of Sheon, Pl. Mem. at 3, (2) compel defendant to produce contact information for the investigator, and (3) grant leave to conduct a deposition of the investigator. Reply at 2-3.

Under Federal Rules of Civil Procedure Rule 26(b)(5)(A), in order for a party to withhold information on the basis that the information is privileged, the party must: 1) "expressly make the claim" and 2) "describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Filing a privilege log has become the "universally accepted mean[s] of asserting privileges in discovery in the federal courts." Avery Dennison Corp. v. Four Pillars, 190 F.R.D. 1 (D.D.C. 1999). Additionally, the Court has discretion to determine that a party has waived privilege when that party fails to produce a privilege log. Id. at 2 (citing First Am. Corp. v. Al-Nahyan, 2 F. Supp. 2d 58, 63 n.5 (D.D.C. 1998) (declining to find that a party had waived privilege where the party failed to produce a privilege log, because the court believed that there were not a large number of withheld documents and preferred to make a decision on the merits of the case)).

Defendant fails to argue against any of plaintiff's contentions on this issue. See Def. Opp. Therefore, for the purposes of this motion to compel, the Court will consider the defendant

to have conceded to plaintiff's version of the facts. Because defendant has withheld documents on the basis of the attorney-client privilege and the work-product doctrine, the Court orders defendant to provide plaintiff with a privilege log. The Court declines to deem that defendant has waived privilege because defendant's discovery violation does not justify such a sanction. United States v. Phillip Morris, Inc., 347 F.2d 951, 954 (D.C. Cir. 2003) (waiver because of failing to file a privilege log is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct and bad faith). Compare Victor Stanley, Inc v. Creative Pipe, Inc., 250 F.R.D. 251 (D. Md. 2008). The Court grants the plaintiff leave to reopen the Sheon deposition as the parties have already agreed to reopen this deposition. Joint Status Report and Proposed Order Re Discovery [#60] at 1-2. Finally, the Court orders the defendant to provide the plaintiff with the investigator's last known contact information and grants the plaintiff leave to depose the investigator to alleviate any claimed prejudice because of the defendant's withholding of this responsive document. If it has not already done so, defendant will, within 15 days of the date of this opinion, provide plaintiff with a privilege log. Defendant will have 10 days, from the date of this opinion, to provide plaintiff with the investigator's last known contact information. Plaintiff will, within 30 days of the date of this opinion, depose Sheon and the investigator, if he has not already done so.

### e. Identification of persons.

*Sexual orientation*

Plaintiff defined the words "identify," "identity," or "identifying," when used with reference to a person, to mean that defendant shall "(a) furnish the name, sex (if known), sexual orientation (if known), present business address and telephone numbers; (b) indicate whether or not that person is (or was) an employee of Defendant and, where applicable, the position held by

that person; and (c) furnish the home address if not presently employed by Defendant."
<u>Plaintiff's First Set of Interrogatories</u> ("F. Int.") at 2.

While the Federal Rules of Civil Procedure allow for broad discovery, information requested must still be relevant to be discoverable. Relevance is determined by looking at the elements of plaintiff's claims to see if the information would tend to support or detract from any of those elements.

Plaintiff alleges that he was harassed and discriminated against in violation of the D.C. Human Rights Act ("DCHRA"), D.C. Code § 2-1401 et seq., because of his homosexuality and his gender and he also brings claims for common law assault and battery and negligent supervision. I can think of no reason why the sexual orientation of persons involved would make it any more or less likely that he was assaulted or battered, or that the supervisors were negligent, and so I will focus on the D.C. Human Rights claim. The D.C. Human Rights Act prohibits various actions when done "wholly or partially for a discriminatory reason based upon the actual or perceived: . . . sex, . . . sexual orientation . . . of any individual." D.C. Code § 2-1402.11(a). Sexual harassment claims are actionable under the DCHRA when the harassment creates a hostile or abusive working environment, even if the harassment does not culminate in a specific adverse employment action. <u>Howard University v. Best</u>, 484 A.2d 958, 981 (D.C. 1984) (recognizing cause of action for sexual harassment under DCHRA that mirrors Title VII). To prove his claim, plaintiff must demonstrate (1) that he is a member of a protected class; (2) that he was subject to unwelcome harassment; (3) that the harassment occurred because of his membership in the protected class; and (4) that the harassment was severe enough to affect a term or condition of his employment. <u>Nicola v. Wash. Times Corp.</u>, 947 A.2d 1164, 1173 (D.C. 2008).

