```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                           )
ANDREI SMITH,              )
                           )
        Plaintiff,         )
                           )
        v.                 )   Civil Action No. 07-0621 (RWR/JMF)
                           )
CAFÉ ASIA, et al.,         )
                           )
        Defendants.        )
_____)
```

## MEMORANDUM ORDER

Plaintiff Andrei Smith brings this employment discrimination and tort action against six individual defendants and his former employer, Café Asia. On April 16, 2010, the defendants moved under Rule 35 to compel Smith to submit to an independent medical examination. The defendants' motion identified the doctor who would conduct the examination (Dr. Mark S. Lipian), his medical specialty ("board certified clinical and forensic psychiatrist"), a proposed date for the examination (June 15, 2010), the length of the examination ("a total of eight (8) hours, commencing at 8:00 a.m. and ending at 5:00 p.m., with a one-hour break for lunch"), and the type of the examination Dr. Lipian would conduct and the areas about which he would inquire ("a clinical psychiatric review, including a personal and social history, educational and work history, medical history, . . . an evaluation of the events which [Smith] claims were the cause of his emotional damages in this action . . . [and a] mental status

examination, which will evaluate [Smith's] affect, mood, speech, thought process, memory, sensorium, orientation, and other mental functions"). (Defs.' Mot. to Compel at 1-2.) The defendants submitted with their motion an affidavit by Dr. Lipian that described nature of the examination and his rationale for each portion of the examination. (Defs.' Mot. to Compel, Ex. 1 ("Lipian Aff.") at ¶¶ 5-17.) The motion agreed to "a neutral location to be determined by the parties." (Defs.' Mot. to Compel at 1.)

Smith agreed to a Rule 35 psychological examination, but opposed the defendants' motion to compel the examination for two reasons: the delay likely to occur having to await Dr. Lipian becoming licensed to practice in the District of Columbia, and the motion's proposed participation of others in the conduct of the examination whom the motion did not identify. (Pl.'s Opp'n to Defs.' Mot. to Compel, at 1, 4.) Nowhere in Smith's opposition did he object to the scope, length, or subject matter of the defendants' proposed examination.

By order entered on June 16, 2010, Magistrate Judge Facciola granted the defendants' motion to compel after the defendants represented that Dr. Lipian had become licensed to practice in the District of Columbia. The order directed that the exam be completed before August 15, 2010. (Minute Order of June 16, 2010.)

Although Local Civil Rule 72.2(b) allowed Smith to file objections to the order, Smith did not do so. However, the defendants filed a request for clarification of the order, based on their concern that Smith would not attend the IME because he "continue[d] to object to an examination of [his] 'mental, sexual, social, employment, and medical history[.]'" (Defs.' Mot. for Clarif'n at 1.) The magistrate judge denied the defendants' request for clarification in an order noting that the scope and length of the examination were never challenged in response to the motion to compel, and declining to "clarify what was not unclear in the first place" or "impose restrictions or conditions on that examination that were not sought when they should have been." (Minute Order of July 12, 2010).

The parties now engage in nettlesome quibbling over that order. Smith has filed objections, arguing that the order erred by refusing "to consider any parameters" pertaining to the scope and length of the IME. (Pl.'s Objns. at 1.) The defendants oppose Smith's objections and ask for the imposition of $4,290 sanctions against Smith. (Defs.' Opp'n to Pl's Objns. at 6, 10-12.)

First of all, Smith's quarrel is untimely. Smith responded to the defendants' motion for an IME without raising any objection to any of the aspects of the IME that were spelled out in detail in the very beginning of the motion. Smith provides

absolutely no sound justification for his failure to put them at issue. The time for Smith to object to the proposed aspects of the IME was then, not now. Smith has waived any challenge on this issue. See Klayman v. Judicial Watch, Inc., 628 F. Supp. 2d 84, 95 (D.D.C. 2009) (noting that issues that could have been raised before a magistrate judge but were not are waived).

Further, Smith has produced no authority supporting any claim that the defendants' motion for an IME was insufficiently detailed. Where a defendant's request for an IME contains the specifics that the motion here contains, the request is sufficiently detailed. See Calderon v. Reederei Claus-Peter Offen, 258 F.R.D. 523, 526 (S.D. Fla. 2009) (finding that the defendant "provided sufficient details to grant the request for an IME [covering] all areas that the plaintiff claims to have injured in the accident alleged in the complaint" where the defendant's motion identified the examining physician, identified his medical specialty, identified the date and time of the examination, identified the areas into which the physician would inquire, and noted that the physician would be conducting a physical examination). The cases Smith cites either support the sufficiency of defendants' details, such as Calderon, or are clearly distinguishable. See Kador v. City of New Roads, No. 07-682-D-M2, 2010 WL 2133889, at *3-4 (M.D. La. May 27, 2010) (denying motion for IME where the motion lacked, among other

things, a certification that the defendants conferred with the plaintiffs in a good faith effort at resolving the dispute concerning the IME, details concerning the location of the examination, any description of the IME's conditions or scope, or even information about the length of time the examination would last). Smith's objections, then, will be overruled, but needless quibbling over sanctions will not be entertained. The parties shall abide fully with the magistrate judge's order compelling Smith to submit to the IME described in defendants' April 16, 2010 motion.

## CONCLUSION AND ORDER

Because the plaintiff did not timely object to the magistrate judge's order and because the plaintiff's objections lack merit, it is hereby

ORDERED that plaintiff's objections [95] be, and hereby are, OVERRULED. It is further

ORDERED that the defendants' request for sanctions [97] be, and hereby is, DENIED. It is further

ORDERED that plaintiff's motion [96] to expedite be, and hereby is, DENIED as moot.

SIGNED this 22nd day of July, 2010.

/s/
RICHARD W. ROBERTS
United States District Judge