```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                                   )
ANDREI SMITH,                      )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )   Civil Action No. 07-0621 (RWR/JMF)
                                   )
CAFÉ ASIA, et al.,                 )
                                   )
        Defendants.                )
_____)
```

### ORDER

On October 27, 2011 -- the eve the pretrial conference -- the defendants filed objections to "all" of plaintiff's seven proposed trial exhibits.[1] (Objns. to Pl.'s Exhs. at 1.) They lodge in essence three complaints. The first is that "the plaintiff's exhibit list fails to identify any exhibit with sufficient particularity to enable defendants to discern what is contemplated by the exhibit." (Id.) Defendants cite specifically only Exhibit 6 as the offender in this regard.

At the status hearing held on the record in open court on August 8, 2011 attended by counsel for the defendants, this Court set a deadline of August 26, 2011 for filing all motions in limine and scheduled the pretrial conference for October 28, 2011. At that status conference, the Court reminded counsel that paragraph 10 of the Scheduling Order entered at the very beginning of this case required the parties to meet three weeks

---

[1] The same filing, however, says that "Defendants have no objection to **Exhibit 7**." (Objns. to Pl.'s Exhs. at 2.)

-2-

in advance of the pretrial conference -- namely, by October 7, 2011 -- and prepare a joint pretrial statement. As the Scheduling Order specifies, the parties were required at the meeting to discuss and attempt to resolve all objections to exhibits and all motions in limine. The deadline for the parties to file the joint pretrial statement was fixed as October 14, 2011. The attachment to the Scheduling Order gave instructions for completing the joint pretrial statement. Paragraph 6 specified that each exhibit listed will be deemed authentic and admitted at trial unless an objection is made in the Joint Pretrial Statement and its basis is articulated.

The time for defendants to have discerned plaintiff's exhibits was, at latest, the meeting required to prepare the joint pretrial statement on or before October 7, 2011. That is one of the reasons the parties were required to actually meet, so that they could identify each others' exhibits and try to work out in advance any objections to them. Objections to the exhibits were due by October 14, 2011, not the eve of the pretrial conference. Indeed, defendants had notice two weeks ago of plaintiff's proffered exhibits when each party filed -- albeit improperly -- a separate pretrial statement listing proposed exhibits. Those exhibits were described in exactly the same way as they are described in the parties' joint pretrial statement that was filed on October 18, 2011. Defendants were required in that statement to raise all objections to plaintiff's proposed

-3-

exhibits. They voiced none, and have offered no explanation for having failed to raise objections timely.

The other objections the defendants raise are that the plaintiff's notes and portions of medical records containing statements by the plaintiff are hearsay, and that the plaintiff's proffered video is of such poor quality that it lacks probative value and should be excluded under Federal Rule of Evidence 403. It may be that a timely hearsay objection to the medical records and plaintiff's notes might have had some merit, although defendants make no effort to establish that the medical records entries would not be admissible under Rule 803(4) as statements for purposes of medical diagnosis or treatment. Nor do the defendants make any effort to establish how a video of purportedly limited probative value presents any danger at all of unfair prejudice, confusion, or waste of time, much less how it is substantially more prejudicial than probative. And to date, defendants have never filed any motion in limine to preclude admission of these exhibits.

Defendants' objections raised on the eve of the pretrial conference are untimely, and defendants have offered no cause for failing to raise them timely. Thus, they are deemed waived, and in any event, defendants have made virtually no effort in their one-and-one-half page filing to establish the inadmissibility of the exhibits on the merits. Accordingly, it is hereby

-4-

ORDERED that the defendants' objections to the plaintiff's exhibits be, and hereby are, OVERRULED.

SIGNED this 27th day of October, 2011.

                                                                  /s/                
                                        RICHARD W. ROBERTS
                                        United States District Judge