6

It is not sufficient for the plaintiff to prove simply that he was sexually harassed; he must prove "discriminatory harassment." Id.  The law is well settled that there are three ways to demonstrate sexual harassment based on one's gender, but less clear as to the appropriate method of proving sexual harassment based on sexual orientation.  Plaintiff has brought claims for both.

In sexual harassment claims based on gender, the plaintiff can either demonstrate that (1) the harasser is motivated by sexual desire, (2) the form of harassment itself demonstrates a general hostility to persons of that gender in the workplace, or (3) through evidence of disparate treatment among the sexes in a mixed sex workplace.  See Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 80 (1998); Davis v. Coastal Int'l Security Inc., 275 F.3d 1119, 1123 (D.C. Cir. 2002); Sorrell v. District of Columbia, 252 F.R.D. 37, 41 (D.D.C. 2008); Cromer-Kendall v. District of Columbia, 326 F. Supp. 2d 50, 56 (D.D.C. 2004); Jones v. Potter, 301 F. Supp. 2d 1, 7 (D.D.C. 2004).  The sexual orientation of the harasser is relevant to the first method of proof, which questions whether the harasser was sexually attracted to the victim. Oncale, 523 U.S. at 80; Sorrell, 252 F.R.D. at 41.  Accordingly, defendant shall state the sexual orientation, if known, of the persons identified in response to Revised Interrogatory Nos. 6 and 10 who are alleged to have harassed the plaintiff including Abu Bakar, Nelson, Luis, Ever, Ramos, Andreas, and Yan Yan Joey.

Plaintiff does not allege that he was harassed by the managers, with the exception of Joey, who he alleges sent him a pornographic e-mail, or co-workers other than those just named. Accordingly, the Oncale factors provide no basis for declaring their sexual orientation to be relevant.  Further, the Supreme Court has cautioned against operating under the faulty assumption that persons of one group will not discriminate against their own.  Castaneda v.

7

Partida, 430 U.S. 482, 499 (1977) ("Because of the many facets of human motivation, it would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of their group."). There is, therefore, no need to explore the facts of any potential defense based on the claim that a homosexual would not harass another homosexual. Plaintiff does allege, however, that the managers treated him differently from female and heterosexual employees by failing to seriously consider or respond to his complaints of harassment. To prove this differential treatment claim, plaintiff needs to know the gender[1] and sexual orientation, to the extent known, of other persons similarly situated. Accordingly, the defendant shall state the sexual orientation, if known, of complainants identified in Revised Interrogatory No. 19 who complained of sexual harassment.

*Original Interrogatory No. 3 (Revised Interrogatory Nos. 5, 6, 7)*[2]

In plaintiff's Interrogatory No. 3, plaintiff requested that defendant:

> List and describe each and every communication which occurred between or among anyone (including but not limited to communications between or among any employee, managers, and customers of Café Asia or any other person) which is related to any allegation in Plaintiff's Complaint or Defendant's Answer. Include in your description an *identification* of the people who had the communication, the date and place of each communication, and the substance of the communication. Please note the definition of "communication" and "identify" which has been provided in the Definition section above. Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

---

[1] Defendants have not raised any objection to the request for gender.

[2] As I conclude below, many of the plaintiff's interrogatories should be counted as more that one interrogatory. I have attached an Addendum to this Opinion that contains the Revised Interrogatories. However, defendant lodged its objections to the interrogatories as they were originally propounded. Accordingly, I will address those objections while retaining the original numbers.

8

Plaintiff's First Set of Interrogatories ("F. Int.") at 4-5 (emphasis added).   In response to Original Interrogatory No. 3, defendant stated that it "incorporates its Response to Interrogatories No. l.A, and 3.A, *supra*.  Defendant refers Plaintiff to the witnesses identified in Defendant's Initial Disclosures."  Supplemental Responses to Interrogatories ("Supp. Resp. Int.") at 2.

Plaintiff claims defendant has objected to providing this information on the basis that "all persons who were named are represented by defendant's counsel and therefore may not be contacted."  Pl. Mem. at 7.  Plaintiff argues that defendant's objection is baseless because (1) defendant has not supplied any evidence that counsel represents the listed persons, (2) defendant's counsel contradicted himself when he stated that he did not represent one of the listed persons, (3) during the deposition of another listed person, the Court overruled this objection, (4) plaintiff is entitled to discovery of information relevant to the identity of persons who have knowledge, and (5) defendant has failed to provide this information in its Initial Disclosures as well.  Id.

"A party to whom an interrogatory is propounded 'must provide true, explicit, responsive, complete, and candid answers.'"  Equal Rights Ctr. v. Post Props., Inc., 246 F.R.D. 29, 32 (D.D.C. 2007) (quoting Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa. 1996)). In Equal Rights Center, Magistrate Judge Kay found that the plaintiff had failed to completely and fully answer an interrogatory, which requested the plaintiff to provide the names and qualifications of any person who served as a tester or investigator, where the plaintiff provided a partial list of names and only one set of qualifications in response to the interrogatory.  Id. at 33. Similarly, defendant in the present case has failed to completely and fully address Original Interrogatory No. 3.  First, even if defendant properly complied with Federal Rule of Civil

9

Procedure 26(a)(1)(A), by providing plaintiff with the name, address, and telephone number of "each individual likely to have discoverable information," this rule does not also require disclosure of gender, sexual orientation, or employment status.  See Fed. R. Civ. P. 26(a)(1)(A).  Therefore, defendant could not provide a complete answer to Original Interrogatory No. 3 by merely referring to its initial disclosures.

Second, the initial disclosure requires the defendant to provide information on "each individual likely to have discoverable information," not on each person who had a communication that was "related to any allegation in Plaintiff's Complaint or Defendant's Answer."  See Fed. R. Civ. P. 26(a)(1)(A).  Original Interrogatory No. 3, therefore, does not ask for the identical list of persons that are included in defendant's initial disclosures.  For instance, a person who made observations regarding plaintiff's allegations may have discoverable information but also may not have communicated the information to another.  Thus, referring to the initial disclosure list of persons may be overbroad and, therefore, defendant must specifically indicate the persons who had a communication regarding any allegations.

Additionally, it remains unclear whether defendant's counsel represents some of the listed persons.  The Court recognizes that plaintiff's counsel is barred from directly contacting the clients of defendant's counsel without his permission.  Nevertheless, this prohibition does not exclude defendant from providing full and complete answers to an interrogatory that requests the client's contact information.  Moreover, the interrogatory does not solely request contact information.

Because defendant has failed to completely and fully answer Original Interrogatory No. 3, the Court orders defendant to "identify" the persons requested, using plaintiff's definition of

"identify" as specified in Plaintiff's First Set of Interrogatories, with the caveat regarding sexual orientation discussed above.

*Original Interrogatory No. 4 (Revised Interrogatory Nos. 8, 9, 10 & 11)*

Plaintiff also requested that the defendant identify certain persons in Interrogatory No. 4. F. Int. at 5.  Interrogatory No. 4 request defendant to:

> Identify any person any [sic] who claims to have viewed any audio or visual images presented by Andrei Smith and describe the nature of those images; state whether each person identified had any sexual contact with Andrei Smith, including grabbing his crotch, buttocks, and nipples. Identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

Id.  Defendant initially responded to this interrogatory by stating:

> Defendant cannot possibly identify every person that viewed the pornographic images on Plaintiff's cell phone.  Please see Defendant's Initial Disclosures for a partial listing of such individuals.  In addition to those individuals, Defendant identifies Patrick Youngmisuk and Samantha Tangchaiburana, both of whom may be contacted through Café Asia's counsel of record.

Supp. Resp. Int. at 4.  Defendant supplemented this response as follows:

> Defendant cannot possibly identify every person that viewed the pornographic images on Plaintiff's cell phone.  Please see Defendant's Initial Disclosures for a partial listing of such individuals.  In addition to those individuals, Defendant identifies Patrick Youngmisuk (240) 350-8700 and Samantha Tangchaiburana (301) 758-9683.

Supp. Resp. Int. at 5.  Original Interrogatory No. 4 is not as broad as the defendant suggests since it requests defendant to "identify any person who *claims* to have viewed" the images, not every person that *actually* viewed the images.  For all the same reasons the Court has ordered the defendant to identify the persons requested in Original Interrogatory No. 3, the Court orders defendant to identify, as defined in plaintiff's request for interrogatories, the persons requested in

11

Original Interrogatory No. 4 by indicating the persons who the defendant knows to have claimed to have viewed the pornographic images on the plaintiff's cell phone. However, sexual orientation should only be provided for the alleged harassers as discussed above.

### f.   Number of Interrogatories.

Federal Rules of Civil Procedure Rule 33(a) allows a party to serve no more than 25 written interrogatories, "including all discrete subparts." To determine whether an interrogatory is composed of "discrete subparts," the Court looks "at the way lawyers draft interrogatories and see[s] if their typical approaches threaten the purpose of the rule by putting together in a single question distinct areas of inquiry that should be kept separate." Willingham v. Ashcroft, 226 F.R.D. 57, 59 (D.D.C. 2005). Accordingly, the Court examines if "a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it." Id.

Plaintiff contends that its interrogatories contain related parts, which are not separate or discrete. Pl. Mem. at 11. Plaintiff further contends that an interrogatory that seeks information regarding a topic and requests the identification of documents relating to the subject area constitutes a single inquiry. Id. at 9-10. Plaintiff attempts to distinguish his interrogatories from those I considered in Banks v. Office of Senate Sergeant-At-Arms, 222 F.R.D. 7, 10 (D.D.C. 2004), where I held that an interrogatory asking for information about something and a request for documents relating to the subject are two separate inquiries. As I said in Banks, there is a difference between having, in one's mind, information about an event, and locating the documents that may have information about the event. Id. I am not persuaded by plaintiff's argument that Banks should not be applicable here. Accordingly, each interrogatory that seeks identification of documents in addition to an answer will be counted as two interrogatories.

12

Each interrogatory propounded by the plaintiff in this case seeks documents, so each interrogatory counts as at least two, but there are several additional interrogatories that should be further subdivided.

I have reviewed the interrogatories in a manner consistent with my analysis in <u>Willingham</u>. Attached in an Addendum to this Memorandum Opinion are plaintiff's interrogatories subdivided into what I view as separate inquiries. As indicated in my Addendum, plaintiff's first nine interrogatories actually constitute 25 interrogatories and defendant is therefore only obliged to answer the first nine.

### g.    Identification of documents.

Plaintiff argues that defendant has not completely identified documents as requested by its interrogatories. Pl. Mem. at 11. Plaintiff defined the words "identify" or "describe" when not referring to persons, to mean "to set forth the nature or type of the document (e.g., letter, memorandum, computer diskette, etc.), the author, each addressee and/or recipient, the title, the date of the document or conversation, and the subject of the document or conversation." F. Int. at 2. Plaintiff cites, for example, that while defendant stated that it would provide a document in response to Original Interrogatory No. 1, that defendant has failed to provide the document and the document's location. Pl. Mem. at 11. Defendant argues that plaintiff's request that it identify documents is "burdensome, unnecessary, and exceeds the scope of defendant's discovery obligations." Def. Opp. at 6. Defendant also contends that it would have to engage in guesswork when deciding which documents "relate" to an interrogatory. <u>Id.</u>

Plaintiff does not ask defendant to identify all documents which relate to the interrogatory. <u>See</u> F. Int. Rather, plaintiff requests defendant identify all documents on which it *relied* in support of the answer to that interrogatory. <u>See id.</u> Furthermore, this Court has stated

13

that an interrogatory which requests the identification of documents relating to facts may be served on a party. <u>United States ex rel Pogue v. Diabetes Treatment Centers</u>, 235 F.R.D. 521, 524 (D.D.C. 2006). The Court is not persuaded by defendant's objections because the scope of plaintiff's requests for identification of documents is much narrower than defendant claimed. Therefore, defendant is compelled to supplement its responses to the Revised Interrogatories which request the identification of documents. Furthermore, defendant shall provide "the nature or type of the document (e.g., letter, memorandum, computer diskette, etc.), the author, each addressee and/or recipient, the title, the date of the document or conversation, and the subject of the document or conversation" if known to the defendant.

      **h.**    **Objections to interrogatories.**

Since the interrogatory count has been determined, objections to each interrogatory can now be examined.

*Original Interrogatory No. 2 (Revised Interrogatory Nos. 3 & 4)*

Original Interrogatory No. 2 asks defendant to "[d]escribe in full, and not in a summary manner, the facts and basis upon which defendant relies for any asserted affirmative defenses; and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith." F. Int. at 4. Defendant has responded to this interrogatory by stating the following:

> Defendant hereby incorporates by reference its Response to Interrogatory No. 1.A., supra. Café Asia asserts its general objections, and further objects that discovery is just beginning, and it does not have all the information responsive to this interrogatory in its possession at this time. Further evidence substantiating those affirmative defenses will be disclosed in due course.

Pl. Mem. at 13-14. Defendant's Response to Interrogatory No. 1.A. reads "Café Asia denies that it, or any of its employees or agents, sexually harassed, assaulted, or battered Plaintiff, and

further denies that it or any of its employees or agents discriminated in any way against Plaintiff because of Plaintiffs sexual orientation." Id. at 10.  Plaintiff claims that while the parties met and conferred regarding the deficiency of this response in January 2008, that defendant has yet to supplement its response.  Id. at 14.  Defendant fails to present any arguments in its opposition regarding this issue.  See Def. Opp.  The Court finds that defendant has failed to answer the interrogatory because defendant has not provided a description of the basis for its affirmative defenses and, alternatively, has not stated that there is no basis for its affirmative defenses.  The Court orders that defendant must respond to the interrogatory.

*Original Interrogatory No. 8 (Revised Interrogatory Nos. 21 & 22)*

Original Interrogatory No. 8 states:

> Describe in specific detail any knowledge that you, any of the agents, servants and/or employees of Café Asia or any other individual may have regarding the events which occurred during the period of time from November 2005 until September 2006, at Café Asia located in Washington, D.C., which in any way involve, affect, relate to the Plaintiff, the Plaintiff's employment with Defendant, including, but not limited to any events captured by video taken by Mr. Ramos or Mr. Bakar . . . .

F. Int. at 7.  Defendant propounded many objections to the interrogatory, including an objection that the interrogatory is "overbroad, vague, [and] ambiguous."  Supp. Resp. Int. at 14-16.  I agree with defendant that the interrogatory is overbroad in that it seeks information that is not relevant. By requesting knowledge about the events which occurred from November 2005 until September 2006, "which in any way involve, affect, relate to the Plaintiff," the plaintiff requests information regarding events that are not relevant to plaintiff's complaint.  Therefore, the Court will not compel defendant to supplement its response to Original Interrogatory No. 8.

*Original Interrogatory No. 9 (Revised Interrogatory Nos. 23, 24 & 25)*

Original Interrogatory No. 9 states:

15

> List and describe any and all investigations and/or inquiries conducted by you or any agent, servant and/or employee of Café Asia with regard to Plaintiff, the incidents referred to in Plaintiff's complaint in this matter, Plaintiff's complaint(s) related to his employment; or Plaintiff's complaint(s) related to his supervisor and/or co-workers; and identify all documents on which Defendant relies in support of its response(s) to this interrogatory pursuant to the Request for Production of Documents served herewith.

F. Int. at 7. In relevant part, defendant responded:

> Plaintiff did not complain about any purported harassment during the time that he physically worked at Café Asia. Rather, Plaintiff first complained to Café Asia through his former counsel. Following Plaintiff's complaint to Café Asia through his former counsel, counsel for Café Asia conducted an investigation, which focused upon events that occurred during Plaintiff's term of employment with Café Asia and Plaintiff's complaint through counsel. For detailed information concerning Plaintiff or Café Asia's investigation, please see CAF-SMI 000001-10, produced in response to Plaintiff's First Set of Requests for Production, and PDP 000010-14, produced by Plaintiff in response to Café Asia's document requests.

Supp. Resp. Int. at 18. Plaintiff states that, while defendant has produced an investigative report, that defendant must be compelled to supplement its response regarding information about the plaintiff's complaints. Pl. Mem. at 14. Defendant, however, specified two documents in its response: CAF-SMI 000001-10 and PDP 000010-14. Supp. Resp. Int. at 18. The Court denies the motion to compel a supplemental response to Original Interrogatory No. 9 without prejudice because the Court is unable to determine what document PDP 000010-14 describes. If this document describes Plaintiff's complaint to Café Asia through his former counsel, then defendant has provided plaintiff with a complete response in compliance with Federal Rules of Civil Procedure Rule 33(d). If it does not, defendant should produce whatever document it has that describes the investigation it conducted. If there is no such document, it must answer the interrogatory.

### III. Conclusion

For the foregoing reasons, plaintiff's motion to compel will be granted. Where not otherwise stated, defendant shall have 30 days to comply with the Order that accompanies this Memorandum Opinion.


Dated: March 23, 2009                              /S/
                                            JOHN M. FACCIOLA
                                            UNITED STATES MAGISTRATE JUDGE